IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DETLEF SOMMERFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.08 C03025 |
| | ) | |
| THE CITY OF CHICAGO, | ) | Judge Gottschall |
| SERGEANT KNASIAK, | ) | |
| | ) | Magistrate Judge Cole |
| Defendants. | ) | |

**DEFENDANT CITY OF CHICAGO'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND TO STAY PROCEEDINGS**

Defendant City of Chicago ("the City"), by its attorney, Corporation Counsel Mara S. Georges, moves this Court, pursuant to Fed. R. Civ. P. 12(f), to dismiss plaintiff's Complaint. The City also requests that the proceedings in this action be stayed, pending the ruling on this motion to dismiss. In support of this motion, the City states as follows:

1. On June 7, 2006, plaintiff, a Chicago police officer, filed <u>Sommerfield v. City of Chicago and Sergeant Knasiak,</u> No. 06 C 3132 (N.D. Ill.) ("<u>Sommerfield</u> I") against the City and his supervisor, Sergeant Lawrence Knasiak. In that pleading, plaintiff alleged retaliation and discrimination based on national origin and religion under Title VII against the City. He also alleged intentional infliction of emotional distress ("IIED") against the City and Sergeant Knasiak.

2. On February 14, 2007, this Court dismissed the IIED claim against Sergeant Knasiak, eliminating him as a defendant in <u>Sommerfield</u> I. The IIED claim against the City was also dismissed.

3. On August 13, 2007, plaintiff moved to add a constitutional claim against Sergeant Knasiak pursuant to § 1981 and § 1983 for alleged discrimination, harassment and retaliation. On August 16, 2007, this Court denied that motion.

4. Six months later, on February 21, 2008, plaintiff sought to add the same constitutional claims against Sergeant Knasiak that this Court denied him leave to add on August 16, 2007. Plaintiff also sought leave to add constitutional claims against the City for alleged failure to train and investigate pursuant to § 1981 and § 1983.

5. On April 29, 2008, this Court allowed plaintiff to add the § 1981 and § 1983 failure to train and investigate claim against the City in Sommerfield I. Importantly, based on plaintiff's representations that he needed no further discovery on those new claims, this Court prohibited plaintiff from propounding further discovery related to those claims, absent prior permission from the Court. On the same date, this Court denied plaintiff's second attempt to bring Sergeant Knasiak back into Sommerfield I, finding that adding Sergeant Knasiak as a defendant would prejudice the City because of the expansion of discovery that such an amendment would require.

6. Twenty-five days later, on May 23, 2008, plaintiff filed Sommerfield v. City of Chicago and Sergeant Knasiak, No. 08 C 3025 (N.D. Ill.) ("Sommerfield II"). In his 145-paragraph Complaint in Sommerfield II, plaintiff alleges the same retaliation and discrimination based on national origin and religion that are contained in his pleadings in Sommerfield I. The Sommerfield II Complaint also includes the same § 1981 and § 1983 failure to train and investigate claims against Sergeant Knasiak that plaintiff was twice denied leave to file in Sommerfield I.

7. Sommerfield II should be dismissed because it is duplicative of Sommerfield I.

2

Moreover, by filing Sommerfield II, plaintiff is flagrantly attempting to circumvent this Court's orders in Sommerfield I.

8. Sommerfield II should also be dismissed because it violates Fed. R. Civ. P. 8. The Complaint is not a plain, simple and concise statement of the cause of action. It is redundant and improperly pleads plaintiff's version of the evidence.

9. To conserve legal resources and to avoid duplicative and wasteful litigation, this Court should stay the proceedings in Sommerfield II, pending the ruling on the present motion to dismiss.

10. The City incorporates the accompanying supporting memorandum by reference.

WHEREFORE, defendant City of Chicago respectfully requests that this Court (1) dismiss Sommerfield II with prejudice because it is duplicative of Sommerfield I and amounts to a blatant attempt to circumvent this Court's orders in Sommerfield I in the hope of obtaining a new forum in which to present his case; and (2) stay further proceedings in Sommerfield II, pending the ruling on the motion to dismiss.

Respectfully submitted,

MARA S. GEORGES
Corporation Counsel
of the City of Chicago

BY:   /s/ Jay M. Kertez
JAY M. KERTEZ
Senior Counsel
MEERA WERTH
ROBERT C. RUTHERFORD, JR.
Assistants Corporation Counsel

30 N. LaSalle St., Suite 1020
Chicago, Illinois 60602
(312) 744-9212 /742-7035/7036

**CERTIFICATE OF SERVICE**

    I hereby certify that I have caused to have a true and correct copy of the foregoing Notice of Motion and Defendant's City of Chicago's Motion to Dismiss Plaintiff's Complaint and to Stay Proceedings and supporting memorandum to be electronically mailed to the attorney named in the foregoing Notice on this 7th day of July 2008.


                                              s/ Jay M. Kertez
                                              JAY M. KERTEZ
                                              Senior Counsel