IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DETLEF SOMMERFIELD, | ) | |
| | ) | No. 08 C 3025 |
| Plaintiff, | ) | |
| v. | ) | Judge Gottschall |
| | ) | |
| CITY OF CHICAGO, | ) | Magistrate Judge Cole |
| SERGEANT KNASIAK, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT
CITY OF CHICAGO'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT AND TO STAY PROCEEDINGS**

Defendant City of Chicago ("the City"), by its attorney, Corporation Counsel Mara S. Georges, submits this memorandum in support of its motion to dismiss plaintiff's Complaint and to stay proceedings.

**<u>INTRODUCTION</u>**

Plaintiff is blatantly attempting to defy this Court's rulings in <u>Sommerfield v. City of Chicago</u>, No. 06 C 3132 (N.D. Ill.) (Gottschall, J.) (Cole, Mag. J.) ("<u>Sommerfield</u> I"). In <u>Sommerfield</u> I, this Court denied plaintiff's motion to bring Sergeant Lawrence Knasiak, who previously had been dismissed as a defendant, back into that lawsuit by adding constitutional claims against him. This Court also allowed plaintiff in <u>Sommerfield</u> I to add constitutional claims for purported failure to train and investigate against the City, conditioned on plaintiff not propounding further discovery relating to those added claims absent prior permission from this Court. Twenty-five days later, plaintiff filed <u>Sommerfield v. City of Chicago and Sergeant Knasiak</u>, No. 08 C 3025 (N.D. Ill.) (Gottschall, J.) (Cole, Mag. J.) ("<u>Sommerfield</u> II). In <u>Sommerfield</u> II, plaintiff brings the identical claims against the City, including the constitutional

failure to train and investigate claims, that he brought in <u>Sommerfield</u> I.  In <u>Sommerfield</u> II,

plaintiff also includes the same claims against Sergeant Knasiak that this Court denied him leave

to include in <u>Sommerfield</u> I.  By filing the "new" action, plaintiff is attempting to circumvent this

Court's denial of his motion to bring claims against Sergeant Knasiak and ruling that plaintiff

may not take further discovery in <u>Sommerfield</u> I.  For these reasons and because the Complaint at

issue violates Fed. R. Civ. P. 8, <u>Sommerfield</u> II should be dismissed with prejudice.  To avoid

further repetitive, wasteful litigation, the proceedings in <u>Sommerfield</u> II should be stayed pending

the ruling on the present motion to dismiss.

## **BACKGROUND**

A.    <u>Sommerfield I</u>

On June 7, 2006, plaintiff Detlef Sommerfield ("plaintiff"), a Chicago police officer, filed

<u>Sommerfield</u> I against the City and his supervisor, Sergeant Knasiak.  <u>See</u> <u>Sommerfield</u> I Docket,

#1 (Attached hereto as Exhibit 1).  On October 17, 2006, plaintiff filed his Amended Complaint.

<u>Id</u>., #20.  In that pleading, plaintiff alleged retaliation and discrimination based on national origin

and religion under Title VII of the Civil Rights Act of 1964, as amended, against the City.  <u>See</u>

<u>Sommerfield</u> I, Order, pp. 1-2 (N.D. Ill. Feb. 14, 2007) (Filip, J.) (Attached hereto as Exhibit 2).

He also alleged a claim for intentional infliction of emotional distress ("IIED") against both the

City and Sergeant Knasiak.  <u>Id</u>., p. 2.

The City and Sergeant Knasiak moved to dismiss the IIED claim and to strike plaintiff's

demand for punitive damages.  <u>See</u> Exhibit 2, pp. 2-4.  On February 14, 2007, Judge Filip

dismissed the IIED claim against Sergeant Knasiak, eliminating him as a defendant in

Sommerfield I.  Id., p. 4.  Judge Filip also dismissed the IIED claim against the City and struck

the demand for punitive damages. Id., p. 2.

On August 13, 2007, plaintiff filed a motion to amend his pleadings in Sommerfield I.

See August 13, 2007 Motion to Allow Amendments to Complaint ("Plaintiff's Motion to

Amend") (Attached hereto as Exhibit 3).  In that motion, plaintiff attempted to add constitutional

claims against Sergeant Knasiak pursuant to 42 U.S.C. § 1981and § 1983 for alleged

discrimination, harassment and retaliation.  Id., p. 3 and proposed Second Amended Complaint

(Attached  thereto).  Plaintiff also sought to add allegations of purported discrimination and

harassment against the City.  Id., p. 3.  On August 16, 2007, Judge Filip denied plaintiff's motion

to amend the pleadings to add allegations against the City and claims against Sergeant Knasiak.

See  Sommerfield I, Minute Order (N.D. Ill. August 16, 2007) (Attached hereto as Exhibit 4).

Judge Filip denied that motion at least in part because it was filed as discovery in Sommerfield I

was about to close.  See Sommerfield I, Memorandum Opinion and Order, p. 4 (N.D. Ill. April

29, 2008) (Gottschall, J.) (Attached hereto as Exhibit 6).

Six months later, on February 21, 2008, plaintiff filed a Motion to Allow Second

Amended Complaint Instanter.  See February 21, 2008 Plaintiff's Motion to Allow Second

Amended Complaint Instanter ("Plaintiff's Second Motion to Amend") (Attached hereto as

Exhibit 5).  Once again, plaintiff sought to add the same constitutional claims against Sergeant

Knasiak that Judge Filip denied him leave to add on August 16, 2007.  See Exhibit 5, p. 5 and

proposed Second Amended Complaint, Counts VI and VII (Attached thereto).  In his February

21, 2008 Second Motion to Amend, plaintiff also sought leave to add claims against the City for

alleged failure to train and investigate pursuant to § 1981 and § 1983.  Id., p. 4 and proposed

Second Amended Complaint, Count V (attached thereto).  On February 26, 2008, Judge Filip

referred Plaintiff's Second Motion to Amend to Magistrate Judge Cole.  See Exhibit 1, # 144.

On March 4, 2008, Magistrate Judge Cole denied Plaintiff's Second Motion to Amend.

See Exhibit 1, # 154.  He determined that (1) plaintiff could have brought the failure to train and

investigate claims against the City at the beginning of Sommerfield I; (2) the proposed

amendment would significantly increase discovery; and (3) the City would be prejudiced if the

amendment were allowed.  See Exhibit 6, p. 3.  On March 14, 2008, plaintiff filed his objections

to Magistrate Judge Cole's denial of leave to file his proposed Second Amended Complaint.  See

Exhibit 1, #s 156-160.  Those objections were presented to Judge Gottschall to whom the

Executive Committee had transferred Sommerfield I. Id., # 155.

On April 29, 2008, this Court overruled plaintiff's objections to the denial of leave to

amend the complaint to bring Sergeant Knasiak back into Sommerfield I.  This Court found that

adding Sergeant Knasiak would prejudice the City because of the expansion of discovery that

such an amendment would require.  See Exhibit 6, p. 5.  This court allowed plaintiff to add the §

1981 and § 1983 failure to train and investigate claims against the City in Sommerfield I.  See

Exhibit 6, pp. 6-13.  Plaintiff had represented in his briefs that he already has taken all of the

discovery he needs on these new claims.  Id., pp. 9, 13.  Therefore, this court allowed plaintiff to

file an amended complaint adding the two constitutional claims against the City.  However,

based on his representations, this Court prohibited plaintiff from propounding any further fact

discovery relating to those claims absent prior permission from the Court.  Id., pp. 13-14.[1]

_____

[1]This Court did, however, permit the City to take discovery related to the two new
constitutional claims.  See Exhibit 6, p. 14.

On May 10, 2008, plaintiff filed his Second Amended Complaint in <u>Sommerfield</u> I.  In

his Second Amended Complaint, plaintiff again brings claims against the City for alleged

religious discrimination (Count I); national origin discrimination (Count II); and retaliation

(Count III).  All of these claims are brought pursuant to Title VII.  <u>See</u> Second Amended

Complaint (Attached hereto as Exhibit 7).  Plaintiff also added claims against the City pursuant

to § 1981 and § 1983 for alleged failure to train and investigate (Counts IV and V).  <u>Id</u>.[2]

Importantly, plaintiff represented to this Court that he had all the discovery he needed.

Despite the close of fact discovery and his own representations, plaintiff continued to file

motions to obtain further discovery.  <u>See</u> Exhibit 1, #s 211, 212, 213, 214, 127, 218.  In his

moving papers, plaintiff argued that he needed more discovery related to the § 1981 and § 1983

claims.  On June 20, 2008, this Court expressed concern with plaintiff's position with regard to

the need for additional discovery:

> The court is troubled by Sommerfield's second argument, namely
> that he needs the discovery to prove claims added in his second
> amended complaint.  As the defendant notes, the court allowed
> Sommerfield to file a second amended complaint on condition that
> he not propound additional discovery absent leave.  The court's
> concern about prejudice from the expansion of discovery was
> assuaged by Sommerfield's assurances that he had the necessary
> discovery to support his new claims.  *See, e.g.*, Hearing of Mar. 4,
> 2008, Tr. 19:25 (Sommerfield's counsel, appearing before Judge
> Cole:  "I have the discovery I need.").  Sommerfield contends that
> he is not violating the court's April 2008 directive not to propound
> additional discovery because this discovery pre-dates the order
> granting leave to file the second amended complaint.  He is

---

[2]On June 13, 2008, the City moved to dismiss plaintiff's § 1981 claims based on religion.
The City also moved to strike the Second Amended Complaint in its entirety because (1) it
violated  Fed. R. Civ. P. 8 and (2) plaintiff added allegations to the discrimination and retaliation
claims for which this Court did not grant leave.  That motion is being briefed.  <u>See</u> Exhibit 1, #s
219-221.

> technically correct.  However, the court is unable to reconcile
> Sommerfield's unconditional assurance, in a motion for leave to
> amend, that he did not need additional discovery, with his current
> assertion, in a discovery motion, that additional discovery is
> essential to proving his newly-added claims.  As a result, it rejects
> his arguments as a valid basis for overruling Judge Cole's order.

Sommerfield I, Order, pp. 5-6 (N.D. Ill. June 20, 2008) (Attached hereto as Exhibit 8).

B.      Sommerfield II

On May 23, 2008, after this Court had denied plaintiff's motion to add claims against

Sergeant Knasiak and to take additional discovery related to the § 1981 and § 1983 claims

against the City, Joseph A. Longo, who also represents plaintiff in Sommerfield I, filed

Sommerfield II on behalf of plaintiff.  See Sommerfield II Docket, #1 (Attached hereto as Exhibit

9).  In his 145-paragraph Complaint in Sommerfield II, plaintiff alleges the same retaliation and

discrimination based on national origin and religion that are contained in his Second Amended

Complaint in Sommerfield I.  See Exhibit 7, ¶s 9-89; Sommerfield II Complaint, ¶s 7-81

(Attached hereto as Exhibit 10).  The Sommerfield II Complaint also includes the same § 1981

and § 1983 failure to train and investigate claims against the City that are in the Sommerfield I

Second Amended Complaint.  See Exhibit 7, Counts IV and V, pp. 12-24; Exhibit 10, Count I,

pp. 10-13.  In addition, the Sommerfield II Complaint contains the constitutional claims pursuant

to § 1981 and § 1983 against Sergeant Knasiak that he was twice denied leave to file in

Sommerfield I.  See Exhibit 3, p. 3 and proposed Second Amended Complaint, Count IV

(Attached thereto); Exhibit 5, p. 5 and proposed Second Amended Complaint, Counts VI and VII

(Attached thereto).

Judge Gottschall and Magistrate Judge Cole are assigned to both <u>Sommerfield</u> I and

<u>Sommerfield</u> II.  Judge Gottschall has set a status for July 23, 2008 in <u>Sommerfield</u> II and

directed the parties to discuss settlement, consent to proceed before the Magistrate Judge and a

proposed discovery plan.  <u>See</u> Exhibit 9, #4.

## **ARGUMENT**

## I.    **SOMMERFIELD II SHOULD BE DISMISSED BECAUSE IT IS DUPLICATIVE OF SOMMERFIELD I**

A federal district court "has the inherent power to administer its docket in a manner that

conserves scarce judicial resources and promotes the efficient and comprehensive disposition of

cases." <u>Ridge Gold Standard Liquors, Inc. v. Joseph E. Seagram & Sons, Inc.</u>, 572 F. Supp.

1210, 1212-13 (N.D. Ill. 1983) (citing <u>Colo. River Water Conservation Dist. v. United States</u>,

424 U.S.  800, 817 (1976)).  It is well established that a district court may, in its sound discretion,

dismiss an action to avoid wasteful, repetitive litigation when that action is duplicative of another

action already pending in federal court.  <u>Serlin v. Arthur Andersen & Co.</u>, 3 F.3d 221, 223 (7th

Cir. 1993).  The court has wide latitude  in determining whether one action is duplicative of

another so as to merit dismissal to promote judicial economy and avoid vexatious litigation.  <u>Id</u>.

at 223.  Generally,  a suit is duplicative and subject to dismissal on that ground if the "'claims,

parties and available relief do not significantly differ between the two actions.'"  <u>Serlin</u>, 3 F.3d at

223 (quoting <u>Ridge Gold</u>, 572 F. Supp. at 1213).  In addition, the court "'should consider any

special factors counseling for or against the exercise of jurisdiction'" in the case at issue.  <u>Serlin</u>,

3 F.3d at 224 (quoting <u>Calvert Fire Ins. Co. v. American Mutual Reinsurance Co.</u>, 600 F.2d

1228, 1234 (7th Cir. 1979)).

Based on these principles of wise judicial administration, <u>Sommerfield</u> II should be dismissed.  The Complaint is duplicative of <u>Sommerfield</u> I.  In both complaints, the same plaintiff sued the City and Sergeant Knasiak.  <u>See</u> Exhibit 6, p. 1; Exhibit 7, caption; Exhibit 10, caption.  <u>Sommerfield</u> II includes essentially the same allegations against the City of retaliation and discrimination based on national origin and religion that are in <u>Sommerfield</u> I.  <u>See</u> Exhibit 7, ¶s 9-89; Exhibit 10, ¶s 7-81.  <u>Sommerfield</u> II also contains the same § 1981 and  § 1983 failure to train and investigate claims that are in <u>Sommerfield</u> I.  <u>See</u> Exhibit 7, Counts IV and V, pp. 12-24; Exhibit 10, Count I, pp. 10-13.  Moreover, the § 1981 and § 1983 claims against Sergeant Knasiak in <u>Sommerfield</u> II are the same ones plaintiff tried twice to bring unsuccessfully in <u>Sommerfield</u> I.  <u>See</u> Exhibit 3, p. 3 and proposed Second Amended Complaint, Count IV (Attached thereto); Exhibit 5, p. 5 and proposed Second Amended Complaint, Count VI and Count VII (Attached thereto); Exhibit 10, Count VI and Count VII.  Further, the relief plaintiff seeks in both actions is essentially identical.  <u>See</u> Exhibit 3 and proposed Second Amended Complaint, p. 5-6, 8, 9, 10 (Attached thereto); Exhibit 5 and proposed Second Amended Complaint, pp. 6, 8-9, 10-11, 19, 20 (Attached thereto); Exhibit 7, pp. 6, 8-9, 11-12, 20-21, 24; Exhibit 10, pp. 12-13, 13-14.

Beyond this obvious duplication, there are several factors that further support dismissal of <u>Sommerfield</u> II.  <u>Serlin</u>, 3 F. 3d at 224.  On April 29, 2008, this Court in <u>Sommerfield</u> I, for the second time, denied plaintiff leave to add § 1981 and § 1983 claims against Sergeant Knasiak, who had been dismissed as a defendant on February 14, 2007 before discovery began.  <u>See</u> Exhibit 6, pp. 3-5.  This Court also permitted plaintiff in <u>Sommerfield</u> I to add § 1981 and § 1983 claims against the City "conditioned on plaintiff's agreement not to propound further fact

discovery relating to these claims absent prior permission from the court." Id., p. 14. The Court made these rulings because it found that potential discovery based on the addition of claims against Sergeant Knasiak and new constitutional claims would unfairly prejudice the City. Id., pp. 5, 13-14. Plaintiff already has violated this Court's April 29, 2008 Order when he argued in subsequent moving papers that he needs more discovery to prove those added claims. See Exhibit 8, p. 5. That argument troubled this Court. Id.

In an attempt to circumvent this Court's orders and perhaps obtain a new forum, on May 23, 2008, plaintiff filed the Complaint at issue in this motion. The current Complaint includes the same constitutional claims against Sergeant Knasiak that this Court rejected in Sommerfield I on the grounds that such claims would greatly expand discovery, prejudicing the City.[3] The current Complaint also includes the same constitutional claims against the City that this Court allowed plaintiff to file in Sommerfield I so long as he did not propound discovery on those claims without express permission from this Court. Given that plaintiff has blatantly disregarded this Court's orders in Sommerfield I, it is clear he will attempt to obtain discovery from the City on the constitutional claims in Sommerfield II, again prejudicing the City. Plaintiff should not be allowed to perpetrate this abuse of the legal system.[4]

_____

[3]On June 10, 2008, plaintiff e-mailed a subpoena to the City in Sommerfield II, seeking voluminous private information about Sergeant Knasiak. See Subpoena (Attached hereto as Exhibit 11). Aside from plaintiff's failure to serve that subpoena in accordance with F. R. Civ. P. 5(b)(2) and 45, that subpoena demonstrates the expansive discovery regarding Sergeant Knasiak that plaintiff intends to take.

[4]The misconduct of plaintiff's attorney, Joseph A. Longo, in Sommerfield I and Sommerfield II is consistent with his reprochable practice of law in other cases. See, e.g., Greisz v. Household Bank, 176 F.3d 1012, 1014 (7th Cir. 1999) (noting Longo's history of abuse of the legal system, including filing frivolous motions, failing to adhere to the Federal Rules of Civil Procedure and flagrant forum shopping).

Because <u>Sommerfield</u> II duplicates <u>Sommerfield</u> I and is a blatant attempt to circumvent this Court's orders, <u>Sommerfield</u> II should be dismissed with prejudice.

## II.    PLAINTIFF'S COMPLAINT IN SOMMERFIELD II SHOULD BE DISMISSED BECAUSE IT VIOLATES RULE 8

Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Similarly, Fed. R. Civ. P. 8(e) specifies that "[e]ach averment of a pleading shall be simple, concise, and direct." Dismissal of a complaint is appropriate where a plaintiff fails to comply with the requirements of Rule 8. <u>Hartz v. Friedman</u>, 919 F.2d 469, 471 (7th Cir. 1990). Plaintiff's Complaint in <u>Sommerfield</u> II includes 145 paragraphs that are duplicative and saturated with evidence, details and minutia that have no place in a pleading. <u>See</u> Exhibit 10. <u>Industrial Specialty Chemicals, Inc. v. Cummins Engine Co., Inc.</u>, 902 F. Supp. 805, 814 (N.D. Ill. 1995) (dismissing complaint pursuant to Rule 8 in part because it pled evidence possibly relevant at trial but not appropriate to state a claim). Plaintiff's Complaint does not come close to the plain, simple, and concise statement Rule 8 requires. Therefore, that pleading should be stricken because it violates Rule 8.

Courts have dismissed complaints that similarly have failed to comply with Rule 8. <u>Hardin v. American Electric Power</u>, 188 F.R.D. 509, 510-13 (S.D. Ind. 1999) (dismissing 145-paragraph complaint as over-long and complex under Rule 8); <u>Vakharia v. Little Company of Mary Hospital</u>, 917 F. Supp. 1282, 1302-03 (N.D. Ill. 1996) (finding 178-paragraph complaint waterlogged with too many specifics); <u>Industrial Specialty Chemicals, Inc.</u>, 902 F. Supp. at 814 (granting Rule 8 motion to strike on the grounds that 115-paragraph pleading went beyond what

was needed to state a claim, including facts relevant, if at all, at trial); <u>Mutuelle Generale</u>

<u>Francaise Vie v. Life Assurance Co.</u>, 688 F. Supp. 386, 391 (ND. Ill. 1988) (striking pursuant to

Rule 8, 162-paragraph complaint because it reads like a novel and not like a notice pleading.)

Because plaintiff's Complaint in <u>Sommerfield</u> II does not comport with the requirements of Rule

8, it should be stricken.

## III.  THE PROCEEDINGS IN SOMMERFIELD II SHOULD BE STAYED, PENDING THE RULING ON THE MOTION TO DISMISS

<u>Sommerfield</u> II is duplicative of <u>Sommerfield</u> I, circumvents this Court's  orders and is a

blatant attempt to forum shop.  This Court has directed the parties to discuss settlement, consent

to proceed before the Magistrate Judge and present a proposed discovery plan.  To conserve legal

resources and avoid duplication and wasteful litigation, the City requests that this Court stay the

current proceedings, pending the ruling on the present motion to dismiss.  <u>See</u> <u>Ridge Gold</u>

<u>Standard Liquors, Inc.</u>, 572 F. Supp. at 1212-13 (court has inherent power to administrate its

docket to conserve judicial resources and promote efficiency).

## <u>CONCLUSION</u>

The current Complaint is duplicative of <u>Sommerfield</u> I, and is an attempt to circumvent this Court's orders.  In addition, the current Complaint violates Fed. R. Civ. P. 8.  Therefore, that Complaint should be dismissed with prejudice.  The City requests that this Court stay all proceedings, pending the resolution of the present motion to dismiss.


                             Respectfully submitted,

                             MARA S. GEORGES
                             Corporation Counsel
                             of the City of Chicago

                    BY:    <u>/s/ Jay M. Kertez                </u>
                             JAY M. KERTEZ
                             Senior Counsel
                             MEERA WERTH
                             ROBERT C. RUTHERFORD, JR.
                             Assistants Corporation Counsel

30 N. LaSalle St., Suite 1020
Chicago, Illinois 60602
(312) 744-9212 /742-7035/7036

**IN THE UNITED STATES DISTRICT COURT
OF THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **DETLEF SOMMERFIELD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 08 C 3025** |
| | ) | |
| **v.** | ) | |
| | ) | **Honorable Judge Gottschall** |
| **CITY OF CHICAGO, et al.,** | ) | |
| | ) | **Magistrate Judge Cole** |
| **Defendant.** | ) | |

## APPENDIX OF EXHIBITS

1.  Docket Report for <u>Sommerfield v. City of Chicago</u>, 06 C 3132 (N. D. Ill.) as of June 25, 2008

2.  February 14, 2007 Court Order in <u>Sommerfield v. City of Chicago</u>, 06 C 3132 (N. D. Ill.) (Filip, J.)

3.  Plaintiff's Motion to Allow Instanter Amendments to Complaint filed on August 13, 2007 in <u>Sommerfield v. City of Chicago</u>, 06 C 3132

4.  August 16, 2007 Minute Order in <u>Sommerfield v. City of Chicago</u>, 06 C 3132 (N. D. Ill.) (Filip, J.)

5.  Plaintiff's Motion to Allow Second Amended Complaint Instanter filed on February 21, 2008 in <u>Sommerfield v. City of Chicago</u>, 06 C 3132 (N. D. Ill.)

6.  April 29, 2008 Memorandum Opinion and Order in <u>Sommerfield v. City of Chicago</u>, 06 C 3132 (N. D. Ill.) (Gottschall, J.)

7.  Second Amended Complaint filed May 10, 2008 in <u>Sommerfield v. City of Chicago</u>, 06 C 3132 (N. D. Ill.)

8.  June 20, 2008 Order in <u>Sommerfield v. City of Chicago</u>, 06 C 3132 (N. D. Ill.) (Gottschall, J.)

9.  Docket Report for <u>Sommerfield v. City of Chicago, et al</u>, 08 C 3025 (N. D. Ill.)

10. Complaint filed in <u>Sommerfield v. City of Chicago, et al</u>, 08 C 3025 (N. D. Ill.)

11. Subpoena issued to City of Chicago by Longo and Associates in <u>Sommerfield v. City of Chicago, et al</u>, 08 C 3025 (N. D. Ill.)

CASREF, COLE

# United States District Court
## Northern District of Illinois - CM/ECF LIVE, Ver 3.2.1 (Chicago)
### CIVIL DOCKET FOR CASE #: 1:06-cv-03132

Sommerfield v. City of Chicago et al
Assigned to: Honorable Joan B. Gottschall
Referred to: Honorable Jeffrey Cole
      Honorable Jeffrey Cole (Settlement)
Cause: 42:2000e Job Discrimination (Employment)

Date Filed: 06/07/2006
Jury Demand: Both
Nature of Suit: 442 Civil Rights: Jobs
Jurisdiction: Federal Question

**Plaintiff**

**Detlef Sommerfield**
            represented by **Joseph A. Longo**
Joseph A. Longo
Attorney at Law
2100 West Haven
Mt. Prospect, IL 60056
(847) 640-9490
Email: jlongo26@sbcglobal.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**City of Chicago**
            represented by **Meera Werth**
City of Chicago, Department of Law
30 North LaSalle Strette
Suite 1020
Chicago, IL 60602
(312) 742-7035
Email: mwerth@cityofchicago.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Bhairav Radia**
City of Chicago (30 N LS)
30 North LaSalle Street
Chicago, IL 60602
312 744 6919
Email: bhairav.radia@cityofchicago.org
*TERMINATED: 05/29/2008*

**Jay Michael Kertez**
City of Chicago, Law Department
30 North LaSalle, Suite 1020
Chicago, IL 60602
(312) 744-5100



EXHIBIT
1

Email: jkertez@cityofchicago.org
*ATTORNEY TO BE NOTICED*

**Joseph Francis Graham**
City of Chicago, Law Department
30 North LaSalle, Suite 1020
Chicago, IL 60602
(312) 744-5100
Email: jgraham@cityofchicago.org
*TERMINATED: 11/20/2007*

**Melissa K. Reardon Henry**
Cook County State's Attorney
500 Richard J. Daley Center
Chicago, IL 60602
(312) 443-5350
Email: m.reardonhenry@cityofchicago.org

*TERMINATED: 11/20/2007*

**Naomi Ann Avendano**
City of Chicago, Law Department
30 North LaSalle, Suite 1020
Chicago, IL 60602
(312) 744-5100
Email: navendano@cityofchicago.org
*TERMINATED: 11/20/2007*

**Robert Charles Rutherford**
City of Chicago (30 N LS)
30 North LaSalle Street
Chicago, IL 60602
(312) 742-7036
Email:
robert.rutherford@cityofchicago.org
*ATTORNEY TO BE NOTICED*

**Defendant**

**Sergeant Knasiak**
*#1841*
*TERMINATED: 02/14/2007*

represented by **Patrick D Daly**
Corporation Counsel's Office
30 North LaSalle Street
Suite 1400
Chicago, IL 60602
(312) 744-7852
Email: patrick.daly@cityofchicago.org
*LEAD ATTORNEY*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/07/2006 | 1 | COMPLAINT filed by Detlef Sommerfield; Jury Demand.(mjc, ) (Entered: 06/09/2006) |
| 06/07/2006 | 3 | CIVIL COVER Sheet. (mjc, ) (Entered: 06/09/2006) |

| 06/07/2006 | 4 | ATTORNEY Appearance for Plaintiff Detlef Sommerfield by Joseph A. Longo. (mjc, ) (Entered: 06/09/2006) |
|---|---|---|
| 06/09/2006 | 2 | MINUTE entry before Judge Mark Filip : Status hearing set for 7/26/2006 at 09:30 AM. and parties are to report the following: (1) Possibility of settlement in the case; (2) If no possibility of settlement exists, the nature and length of discovery necessary to get the case ready for trial. Plaintiff is to advise all other parties of the courts action herein. Lead counsel is directed to appear at this status hearing. Parties to prepare and submit a joint status report within two days prior to status. (See Judges web page for status report) Mailed notice (tbk, ) (Entered: 06/09/2006) |
| 06/27/2006 | 6 | MINUTE entry before Judge Mark Filip : Status hearing date of 7/25/06 is stricken. Status hearing reset for 7/31/2006 at 09:30 AM. Mailed notice (tbk, ) (Entered: 06/27/2006) |
| 07/31/2006 | 7 | MINUTE entry before Judge Mark Filip : Status hearing held on 7/31/2006. Status hearing set for 8/9/2006 at 09:30 AM. No notice (tbk, ) (Entered: 07/31/2006) |
| 08/04/2006 | 8 | ATTORNEY Appearance for Defendant City of Chicago by Meera Werth (Werth, Meera) (Entered: 08/04/2006) |
| 08/04/2006 | 9 | ATTORNEY Appearance for Defendant City of Chicago by Joseph Francis Graham (Graham, Joseph) (Entered: 08/04/2006) |
| 08/04/2006 | 10 | ATTORNEY Appearance for Defendant City of Chicago by Naomi Ann Avendano (Avendano, Naomi) (Entered: 08/04/2006) |
| 08/09/2006 | 11 | MINUTE entry before Judge Mark Filip : Status hearing held. Defendant City of Chicago's oral motion for extension of time within which to respond to complaint by the filing of a motion to dismiss is granted to and including 9/18/06. Status hearing continued to 9/18/06 at 9:30 a.m. Mailed notice (mjc, ) (Entered: 08/10/2006) |
| 09/18/2006 | 12 | MOTION by Defendant City of Chicago to dismiss *Plaintiff's Complaint* (Graham, Joseph) (Entered: 09/18/2006) |
| 09/18/2006 | 13 | MEMORANDUM by City of Chicago in Support of motion to dismiss 12 *Plaintiff's Complaint* (Attachments: # 1 Exhibit A# 2 Exhibit B)(Graham, Joseph) (Entered: 09/18/2006) |
| 09/18/2006 | 14 | MINUTE entry before Judge Mark Filip : Status hearing held on 9/18/2006. Plaintiff given to and including 10/10/06 within which to respond to defendants motion to dismiss 12 . Defendants reply due by 10/24/06. Ruling on motion to dismiss 12 will be by mail. Mailed notice (tbk, ) (Entered: 09/19/2006) |
| 09/22/2006 | 15 | ATTORNEY Appearance for Defendant Sergeant Knasiak by Patrick D Daly (Daly, Patrick) (Entered: 09/22/2006) |
| 09/22/2006 | 16 | MOTION by Defendant Sergeant Knasiak to dismiss *Plaintiff's Complaint* (Attachments: # 1 Certificate of Service)(Daly, Patrick) (Entered: 09/22/2006) |
| 09/22/2006 | 17 | MEMORANDUM by Sergeant Knasiak in Support of motion to dismiss 16 *Plaintiff's Complaint* (Daly, Patrick) (Entered: 09/22/2006) |
| 09/22/2006 | 18 | NOTICE of Motion by Patrick D Daly for presentment of motion to dismiss 16 before Honorable Mark Filip on 9/27/2006 at 09:30 AM. (Daly, Patrick) (Entered: 09/22/2006) |
| 09/25/2006 | 19 | MINUTE entry before Judge Mark Filip : Defendant Knasiak's motion to dismiss 16 |

| | | |
|---|---|---|
| | | is taken under advisement. Response is due by 10/17/2006. Reply is due by 10/31/2006. Court will rule by mail. Mailed notice (jms, ) (Entered: 09/25/2006) |
| 10/17/2006 | 20 | AMENDED complaint by Detlef Sommerfield against all defendants (Longo, Joseph) (Entered: 10/17/2006) |
| 10/31/2006 | 21 | MOTION by Defendant City of Chicago to dismiss *In Part Plaintiff's Amended Complaint* (Graham, Joseph) (Entered: 10/31/2006) |
| 10/31/2006 | 22 | NOTICE of Motion by Joseph Francis Graham for presentment of motion to dismiss 21 before Honorable Mark Filip on 11/7/2006 at 09:30 AM. (Graham, Joseph) (Entered: 10/31/2006) |
| 10/31/2006 | 23 | MEMORANDUM by City of Chicago in Support of motion to dismiss 21 *In Part Plaintiff's Amended Complaint* (Attachments: # 1 Exhibit A)(Graham, Joseph) (Entered: 10/31/2006) |
| 10/31/2006 | 24 | ANSWER to amended complaint *and Defenses* by City of Chicago(Graham, Joseph) (Entered: 10/31/2006) |
| 10/31/2006 | 25 | MOTION by Defendant Sergeant Knasiak to dismiss *Plaintiff's Amended Complaint* (Daly, Patrick) (Entered: 10/31/2006) |
| 10/31/2006 | 26 | MEMORANDUM by Sergeant Knasiak in Support of motion to dismiss 25 *Plaintiff's Amended Complaint* (Daly, Patrick) (Entered: 10/31/2006) |
| 10/31/2006 | 27 | NOTICE of Motion by Patrick D Daly for presentment of motion to dismiss 25 before Honorable Mark Filip on 11/7/2006 at 09:30 AM. (Daly, Patrick) (Entered: 10/31/2006) |
| 11/01/2006 | 28 | MINUTE entry before Judge Mark Filip : MOTION by Defendant City of Chicago to dismiss Plaintiff's Complaint 12 , is stricken as moot. MOTION by Defendant Sergeant Knasiak to dismiss Plaintiff's Complaint 16 is stricken as moot. No notice (tbk, ) (Entered: 11/01/2006) |
| 11/01/2006 | 29 | MINUTE entry before Judge Mark Filip : Plaintiff is given to and including 11/28/06 within which to respond to defendant City of Chicago motion to dismiss in part 21 and defendant Sergeant Knasiak's motion to dismiss 25 . Defendants given until 12/12/06 to file their reply briefs. Ruling on motions to dismiss 21 25 will be by mail. Mailed notice (tbk, ) (Entered: 11/01/2006) |
| 11/28/2006 | 30 | RESPONSE (Longo, Joseph) (Entered: 11/28/2006) |
| 12/12/2006 | 31 | REPLY by Defendant City of Chicago to motion to dismiss 21 *Memorandum of Law in Further Support* (Attachments: # 1 Exhibit A# 2 Exhibit B)(Graham, Joseph) (Entered: 12/12/2006) |
| 12/18/2006 | 32 | REPLY by Sergeant Knasiak to response in opposition to motion 30 *to Dismiss Plaintiff's Amended Complaint* (Daly, Patrick) (Entered: 12/18/2006) |
| 12/18/2006 | 33 | NOTICE by Sergeant Knasiak re reply to response to motion 32 (Daly, Patrick) (Entered: 12/18/2006) |
| 01/31/2007 | 34 | MOTION by Defendant City of Chicago for leave to file *Amended Answer to Plaintiff's Amended Complaint* (Attachments: # 1 Exhibit A)(Werth, Meera) (Entered: 01/31/2007) |
| 01/31/2007 | 35 | NOTICE of Motion by Meera Werth for presentment of motion for leave to file 34 |

|  |  | before Honorable Mark Filip on 2/8/2007 at 09:30 AM. (Werth, Meera) (Entered: 01/31/2007) |
|---|---|---|
| 01/31/2007 | 36 | MINUTE entry before Judge Mark Filip :Defendant City of Chicago's Motion for leave to file 34 Amended Answer to Plaintiff's Amended Complaint is granted.Mailed notice (tbk, ) (Entered: 01/31/2007) |
| 02/14/2007 | 37 | STATUS Report *(Defendants' Joint Initial Report)* by City of Chicago, Sergeant Knasiak (Werth, Meera) (Entered: 02/14/2007) |
| 02/14/2007 | 38 | MINUTE entry before Judge Mark Filip :For the reasons stated below, the motion to dismiss in part of the City of Chicago (D.E. 21) and the motion to dismiss of Chicago Police Sergeant Knasiak (D.E. 25) are granted; Sergeant Knasiak terminated.Mailed notice (mjc, ) (Entered: 02/15/2007) |
| 07/18/2007 | 39 | MOTION by Defendants City of Chicago, Sergeant Knasiak for discovery *Joint Motion To Reset Fact Discovery Cut-Off, Designation of Experts and Filing of Dispositive Motions Dates* (Graham, Joseph) (Entered: 07/18/2007) |
| 07/18/2007 | 40 | NOTICE of Motion by Joseph Francis Graham for presentment of motion for discovery 39 before Honorable Mark Filip on 7/24/2007 at 09:30 AM. (Graham, Joseph) (Entered: 07/18/2007) |
| 07/19/2007 | 41 | MINUTE entry before Judge Mark Filip :Joint Motion for discovery 39 is granted in part and denied in part. Fact discovery cutoff date is extended to and including 10/9/07. Time to designate Plaintiff's experts is extended to 11/14/07. Time to designate Defendants experts is extended to 12/18/07. Status hearing set for 9/12/2007 at 09:30 AM.Mailed notice (tbk, ) (Entered: 07/19/2007) |
| 07/19/2007 | 42 | MOTION by Defendants City of Chicago, Sergeant Knasiak for protective order *Agreed Motion For Entry Of Protective Order* (Attachments: # 1 Exhibit Attachment 1# 2 Exhibit A)(Graham, Joseph) (Entered: 07/19/2007) |
| 07/19/2007 | 43 | NOTICE of Motion by Joseph Francis Graham for presentment of motion for protective order 42 before Honorable Mark Filip on 7/26/2007 at 09:30 AM. (Graham, Joseph) (Entered: 07/19/2007) |
| 07/25/2007 | 44 | MINUTE entry before Judge Mark Filip : Defendant's agreed motion for entry of protective order 42 is granted as modified by this court. Enter modified protective order. Notice of motion date of 7/26/07 is stricken.Mailed notice (mjc, ) (Entered: 07/27/2007) |
| 07/25/2007 | 45 | AGREED MODIFIED PROTECTIVE ORDER Signed by Judge Mark Filip on 7/25/2007.(mjc, ) (Entered: 07/27/2007) |
| 07/30/2007 | 46 | *compel and strike* NOTICE of Motion by Joseph A. Longo for presentment of before Honorable Mark Filip on 8/2/2007 at 09:30 AM. (Longo, Joseph) (Entered: 07/30/2007) |
| 07/30/2007 | 47 | MOTION by Plaintiff Detlef Sommerfield to compel *documents* (Longo, Joseph) (Entered: 07/30/2007) |
| 07/30/2007 | 48 | exhibits by Detlef Sommerfield *exh 4* (Attachments: # 1)(Longo, Joseph) (Entered: 07/30/2007) |
| 07/30/2007 | 49 | exhibits by Detlef Sommerfield *exh 5* (Attachments: # 1)(Longo, Joseph) (Entered: 07/30/2007) |

| 07/30/2007 | 50 | INCORRECT LINK/WRONG EVENT;MOTION by Plaintiff Detlef Sommerfield to compel *exh 1* (Longo, Joseph) Modified on 7/31/2007 (gcy, ). (Entered: 07/30/2007) |
| 07/30/2007 | 51 | WRONG EVENT/INCORRECT LINK; MOTION by Plaintiff Detlef Sommerfield to compel *interr exh 2* (Longo, Joseph) Modified on 7/31/2007 (gcy, ). (Entered: 07/30/2007) |
| 07/30/2007 | 52 | MOTION by Plaintiff Detlef Sommerfield to compel *interr part 1* (Longo, Joseph) (Entered: 07/30/2007) |
| 07/30/2007 | 53 | WRONG EVENT/INCORRECT LINK; MOTION by Plaintiff Detlef Sommerfield to compel *interr part 2* (Longo, Joseph) Modified on 7/31/2007 (gcy, ). (Entered: 07/30/2007) |
| 07/30/2007 | 54 | APPENDIX by Detlef Sommerfield *exh 6 part 1 to mot to compel documents* (Longo, Joseph) (Entered: 07/30/2007) |
| 07/31/2007 | 55 | APPENDIX by Detlef Sommerfield *motion to compel documents exh 6 parts 1-3* (Attachments: # 1 # 2)(Longo, Joseph) (Entered: 07/31/2007) |
| 07/31/2007 | 56 | APPENDIX by Detlef Sommerfield *motion to compel exh 3 parts 1,2* (Attachments: # 1)(Longo, Joseph) (Entered: 07/31/2007) |
| 07/31/2007 | 57 | APPENDIX by Detlef Sommerfield *motion to compel documents exh 6 parts 5 and 6* (Attachments: # 1 # 2)(Longo, Joseph) (Entered: 07/31/2007) |
| 07/31/2007 | 58 | APPENDIX by Detlef Sommerfield *exhibits 1 adn 2 to motion to compel interrogatory answers* (Attachments: # 1)(Longo, Joseph) (Entered: 07/31/2007) |
| 07/31/2007 | 59 | MOTION by Plaintiff Detlef Sommerfield to compel *parts 1 and 2* (Attachments: # 1) (Longo, Joseph) (Entered: 07/31/2007) |
| 08/01/2007 | 60 | Pursuant to Local Rule 72.1, this case is hereby referred to the calendar of Magistrate Judge Jeffrey Cole for the purpose of holding proceedings related to: Plaintiff's Motions to Compel 52 59 .(tbk, )Mailed notice. (Entered: 08/01/2007) |
| 08/02/2007 | 61 | MINUTE entry before Judge Jeffrey Cole :Status hearing before Magistate Judge Cole is set for 8/7/2007 at 08:30 AM.Mailed notice (jms, ) (Entered: 08/02/2007) |
| 08/03/2007 | 62 | MINUTE entry before Judge Jeffrey Cole :Status hearing date of 8/7/2007 is reset for 8/9/2007 at 08:30 AM at the parties' request.Mailed notice (jms, ) (Entered: 08/03/2007) |
| 08/09/2007 | 63 | MINUTE entry before Judge Jeffrey Cole : Magistrate Judge Status hearing held. Motion hearing held. MOTIONS by Plaintiff Detlef Sommerfield to compel *parts 1 and 2* 59 & 52 are granted in part and denied in part as outlined in open court. Defendants shall comply as outlined in open court by 8/31/2007. Defendants' oral motion to compel plaintiff's deposition is granted. Plaintiff shall appear for his deposition by 8/23/2007. Plaintiff shall provide dates for plaintiff's deposition to defendants' counsel by 8/13/2007. All matters relating to the referral of this action having been concluded, the case is returned to the assigned judge. Judge Jeffrey Cole no longer referred to the case.Advised in open court Advised in open court notice (jms, ) (Entered: 08/09/2007) |
| 08/13/2007 | 64 | NOTICE of Motion by Joseph A. Longo for presentment of before Honorable Mark Filip on 8/16/2007 at 09:30 AM. (Longo, Joseph) (Entered: 08/13/2007) |
| 08/13/2007 | 65 | MOTION by Plaintiff Detlef Sommerfield to amend/correct (Attachments: # 1 # 2) |

| | | (Longo, Joseph) (Entered: 08/14/2007) |
|---|---|---|
| 08/16/2007 | 66 | MINUTE entry before Judge Mark Filip : MOTION by Plaintiff Detlef Sommerfield to amend/correct 65 is denied for reasons stated on the record. Mailed notice (tbk, ) (Entered: 08/16/2007) |
| 08/17/2007 | 67 | NOTICE of Motion by Joseph A. Longo for presentment of before Honorable Mark Filip on 8/22/2007 at 09:30 AM. (Longo, Joseph) (Entered: 08/17/2007) |
| 08/17/2007 | 68 | APPENDIX by Detlef Sommerfield (Attachments: # 1 # 2 # 3)(Longo, Joseph) (Entered: 08/17/2007) |
| 08/17/2007 | 69 | APPENDIX by Detlef Sommerfield (Attachments: # 1 # 2 # 3 # 4 # 5 # 6)(Longo, Joseph) (Entered: 08/17/2007) |
| 08/17/2007 | 70 | MOTION by Plaintiff Detlef Sommerfield for reconsideration (Attachments: # 1) (Longo, Joseph) (Entered: 08/17/2007) |
| 08/21/2007 | 71 | MINUTE entry before Judge Mark Filip :Defendant's response to MOTION by Plaintiff Detlef Sommerfield for reconsideration 70 is due by 9/21/07. Ruling on Motion for Reconsideration 70 will be by mail.Mailed notice (tbk, ) (Entered: 08/21/2007) |
| 09/07/2007 | 72 | MOTION by Defendant City of Chicago to take deposition of Plaintiff, Detlef Sommerfield *For Additional Time* (Attachments: # 1 Exhibit 1# 2 Exhibit 2# 3 Exhibit 3# 4 Exhibit 4# 5 Exhibit 5# 6 Exhibit 6)(Graham, Joseph) (Entered: 09/07/2007) |
| 09/07/2007 | 73 | *Defendant City of Chicago's* NOTICE of Motion by Joseph Francis Graham for presentment of motion to take deposition 72 before Honorable Mark Filip on 9/12/2007 at 09:30 AM. (Graham, Joseph) (Entered: 09/07/2007) |
| 09/07/2007 | 74 | CERTIFICATE of Service by Joseph Francis Graham on behalf of City of Chicago regarding MOTION by Defendant City of Chicago to take deposition of Plaintiff, Detlef Sommerfield *For Additional Time* 72 , notice of motion 73 (Graham, Joseph) (Entered: 09/07/2007) |
| 09/10/2007 | 75 | MOTION by Defendants City of Chicago, Sergeant Knasiak to compel (Attachments: # 1 Exhibit 1# 2 Exhibit 2# 3 Exhibit 3# 4 Exhibit 4# 5 Exhibit 5# 6 Exhibit 6# 7 Exhibit 7# 8 Exhibit 8# 9 Exhibit 9# 10 Exhibit 10)(Graham, Joseph) (Entered: 09/10/2007) |
| 09/10/2007 | 76 | NOTICE of Motion by Joseph Francis Graham for presentment of motion to compel 75 before Honorable Mark Filip on 9/12/2007 at 09:30 AM. (Graham, Joseph) (Entered: 09/10/2007) |
| 09/11/2007 | 77 | Pursuant to Local Rule 72.1, this case is hereby referred to the calendar of Magistrate Judge Jeffrey Cole for the purpose of holding proceedings related to: Defendant City of Chicago's Motion to Compel 75 .(tbk, )Mailed notice. (Entered: 09/11/2007) |
| 09/12/2007 | 78 | MINUTE entry before Judge Jeffrey Cole : Hearing on defendant's motion to compel is set for 9/17/2007 at 08:30 AM.Mailed notice (jms, ) (Entered: 09/12/2007) |
| 09/12/2007 | 79 | MINUTE entry before Judge Mark Filip : City of Chicago's Motion to take deposition from Detlef Sommerfield 72 is granted. Status hearing held on 9/12/2007.Mailed notice (tbk, ) (Entered: 09/12/2007) |
| 09/13/2007 | 80 | RESPONSE by Detlef Sommerfieldin Opposition to MOTION by Defendants City of |

| | | |
|---|---|---|
| | | Chicago, Sergeant Knasiak to compel 75 (Attachments: # 1 # 2)(Longo, Joseph) (Entered: 09/13/2007) |
| 09/17/2007 | 81 | MINUTE entry before Judge Jeffrey Cole :Motion hearing held. MOTION by Defendants City of Chicago to compel 75 is granted in part and denied in part as moot. Plaintiff shall produce all medalions, ribbons, awards etc add the manual by 9/21/2007. If the awards etc are not produced by 9/21/2007, plaintiff shall file a report withthe City detailing where plaintiff currently is, has been and where he stayed for the period for 9/14/2007 through 9/21/2007 while he was allegedly attending a funeral. Plaintiff shall answer the questions objected to at his previous deposition, since these questions are not within the scope of the attorney/client privilege. The parties are directed to call chambers during the continued deposition of plaintiff if there are any further issues regarding the attorney/client privilege.Advised in open court notice Judge Jeffrey Cole no longer referred to the case. (jms, ) (Entered: 09/17/2007) |
| 09/21/2007 | 82 | RESPONSE by Defendant City of Chicago to motion for reconsideration 70 *Response to Plaintiff's Motion To Review 8/9/07 Order of Magistrate Judge* (Attachments: # 1 Exhibit A# 2 Exhibit B)(Werth, Meera) (Entered: 09/21/2007) |
| 09/21/2007 | 83 | ATTORNEY Appearance for Defendant City of Chicago by Melissa K. Reardon Henry (Reardon Henry, Melissa) (Entered: 09/21/2007) |
| 09/24/2007 | 84 | MOTION by Defendant City of Chicago for rule to show cause (Attachments: # 1 Exhibit 1# 2 Exhibit 2# 3 Exhibit 3# 4 Exhibit 4# 5 Exhibit 5)(Graham, Joseph) (Entered: 09/24/2007) |
| 09/24/2007 | 85 | *Defendant City of Chicago's* NOTICE of Motion by Joseph Francis Graham for presentment of motion for rule to show cause 84 before Honorable Mark Filip on 9/27/2007 at 09:30 AM. (Graham, Joseph) (Entered: 09/24/2007) |
| 09/26/2007 | 87 | MINUTE entry before Judge Mark Filip : The Executive Committee Order of 9/11/007 is enlarged to include the referral to Magistrate Judge Cole of Defendant's Motion for Rule to Show Cause 84 why plaintiff should not be sanctioned for failure to comply with Judge Coles 9/17/07 order to produce.Mailed notice (mjc, ) (Entered: 09/27/2007) |
| 09/27/2007 | 86 | MINUTE entry before Judge Jeffrey Cole : Hearing on defendants' motion for rule to show cause 84 is set for 10/1/2007 at 08:30 AM before Magistrate Judge Cole.Mailed notice (jms, ) (Entered: 09/27/2007) |
| 09/27/2007 | 88 | MINUTE entry before Judge Jeffrey Cole :The minute entry of 9/27/07 86 is amended as follows: Hearing on defendant's motion for a rule to show cause 84 is set for 9/28/2007 at 08:30 AM. Mr. Longo and his client, Mr. Sommerfield, must appear on 9/28/2007 at 8:30 am. Non-compliance with this order can result in a recommendation to Judge Filip that this case be dismissed for want of prosecution given the history of non-compliance with discovery. This order is to be read by the courtroom deputy to Mr. Longo and counsel for defendant as well as posted on the CM/ECf docket.Telephone & Mailed notice (jms, ) (Entered: 09/27/2007) |
| 09/28/2007 | 89 | MINUTE entry before Judge Jeffrey Cole : Motion hearing held regarding motion for rule to show cause 84 . MOTION by Defendant City of Chicago for rule to show cause for contempt and fees 84 is entered and continued to 10/9/2007 at 9:30 am. By agreement of the parties, plaintiff's deposition shall go forward on 10/4/2007. The parties are directed to call chambers if there are any questions relating to attorney/client privilege or other issues that arise at the deposition. Defendant may |

| | | ask questions relating to the letter of 9-27-07 from Mr. Longo to Mr. Graham and the handwritten note of 9-26-07 to Ms. Wirth from Mr. Longo.Advised in open court (jms, ) (Entered: 09/28/2007) |
|---|---|---|
| 09/28/2007 | 90 | MOTION by Defendant City of Chicago to quash *Motion For Protective Order Quashing Plaintiff's Rule 30(b)(6) Depositions* (Attachments: # 1 Exhibit 1# 2 Errata 2# 3 Exhibit 3# 4 Exhibit 4# 5 Exhibit 5# 6 Exhibit 6# 7 Exhibit 7# 8 Exhibit 8# 9 Exhibit 9# 10 Exhibit 10)(Graham, Joseph) (Entered: 09/28/2007) |
| 09/28/2007 | 91 | NOTICE of Motion by Joseph Francis Graham for presentment of motion to quash, 90 before Honorable Mark Filip on 10/3/2007 at 09:30 AM. (Graham, Joseph) (Entered: 09/28/2007) |
| 10/01/2007 | 92 | MOTION by Defendant City of Chicago to reset Fact Discovery Cut-Off And Designation Of Experts Dates (Graham, Joseph) (Entered: 10/01/2007) |
| 10/01/2007 | 93 | NOTICE of Motion by Joseph Francis Graham for presentment of motion to reset 92 before Honorable Mark Filip on 10/4/2007 at 09:30 AM. (Graham, Joseph) (Entered: 10/01/2007) |
| 10/01/2007 | 95 | MINUTE entry before Judge Mark Filip : The Executive Committee Order of 9/11/07 is enlarged to include the referral to Magistrate Judge Cole of Defendant City of Chicago's Motion for Protective Order Quashing Plaintiff's Rule 30(b)(6) Depositions 90 .Mailed notice (mjc, ) (Entered: 10/02/2007) |
| 10/02/2007 | 94 | MINUTE entry before Judge Jeffrey Cole : Hearing on defendant's motion for protective order quashing plaintiff's Rule 30(b)(6) depositions is set for 10/3/2007 at 09:00 AM.Mailed notice (jms, ) (Entered: 10/02/2007) |
| 10/02/2007 | 96 | MINUTE entry before Judge Jeffrey Cole : Judge Filip has sent the defendant's Motion For Protective Order Quashing Plaintiff's Rule 30(b)(6) Depositions here. The City's motion is noncompliant with the Local Rules in two respects. First, it does not comply with Local Rule 37.2 which requires that there be a certification that the parties have met in good faith and that sets forth the date, the time and place of such occurrence and the names of all parties participating therein. All that the CIty's certification states is that the parties have conferred in an effort to resolve the dispute but were unable to do so. Motion at 9,28. In addition, the motion is noncompliant with Local Rule 5.2(c) which requires that exhibits have protruding tabs. The motion contains 10 extensive exhibits with no protruding tabs, thereby making reference to the exhibits exceedingly difficult. I have discretion to ignore these rule violations and to proceed on the motion. Jackson v. City of Chicago, 2006 WL 2224052 at n.8 (N.D.Ill. 2006)(Filip, J.); Rosenthal Collins Group, LLC v. Trading Technologies Intern., Inc., 2007 WL 1597928, *1 (N.D.Ill. 2007)(Moran, J.); Murata Mfg. Co., Ltd. v. Bel Fuse, Inc., 2007 WL 1317100, *4 (N.D.Ill.2007). In light of the history of the relations among parties in this case, no useful purpose will be served by requiring a further consultation among counsel or by requiring an amplification of the Rule 37.2 certificate. However, if the City does not immediately comply with Local Rule 5.2(c), the motion will be denied.I scheduled a hearing on the motion for 9:00 a.m. 10/3/07, which was the date the motion was noticed before Judge Fillip. Mr. Longo informed chambers that he could not attend on that date because he had a series of appointments with separate doctors in the suburbs. Based on this representation, the City's motion will be heard on 10/4/07 at 8:30 a.m. The hearing scheduled for 10/3/07 is stricken and the motion will be heard on 10/4/07 at 8:30 a.m. Mailed notice (jms, ) (Entered: 10/02/2007) |
| 10/03/2007 | 97 | MOTION by Plaintiff Detlef Sommerfield to clarify (Longo, Joseph) (Entered: |

| | | 10/03/2007) |
|---|---|---|
| 10/03/2007 | 98 | NOTICE of Motion by Joseph A. Longo for presentment of motion to clarify 97 before Honorable Jeffrey Cole on 10/4/2007 at 08:30 AM. (Longo, Joseph) (Entered: 10/03/2007) |
| 10/03/2007 | 99 | RESPONSE by Detlef Sommerfieldin Opposition to MOTION by Defendant City of Chicago to quash *Motion For Protective Order Quashing Plaintiff's Rule 30(b)(6) Depositions*MOTION by Defendant City of Chicago to quash *Motion For Protective Order Quashing Plaintiff's Rule 30(b)(6) Depositions* 90 (Attachments: # 1)(Longo, Joseph) (Entered: 10/03/2007) |
| 10/04/2007 | 100 | MINUTE entry before Judge Mark Filip : MOTION by Defendant City of Chicago to reset Fact Discovery Cut-Off And Designation Of Experts Dates 92 is granted. Fact discovery cutoff is extended to and including 11/30/07. Plaintiff to designate experts by 1/4/08. Defendants to designate experts by 2/10/08. Mailed notice (tbk, ) (Entered: 10/04/2007) |
| 10/04/2007 | 101 | MINUTE entry before Judge Jeffrey Cole :The motion of Mr. Longo to Correct the October 2, 2007 order 97 is denied. My order referred to a conversation which Mr. Longo had with my secretary in which he represented to her that the reason for his unavailability of 10/2/07 in connection with the City's motion for protective order quashing the Rule 30(b)(6) deposition was that he had doctors' appointments -- plural -- in the suburbs, thereby making it impossible to attend court at any time on 10/2/07. The statement in my order is accurate. Moreover, the mere reference to the fact of a doctor's appointment is no more confidential or invasive of personal privacy than is the fact that a party had a meeting with a lawyer. No request was made by Mr. Longo to my secretary to treat the information as confidential. The motion is frivolous.The parties argued the defendant's motion to quash for more than 3 hours today. During the colloquy a question arose as to whether 3 hours plus had been spent in arguing an earlier motion of Mr. Longo's and whether he had taken issue with the City's representation to the District Court that an earlier motion of the plaintiff's had spanned a 4 hour period, 3 hours of which had been devoted to argument. The City's representation to the District Court is accurate. Indeed, it may be a bit under-inclusive. The plaintiff has objected to the motion of the City as untimely and insists that any objections it has to the 30(b)(6) notices are thus waived. I have discretion as to whether to deem waived the objections made by the City in its late motion to for protective order. The waiver doctrine is a limitation on the parties, not the courts, which can, in the interest of a just result, ignore the claimed waiver. United States v. Ready, 82 F.3d 551 (2d Cir. 1996); County of McHenry v. Insurance Co. of the West, 438 F.3d 813, 820 (7th Cir. 2006). This is a matter that falls within the extraordinarily broad discretion district courts enjoy in discovery matters. Cf. Crawford-El v. Britton, 523 U.S. 574, 598 (1998); Semien v. Life Insurance Co. of N.A., 436 F.3d 805, 813 (7th Cir. 2006); Rule 26(c), Federal Rules of Civil Procedure. Discretion denotes the absence of a hard and fast rule. Langnes v. Green, 282 U.S. 531, 541 (1931); Pruitt v. Mote, 2006 WL 3802822 (7th Cir. 2006); Rogers v. Loether, 467 F.2d 1110, 1111-12 (7th Cir. 1972)(Stevens, J.). Indeed, on virtually identical facts, two decision makers can arrive at opposite conclusions, both of which constitute appropriate exercises of discretion. Compare United States v. Boyd, 55 F.3d 239 (7th Cir. 1995) with United States v. Williams, 81 F.3d 1434 (7th Cir. 1996). Cf. United States v. Bullion, 466 F.3d 574, 577 (7th Cir. 2006)(Posner, J.) (The striking of a balance of uncertainties can rarely be deemed unreasonable....). In short, I do not think it appropriate to deem the City's arguments waived for the reasons discussed in court.Rule 26(c)(2) allows a court, upon a showing of good cause, to issue a protective order specifying the time and place of deposition. A protective order can be issued to protect a party from |

undue burden or expense. Certain aspects of the 30(b)(6) notices in my view plainly would put the City to undue burden or expense. In other aspects, the City's claim of undue burden cannot be accepted on the strength of its counsel's unsupported statements. See Hodgdon v. Northwestern University, 2007 WL 1576486 at *3 (N.D.Ill. 2007)(collecting cases).The plaintiff shall have 21 days to 10/25/07 to file a brief on the question of what constitutes similarly situated persons and to discuss its entitlement to the kind of information in the 30(b)(6) notice which is attached as Exhibit 10 to the City's motion for protective order. The City shall have 14 days to 11/8/07 to respond. There shall be no reply brief. The City's motion for protective order quashing plaintiff's Rule 30(b)(6) depositions 90 is granted in part and denied in part as explained during the 3 hours of colloquy with counsel. The City must identify 30(b)(6) witnesses and schedule the 30(b)(6) depositions within 10 days.The status date of 10/10/07 is stricken. The next status date is 11/19/07 at 9:30 a.m. -- rather than 11/12/07 as originally discussed in court.Mailed notice (tlp, ) (Entered: 10/04/2007)

| | | |
|---|---|---|
| 10/19/2007 | 102 | MINUTE entry before Judge Mark Filip : Plaintiff's objections to the discovery rulings of Magistrate Judge Cole (D.E. 70), which verge on frivolous, at least as presented, are respectfully denied. Mailed notice (mjc, ) (Entered: 10/22/2007) |
| 10/25/2007 | 103 | SUPPLEMENT by Detlef Sommerfield to *exhibit 1 to memorandum of law re similarly situated employees* (Longo, Joseph) (Entered: 10/25/2007) |
| 10/26/2007 | 104 | SUPPLEMENT by Detlef Sommerfield to *memo of law re similarly situtated employees* (Attachments: # 1)(Longo, Joseph) (Entered: 10/26/2007) |
| 10/30/2007 | 105 | NOTICE of Motion by Joseph A. Longo for presentment of before Honorable Mark Filip on 11/8/2007 at 09:30 AM. (Longo, Joseph) (Entered: 10/30/2007) |
| 10/30/2007 | 106 | MOTION by Plaintiff Detlef Sommerfield to strike (Longo, Joseph) (Entered: 10/30/2007) |
| 11/02/2007 | 107 | MOTION by Defendant City of Chicago for extension of time to file response/reply as to supplement 104 (Attachments: # 1 Appendix of Exhibits# 2 Exhibit A# 3 Exhibit B)(Werth, Meera) (Entered: 11/02/2007) |
| 11/02/2007 | 108 | NOTICE of Motion by Meera Werth for presentment of motion for extension of time to file response/reply, motion for relief 107 before Honorable Jeffrey Cole on 11/6/2007 at 08:30 AM. (Werth, Meera) (Entered: 11/02/2007) |
| 11/02/2007 | 109 | NOTICE of Motion by Joseph A. Longo for presentment of before Honorable Mark Filip on 11/8/2007 at 09:30 AM. (Longo, Joseph) (Entered: 11/02/2007) |
| 11/02/2007 | 110 | MOTION by Plaintiff Detlef Sommerfield for rule to show cause (Attachments: # 1 # 2 # 3 # 4 # 5 # 6)(Longo, Joseph) (Entered: 11/02/2007) |
| 11/05/2007 | 111 | MINUTE entry before Judge Jeffrey Cole : he defendant's motion for an extension of time to file its responsive brief for 14 days to 11/22/07 is granted. The plaintiff is ordered to provide chambers immediately with a courtesy copy of plaintiff's brief, as required by the local rules. Mailed notice (jms, ) (Entered: 11/05/2007) |
| 11/05/2007 | 112 | APPENDIX motion for rule to show cause 110 by Detlef Sommerfield (Longo, Joseph) (Entered: 11/05/2007) |
| 11/07/2007 | 113 | MINUTE entry before Judge Jeffrey Cole :Hearing on the motion to strike 106 , motion for rule to show cause 110 is set for 11/19/2007 at 09:30 AM. The parties are directed to comply with Local Rule 37.2 forthwith.Mailed notice (jms, ) (Entered: 11/07/2007) |

| 11/07/2007 | 114 | ATTORNEY Appearance for Defendant City of Chicago by Jay Michael Kertez (Kertez, Jay) (Entered: 11/07/2007) |
|---|---|---|
| 11/07/2007 | 115 | Pursuant to Local Rule 72.1, this case is hereby referred to the calendar of Magistrate Judge Jeffrey Cole for the purpose of holding proceedings related to: MOTION by Plaintiff Detlef Sommerfield to strike 106 and MOTION by Plaintiff Detlef Sommerfield for rule to show cause 110 .(tbk, )Mailed notice. (Entered: 11/07/2007) |
| 11/09/2007 | 116 | MOTION by Defendant City of Chicago for extension of time to complete discovery (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E# 6 Exhibit F# 7 Exhibit G# 8 Exhibit H)(Werth, Meera) (Entered: 11/09/2007) |
| 11/13/2007 | 117 | *Amended* NOTICE of Motion by Meera Werth for presentment of motion for extension of time to complete discovery 116 before Honorable Jeffrey Cole on 11/19/2007 at 09:30 AM. (Werth, Meera) (Entered: 11/13/2007) |
| 11/13/2007 | 118 | MINUTE entry before Judge Mark Filip : Referral order of 11/07/07 is enlarged to include the referral to Magistrate Judge Cole of Defendant City of Chicago's Motion for Extension 116 of Discovery Cutoff Dates.Mailed notice (mjc, ) (Entered: 11/14/2007) |
| 11/19/2007 | 119 | MOTION by counsel for Defendant City of Chicago to withdraw as attorney (Kertez, Jay) (Entered: 11/19/2007) |
| 11/19/2007 | 120 | NOTICE of Motion by Jay Michael Kertez for presentment of motion to withdraw as attorney 119 before Honorable Mark Filip on 11/27/2007 at 09:30 AM. (Kertez, Jay) (Entered: 11/19/2007) |
| 11/20/2007 | 121 | MINUTE entry before Magistrate Judge Jeffrey Cole : Motion hearing held. Magistrate Judge Status hearing held. Plaintiff's motion to strike 106 is denied. MOTION by Plaintiff Detlef Sommerfield for rule to show cause 110 is taken under advisement. Response is due 1/11/08. Reply is due 1/25/08. MOTION by Defendant City of Chicago for extension of time to complete discovery 116 is granted. All fact discovery shall be completed by 2/28/08. Plaintiff shall comply with FRCP(26)(a)(2) by 3/7/08. Depositions of plaintiff's expert shall be completed by 4/7/08. Defendant shall comply with FRCP(26)(a)(2) by 3/14/08. Deposition of Defendant's expert shall be completed by 4/14/08. Advised in open court. (cdh, ) Modified on 11/20/2007 (cdh, ). (Entered: 11/20/2007) |
| 11/20/2007 | 122 | MINUTE entry before Judge Mark Filip : Defendant City of Chicago's Motion for Leave to Withdraw Appearances 119 of Melissa Reardon Henry, Naomi Avendano, and Joseph Graham is granted. Mailed notices (gcy, ) (Entered: 11/21/2007) |
| 11/26/2007 | 123 | ATTORNEY Appearance for Defendant City of Chicago by Bhairav Radia (Radia, Bhairav) (Entered: 11/26/2007) |
| 12/06/2007 | 124 | ORAL MOTION by Defendant City of Chicago for extension of time to file their response to Plaintiff's Brief on the Question of What Constitutes Similarly Situated Persons. (cdh, ) (Entered: 12/06/2007) |
| 12/06/2007 | 125 | MINUTE entry before Judge Jeffrey Cole :The City of Chicago's oral motion for an extension of time in which to file their response to Plaintiff's Brief on the Question of What Constitutes Similarly Situated Persons is granted 124 . Mailed notice (cdh, ) (Entered: 12/06/2007) |
| 12/19/2007 | 126 | RESPONSE by Defendant City of Chicago to supplement 104 *Plaintiff's "Memorandum of Law" Filed On October 26, 2007* (Attachments: # 1 Appendix of |

| | | Exhibits# 2 Exhibit A# 3 Exhibit B# 4 Exhibit C# 5 Exhibit D# 6 Exhibit E# 7 Exhibit F# 8 Exhibit G# 9 Exhibit H# 10 Exhibit I# 11 Exhibit J)(Werth, Meera) (Entered: 12/19/2007) |
|---|---|---|
| 01/04/2008 | 127 | MOTION by Defendant City of Chicago for extension of time to file response/reply as to motion for rule to show cause 110 (Attachments: # 1 Exhibit A)(Werth, Meera) (Entered: 01/04/2008) |
| 01/04/2008 | 128 | NOTICE of Motion by Meera Werth for presentment of motion for extension of time to file response/reply, motion for relief 127 before Honorable Jeffrey Cole on 1/10/2008 at 08:30 AM. (Werth, Meera) (Entered: 01/04/2008) |
| 01/07/2008 | 129 | MINUTE entry before Judge Jeffrey Cole : Defendants' motion for extension of time, until 2/1/08, to file its response to Plaintiffs Motion for Rule to Show Cause Why Defendant Should Not be Held in Contempt for Violating Court Order is granted 127 . Plaintiff's lawyer had no objection to granting of the motion. Telephoned notice (mjc, ) (Entered: 01/08/2008) |
| 01/16/2008 | 130 | TRANSCRIPT of proceedings for the following dates: 8/9/07; Before the Honorable Jeffrey Cole. (mjc, ) (Entered: 01/17/2008) |
| 02/01/2008 | 131 | RESPONSE by City of Chicagoin Opposition to MOTION by Plaintiff Detlef Sommerfield for rule to show cause 110 (Attachments: # 1 Appendix of Exhibits# 2 Exhibit A# 3 Exhibit B# 4 Exhibit C# 5 Exhibit D)(Werth, Meera) (Entered: 02/01/2008) |
| 02/04/2008 | 132 | MOTION by Defendant City of Chicago for extension of time to complete discovery (Radia, Bhairav) (Entered: 02/04/2008) |
| 02/04/2008 | 133 | NOTICE of Motion by Bhairav Radia for presentment of motion for extension of time to complete discovery 132 before Honorable Mark Filip on 2/7/2008 at 09:30 AM. (Radia, Bhairav) (Entered: 02/04/2008) |
| 02/04/2008 | 134 | MINUTE entry before Judge Mark Filip dated 2/4/08: The referral to Magistrate Judge Cole is enhanced to include defendant's motion for extension of time to complete discovery. The motion hearing set for 2/7/08, before Judge Filip, is stricken.Judicial staff mailed notice (gl, ) (Entered: 02/04/2008) |
| 02/06/2008 | 135 | *Amended* NOTICE of Motion by Bhairav Radia for presentment of motion for extension of time to complete discovery 132 before Honorable Jeffrey Cole on 2/13/2008 at 08:30 AM. (Radia, Bhairav) (Entered: 02/06/2008) |
| 02/07/2008 | 136 | MINUTE entry before Judge Jeffrey Cole :The motion for the City of Chicago for a Rule to Show Cause Why the Plaintiff Should Not be Held in Contempt for Failure to Produce Certain Ribbons and Medallions as Ordered by the Court 132 is denied. In the event that there has not been compliance, the City is free to renew the motion. Mailed notice (cdh, ) (Entered: 02/07/2008) |
| 02/07/2008 | 137 | MINUTE entry before Judge Jeffrey Cole : Defendant's agreed motion to extend time to complete discovery is granted. Fact discovery cutoff date is 5/16/08; Mr. Sommerfield's expert designation is 5/23/08; City's expert designation is 5/30/08; The City to depose Mr. Sommerfield's experts by 6/23/08 and Mr. Sommerfield to depose the City's experts by 6/30/08. No appearance is necessary on 2/13/08.Mailed notice (mjc, ) (Entered: 02/08/2008) |
| 02/21/2008 | 138 | INCORRECT DOCUMENT (PDF) LINKED. (Longo, Joseph) Modified by Clerk's Office on 2/26/2008 (mjc, ). (Entered: 02/21/2008) |

| 02/21/2008 | 139 | NOTICE of Motion by Joseph A. Longo for presentment of before Honorable Mark Filip on 2/26/2008 at 09:30 AM. (Longo, Joseph) (Entered: 02/21/2008) |
|---|---|---|
| 02/21/2008 | 140 | MOTION by Plaintiff Detlef Sommerfield to amend/correct (Longo, Joseph) (Entered: 02/21/2008) |
| 02/21/2008 | 141 | APPENDIX by Detlef Sommerfield *exh 1 part 1* (Longo, Joseph) (Entered: 02/21/2008) |
| 02/21/2008 | 142 | APPENDIX by Detlef Sommerfield (Longo, Joseph) (Entered: 02/21/2008) |
| 02/21/2008 | 143 | APPENDIX by Detlef Sommerfield (Longo, Joseph) (Entered: 02/21/2008) |
| 02/26/2008 | 144 | MINUTE entry before Judge Mark Filip dated 2/26/08: The referral to Magistrate Judge Cole is enhanced to include Plaintiff's motion to allow second amended complaint instanter (Doc. No. 140). The motion hearing set for 2/26/08, before J. Filip, is stricken.Judicial staff mailed notice (gl, ) (Entered: 02/26/2008) |
| 02/26/2008 | 145 | NOTICE of Correction regarding MOTION by Plaintiff Detlef Sommerfield to amend/correct *complaint* 138 . (INCORRECT DOCUMENT (PDF) LINKED) (mjc, ) (Entered: 02/26/2008) |
| 02/27/2008 | 146 | *motion allow discovery* NOTICE of Motion by Joseph A. Longo for presentment of before Honorable Jeffrey Cole on 3/3/2008 at 08:30 AM. (Longo, Joseph) (Entered: 02/27/2008) |
| 02/27/2008 | 147 | MOTION by Plaintiff Detlef Sommerfield for discovery *exhibits* (Attachments: # 1) (Longo, Joseph) (Entered: 02/27/2008) |
| 02/27/2008 | 148 | MOTION by Plaintiff Detlef Sommerfield for rule to show cause (Attachments: # 1 # 2)(Longo, Joseph) (Entered: 02/27/2008) |
| 02/27/2008 | 149 | NOTICE of Motion by Joseph A. Longo for presentment of motion for rule to show cause 110 before Honorable Jeffrey Cole on 3/3/2008 at 08:30 AM. (Longo, Joseph) (Entered: 02/27/2008) |
| 02/27/2008 | 150 | NOTICE of Motion by Joseph A. Longo for presentment of before Honorable Jeffrey Cole on 3/3/2008 at 08:30 AM. (Longo, Joseph) (Entered: 02/27/2008) |
| 02/28/2008 | 151 | NOTICE of Motion by Joseph A. Longo for presentment of motion for discovery 147 , motion to amend/correct 140 , motion for rule to show cause 148 before Honorable Jeffrey Cole on 3/4/2008 at 08:30 AM. (Longo, Joseph) (Entered: 02/28/2008) |
| 02/29/2008 | 152 | MOTION by Plaintiff Detlef Sommerfield to compel *documents of extensions re investigations* (Attachments: # 1)(Longo, Joseph) (Entered: 02/29/2008) |
| 02/29/2008 | 153 | NOTICE of Motion by Joseph A. Longo for presentment of motion to compel 152 before Honorable Jeffrey Cole on 3/4/2008 at 08:30 AM. (Longo, Joseph) (Entered: 02/29/2008) |
| 03/03/2008 | 154 | MINUTE entry before Judge Jeffrey Cole :Motion hearing held. Plaintiffs motions to allow discovery of complaints of discrimination, harassment and retaliation outside of the eighth district and charges relating to Sergeant Knasiak and how they were handled 147 , rule to show cause why defendant should not be held in contempt relating to Rule 30(b)(6) deposition 148 , to compel defendant to produce alleged extensions to complete the three-year investigation and documents relating to investigations 152 are denied without prejudice as being outside the scope of Judge |

| | | |
|---|---|---|
| | | Filips referral. Hence, I have no jurisdiction to decide these motions. Plaintiffs motion to allow second amended complaint instanter is denied, for the reasons discussed in court. Advised in open court. (cdh, ) (Entered: 03/04/2008) |
| 03/06/2008 | 155 | EXECUTIVE COMMITTEE ORDER: Case reassigned to Judge Joan B. Gottschall for all further proceedings. (See Order for details). Signed by Executive Committee on 3/6/2008. (jmp, ) (Entered: 03/07/2008) |
| 03/14/2008 | 156 | MOTION by Plaintiff Detlef Sommerfield for reconsideration (Longo, Joseph) (Entered: 03/14/2008) |
| 03/14/2008 | 157 | APPENDIX motion for reconsideration 156 by Detlef Sommerfield *Exhibit 1* (Longo, Joseph) (Entered: 03/14/2008) |
| 03/14/2008 | 158 | MOTION by Plaintiff Detlef Sommerfield for reconsideration *part 2* (Longo, Joseph) (Entered: 03/14/2008) |
| 03/14/2008 | 159 | MOTION by Plaintiff Detlef Sommerfield for reconsideration (Attachments: # 1 # 2 # 3 # 4 # 5 # 6 # 7 # 8 # 9 # 10 # 11 # 12 # 13 # 14)(Longo, Joseph) (Entered: 03/14/2008) |
| 03/14/2008 | 160 | NOTICE of Motion by Joseph A. Longo for presentment of motion for reconsideration 158 , motion for reconsideration 159 , motion for reconsideration 156 before Honorable Joan B. Gottschall on 3/27/2008 at 09:30 AM. (Longo, Joseph) (Entered: 03/14/2008) |
| 03/22/2008 | 161 | NOTICE of Motion by Joseph A. Longo for presentment of before Honorable Joan B. Gottschall on 3/27/2008 at 09:30 AM. (Attachments: # 1 Certificate of Service) (Longo, Joseph) (Entered: 03/22/2008) |
| 03/24/2008 | 163 | MOTION by plaintiff Detlef Sommerfield to compel defendant to produce alleged extensions to complete the three-year investigation and documents relating to investigations. (Document not scanned) (mjc, ) (Entered: 04/01/2008) |
| 03/24/2008 | 164 | MOTION by plaintiff Detlef Sommerfield to allow discovery of complaints of discrimination, harassment and retaliation outside of the Eight District and charges relating to Sergeant Knasiak and how they were handled. (Document not scanned) (mjc, ) (Entered: 04/01/2008) |
| 03/24/2008 | 165 | RULE to show cause by plaintiff Detlef Sommerfield why defendant should not be held in contempt relating to Rule 30(b)(6) deposition. (Document not scanned.) (mjc, ) (Entered: 04/01/2008) |
| 03/24/2008 | 166 | TRANSCRIPT of proceedings for the following dates: 3/4/08; Before the Honorable Honorable Jeffrey Cole. (mjc, ) (Entered: 04/01/2008) |
| 03/24/2008 | 167 | SECOND AMENDED complaint by Detlef Sommerfield against City of Chicago. (Document not scanned.) (mjc, ) (Entered: 04/01/2008) |
| 03/27/2008 | 162 | MINUTE entry before Judge Honorable Joan B. Gottschall:Briefing schedule as to Plaintiff's motion to review Magistrate Judge's Order not granting Plaintiff's motion to allow second amended complaint instanter, 159 is as follows : Responses due by 4/8/2008. Replies due by 4/17/2008. Ruling by mail. Mailed notice (rj, ) (Entered: 03/31/2008) |
| 04/07/2008 | 168 | RESPONSE by City of Chicagoin Opposition to MOTION by Plaintiff Detlef Sommerfield for reconsideration 159 (Attachments: # 1 Appendix of Exhibits, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D)(Werth, Meera) (Entered: |

| | | 04/07/2008 |
|---|---|---|
| 04/09/2008 | 169 | TRANSCRIPT of proceedings for the following dates: 03/04/2008; Before the Honorable Honorable Jeffrey Cole.(Document not scanned) (kjc, ) (Entered: 04/10/2008) |
| 04/11/2008 | 170 | NOTICE of Motion by Joseph A. Longo for presentment of before Honorable Joan B. Gottschall on 4/17/2008 at 09:30 AM. (Longo, Joseph) (Entered: 04/11/2008) |
| 04/11/2008 | 171 | MOTION by Plaintiff Detlef Sommerfield to compel *re canine patrol* (Attachments: # 1 Exhibit 1)(Longo, Joseph) (Entered: 04/11/2008) |
| 04/14/2008 | 172 | MOTION by Defendant City of Chicago to quash *Deposition* (Attachments: # 1 Appendix of Exhibits, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D) (Kertez, Jay) (Entered: 04/14/2008) |
| 04/14/2008 | 173 | NOTICE of Motion by Jay Michael Kertez for presentment of motion to quash 172 before Honorable Joan B. Gottschall on 4/17/2008 at 09:30 AM. (Kertez, Jay) (Entered: 04/14/2008) |
| 04/16/2008 | 174 | NOTICE of Motion by Joseph A. Longo for presentment of motion to compel 163 , motion for rule to show cause 165 , motion for miscellaneous relief 164 before Honorable Joan B. Gottschall on 4/17/2008 at 09:30 AM. (Longo, Joseph) (Entered: 04/16/2008) |
| 04/16/2008 | 175 | REPLY by Detlef Sommerfield to MOTION by Plaintiff Detlef Sommerfield for reconsideration 159 (Attachments: # 1 Exhibit 1 and 2)(Longo, Joseph) (Entered: 04/16/2008) |
| 04/17/2008 | 176 | MINUTE entry before Judge Honorable Joan B. Gottschall: Motion hearing held on 4/17/2008. Discovery motions are referred to Magistrate Judge Cole. Mailed notice (rj, ) (Entered: 04/21/2008) |
| 04/17/2008 | 177 | Pursuant to Local Rule 72.1, this case is hereby referred to the calendar of Magistrate Judge Honorable Jeffrey Cole for the purpose of holding proceedings related to: discovery motions and settlement conference motion to quash 172 , motion for miscellaneous relief 164 , motion to compel 163 , motion for rule to show cause 165 , motion to compel 171 .(rj, )Mailed notice. (Entered: 04/21/2008) |
| 04/24/2008 | 178 | NOTICE of Motion by Joseph A. Longo for presentment of motion to compel 163 , motion to compel 171 , motion for rule to show cause 165 , motion for miscellaneous relief 164 before Honorable Jeffrey Cole on 4/28/2008 at 08:30 AM. (Longo, Joseph) (Entered: 04/24/2008) |
| 04/28/2008 | 187 | MINUTE entry before Judge Honorable Jeffrey Cole:Plaintiffs motion for rule to show cause why defendant should not beheld in contempt of court relating to Rule 30 (b)(6) deposition 165 is denied without prejudice, due to its not being properly supported. Plaintiffs motion to compel defendant to answer discovery and appear for deposition regarding canine patrol 171 is granted. Defendant shall respond by May 12, 2008. Defendants motion to quash deposition 172 is denied. Parties are to have a face to face Rule 37.2 Conference. Following the Rule 37.2 Conference the parties are to file a certificate of compliance. The certificate shall reflect the items discussed, on an item by item basis, stating what was discussed and the response from each party. Plaintiff is to make a settlement demand in writing to the defendant by May 19, 2008. Defendant shall respond promptly in writing to the plaintiff. If the demand is not acceptable, the defendant must make a good faith counter offer. Advised in open court. (cdh, ) (Entered: 05/08/2008) |

| 04/29/2008 | 179 | MINUTE entry before Judge Honorable Joan B. Gottschall: For the reasons stated in the attached Memorandum Opinion and Order, plaintiff's "Motion for Reconsideration" [156, 158, 159] is sustained in part and overruled in part and plaintiff's motion to allow a second amended complaint 140 is granted in part and denied in part. Plaintiff may file a second amended complaint, consistent with the order, within ten days.Mailed notice (mjc, ) (Entered: 04/30/2008) |
|---|---|---|
| 04/29/2008 | 180 | MEMORANDUM Opinion and Order Signed by Judge Honorable Joan B. Gottschall on 4/29/2008.(mjc, ) (Entered: 04/30/2008) |
| 05/01/2008 | 181 | MOTION by Plaintiff Detlef Sommerfield to compel *re Rule 30(b)(6) deposition* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Longo, Joseph) (Entered: 05/01/2008) |
| 05/01/2008 | 182 | APPENDIX motion for miscellaneous relief 164 , motion to compel 163 by Detlef Sommerfield (Longo, Joseph) (Entered: 05/01/2008) |
| 05/01/2008 | 183 | NOTICE of Motion by Joseph A. Longo for presentment of motion to compel 163 , motion to compel 181 , motion for miscellaneous relief 164 before Honorable Jeffrey Cole on 5/6/2008 at 08:30 AM. (Longo, Joseph) (Entered: 05/01/2008) |
| 05/06/2008 | 184 | MINUTE entry before Judge Honorable Jeffrey Cole:Motion hearing held and continued to a date to be provided by the parties. Plaintiff's motion to compel defendant to produce alleged extensions to complete the three-year investigation and documents relating to investigation 163 is re-granted as to Sergeant Knasiak and re-denied as to the request for all documents relating to every other investigation in District Eight during the defined period. Plaintiff's motion to allow discovery of complaint of discrimination, harassment and retaliation outside of the Eighth District 164 is denied. It appears that these are matters that have previously decided. Plaintiff's motion to compel relating to Rule 30(b)(6) deposition 181 is entered and continued until Mr. Longo provides a transcript reflecting what was ordered. Notices mailed by Judicial staff. (cdh, ) (Entered: 05/06/2008) |
| 05/07/2008 | 185 | MINUTE entry before Judge Honorable Jeffrey Cole:Enter Memorandum Opinion and Order and Report and Recommendation. Notices mailed by Judicial staff. (cdh, ) (Entered: 05/07/2008) |
| 05/07/2008 | 186 | ENTERED: Memorandum Opinion and Order and Report and Recommendation Signed by the Honorable Jeffrey Cole on 5/7/2008. Mailed notice(cdh, ) (Entered: 05/07/2008) |
| 05/09/2008 | 188 | MOTION by Plaintiff Detlef Sommerfield for reconsideration *objection to 5/6/08 order* (Attachments: # 1 Exhibit exh 1, # 2 Exhibit exh 2)(Longo, Joseph) (Entered: 05/09/2008) |
| 05/09/2008 | 189 | NOTICE of Motion by Joseph A. Longo for presentment of motion for reconsideration 188 before Honorable Joan B. Gottschall on 5/15/2008 at 09:30 AM. (Longo, Joseph) (Entered: 05/09/2008) |
| 05/10/2008 | 190 | *SECOND* AMENDED complaint by Detlef Sommerfield against Detlef Sommerfield (Longo, Joseph) (Entered: 05/10/2008) |
| 05/12/2008 | 191 | ATTORNEY Appearance for Defendant City of Chicago by Robert Charles Rutherford (Rutherford, Robert) (Entered: 05/12/2008) |
| 05/12/2008 | 192 | MINUTE entry before Judge Honorable Jeffrey Cole:On May 8, 20089, I issued a Memorandum Opinion and Order and Report and Recommendation. Issued with this minute order is an Amended Memorandum Opinion and Order and Report and |

|  |  | Recommendation. The amendment consists of the addition of the case of Prima Tek II, LLC v. Klerks Plastic Industries, B.V., _F.3d_, 2008 WL 1930933 (7th Cir. 2008) on page 7. Enter Amended Memorandum Opinion and Order and Report and RecommendationMailed notice (cdh, ) (Entered: 05/12/2008) |
|---|---|---|
| 05/12/2008 | 193 | AMENDED MEMORANDUM Opinion and Order and REPORT AND RECOMMENDATION Signed by the Honorable Jeffrey Cole on 5/12/2008. (cdh, ) (Entered: 05/12/2008) |
| 05/12/2008 | 198 | MINUTE entry before the Honorable Jeffrey Cole:I am reissuing the Amended Memorandum Opinion and Order and Report and Recommendation to correct mistakes in footnotes 4 and 5. The last citation in footnote 5 is deleted and the citation in footnote 4 is corrected to make it complete. In all other respects the opinion remains the same. Notices mailed by Judicial Staff. (cdh, ) (Entered: 05/16/2008) |
| 05/12/2008 | 199 | AMENDED MEMORANDUM Opinion and Order and REPORT AND RECOMMENDATION Signed by the Honorable Jeffrey Cole on 5/12/2008.Mailed notice(cdh, ) (Entered: 05/16/2008) |
| 05/14/2008 | 194 | MOTION by Defendant City of Chicago for protective order *To Quash Plaintiff's Requests to Admit* (Werth, Meera) (Entered: 05/14/2008) |
| 05/14/2008 | 195 | NOTICE of Motion by Meera Werth for presentment of motion for protective order 194 before Honorable Jeffrey Cole on 5/20/2008 at 08:30 AM. (Werth, Meera) (Entered: 05/14/2008) |
| 05/14/2008 | 196 | MEMORANDUM by City of Chicago in support of motion for protective order 194 *To Quash Plaintiff's Requests to Admit* (Attachments: # 1 Appendix of Exhibits, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C)(Werth, Meera) (Entered: 05/14/2008) |
| 05/15/2008 | 197 | MINUTE entry before Judge Honorable Joan B. Gottschall: Briefing schedule as to Plaintiffs Objection to Magistrate Judges 5/6/2008 Order 188 is as follows: Response by 5/29/2008. Reply in support by 6/9/2008. Ruling by mail. Mailed notice. (rj, ) (Entered: 05/15/2008) |
| 05/19/2008 | 200 | MOTION by Defendant City of Chicago for extension of time to file answer *or Otherwise Plead to Plaintiff's Second Amended Complaint* (Rutherford, Robert) (Entered: 05/19/2008) |
| 05/19/2008 | 201 | NOTICE of Motion by Robert Charles Rutherford for presentment of motion for extension of time to file answer 200 before Honorable Joan B. Gottschall on 5/29/2008 at 09:30 AM. (Rutherford, Robert) (Entered: 05/19/2008) |
| 05/20/2008 | 202 | MOTION by counsel for Defendant City of Chicago to withdraw as attorney (Radia, Bhairav) (Entered: 05/20/2008) |
| 05/20/2008 | 203 | NOTICE of Motion by Bhairav Radia for presentment of motion to withdraw as attorney 202 before Honorable Joan B. Gottschall on 5/29/2008 at 09:30 AM. (Radia, Bhairav) (Entered: 05/20/2008) |
| 05/20/2008 | 204 | MINUTE entry before the Honorable Jeffrey Cole:Motion hearing held. Defendants motion for protective order to quash plaintiffs requests to admit 194 is granted, without prejudice to plaintiff filing renewed request to admit by June 30, 2008. Response or further objections or motions shall be due by July 14, 2008. Mailed notice (ca, ) (Entered: 05/21/2008) |
| 05/23/2008 | 205 | MOTION by Plaintiff Detlef Sommerfield for extension of time to complete |

| | | discovery *experts* (Longo, Joseph) (Entered: 05/23/2008) |
|---|---|---|
| 05/23/2008 | 206 | NOTICE of Motion by Joseph A. Longo for presentment of motion for extension of time to complete discovery 205 before Honorable Jeffrey Cole on 5/29/2008 at 08:30 AM. (Longo, Joseph) (Entered: 05/23/2008) |
| 05/29/2008 | 207 | MINUTE entry before the Honorable Jeffrey Cole:Motion hearing held. Plaintiff's motion to extend time to designate expert 205 is granted. Plaintiff is to designate by name the expert witnesses by June 12, 2008. Plaintiff's expert report shall be due by June 30, 2008. Defendants expert report shall be due on July 30, 2008.Mailed notice (cdh, ) (Entered: 05/29/2008) |
| 05/29/2008 | 208 | RESPONSE by Defendant City of Chicago to motion for reconsideration 188 *City's Response to Plaintiff's Objection to Magistrate Judge's 5/6/08 Order* (Attachments: # 1 Appendix List of Exhibits, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D)(Werth, Meera) (Entered: 05/29/2008) |
| 05/29/2008 | 209 | MINUTE entry before the Honorable Joan B. Gottschall: MOTION by Defendant City of Chicago for extension of time to file answer or Otherwise Plead to Plaintiff's Second Amended Complaint 200 is granted. Motion by counsel for defendant City of Chicago to withdraw as attorney (Radia, Bhairav) 202 is granted. No appearance required. Attorney Bhairav Radia terminated.Mailed notice (mjc, ) (Entered: 05/30/2008) |
| 05/30/2008 | 210 | TRANSCRIPT of proceedings for the following dates: 4/28/2008, 5/6/2008; Before the Honorable Jeffrey Cole. (210-1 through 210-2) (Document not scanned) (td, ) (Entered: 05/30/2008) |
| 06/02/2008 | 211 | MOTION by Plaintiff Detlef Sommerfield to strike *alleged privilege and privilege log* (Attachments: # 1 Exhibit A)(Longo, Joseph) (Entered: 06/02/2008) |
| 06/02/2008 | 212 | MOTION by Plaintiff Detlef Sommerfield to enforce *And prohibit defendant from violating 4/28/08 order* (Attachments: # 1 Exhibit A)(Longo, Joseph) (Entered: 06/02/2008) |
| 06/02/2008 | 213 | MOTION by Plaintiff Detlef Sommerfield to enforce *And prohibit defendant from violating 5/6//08 order* (Longo, Joseph) (Entered: 06/02/2008) |
| 06/02/2008 | 214 | NOTICE of Motion by Joseph A. Longo for presentment of motion to enforce 213 , motion to strike 211 , motion to enforce 212 before Honorable Jeffrey Cole on 6/6/2008 at 08:30 AM. (Longo, Joseph) (Entered: 06/02/2008) |
| 06/06/2008 | 216 | MINUTE entry before the Honorable Jeffrey Cole: Motion hearing held. Plaintiff's motion to prohibit defendant from violating Court's 6 May 2008 regarding alleged extensions to complete the three-year investigation 213 is denied. Plaintiff's motion to prohibit defendant from violating Court's 4/28/08 Order regarding canine patrol 212 is denied. Request # 1 [ in 212] to produce, the City agrees to re-check again. As to request #4, #5, #6 [in 212] are denied based upon the City of Chicago's representation that no documents exist. Plaintiff's motion to strike defendant's alleged privilege and privilege log and compel defendant to produce documents listed in deficient privilege log pursuant to Court's 5/8/08 Order 211 is granted in part and denied in part. The motion is granted to the extent that the privilege log is not compliant with Federal Rules of Civil Procedure and is denied as to the request that the defendant produce all the documents in the privilege log. See Autotech Technologies Limited Partnership v. Automationdirect.com, Inc., 2007 WL 2198773 (N.D. Ill.2007) and Murata Mfg Co. Ltd. v Bel Fuse Inc. 2007 WL 781252 *(N.D. Ill. 2007). Notices mailed by Judicial |

| | | Staff. (cdh, ) (Entered: 06/10/2008) |
|---|---|---|
| 06/09/2008 | 215 | REPLY by Detlef Sommerfield to MOTION by Plaintiff Detlef Sommerfield for reconsideration *objection to 5/6/08 order* 188 , Response, 208 (Longo, Joseph) (Entered: 06/09/2008) |
| 06/13/2008 | 217 | MOTION by Plaintiff Detlef Sommerfield for reconsideration *objection to 6/10/08 order* (Attachments: # 1 Exhibit 1)(Longo, Joseph) (Entered: 06/13/2008) |
| 06/13/2008 | 218 | NOTICE of Motion by Joseph A. Longo for presentment of motion for reconsideration 217 before Honorable Joan B. Gottschall on 6/19/2008 at 09:30 AM. (Longo, Joseph) (Entered: 06/13/2008) |
| 06/13/2008 | 219 | MOTION by Defendant City of Chicago to strike *Plaintiff's Second Amended Complaint*, MOTION by Defendant City of Chicago to dismiss *Plaintiff's Section 1981 Religious Discrimination Claims* (Rutherford, Robert) (Entered: 06/13/2008) |
| 06/13/2008 | 220 | MEMORANDUM by City of Chicago in support of motion to strike, motion to dismiss 219 (Attachments: # 1 Appendix, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D)(Rutherford, Robert) (Entered: 06/13/2008) |
| 06/13/2008 | 221 | NOTICE of Motion by Robert Charles Rutherford for presentment of motion to strike, motion to dismiss 219 before Honorable Joan B. Gottschall on 6/19/2008 at 09:30 AM. (Rutherford, Robert) (Entered: 06/13/2008) |
| 06/19/2008 | 222 | MINUTE entry before the Honorable Joan B. Gottschall: Briefing schedule as to Plaintiff's motion for reconsideration 217 is as follows: Response due by 6/30/2008. Replies by 7/10/2008. Briefing schedule as to Defendant's motion to strike, motion to dismiss 219 is as follows : Responses due by 7/10/2008. Replies by 7/21/2008. Ruling by mail. Mailed notice (rj, ) (Entered: 06/19/2008) |
| 06/20/2008 | 223 | MINUTE entry before the Honorable Joan B. Gottschall: For the reasons stated in the attached order, plaintiff's objections to 5/6/08 order 188 are overruled. To the extent necessary, the court fully adopts Magistrate Cole's Report and Recommendations regarding plaintiff's motion for a contempt finding and sanctions [193, 199].Mailed notice (mjc, ) (Entered: 06/24/2008) |
| 06/20/2008 | 224 | ORDER Signed by the Honorable Joan B. Gottschall on 6/20/2008.(mjc, ) (Entered: 06/24/2008) |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 06/25/2008 14:18:44 | | |
| **PACER Login:** | cc0395 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:06-cv-03132 |
| **Billable Pages:** | 15 | **Cost:** | 1.20 |

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Mark Filip | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 06 C 3132 | **DATE** | 2/14/2007 |
| **CASE TITLE** | Sommerfield vs. City of Chicago, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the motion to dismiss in part of the City of Chicago (D.E. 21) and the motion to dismiss of Chicago Police Sergeant Knasiak (D.E. 25) are granted.

*Mark Filip*

■ [ For further details see text below.]

Docketing to mail notices.

---

### STATEMENT

Plaintiff Detlef Sommerfield ("Mr. Sommerfield" or "Plaintiff") has filed suit against the City of Chicago and Sergeant Knasiak #1841 (collectively "Defendants"), alleging three counts of employment discrimination under Title VII, 42 U.S.C. § 2000e *et seq.*, and intentional infliction of emotional distress under Illinois common law. (*See generally* D.E. 20.) The initial complaint was filed on June 7, 2006 (D.E. 1); the operative complaint is Plaintiff's Amended Complaint, filed October 17, 2006 (D.E. 20). Before the Court are Defendant City's motion to dismiss in part and Defendant Knasiak's motion to dismiss. (D.E. 21; D.E. 25.) For the reasons discussed below, Defendants' motions are granted.

### FACTUAL ALLEGATIONS

The Court takes the relevant facts from Plaintiffs' Amended Complaint. (*See* D.E. 20.) As precedent prescribes, the Court accepts the allegations as true. The Court takes no position, of course, as to whether the allegations are actually well founded.

Mr. Sommerfield describes himself as "a German Jew" who immigrated to the United States. (*Id.* ¶ 8.) He had family members who were killed in the Holocaust. (*Id.*) He has worked for the Chicago Police Department since July 5, 1994—seemingly, in part at least, as a police officer. (*Id.* ¶ 9.)

In or about January 2000, Sergeant Knasiak was transferred to Mr. Sommerfield's "area," and Mr. Sommerfield was subordinate to him. (*Id.* ¶ 10.) Sergeant Knasiak repeatedly referred to Plaintiff's Jewish heritage and, in particular, would ask Plaintiff, "Why didn't they burn all of the Jews." (*Id.* ¶ 11.) Sergeant Knasiak also repeatedly made Jewish jokes in front of Plaintiff. (*Id.* ¶ 12.) Sergeant Knasiak called Mr. Sommerfield a Nazi. (*Id.* ¶ 13.) Sergeant Knasiak also called Mr. Sommerfield a stupid German (*id.* ¶ 14), and, when Plaintiff entered a room, "Sergeant Knasiak would raise his right hand and salute the plaintiff as Nazis would salute each other." (*Id.* ¶ 15.)

---



EXHIBIT
2

# STATEMENT

Mr. Sommerfield repeatedly told Sergeant Knasiak that this behavior was painful to him (*id.* ¶ 16), and he asked him to stop making references to his Jewish (*id.* ¶ 18) and German (*id.* ¶ 37) heritage, but Sergeant Knasiak refused. (*Id.* ¶¶ 19, 38.) Instead, Sergeant Knasiak continued to make public discriminatory comments about Plaintiff's Jewish religion (*id.* ¶ 20) and his German heritage (*id.* ¶ 39). The City of Chicago failed to stop Sergeant Knasiak from making such comments. (*Id.* ¶¶ 21, 41.) Mr. Sommerfield filed internal complaints regarding the hostile work environment Sergeant Knasiak created, but the City failed to take corrective action, and thereby contributed to the hostile work environment. (*Id.* ¶¶ 22, 24, 26, 42, 44, 46.) This environment caused Plaintiff to suffer stress and fear that interfered with his ability to perform his work. (*Id.* ¶¶ 27, 47.)

After Mr. Sommerfield complained about Sergeant Knasiak's discrimination and harassment, Sergeant Knasiak retaliated against him by requiring Mr. Sommerfield to work in a police car by himself in a high crime neighborhood, even though other officers (including officers with less seniority than Plaintiff) had a partner in the police car with them in such neighborhoods. (*Id.* ¶¶ 58, 59, 60.) The City assigned Plaintiff to work at a nearby hospital to complete police reports, and required him to use his own car to travel to the hospital, even though other officers were given Chicago Police Department cars to travel to the hospital. (*Id.* ¶¶ 61, 62.) Finally, Sergeant Knasiak informed Plaintiff that he would "get" him. (*Id.* ¶ 63.)

## LEGAL STANDARDS

In ruling on a motion to dismiss under Rule 12(b)(6), the court must assume all facts alleged in the complaint to be true and view the allegations in the light most favorable to the plaintiff. *See, e.g.*, *Singer v. Pierce & Assocs., P.C.*, 383 F.3d 596, 597 (7th Cir. 2004). Dismissal for failure to state a claim is appropriate where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Lee v. City of Chicago*, 330 F.3d 456, 459 (7th Cir. 2003) (internal quotation marks and citation omitted).

## DISCUSSION

Plaintiff has filed a four-count Amended Complaint against Defendants City of Chicago and Sergeant Knasiak, alleging employment discrimination under Title VII and intentional infliction of emotional distress ("IIED") under Illinois common law. (*See* D.E. 20.) It appears that Counts I, II, and III—Plaintiff's Title VII discrimination and retaliation claims—are against the City only. The City has filed a separate answer to these claims (*see* D.E. 34-2), and they are not addressed in this opinion. Count IV, Plaintiff's IIED claim, appears to be directed against both the City and Sergeant Knasiak. (*See* D.E. 20 ¶¶ 72, 73 (referring to "Defendants'" actions).) Defendants argue that the IIED claim should be dismissed, both because it is untimely and because it is preempted by the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/1-101 *et seq*. For the reasons discussed below, the Court finds that the IIED claim is both time-barred and preempted by the IHRA. Finally, and as further discussed below, the Court finds that Plaintiff's request for punitive damages against the City must be stricken, as the City contends, as punitive damages against a municipality cannot be recovered under Title VII.

## I.    Plaintiff's IIED Claim Is Untimely

Defendants argue that the IIED claim should be dismissed because it was filed outside the Illinois Tort Immunity Act's one-year statute of limitations, which they argue applies to such claims. (*See* D.E. 23 at 5–6; D.E. 26 at 2–3.) *See also* 745 ILCS 10/8-101(a). In response, Plaintiff argues first that the Tort Immunity Act is inapplicable to constitutional claims, and second that, even if the Tort Immunity Act applies, its "general" statute of limitations is overridden by more "specific" statutes of limitations. (*See* D.E.

## STATEMENT

30 at 3–4.)  In this regard, Plaintiff argues that the IIED claim is a personal injury claim, for which there is a specific two-year statute of limitations under 735 ILCS 5/13-202.  (*See id.* at 4.)  Plaintiff argues that the two-year limitations period for personal injury claims trumps the general one-year period.  (*See id.*)

Plaintiff's suggestion that the IIED claim is a constitutional claim is puzzling.  IIED is a common law tort, and, as Defendant City points out in its reply (*see* D.E. 31 at 2), Plaintiff's argument for a two-year statute of limitations for such claims has been rejected by the Seventh Circuit on multiple occasions.  *See, e.g.*, *Evans v. City of Chicago*, 434 F.3d 916, 935 (7th Cir. 2006) (applying a one-year statute of limitations to an IIED claim against a municipality and stating, "[t]he limitations period for tort claims, such as intentional infliction of emotional distress, against governmental entities and their employees . . . is only one year pursuant to 745 ILCS 10/8-101") (applying Illinois law); *Henderson v. Bolanda*, 253 F.3d 928, 932 (7th Cir. 2001) (similarly applying one-year statute of limitations).  Therefore, the Court applies a one-year limitations period to Plaintiff's IIED claim.

Because the one-year limitations period applies, Plaintiff's IIED claim is time-barred as it has been pleaded.  Plaintiff's original complaint was filed on June 7, 2006, *see* D.E. 1, more than one year after the last-alleged date of discrimination, June 24, 2004.  (*See* D.E. 20 at 13 (Plaintiff's EEOC Charge of Discrimination, alleging that the latest date discrimination took place was June 24, 2004).)  Therefore, because the Tort Immunity Act's one-year statute of limitations applies to Plaintiff's IIED claim, and his original complaint was filed more than one year after the last alleged date of discrimination, the claim must be dismissed because it is time-barred as expressly pleaded.

## II.    Plaintiff's IIED Claim Is Independently Preempted by the Illinois Human Rights Act

In addition to being untimely, Mr. Sommerfield's IIED claim is preempted by the IHRA under settled precedent.  The IHRA provides that "[e]xcept as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act."  775 ILCS 5/8-111(c).  The Illinois Supreme Court has made clear that common law tort claims such as this one are preempted by the IHRA when they are "inextricably linked to a civil rights violation such that there is no independent basis for the action apart from the Act itself."  *Maksimovic v. Tsogalis*, 687 N.E.2d 21, 23 (Ill. 1997); *see also Geise v. Phoenix Co. of Chicago, Inc.*, 639 N.E.2d 1273, 1277 (Ill. 1994).  The relevant question is whether Plaintiff can establish the necessary elements of the tort independent of any legal duties created by the Act.  *See, e.g.*, *Maksimovic*, 687 N.E.2d at 24; *see also id.* at 23 (explaining that, where the discriminatory aspect of the case is "merely incidental to what are otherwise ordinary common law tort claims," the claim is not preempted).

The allegations that make up Mr. Sommerfield's IIED claim are fundamentally predicated on the alleged civil rights violations that Mr. Sommerfield suffered.  In his IIED count, Mr. Sommerfield specifically incorporates all his allegations of discrimination (D.E. 20 ¶ 67), and otherwise makes evident that his IIED claim sounds in discrimination.  (*See id.* ¶¶ 68–72.)  These allegations include the alleged fact that the City allowed Sergeant Knasiak to openly and publicly harass Mr. Sommerfield·(*id.* ¶ 69), and that the City failed to prohibit Sergeant Knasiak from openly and publicly harassing Mr. Sommerfield (*id.* ¶ 70), all on the basis of his religion and ethnicity, so as "to cause the plaintiff severe emotional distress" (*id.* ¶ 71).

As explained, Mr. Sommerfield incorporates by reference Counts I, II, and III into his IIED claim.  (*Id.* ¶ 67.)  In Count I, Plaintiff alleges that, during the many years that Sergeant Knasiak harassed him on the

| STATEMENT |
| --- |

basis of his religion, he suffered stress and fear that interfered with his ability to do his job. (*Id.* ¶ 27.) In Count II, Plaintiff alleges that, during his years with Sergeant Knasiak, the Sergeant repeatedly refused to "stop making references to his German heritage." (*Id.* ¶ 37; *see also id.* ¶ 39 ("Sergeant Knasiak openly and publicly made discriminatory statements and comments to the plaintiff's German heritage").) In Count III, Plaintiff alleges that, in retaliation for Plaintiff's complaints about Sergeant Knasiak's religious and ethnic-based harassment, Sergeant Knasiak required the plaintiff to work in a police car by himself in a high crime neighborhood (*id.* ¶ 58), even though other, less senior officers were permitted to have a partner with them in high crime areas (*id.* ¶¶ 59, 60). Plaintiff also alleges that the City assigned him to work at a nearby hospital to complete police reports, and required him to use his own car to travel to the hospital, even though other officers "who were not discriminated against" were given Chicago Police Department cars to travel to the hospital. (*Id.* ¶¶ 61–62.)

On these facts, the putative IIED claim is fundamentally predicated on and grounded in the alleged civil rights violations otherwise alleged in the Amended Complaint. In other words, far from being "merely incidental" to his IIED claim, *Maksimovic*, 687 N.E.2d at 23, the allegations of discrimination are the foundation of Mr. Sommerfield's pendent tort claim for IIED. The Seventh Circuit has taught that state law theories that "sound primarily in . . . discrimination" are preempted by the IHRA. *Smith v. Chicago Sch. Reform Bd. of Trustees*, 165 F.3d 1142, 1151 (7th Cir. 1999); *accord, e.g., Sanglap v. LaSalle Bank, FSB*, 345 F.3d 515, 519 (7th Cir. 2003) (finding preempted an IIED claim where "eliminating the civil rights component [concerning alleged disability discrimination] takes the air out of the case"); *Quantock v. Shared Marketing Servs.*, 312 F.3d 899, 905 (7th Cir. 2002) (finding that IIED claims are preempted under the IHRA where they "depend on" allegations of discrimination).

As in *Sanglap*, removing the discrimination allegations takes the air out of Plaintiff's IIED claim. *See* 345 F.3d at 519. Therefore the IHRA preempts Plaintiff's IIED claim because it is inextricably linked to his discrimination allegations. *Accord, e.g., id.* (holding that the Illinois Human Rights Commission "is the proper forum for claims of intentional infliction of emotional distress where the distressing incidents reflect . . . discrimination in the workplace") (citing *Krocka v. City of Chicago*, 203 F.3d 507, 516–17 (7th Cir. 2000)); *Schwartz v. Home Depot, U.S.A., Inc.*, No. 00 C 5282, 2000 WL 1780245, at *4 (N.D. Ill. Dec. 4, 2000) (holding that IHRA preemption applied because plaintiff's "claim of intentional infliction of emotion distress . . . is not independent from his claim of age discrimination"); *EEOC v. Foster Wheeler Constructors, Inc.*, No. 98 C 1601, 1998 WL 850810, at *3 (N.D. Ill. Dec. 2, 1998) (holding that a claim of IIED based on racial discrimination was preempted by the IHRA, and stating that "courts in this district have routinely dismissed Illinois state tort claims—particularly intentional infliction of emotional distress claims—for lack of jurisdiction when brought in connection with allegations of a civil rights violation") (collecting cases; internal quotation marks omitted).

### III.    Title VII and the Illinois Tort Immunity Act Bar Punitive Damages against the City

Plaintiff's Amended Complaint seeks punitive damages from Defendants. (D.E. 20 ¶ 73.) As mentioned, Sergeant Knasiak is not named in the Title VII counts (he cannot be named because he is not Plaintiff's employer), and now that the IIED count has been dismissed, he is no longer in the case. Therefore this issue is moot as to him.

Defendant City of Chicago still is obviously in the case, however, so the issue is not moot as to it. In this regard, the City argues that the request for punitive damages should be stricken because Title VII and the Illinois Tort Immunity Act bar punitive damages against a municipality. (D.E. 23 at 6–7.) The Court agrees

## STATEMENT

with the City that this is a correct statement of the law. Defendant City of Chicago is a municipality, and therefore it cannot be held liable for punitive damages under Title VII. *See* 42 U.S.C. § 1981a(b)(1) (precluding recovery of punitive damages against a "government, government agency or political subdivision"); *accord, e.g., Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981); *Bell v. City of Chicago*, No. 03 C 2117, 2004 WL 609309, at *2 (N.D. Ill. March 22, 2004) (Coar, J.) (citing *Bielicki v. City of Chicago*, No. 97 C 1471, 1997 WL 260595, *5 (N.D. Ill. May 8, 1997) ("Municipalities are expressly exempted from liability for punitive damages under Title VII."); *White v. City of Chicago*, No. 96 C 3329, 1996 WL 648710, at *4 n.6 (N.D. Ill. Nov. 1, 1996) ("Municipalities are immune from punitive damages imposed under the civil rights laws.")); *Adams v. City of Chicago*, 865 F. Supp. 445, 447 (N.D. Ill. 1994) ("Municipalities are immune from punitive damages imposed under the civil rights laws."); *see also, e.g., id.* ("Although this immunity may be waived by federal or state law, *Kolar v. County of Sangamon*, 756 F.2d 564, 567 (7th Cir. 1985), Illinois has instead reaffirmed immunity for its local governments. *See* 745 ILCS 10/2-102.") (further citations omitted). As a result, Mr. Sommerfield's prayers for punitive damages with respect to Defendant City of Chicago are respectfully stricken from the complaint.

## CONCLUSION

For the reasons explained above, the Defendants' motions to dismiss Plaintiff's claim for intentional infliction of emotional distress are granted, and Plaintiff's demand for punitive damages against the City of Chicago under Title VII is stricken. So ordered.

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DETLEF SOMMERFIELD | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.   06 C 3132 |
| | ) | |
| CITY OF CHICAGO | ) | |
| SERGEANT KNASIAK #1841 | ) | |
| | ) | Honorable Judge Mark Filip |
| | ) | |
| Defendants. | ) | |
| | ) | JURY DEMAND |

## NOTICE OF MOTION

On 16 August 2007 at 9:30 a.m., or as soon thereafter as counsel may be heard, I shall

appear before the Honorable Judge Filip, or any judge sitting in his stead, in Room 1919, Everett

McKinley Dirksen Building, 219 South Dearborn Street, Chicago, Illinois and present the

PLAINTIFF'S MOTION TO ALLOW INSTANTER AMENDMENTS TO COMPLAINT.

Respectfully submitted,

_____
Joseph A. Longo

**LONGO AND ASSOCIATES LTD.**
Joseph A. Longo, Esq.
Attorney for Plaintiff
2100 West Haven
Mt. Prospect, IL  60056
(847) 640-9490
AttorneyNo.53635

EXHIBIT
3

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DETLEF SOMMERFIELD )
)
Plaintiff, )
)
vs. ) No.  06 C 3132
)
CITY OF CHICAGO )
SERGEANT KNASIAK #1841 )
) Honorable Judge Mark Filip
)
)
) JURY DEMAND
Defendants. )

## PLAINTIFF'S MOTION TO ALLOW INSTANTER AMENDMENTS TO COMPLAINT

***Facts***

The plaintiff has worked for the Chicago Police Department since 5 July 1994. (Amended Complaint, ¶ 9). In or about January 2000, Sergeant Knasiak was transferred to the plaintiff's area, making the plaintiff subordinate to him. (¶ 10). The plaintiff is a German Jew who emigrated to the United States. His family was killed in the Holocaust. (¶ 8). Repeatedly, Sergeant Knasiak referred to the plaintiff's Jewish heritage. He would ask the plaintiff, why didn't they burn all of the Jews? (¶ 11). Repeatedly, he would make Jewish jokes in front of the plaintiff. (¶ 12). In addition, Sergeant Knasiak would call the plaintiff a Nazi. He would show the plaintiff his swastika. (¶ 13). Furthermore, Sergeant Knasiak would call the plaintiff a stupid German. (¶ 14). When the plaintiff would enter a room, Sergeant Knasiak would raise his right hand and salute the plaintiff as Nazis would salute each other. (¶ 15).

Repeatedly, the plaintiff informed Sergeant Knasiak that his attacks on the plaintiff's Jewish heritage and German descent were painful. (¶ 16). Repeatedly, the plaintiff asked Sergeant Knasiak to stop making references to his Jewish heritage. (¶ 18, Count I). Yet, repeatedly, Sergeant Knasiak refused. (¶ 19, Count I). Even though Sergeant Knasiak openly and publicly made discriminatory

1

statements and comments relating to the plaintiff's Jewish religion (¶ 20, Count I), the City of Chicago failed to stop Sergeant Knasiak from making such harmful and discriminatory comments and statements. (¶ 21, Count I). The plaintiff filed internal complaints regarding the hostile work environment against Sergeant Knasiak. (¶ 22, Count I). However, the defendant, City of Chicago, continued to allow the hostile work environment against the plaintiff. (¶ 23, Count I). The City of Chicago failed to take any immediate and appropriate corrective action to ensure that Plaintiff would not be subject to further harassment. (¶ 24, Count I). Despite Plaintiff's repeated complaints, the City of Chicago continued to allow Sergeant Knasiak to harass the plaintiff. (¶ 31, Count I).

The City of Chicago created a hostile, work environment for the plaintiff, adversely affecting his ability to perform his duties. (¶ 26, Count I). The City of Chicago, by failing to prohibit Sergeant Knasiak from repeatedly harassing the plaintiff, acted willfully and wantonly. (¶ 35, Count I). The City of Chicago violated the plaintiff's Civil Rights Act, 42 USC section 2000e, et seq. (¶ 33, Count I).

After the plaintiff complained about Sergeant Knasiak's discrimination and harassment of the plaintiff, Sergeant Knasiak retaliated against the plaintiff. (¶ 57, Count III). Sergeant Knasiak would inform the plaintiff that he would get the plaintiff. (¶ 63, Count III). He required the plaintiff to work in a police car by himself in a high crime neighborhood (¶ 58, Count III) even though other officers had a partner in the police car with them in a high crime area. (¶ 59, Count III). Also, plaintiff had seniority over many other officers who were assigned to areas where the crime level was lower. (¶ 60, Count III).

In addition, when the defendant through its agents would assign the plaintiff to work at a nearby hospital to complete police reports, the defendant through its agents would require the plaintiff to use his own car to travel to the hospital. (¶ 61, Count III). Whereas, other officers who were not discriminated against were given Chicago Police Department cars to travel to the hospital. (¶ 62, Count III). During the many years that Sergeant Knasiak harassed the plaintiff, the plaintiff

2

suffered stress and fear. This fear and stress interfered with his work conditions and ability to perform his work. (¶ 27, Count I).

The plaintiff filed EEOC charges against the city of Chicago. The EEOC found in the plaintiff's favor, finding substantial evidence of discrimination and harassment against the city of Chicago.

The plaintiff previously sought to amend the complaint. The plaintiff's request to amend the complaint was in response to the defendant's motion to dismiss. Essentially, the defendant indicated that we had not attached the EEOC determination finding substantial evidence of discrimination and harassment by the defendant against the plaintiff. Therefore, to avoid the expense of briefing the defendant's motion to dismiss, the plaintiff sought leave to amend the complaint. This Honorable Court granted the plaintiffs' motion.

Thereafter, the defendants filed another motion to dismiss. Regarding Sergeant Knasiak, the plaintiff had a state law count of intentional infliction of emotional harm against him. The court granted the defendant's motion regarding this count against Sergeant Knasiak.

Regarding the amendments to the complaint at this time, essentially, the plaintiff added further paragraphs of the discrimination and harassment by the defendants against the plaintiff. Also, the plaintiff added two counts against Sergeant Knasiak for discriminating, harassing and retaliating against the plaintiff for several years. One count is under 42 USC §1983 and the other count is under §1981. The second amended complaint is attached as exhibit I.

Granting motions to amend the complaint are favored to foster the purpose of Rule 15 of the Federal Rules of Civil Procedure, that is, to provide a forum where a decision can be made on the merits rather than on the pleadings or technicalities. *Eastern Natural Gas vs. Aluminum Co. of America*, 126 F. 3d 996 (7th Cir. 1997), *Woods vs. Indiana University*, 996 F. 2d 80, 83 (7th Cir. 1993). Respectfully, granting the plaintiff's motion to amend the complaint would foster the purpose of Rule 15.

3

Respectfully submitted,

*Joseph A. Longo*

Joseph A. Longo

**LONGO AND ASSOCIATES, LTD.**
Joseph A. Longo, Esq.
2100 West Haven
Mount Prospect, IL 60056
847/640-9490
Attorney Number 53635

## CERTIFICATE OF SERVICE

I, Joseph A. Longo, an attorney, certify that I served this PLAINTIFF'S MOTION TO ALLOW INSTANTER AMENDMENTS TO COMPLAINT by electronic filing on 13 August 2007 before 5pm. Under penalties as provided by law pursuant to 735 ILCS, Sec 5/1-109, I certify that the statements set forth in this Certificate of Service are true and correct.

Joseph A. Longo

4

**EXHIBIT I**

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DETLEF SOMMERFIELD | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.  06 C 3132 |
| | ) | |
| CITY OF CHICAGO | ) | |
| SERGEANT KNASIAK #1841 | ) | |
| | ) | Honorable Judge Filip |
| | ) | |
| | ) | |
| | ) | JURY DEMAND |
| Defendants. | ) | |

### SECOND AMENDED COMPLAINT[1]

*Jurisdiction and Venue*

1. This Court has jurisdiction under 42 USC section 2000e et seq;  28 USC §1331 and §1343. The jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 1343(3) and 1343(4) conferring original jurisdiction upon this court of any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights, under the Declaratory Judgment Statute, 22 U.S.C. § 2201, under 42 U.S.C. § 1983, and under Title VII, 42 U.S.C. § 2000e, et seq.. All of the illegal and unlawful acts of discrimination occurred in the Northern District of Illinois. Venue is proper under 28 USC §1391(b) and (c).

2. On 29 November 2004, the Equal Employment Opportunity Commission found that the Chicago Police Department discriminated against the plaintiff based upon his national origin, German, and his religion, Jewish. Attached.

3. On 8 March 2006, the EEOC issued a right to sue letter. Attached.

4. The plaintiff commenced this lawsuit within 90 days of receipt of the right to sue letter.

---

[1] The plaintiff incorporates by reference the dismissed claims from the previous complaint to the extent such is needed to preserve his right to appeal.

*Parties*

5. The plaintiff is a natural person, residing in the Northern District of Illinois.

6. Upon information and belief, the City of Chicago is a municipality, operating the Chicago

   Police Department.

7. Upon information and belief, the defendant, Sergeant Knasiak, is a sergeant with the

   Chicago Police Department.

8. Sergeant Knasiak acted under color of state law.

*Common Facts For All Counts*

9. The plaintiff is a German Jew who emigrated to the United States. His family was killed

   in the Holocaust.

10. The plaintiff has worked for the Chicago Police Department since 5 July 1994.

11. In or about January 2000, Sergeant Knasiak was transferred to the plaintiff's area, making

    the plaintiff subordinate to him.

12. Repeatedly, Sergeant Knasiak referred to the plaintiff's Jewish heritage. He would ask

    the plaintiff, why didn't they burn all of the Jews?

13. Repeatedly, he would make Jewish jokes in front of the plaintiff.

14. Sergeant Knasiak would call the plaintiff a Nazi. He would show the plaintiff his

    swastika.

15. Sergeant Knasiak would call the plaintiff a stupid German.

16. When the plaintiff would enter a room, Sergeant Knasiak would raise his right hand and

    salute the plaintiff as Nazis would salute each other.

17. Repeatedly, the plaintiff informed Sergeant Knasiak that his attacks on the plaintiff's

    Jewish heritage and German descent were painful.

2

18. Treating the plaintiff differently than officers who were not Jewish and/or German, the defendants would assign the plaintiff to high crime areas without a partner, though officers with lesser seniority and who were not German and/or Jewish were given partners.

19. Treating the plaintiff differently than officers who were not Jewish and/or German, when the defendants did assign a partner to the plaintiff, the defendants would frequently change the plaintiff's partner, though officers who were not German and/or Jewish received steady partners.

20. Treating the plaintiff differently than officers who were not Jewish and/or German, the defendants frequently changed the plaintiff's starting times.

21. Treating the plaintiff differently than officers who were not Jewish and/or German, the defendants assigned the plaintiff to work hospital duty, though the plaintiff had higher seniority than other officers who were not German and/or Jewish and who were not assigned hospital duty.

22. Treating the plaintiff differently than officers who were not Jewish and/or German, the defendants, when assigning the plaintiff to do hospital duty, required the plaintiff to use his own car, instead of a police car.

23. Treating the plaintiff differently than officers who were not Jewish and/or German, the defendants assigned different cars day-to-day to the plaintiff, though officers who had less seniority than the plaintiff and who were not German and/or Jewish were given cars that did not change from day-to-day.

24. Treating the plaintiff differently than officers who were not Jewish and/or German, the defendants suspended the plaintiff for five days for not contacting the dispatcher to obtain an ID from his residence, although the plaintiff's partner, received only a reprimand for

the same conduct, and for allegedly yelling at Sergeant Knasiak though it was Sergeant Knasiak who relentlessly yelled at the plaintiff.

## Count I: Religious discrimination against the City of Chicago

25. The plaintiff incorporates by reference the common facts relating to all counts.

26. Repeatedly, the plaintiff asked Sergeant Knasiak to stop making references to his Jewish heritage.

27. Repeatedly, Sergeant Knasiak refused.

28. Sergeant Knasiak openly and publicly made discriminatory statements and comments relating to the plaintiff's Jewish religion.

29. Yet, the City of Chicago failed to stop Sergeant Knasiak from making such harmful and discriminatory comments and statements.

30. The plaintiff filed internal complaints regarding the discrimination and hostile work environment against Sergeant Knasiak.

31. However, the defendant, City of Chicago, continued to allow the discrimination and hostile work environment against the plaintiff.

32. The City of Chicago failed to take any immediate and appropriate corrective action to ensure that Plaintiff would not be subject to further discrimination and harassment.

33. The harassment was sufficiently pervasive and severe as to alter the conditions of Plaintiff's employment and to create a hostile, intimidating and/or abusive work environment.

34. The City of Chicago created a hostile, work environment for the plaintiff, adversely affecting his ability to perform his duties.

4

35. During the many years that Sergeant Knasiak discriminated and harassed the plaintiff, the plaintiff suffered stress and fear. This fear and stress interfered with his work conditions and ability to perform his work.

36. The City of Chicago acted blindly towards discrimination and harassment.

37. The City of Chicago's supervisors failed to take any action against Sergeant Knasiak. Therefore, the defendant, City of Chicago, authorized, commanded, acquiesced or assented to Sergeant Knasiak harassing the plaintiff.

38. By failing to prohibit Sergeant Knasiak, and thus, encouraging him, the City of Chicago specifically intended to injure the plaintiff.

39. Despite Plaintiff's repeated complaints, the City of Chicago continued to allow Sergeant Knasiak to discriminate and harass the plaintiff.

40. The City of Chicago ratified Sergeant Knasiak's repeated discrimination and harassment of the plaintiff.

41. The City of Chicago violated the plaintiff's Civil Rights Act, 42 USC section 2000e, et seq.

42. The plaintiff has suffered pain, humiliation and embarrassment and will continue to suffer pain, humiliation and embarrassment.

43. The City of Chicago, by failing to prohibit Sergeant Knasiak from repeatedly harassing the plaintiff, acted willfully and wantonly.

Wherefore, the plaintiff prays that this court will enter judgment for the plaintiff and against the defendant for violating his Civil Rights Act, and grant relief including, but not limited to:

    a. Granting damages exceeding $100,000 because the plaintiff suffered humiliation, embarrassment, insult and emotional suffering because of the City of Chicago's violations of 42 USC §1983;

5

b. Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, and those acting in consort with Defendant, from continuing to violate Plaintiff's civil rights;

c. Granting a permanent injunction requiring the defendant to institute policies and procedures complying with and conforming to 42 USC §2000e et seq.

d. Ordering the City of Chicago to pay the plaintiff attorney fees and costs for violating 42 USC §1983;

e. A declaration that the defendant violated 42 USC §2000e et seq.;

f. Retaining jurisdiction to ensure that the defendant stops violating the law against the plaintiff;

g. Granting all other relief to make the plaintiff whole because of the City of Chicago's violations.

### Count II: National origin discrimination: German; against the City of Chicago

44. The plaintiff incorporates by reference the common facts relating to all counts.

45. Repeatedly, the plaintiff asked Sergeant Knasiak to stop making references to his German heritage.

46. Repeatedly, Sergeant Knasiak refused.

47. Sergeant Knasiak openly and publicly made discriminatory statements and comments relating to the plaintiff's German heritage.

48. He would refer to the plaintiff as a Nazi, stupid German and so forth.

49. Yet, the City of Chicago failed to stop Sergeant Knasiak from making such harmful and discriminatory comments and statements.

50. The plaintiff filed internal complaints regarding the discrimination and hostile work environment against Sergeant Knasiak.

51. However, the defendant, City of Chicago, continued to allow the discrimination and hostile work environment against the plaintiff.

52. The City of Chicago failed to take any immediate and appropriate corrective action to ensure that Plaintiff would not be subject to further discrimination and harassment.

53. The harassment was sufficiently pervasive and severe as to alter the conditions of Plaintiff's employment and to create a hostile, intimidating and/or abusive work environment.

54. The City of Chicago created a hostile, work environment for the plaintiff, adversely affecting his ability to perform his duties.

55. During the many years that Sergeant Knasiak discriminated and harassed the plaintiff, the plaintiff suffered stress and fear. This fear and stress interfered with his work conditions and ability to perform his work.

56. The City of Chicago acted blindly towards discrimination and harassment.

57. The City of Chicago's supervisors failed to take any action against Sergeant Knasiak. Therefore, the defendant, City of Chicago, authorized, commanded, acquiesced or assented to Sergeant Knasiak harassing the plaintiff.

58. By failing to prohibit Sergeant Knasiak, and thus, encouraging him, the City of Chicago specifically intended to injure the plaintiff.

59. Despite Plaintiff's repeated complaints, the City of Chicago continued to allow Sergeant Knasiak to discriminate and harass the plaintiff.

60. The City of Chicago ratified Sergeant Knasiak's repeated discrimination and harassment of the plaintiff.

61. The City of Chicago violated the plaintiff's Civil Rights Act, 42 USC section 2000e, et seq.

62. The plaintiff has suffered pain, humiliation and embarrassment and will continue to suffer pain, humiliation and embarrassment.

7

63. The City of Chicago, by failing to prohibit Sergeant Knasiak from repeatedly harassing the plaintiff, acted willfully and wantonly.

Wherefore, the plaintiff prays that this court will enter judgment for the plaintiff and against the defendant for violating his Civil Rights Act, and grant relief including, but not limited to:

    a.  Granting damages exceeding $100,000 because the plaintiff suffered humiliation, embarrassment, insult and emotional suffering because of the City of Chicago's violations of the federal Civil Rights Act;

    b.  Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, and those acting in consort with Defendant, from continuing to violate Plaintiff's civil rights;

    c.  Ordering the City of Chicago to pay the plaintiff attorney fees and costs for violating his Civil Rights Act;

    d.  Granting all other relief to make the plaintiff whole because of the Unilever Best Foods' violations of his Civil Rights Act.

### Count III: Retaliation against the City of Chicago

64. The plaintiff incorporates by reference counts I and II.

65. After the plaintiff complained about Sergeant Knasiak's discrimination and harassment of the plaintiff, Sergeant Knasiak retaliated against the plaintiff.

66. He required the plaintiff to work in a police car by himself in a high crime neighborhood.

67. This is true though other officers had a partner in the police car with them in a high crime area.

68. Also, this is true though the plaintiff had seniority over many other officers who were assigned to areas where the crime level was lower.

69. Moreover, when the defendant through its agents would assign the plaintiff to work at a nearby hospital to complete police reports, the defendant through its agents would require the plaintiff to use his own car to travel to the hospital.

70. Whereas, other officers who were not discriminated against were given Chicago Police Department cars to travel to the hospital.

71. Furthermore, Sergeant Knasiak would inform the plaintiff that he would get the plaintiff.

72. The City of Chicago allows and tolerates a custom and practice of supervisors retaliating against subordinates who complain about retaliation and harassment.

73. The defendant's acts of retaliation through its officers had a causal connection with the plaintiff's complaints of harassment.

74. As a direct and proximate result of the defendant's willful, knowing and intentional discrimination and retaliation against the plaintiff, the plaintiff has suffered and will continue to suffer pain and suffering.

75. The plaintiff is entitled to general and compensatory damages in amounts to be proved at trial.

Wherefore, the prays that the Honorable Court will enter judgment for the plaintiff and against the defendant for violating his Civil Rights Act, and grant relief including, but not limited to:

    a.  Granting damages exceeding $100,000 because the plaintiff suffered humiliation, embarrassment, insult and emotional suffering because of the City of Chicago's violations of the federal Civil Rights Act;

    b.  Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, and those acting in consort with Defendant, from continuing to violate Plaintiff's civil rights;

    c.  Ordering the City of Chicago to pay the plaintiff attorney fees and costs for violating his Civil Rights Act;

    d.  Granting all other relief to make the plaintiff whole because of the defendant's violations of his Civil Rights Act

## Count IV: §1983 claims against Sergeant Knasiak

76. The plaintiff incorporates by reference ¶ 1-28, 35, 45-50, 55, 65-75.

77. The defendant treated the plaintiff unequally, violating the equal protection clause because the plaintiff was Jewish and/or German.

78. The defendant treated the plaintiff unequally, violating the equal protection clause because the plaintiff filed a complaint against the defendant based upon discrimination and harassment.

79. The defendant violated the plaintiff's First Amendment rights entitling the plaintiff to engage in free speech by filing a complaint against the defendant for violating the plaintiff's civil rights.

80. The defendant violated the plaintiff's rights by retaliating against the plaintiff because the plaintiff filed charges of discrimination and harassment against the defendant.

Wherefore, the plaintiff prays that this court will enter judgment for compensatory and punitive damages for the plaintiff and against the defendant for violating his rights, and grant relief including, but not limited to:

  a.  Granting damages exceeding $100,000 because the plaintiff suffered humiliation, embarrassment, insult and emotional suffering because of the defendant's violations of 42 USC §1983;

  b.  Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, and those acting in consort with Defendant, from continuing to violate Plaintiff's civil rights;

  c.  Ordering the defendants to pay the plaintiff attorney fees and costs for violating 42 USC §1983;

  d.  A declaration that the defendant violated 42 USC §1983.;

  e.  Retaining jurisdiction to ensure that the defendant stops violating the law against the plaintiff;

  f.  Granting all other relief to make the plaintiff whole because of the defendant's violations of 42 USC §1983.

**Count V: §1981 claims against Sergeant Knasiak**

The plaintiff incorporates by reference ¶ ¶ 1-28, 35, 45-50, 55, 65-75.

The defendant violated the plaintiff's rights against race discrimination.

Wherefore, the plaintiff prays that this court will enter judgment for compensatory and punitive damages for the plaintiff and against the defendant for violating his rights, and grant relief including, but not limited to:

    a.   Granting damages exceeding $100,000 because the plaintiff suffered humiliation, embarrassment, insult and emotional suffering because of the defendant's violations of 42 USC §1981;

    b.   Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, and those acting in consort with Defendant, from continuing to violate Plaintiff's civil rights;

    c.   Ordering the defendants to pay the plaintiff attorney fees and costs for violating 42 USC §1981;

    d.   A declaration that the defendant violated 42 USC §1981;

    e.   Retaining jurisdiction to ensure that the defendant stops violating the law against the plaintiff;

    f.   Granting all other relief to make the plaintiff whole because of the defendant's violations of 42 USC §1981.

Respectfully submitted,

_Joseph C. Longo_
Joseph A. Longo

**LONGO AND ASSOCIATES, LTD.**
Joseph A. Longo, Esq.
2100 West Haven
Mount Prospect, IL  60056
847/640-9490
Attorney Number 53635

11

# CERTIFICATE OF SERVICE

I, Joseph A. Longo, an attorney, certify that I served this amended complaint by electronic filing. Under penalties as provided by law pursuant to 735 ILCS, Sec 5/1-109, I certify that the statements set forth in this Certificate of Service are true and correct.

_____

Joseph A. Longo



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Chicago District Office**

500 West Madison St., Suite 2800
Chicago, IL 60661
PH: (312) 353-2713
TDD: (312) 353-2421
ENFORCEMENT FAX: (312) 886-1168
LEGAL FAX: (312) 353-8555

EEOC Charge Number: 210-2004-05557

Detlef Sommerfield
6709 West 64th Place
Chicago, Illinois 60638

**Charging Party**

v.

Chicago Police Department
3510 South Michigan Avenue
Chicago, Illinois 60653

**Respondent**

**DETERMINATION**

Under the authority vested in me by the Commission's Procedural Regulations, I issue the following determination on the merits of the subject charge filed under Title VII of the Civil Rights Act of 1964, as amended (Title VII).

The Respondent is an employer within the meaning of Title VII and all other requirements for coverage have been met.

Charging Party alleges that he was discriminated against on the basis of his national origin, German, and religion, Jewish, in that he was harassed in violation of Title VII. Charging Party also alleges that he and other employees were harassed on the basis of race, Black, and national origin, Mexican.

I have determined that the evidence obtained in the investigation establishes reasonable cause to believe that Respondent violated Title VII by harassing Charging Party based on his national origin, German, and religion, Jewish.

Like and related to the above issues, and arising during the course of the investigation, the evidence establishes reasonable cause to believe that Respondent violated Title VII by harassing and failing to provide an environment free from national origin, religion and race discrimination to Charging Party and a class of individual on the basis of national origin, Arab, Mexican, and/or German, race, Black, and/or religion, Muslim and/or Jewish.

EEOC Charge Number: 210-2004-05557
Page 2 of 2

Like and related to the above issues, and arising during the course of the investigation, the evidence establishes reasonable cause to believe that Respondent retaliated against Charging Party by subjecting him to adverse terms and conditions in violation of Title VII.

This determination is final. When the Commission finds that violations have occurred, it attempts to eliminate unlawful practices by informal methods of conciliation. Therefore, I invite the parties to join with the Commission in reaching a just resolution of this matter. Disclosure of information obtained by the Commission during the conciliation process will be made only in accordance with the Commission's Procedural Regulations (29 CFR Part 1601.26).

If the Respondent wishes to accept this invitation to participate in conciliation efforts, it may do so at this time by proposing terms for a conciliation agreement; that proposal should be provided to the Commission representative within 14 days of the date of this determination. The remedies for violations of the statutes we enforce are designed to make the identified victims whole and to provide corrective and preventive relief. These remedies may include, as appropriate, an agreement by the Respondent to not engage in unlawful employment practices, placement of identified victims in positions they would have held but for discriminatory actions, back pay, restoration of lost benefits, injunctive relief, compensatory and/or punitive damages, and notice to employees of the violation and the resolution of the claim.

Should the Respondent have further questions regarding the conciliation process or the conciliation terms it would like to propose, we encourage it to contact the assigned Commission representative. Should there be no response from the Respondent, we may conclude that further conciliation efforts would be futile or nonproductive.

On Behalf of the Commission,

John P. Rowe

11-29-04
Date

John P. Rowe
District Director



**U.S. Department of Justice**

Civil Rights Division

*Employment Litigation Section - PHB*
*950 Pennsylvania Avenue, N.W.*
*Washington, DC 20530*
*www.usdoj.gov/crt/emp/emphome.html*

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

WJK:WBF:mdw
DJ 170-23-393

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

Detlef Sommerfield
6709 West 64th Place
Chicago, IL 60638

Re: Detlef Sommerfield v. Chicago Police
Department, EEOC No. 210-2004-05557

Dear Mr. Sommerfield:

It has been determined that the Department of Justice will not file suit on the above-referenced charge of discrimination that was referred to us by the Equal Employment Opportunity Commission (EEOC). This should not be taken to mean that the Department of Justice has made a judgment as to whether or not your charge is meritorious.

You are hereby notified that conciliation in this matter was unsuccessful by the EEOC. You are further notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent. If you choose to commence a civil action, such suit must be filed in the appropriate court within 90 days of your receipt of this Notice.

Therefore, you should consult an attorney of your own choosing at your earliest convenience. If you are unable to locate an attorney, you may wish to contact the EEOC, or apply to the appropriate court, since that court may appoint an attorney in appropriate circumstances under Section 706(f)(1) of Title VII, 42 U.S.C. 2000e-5(f)(1).

We are returning the files in this matter to EEOC's Chicago District Office. If you or your attorney have any questions concerning this matter or wish to inspect the investigative file, please feel free to address your inquiry to: John P. Rowe, District Director, EEOC, 500 West Madison St., Suite 2800, Chicago, IL 60661.

Sincerely,

Wan J. Kim
Assistant Attorney General
Civil Rights Division

By:

William B. Fenton
Deputy Chief
Employment Litigation Section

cc: Eileen L. Bell, Esq.
    Chicago Police Department

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA ☒ EEOC | 210-2004-05557 |

| Illinois Department Of Human Rights | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (Indicate Mr., Ms., Mrs.) | Home Phone No. (incl Area Code) | Date of Birth |
|---|---|---|
| Mr. Detlef Sommerfield | (773) 788-0801 | 11-16-1961 |

| Street Address | City, State and ZIP Code |
|---|---|
| 6709 W. 64th Place, Chicago, IL 60638 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| CHICAGO POLICE DEPARTMENT | 500 or More | (312) 745-5310 |

| Street Address | City, State and ZIP Code |
|---|---|
| 3510 South Michigan Avenue, Chicago, IL 60653 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☐ SEX  ☒ RELIGION  ☒ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☒ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 01-01-2000   Latest: 06-24-2004

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired by the Respondent as a Police Officer on July 5, 1994. Since January 2000, the Respondent has subjected me and other officers to a racially hostile work environment. The Respondent has allowed a supervisor to consistently use offense racial remarks about Jewish people, Germans, African-Americans and Mexicans. I and other Police Officers have filed internal complaints about the hostile work environment but no effective action has been taken to stop the racial and national origin based remarks.

I believe that I have been discriminated against because of my religion, Jewish, and my national origin, German, in violation of Title VII of the Civil Rights Act of 1064, as amended.

RECEIVED EEOC
JUN 24 2004
CHICAGO DISTRICT OFFICE

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| Jun 24, 2004        Date        Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

## CERTIFICATE OF SERVICE

    I, Joseph A. Longo, an attorney, certify that I served this NOTICE OF MOTION by electronic filing on 13 August 2007 before 5pm. Under penalties as provided by law pursuant to 735 ILCS, Sec 5/1-109, I certify that the statements set forth in this Certificate of Service are true and correct.

Joseph A. Longo

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 3.0
### Eastern Division

Detlef Sommerfield

                Plaintiff,

v.

City of Chicago, et al.

                Defendant.

Case No.: 1:06−cv−03132
Honorable Mark Filip

---

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Thursday, August 16, 2007:

      MINUTE entry before Judge Mark Filip : MOTION by Plaintiff Detlef Sommerfield to amend/correct[65]is denied for reasons stated on the record. Mailed notice(tbk, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov.*



EXHIBIT

tabbies

4

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DETLEF SOMMERFIELD          )
                            )
            Plaintiff,      )
                            )
    vs.                     ) No.  06 C 3132
                            )
CITY OF CHICAGO             )
SERGEANT KNASIAK #1841      )
                            ) Honorable Judge Mark Filip
                            ) Honorable Magistrate Judge Jeffrey Cole
            Defendants.     )
                            ) JURY DEMAND

**NOTICE OF MOTION**

On 26 February 2008 at 9:30 a.m., or as soon thereafter as counsel may be heard, I shall

appear before the Honorable Judge Filip, or any judge sitting in his stead, in Room 1919, Everett

McKinley Dirksen Building, 219 South Dearborn Street, Chicago, Illinois and present the

**PLAINTIFF'S MOTION TO ALLOW SECOND AMENDED COMPLAINT INSTANTER.**

Respectfully submitted,

_Joseph C. Longo_
Joseph A. Longo

**LONGO AND ASSOCIATES LTD.**
Joseph A. Longo, Esq.
Attorney for Plaintiff
2100 West Haven
Mt. Prospect, IL   60056
(847) 640-9490
Attorney No. 53635

**EXHIBIT**

**5**

EXHIBIT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DETLEF SOMMERFIELD     )
             )
    Plaintiff,     )
             )
    vs.       ) No.  06 C 3132
             )
CITY OF CHICAGO     )
SERGEANT KNASIAK #1841  )
             ) Honorable Judge Mark Filip
             ) Honorable Magistrate Judge Jeffrey Cole
             )
             ) JURY DEMAND
    Defendants.   )

**PLAINTIFF'S MOTION TO ALLOW SECOND AMENDED COMPLAINT INSTANTER**

*Facts*

   The plaintiff has worked for the Chicago Police Department since 5 July 1994.  In or about

January 2000, Sergeant Knasiak was transferred to the plaintiff's area, making the plaintiff

subordinate to him.  The plaintiff is a German Jew who emigrated to the United States. Repeatedly,

Sergeant Knasiak referred to the plaintiff's Jewish heritage.  He would ask the plaintiff, why didn't

Hitler kill all of you Jews; burn Jew burn; how do you fit 1000 Jews inside of a car--by putting them

in the ashtray; you Jews are bloodsucking parasites; don't you two jagoffs go pulling over Jews and

niggers all night; Germans should be shot in the head for not getting rid of the Jew problem; did

your parents crawl from under the fence in the concentration camp; f—k--g Germans can't do

anything right; they missed a whole bunch of Jews and now they are living in this f--ked up

country; Germans are just like niggers, couldn't get rid of them then, can't get rid of them now; f--k-

-g Jew boy and so forth.

   Repeatedly, the plaintiff informed Sergeant Knasiak that his attacks on the plaintiff's Jewish

heritage and German descent were painful.  Repeatedly, the plaintiff asked Sergeant Knasiak to stop

making references to his Jewish heritage. Yet, repeatedly, Sergeant Knasiak refused. Even though

Sergeant Knasiak openly and publicly made discriminatory statements and comments relating to the plaintiff's Jewish religion, the City of Chicago failed to stop Sergeant Knasiak from making such harmful and discriminatory attacks and insults.

The plaintiff complained to several supervisors orally, but they did nothing to stop Sergeant Knasiak. Indeed, when the plaintiff complained to Lt. Carson Ernest, Lt. Carson Ernest told the plaintiff to put on boxing gloves and fight it out with Sergeant Knasiak.

In March 2004, the plaintiff filed a written complaint with the internal affairs division against Sergeant Knasiak for discrimination and harassment. After investigating the plaintiff's claims for about three years, in 2007, the internal affairs division of the Chicago Police Department found that Sergeant Knasiak did in fact discriminate against and harass the plaintiff.

During the investigation of approximately 3 years, the defendant, City of Chicago, continued to allow the hostile work environment against the plaintiff. The City of Chicago failed to take any immediate and appropriate corrective action to ensure that Plaintiff would not be subject to further harassment, discrimination and retaliation. Despite Plaintiff's repeated complaints, the City of Chicago continued to allow Sergeant Knasiak to harass the plaintiff.

In approximately June 2004, the plaintiff filed a complaint with the EEOC. The EEOC found substantial evidence that Sergeant Knasiak discriminated against the plaintiff and harassed the plaintiff based upon his national origin and religion.

After the plaintiff complained about Sergeant Knasiak's discrimination and harassment of the plaintiff, Sergeant Knasiak retaliated against the plaintiff. Sergeant Knasiak would inform the plaintiff that he would get the plaintiff. He required the plaintiff to work in a police car by himself in a high crime neighborhood even though other officers had a partner in the police car with them in a high crime area. Also, plaintiff had seniority over many other officers who were assigned to areas where the crime level was lower.

2

In addition, when the defendant through its agents would assign the plaintiff to work at a nearby hospital to complete police reports, the defendant through its agents would require the plaintiff to use his own car to travel to the hospital. Whereas, other officers who were not discriminated against were given Chicago Police Department cars to travel to the hospital.

After the plaintiff complained about discrimination and harassment, the defendant on three occasions suspended the plaintiff for five days, totaling 15 days. Whereas, during his 14 years with the Chicago Police Department, he had no disciplinary record until he complained about discrimination and harassment.

Also, the plaintiff was not given the position of canine patrol, though he had passed the test and was higher on the list of those eligible to become a canine patrol officer than the police officer who was selected to become the canine patrol officer. Moreover, Lt. Carson Ernest, after being informed that he would be suspended for three days because of the plaintiff's charges of harassment and discrimination against Sergeant Knasiak, told the plaintiff that he would get the plaintiff.

During the many years that Sergeant Knasiak harassed the plaintiff, the plaintiff suffered stress and fear. This fear and stress interfered with his work conditions and ability to perform his work.

### *Previous amendments to the complaint*

The plaintiff previously sought to amend the complaint. The plaintiff's request to amend the complaint was in response to the defendant's motion to dismiss. Essentially, the defendant indicated that we had not attached the EEOC determination finding substantial evidence of discrimination and harassment by the defendant against the plaintiff. Therefore, to avoid the expense of briefing the defendant's motion to dismiss, the plaintiff sought leave to amend the complaint. This Court granted the plaintiff's motion.

Thereafter, the defendants filed another motion to dismiss. Regarding Sergeant Knasiak, the plaintiff had a state law count of intentional infliction of emotional harm against him. The court granted the defendant's motion regarding this count against Sergeant Knasiak.

On 16 August 2007, the plaintiff sought leave to amend the complaint to include counts against Sergeant Knasiak under §1983 and 1981. The plaintiff's motion was not granted based upon the defendant's argument that the discovery cutoff was in September 2007. at this time, the discovery cut off his 16 May 2008.

Regarding the amendments to the complaint at this time, essentially, the plaintiff added further paragraphs of the discrimination and harassment by the defendants against the plaintiff. Also, regarding the city of Chicago, the plaintiff incorporated the allegations under title VII under section 1983 and section 1981. Moreover, in depositions taken in January 2008 and February 2008, the plaintiff learned new evidence which forms the basis of the plaintiff's additional claims against the city under section 1983 and section 1981. Furthermore, the plaintiff seeks to assert claims against Sergeant Knasiak under section 1983 and section 1981, which were the subject of the plaintiff's motion to amend on 16 August 2007, because of the wrongs committed by Sergeant Knasiak.

### *Substance of the plaintiff's amendments*

The plaintiff has added counts against the city of Chicago under §1983 and §1981. In January 2008, the plaintiff took the deposition of the city's rule 30 (b)(6) witness regarding training relating to discrimination and harassment. On 8 February 2008, the plaintiff took the deposition of the city's rule 30 (b)(6) witness regarding investigations relating to discrimination and harassment. Based on these depositions, the plaintiff as amended complaint to include the appropriate allegations in the second amended complaint. The second amended complaint is attached as exhibit I.

4

*counts against Sergeant Knasiak*

As stated, on or about 16 August 2007, the plaintiff sought leave to add two counts against

Sergeant Knasiak for discriminating, harassing and retaliating against the plaintiff for several years.

As such time, the court did not grant the plaintiff's motion because of the September 2007 discovery

cut off. The discovery cut off in the instant case is 16 May 2008. Therefore, the discovery cut off

is no longer an issue. The amendments relate to the same fact pattern under different and improved

theories of relief. Therefore, there is no prejudice to Sergeant Knasiak. Indeed, without allowing

such amendments, substantial prejudice would exist for the plaintiff because he would not be able to

seek justice against Sergeant Knasiak for the wrongs which he had arrogantly committed against the

plaintiff several times a week for several years. Amendments to the complaint are liberally granted

as justice requires it.

*Courts of appeal require that amendments to the complaint be liberally granted*

Granting motions to amend the complaint are favored to foster the purpose of Rule 15 of the

Federal Rules of Civil Procedure, that is, to provide a forum where a decision can be made on the

merits rather than on the pleadings or technicalities. *Eastern Natural Gas vs. Aluminum Co. of*

*America*, 126 F. 3d 996 (7th Cir. 1997), *Woods vs. Indiana University*, 996 F. 2d 80, 83 (7th Cir.

1993). Amendments to the complaint can even be made during trial and after trial to conform to the

evidence. Rules of Civil Procedure 15 states:

> (a) AMENDMENTS. A party may amend the party's pleading once
> as a matter of course at any time before a responsive pleading is
> served or, if the pleading is one to which no responsive pleading
> is permitted and the action has not been placed upon the trial calendar, the
> party may so amend it at any time within 20 days after it is served.
> Otherwise a party may amend the party's pleading only by leave of court or
> by written consent of the adverse party; and leave shall be freely given
> when justice so requires.

In <u>Eastern Natural Gas,</u> 11 days before trial, the District Court allowed the plaintiff to amend

a counterclaim to assert a cause of action for fraud. The plaintiff indicated that it was prejudiced

because it had insufficient time to answer the counterclaim, propound discovery on the

counterclaim and prepare for trial. The Court of Appeals affirmed. In the instant case, a trial date

has not been set. Regarding the amendments relating to the city of Chicago, the plaintiff learned the

facts supporting those amendments at the rule 30 (b)(6) deposition relating to training in January

2008 and the rule 30 (b)(6) deposition relating to investigations in February 2008.

Regarding the amendments relating to Sergeant Knasiak, Sergeant Knasiak is represented by

attorneys for the City of Chicago. They represented him relating to the state tort claims against

Sergeant Knasiak. The amendments relate to the wrongs committed by Sergeant Knasiak under

section 1983 and section 1981. No prejudice exists as Sergeant Knasiak has been aware of the

wrongs he has committed and which have been asserted by the plaintiff. The plaintiff's

amendments present those facts under the law applicable to those facts, that is, §1983 and §1981.

Indeed, the facts of the original complaint supported causes of action under §1983 and

§1981. Tefft v. Seward, 689 F.2d 637 (6th Cir. 1982) (Court of Appeals reversed trial judge; original

complaint, based upon assault and battery, had sufficient facts to assert a constitutional tort;

therefore, there was no prejudice to the defendant because the claim under the constitutional tort

was not so different to cause prejudice); Harding v. Culver Educational Foundation, 115 F.R.D.

11 (D.C.Ind.1986) (after 15 months of filing the complaint, the court allowed the plaintiff to amend

the complaint to include a count of willful and wanton conduct based upon a complaint having a

count of negligence as four months existed before the discovery cut off and no trial date had been

set); Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 644 F.2d 690 (8th Cir. 1981) (plaintiff

sought leave to amend the complaint after 2-1/2 years of filing the complaint to include a count for

fraud; Court of Appeals held that the district court abused its discretion by denying leave because

the facts underlying the 10b-5 cause of action formed the basis for common-law fraud)

In Woods, the plaintiff sought leave to amend the complaint to include two individual

defendants in the civil rights lawsuit after the expiration of the statute of limitations. The District

Court denied the motion to amend, but the Court of Appeals reversed.

The court held:

> We have long left no doubt of the broad scope to be given Rule 15(c). As we said in Staren v. American National Bank & Trust Co. of Chicago, 529 F.2d 1257, 1263 (7th Cir. 1976):It is well settled that the Federal Rules of Civil Procedure are to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits and to dispense with technical procedural problems. To this end, amendments pursuant to Rule 15(c) should be freely allowed.

Pursuant to seventh circuit jurisprudence and goal of Rule 15 for courts to exercise their discretion liberally to allow amendments to the complaint, it is respectfully submitted that this Court take the next step to satisfy the goal of Rule 15 and elect to allow the second amended complaint instanter.

Wherefore, the plaintiff respectfully prays that the court will grant the plaintiff's motion and allow the case to proceed on its merits.

Respectfully submitted,

Joseph A. Longo

**LONGO AND ASSOCIATES, LTD.**
Joseph A. Longo, Esq.
2100 West Haven
Mount Prospect, IL 60056
847/640-9490
Attorney Number 53635

## CERTIFICATE OF SERVICE

I, Joseph A. Longo, an attorney, certify that I served this PLAINTIFF'S MOTION TO ALLOW SECOND AMENDED COMPLAINT INSTANTER by electronic filing on 21 February 2008 before 5pm. Under penalties as provided by law pursuant to 735 ILCS, Sec 5/1-109, I certify that the statements set forth in this Certificate of Service are true and correct.

Joseph A. Longo

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DETLEF SOMMERFIELD | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 06 C 3132 |
| | ) |
| CITY OF CHICAGO | ) |
| SERGEANT KNASIAK #1841 | ) |
| | ) Honorable Judge Filip |
| | ) Honorable Magistrate Judge Jeffrey Cole |
| | ) |
| | ) JURY DEMAND |
| Defendants. | ) |

## SECOND AMENDED COMPLAINT[1]

### *Jurisdiction and Venue*

1. This Court has jurisdiction under 42 USC section 2000e et seq; 28 USC §1331 and §1343. The jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 1343(3) and 1343(4) conferring original jurisdiction upon this court of any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights, under the Declaratory Judgment Statute, 22 U.S.C. § 2201, under 42 U.S.C. § 1983 and §1981, and under Title VII, 42 U.S.C. § 2000e, et seq.. All of the illegal and unlawful acts of discrimination occurred in the Northern District of Illinois. Venue is proper under 28 USC §1391(b) and (c).

2. On 29 November 2004, the Equal Employment Opportunity Commission found that the Chicago Police Department discriminated against the plaintiff based upon his national origin, German, and his religion, Jewish. Attached.

3. On 8 March 2006, the EEOC issued a right to sue letter. Attached.

4. The plaintiff commenced this lawsuit within 90 days of receipt of the right to sue letter.

---

[1] The plaintiff incorporates by reference the dismissed claims from the previous complaint to the extent such is needed to preserve his right to appeal.

*Parties*

5.  The plaintiff is a natural person, residing in the Northern District of Illinois.

6.  Upon information and belief, the City of Chicago is a municipality, operating the Chicago Police Department.

7.  Upon information and belief, the defendant, Sergeant Knasiak, is a sergeant with the Chicago Police Department.

8.  Sergeant Knasiak acted under color of state law.

*Common Facts For All Counts*

9.  The plaintiff is a German Jew who emigrated to the United States. His family was killed in the Holocaust.

10. The plaintiff has worked for the Chicago Police Department since 5 July 1994.

11. In or about January 2000, Sergeant Knasiak was transferred to the plaintiff's area, making the plaintiff subordinate to him.

12. Repeatedly, Sergeant Knasiak referred to the plaintiff's Jewish heritage. He would ask the plaintiff, why didn't Hitler kill all of you Jews; burn Jew burn; how do you fit 1000 Jews inside of a car--by putting them in the ashtray; you Jews are bloodsucking parasites; don't you two jagoffs go pulling over Jews and niggers all night; Germans should be shot in the head for not getting rid of the Jew problem; did your parents crawl from under the fence in the concentration camp; f—k--g Germans can't do anything right; they missed a whole bunch of Jews and now they are living in this fucked up country; Germans are just like niggers, couldn't get rid of them then, can't get rid of them now; f--k--g Jew boy and so forth.

13. Sergeant Knasiak would call the plaintiff a Nazi. He would show the plaintiff his swastika.

2

14. Sergeant Knasiak would call the plaintiff a stupid German.

15. When the plaintiff would enter a room, Sergeant Knasiak would raise his right hand and salute the plaintiff as Nazis would salute each other.

16. Repeatedly, the plaintiff informed Sergeant Knasiak that his attacks on the plaintiff's Jewish heritage and German descent were painful.

17. Treating the plaintiff differently than officers who were not Jewish and/or German, the defendants would assign the plaintiff to high crime areas without a partner, though officers with lesser seniority and who were not German and/or Jewish were given partners.

18. Treating the plaintiff differently than officers who were not Jewish and/or German, when the defendants did assign a partner to the plaintiff, the defendants would frequently change the plaintiff's partner, though officers who were not German and/or Jewish received steady partners.

19. Treating the plaintiff differently than officers who were not Jewish and/or German, the defendants frequently changed the plaintiff's starting times.

20. Treating the plaintiff differently than officers who were not Jewish and/or German, the defendants assigned the plaintiff to work hospital duty, though the plaintiff had higher seniority than other officers who were not German and/or Jewish and who were not assigned hospital duty.

21. Treating the plaintiff differently than officers who were not Jewish and/or German, the defendants, when assigning the plaintiff to do hospital duty, required the plaintiff to use his own car, instead of a police car.

22. Treating the plaintiff differently than officers who were not Jewish and/or German, the defendants assigned different cars day-to-day to the plaintiff, though officers who had

3

less seniority than the plaintiff and who were not German and/or Jewish were given cars that did not change from day-to-day.

23. Treating the plaintiff differently than officers who were not Jewish and/or German, the defendants suspended the plaintiff for five days for not contacting the dispatcher to obtain an ID from his residence, although the plaintiff's partner, received only a reprimand for the same conduct, and for allegedly yelling at Sergeant Knasiak though it was Sergeant Knasiak who relentlessly yelled at the plaintiff.

24. Treating the plaintiff differently than other officers who were not Jewish and/or German, other officers received the position of canine patrol which was a position that the plaintiff wanted, though the plaintiff was higher on the list to receive the position.

### Count I: Religious discrimination against the City of Chicago

25. The plaintiff incorporates by reference the common facts relating to all counts.

26. Repeatedly, the plaintiff asked Sergeant Knasiak to stop making references to his Jewish heritage.

27. Repeatedly, Sergeant Knasiak refused.

28. Sergeant Knasiak openly and publicly made discriminatory statements and comments relating to the plaintiff's Jewish religion.

29. Yet, the City of Chicago failed to stop Sergeant Knasiak from making such harmful and discriminatory comments and statements.

30. The plaintiff repeatedly complained to several supervisors about Sergeant Knasiak harassing him and discriminating against him based upon his national origin and Jewish religion, but such supervisors ignored the plaintiff and did nothing.

31. Indeed, Lt. Carson Ernest, one of the plaintiff supervisors, instructed the plaintiff to put on boxing gloves and fight it out with Sergeant Knasiak.

32. In March 2004, the plaintiff filed a written complaint with the internal affairs division regarding the discrimination and hostile work environment against Sergeant Knasiak.

33. However, the defendant, City of Chicago, continued to allow the discrimination and hostile work environment against the plaintiff, during the three years of the investigation by the internal affairs division.

34. The City of Chicago failed to take any immediate and appropriate corrective action to ensure that Plaintiff would not be subject to further discrimination and harassment.

35. The harassment was sufficiently pervasive and severe as to alter the conditions of Plaintiff's employment and to create a hostile, intimidating and/or abusive work environment.

36. The City of Chicago created a hostile, work environment for the plaintiff, adversely affecting his ability to perform his duties.

37. The City of Chicago treated the plaintiff differently because he was a German Jew than it treated those who were not.

38. During the many years that Sergeant Knasiak discriminated and harassed the plaintiff, the plaintiff suffered stress and fear. This fear and stress interfered with his work conditions and ability to perform his work.

39. The City of Chicago acted blindly towards discrimination and harassment.

40. The City of Chicago's supervisors failed to take any action against Sergeant Knasiak. Therefore, the defendant, City of Chicago, authorized, commanded, acquiesced or assented to Sergeant Knasiak harassing the plaintiff.

41. By failing to prohibit Sergeant Knasiak, and thus, encouraging him, the City of Chicago specifically intended to injure the plaintiff.

42. Despite Plaintiff's repeated complaints, the City of Chicago continued to allow Sergeant Knasiak to discriminate and harass the plaintiff.

43. The City of Chicago ratified Sergeant Knasiak's repeated discrimination and harassment of the plaintiff.

44. The City of Chicago violated the plaintiff's Civil Rights Act, 42 USC section 2000e, et seq.

45. The plaintiff has suffered pain, humiliation and embarrassment and will continue to suffer pain, humiliation and embarrassment.

46. The City of Chicago, by failing to prohibit Sergeant Knasiak from repeatedly harassing the plaintiff, acted willfully and wantonly.

Wherefore, the plaintiff prays that this court will enter judgment for the plaintiff and against the defendant for violating his Civil Rights Act, and grant relief including, but not limited to:

a. Granting damages exceeding $100,000 because the plaintiff suffered humiliation, embarrassment, insult and emotional suffering because of the City of Chicago's violations of 42 USC §1983;

b. Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, and those acting in consort with Defendant, from continuing to violate Plaintiff's civil rights;

c. Granting a permanent injunction requiring the defendant to institute policies and procedures complying with and conforming to 42 USC §2000e et seq.

d. Ordering the City of Chicago to pay the plaintiff attorney fees and costs for violating 42 USC §1983;

e. A declaration that the defendant violated 42 USC §2000e et seq.;

f. Retaining jurisdiction to ensure that the defendant stops violating the law against the plaintiff;

g. Granting all other relief to make the plaintiff whole because of the City of Chicago's violations.

*Count II:  National origin discrimination: German; against the City of Chicago*

47. The plaintiff incorporates by reference the common facts relating to all counts.

48. Repeatedly, the plaintiff asked Sergeant Knasiak to stop making references to his German heritage.

49. Repeatedly, Sergeant Knasiak refused.

50. Sergeant Knasiak openly and publicly made discriminatory statements and comments relating to the plaintiff's German heritage.

51. He would refer to the plaintiff as a Nazi, stupid German and so forth.

52. Yet, the City of Chicago failed to stop Sergeant Knasiak from making such harmful and discriminatory comments and statements.

53. The plaintiff repeatedly complained to several supervisors about Sergeant Knasiak harassing him and discriminating against him based upon his national origin and Jewish religion, but such supervisors ignored the plaintiff and did nothing.

54. However, the defendant, City of Chicago, continued to allow the discrimination and hostile work environment against the plaintiff, during the three years of the investigation by the internal affairs division.

55. The City of Chicago failed to take any immediate and appropriate corrective action to ensure that Plaintiff would not be subject to further discrimination and harassment.

56. The harassment was sufficiently pervasive and severe as to alter the conditions of Plaintiff's employment and to create a hostile, intimidating and/or abusive work environment.

57. The City of Chicago created a hostile, work environment for the plaintiff, adversely affecting his ability to perform his duties.

58. The City of Chicago treated the plaintiff differently based on his German national origin than those with other types of national origin.

59. During the many years that Sergeant Knasiak discriminated and harassed the plaintiff, the plaintiff suffered stress and fear. This fear and stress interfered with his work conditions and ability to perform his work.

60. The City of Chicago acted blindly towards discrimination and harassment.

61. The City of Chicago's supervisors failed to take any action against Sergeant Knasiak. Therefore, the defendant, City of Chicago, authorized, commanded, acquiesced or assented to Sergeant Knasiak harassing the plaintiff.

62. By failing to prohibit Sergeant Knasiak, and thus, encouraging him, the City of Chicago specifically intended to injure the plaintiff.

63. Despite Plaintiff's repeated complaints, the City of Chicago continued to allow Sergeant Knasiak to discriminate and harass the plaintiff.

64. The City of Chicago ratified Sergeant Knasiak's repeated discrimination and harassment of the plaintiff.

65. The City of Chicago violated the plaintiff's Civil Rights Act, 42 USC section 2000e, et seq.

66. The plaintiff has suffered pain, humiliation and embarrassment and will continue to suffer pain, humiliation and embarrassment.

67. The City of Chicago, by failing to prohibit Sergeant Knasiak from repeatedly harassing the plaintiff, acted willfully and wantonly.

Wherefore, the plaintiff prays that this court will enter judgment for the plaintiff and against the defendant for violating his Civil Rights Act, and grant relief including, but not limited to:

8

a. Granting damages exceeding $100,000 because the plaintiff suffered humiliation, embarrassment, insult and emotional suffering because of the City of Chicago's violations of the federal Civil Rights Act;

b. Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, and those acting in consort with Defendant, from continuing to violate Plaintiff's civil rights;

c. Ordering the City of Chicago to pay the plaintiff attorney fees and costs for violating his Civil Rights Act;

d. Granting all other relief to make the plaintiff whole because of the Unilever Best Foods' violations of his Civil Rights Act.

## Count III: Retaliation against the City of Chicago

68. The plaintiff incorporates by reference counts I and II.

69. After the plaintiff complained about Sergeant Knasiak's discrimination and harassment of the plaintiff, Sergeant Knasiak retaliated against the plaintiff.

70. He required the plaintiff to work in a police car by himself in a high crime neighborhood.

71. This is true though other officers had a partner in the police car with them in a high crime area.

72. Also, this is true though the plaintiff had seniority over many other officers who were assigned to areas where the crime level was lower.

73. Moreover, when the defendant through its agents would assign the plaintiff to work at a nearby hospital to complete police reports, the defendant through its agents would require the plaintiff to use his own car to travel to the hospital.

74. Whereas, other officers who were not discriminated against were given Chicago Police Department cars to travel to the hospital.

75. Furthermore, Sergeant Knasiak would inform the plaintiff that he would get the plaintiff.

76. Though the plaintiff was higher on the list awaiting the position of canine patrol, those who were lower on the list received the position instead of the plaintiff.

9

77. Before complaining about the continual harassment and discrimination by Sergeant Knasiak, the plaintiff did not have a disciplinary record since 1994.

78. After complaining about Sergeant Knasiak's harassment and discrimination, the plaintiff was suspended three times totaling 15 days.

79. The defendant retaliated against the plaintiff by not keeping his charges of discrimination, harassment and retaliation confidential, but allowing them to be the talk of the police station.

80. The defendant retaliated against the plaintiff through Lt. Carson Ernest who in or about the middle of 2007 threatened to get the plaintiff because he had been suspended for three days relating to the plaintiff's charges against Sergeant Knasiak.

81. The City of Chicago allows and tolerates a custom and practice of supervisors retaliating against subordinates who complain about retaliation and harassment.

82. The defendant's acts of retaliation through its officers had a causal connection with the plaintiff's complaints of harassment.

83. As a direct and proximate result of the defendant's willful, knowing and intentional discrimination and retaliation against the plaintiff, the plaintiff has suffered and will continue to suffer pain and suffering.

84. The plaintiff is entitled to general and compensatory damages in amounts to be proved at trial.

Wherefore, the prays that the Honorable Court will enter judgment for the plaintiff and against the defendant for violating his Civil Rights Act, and grant relief including, but not limited to:

    a.  Granting damages exceeding $100,000 because the plaintiff suffered humiliation, embarrassment, insult and emotional suffering because of the City of Chicago's violations of the federal Civil Rights Act;

b. Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, and those acting in consort with Defendant, from continuing to violate Plaintiff's civil rights;

c. Ordering the City of Chicago to pay the plaintiff attorney fees and costs for violating his Civil Rights Act;

d. Granting all other relief to make the plaintiff whole because of the defendant's violations of his Civil Rights Act

## Count IV: §1983 and §1981 claims against the City of Chicago

85. The plaintiff incorporates by reference the previous allegations of the complaint.

86. The city of Chicago allegedly trains its new officers on policies and procedures at the police academy.

87. Such training/instruction to some extent involves the city's general prohibition against discrimination.

88. After such training/instruction at the academy, police officers receive no further training/ relating to discrimination, harassment and retaliation, such as, based upon national origin and religion.

89. Police officers promoted to sergeant and higher supposedly receive some type of training/instruction on discrimination and harassment at school relating to their promotion, such as, sergeant school, lieutenant school and so forth.

90. However, such limited and restricted training/instruction has been deficient. Sergeants and/or lieutenants have testified in this case that they do not know if they have been trained on national origin discrimination, national origin harassment, religious discrimination and religious harassment.

91. Other than the aforementioned, limited and restricted training/instruction, the only training/instruction police officers have received is playing a video of a few minutes on sexual harassment at roll call.

11

the city, acting with reckless disregard and deliberate indifference, knew that its omissions and omissions would result in constitutional violations.

136.    The city's acts and practices, and failure to institute appropriate policies and procedures, have a causal connection with the harassment, discrimination and retaliation that the plaintiff suffered.

137.    As a direct and proximate result of the defendant's willful, knowing an intentional discrimination, harassment and retaliation against the plaintiff, the plaintiff suffered and continues to suffer.

138.    The plaintiff is entitled to general and compensatory damages in amounts to be proved at trial.

Wherefore, the prays that the Honorable Court will enter judgment for the plaintiff and against the defendant for violating his Civil Rights Act, and grant relief including, but not limited to:

    a.  Granting damages exceeding $100,000 because the plaintiff suffered humiliation, embarrassment, insult and emotional suffering because of the City of Chicago's violations;

    b.  Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, and those acting in consort with Defendant, from continuing to violate Plaintiff's rights;

    c.  Ordering the City of Chicago to pay the plaintiff attorney fees and costs for violating his rights;

    d.  Granting all other relief to make the plaintiff whole because of the defendant's violations of his rights.

### Count VI: §1983 claims against Sergeant Knasiak

139.    The plaintiff incorporates by reference the previous allegations of the complaint.

140.    The defendant treated the plaintiff unequally, violating the equal protection clause because the plaintiff was Jewish and/or German.

18

141.    The defendant treated the plaintiff unequally, violating the equal protection clause

because the plaintiff filed a complaint against the defendant based upon discrimination

and harassment.

142.    The defendant violated the plaintiff's First Amendment rights entitling the

plaintiff to engage in free speech by filing a complaint against the defendant for violating

the plaintiff's civil rights.

143.    The defendant violated the plaintiff's rights by retaliating against the plaintiff

because the plaintiff filed charges of discrimination and harassment against the

defendant.

Wherefore, the plaintiff prays that this court will enter judgment for compensatory and

punitive damages for the plaintiff and against the defendant for violating his rights, and grant

relief including, but not limited to:

a.  Granting damages exceeding $100,000 because the plaintiff suffered humiliation,
    embarrassment, insult and emotional suffering because of the defendant's
    violations of 42 USC §1983;

b.  Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors,
    employees, and those acting in consort with Defendant, from continuing to violate
    Plaintiff's civil rights;

c.  Ordering the defendants to pay the plaintiff attorney fees and costs for violating
    42 USC §1983;

d.  A declaration that the defendant violated 42 USC §1983.;

e.  Retaining jurisdiction to ensure that the defendant stops violating the law against
    the plaintiff;

f.  Granting all other relief to make the plaintiff whole because of the defendant's
    violations of 42 USC §1983.

### Count VII: §1981 claims against Sergeant Knasiak

144. The plaintiff incorporates by reference the previous allegations of the complaint.

145. The defendant violated the plaintiff's rights against race discrimination.

19

Wherefore, the plaintiff prays that this court will enter judgment for compensatory and punitive damages for the plaintiff and against the defendant for violating his rights, and grant relief including, but not limited to:

a. Granting damages exceeding $100,000 because the plaintiff suffered humiliation, embarrassment, insult and emotional suffering because of the defendant's violations of 42 USC §1981;

b. Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, and those acting in consort with Defendant, from continuing to violate Plaintiff's civil rights;

c. Ordering the defendants to pay the plaintiff attorney fees and costs for violating 42 USC §1981;

d. A declaration that the defendant violated 42 USC §1981;

e. Retaining jurisdiction to ensure that the defendant stops violating the law against the plaintiff;

f. Granting all other relief to make the plaintiff whole because of the defendant's violations of 42 USC §1981.

Respectfully submitted,

Joseph A. Longo

**LONGO AND ASSOCIATES, LTD.**
Joseph A. Longo, Esq.
2100 West Haven
Mount Prospect, IL 60056
847/640-9490
Attorney Number 53635

20

U.S. Department of Justice

Civil Rights Division

---

*Employment Litigation Section - PHB*
*950 Pennsylvania Avenue, N.W.*
*Washington, DC 20530*
*www.usdoj.gov/crt/emp/emphome.html*

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

WJK:WBF:mdw
DJ 170-23-393

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

Detlef Sommerfield
6709 West 64th Place
Chicago, IL 60638

Re: Detlef Sommerfield v. Chicago Police
Department, EEOC No. 210-2004-05557

Dear Mr. Sommerfield:

It has been determined that the Department of Justice will not file suit on the above-referenced charge of discrimination that was referred to us by the Equal Employment Opportunity Commission (EEOC). This should not be taken to mean that the Department of Justice has made a judgment as to whether or not your charge is meritorious.

You are hereby notified that conciliation in this matter was unsuccessful by the EEOC. You are further notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent. If you choose to commence a civil action, such suit must be filed in the appropriate court within 90 days of your receipt of this Notice.

Therefore, you should consult an attorney of your own choosing at your earliest convenience. If you are unable to locate an attorney, you may wish to contact the EEOC, or apply to the appropriate court, since that court may appoint an attorney in appropriate circumstances under Section 706(f)(1) of Title VII, 42 U.S.C. 2000e-5(f)(1).

We are returning the files in this matter to EEOC's Chicago District Office. If you or your attorney have any questions concerning this matter or wish to inspect the investigative file, please feel free to address your inquiry to: John P. Rowe, District Director, EEOC, 500 West Madison St., Suite 2800, Chicago, IL 60661.

Sincerely,

Wan J. Kim
Assistant Attorney General
Civil Rights Division

By:

William B. Fenton
Deputy Chief
Employment Litigation Section

cc: Eileen L. Bell, Esq.
Chicago Police Department



## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### Chicago District Office

500 West Madison St., Suite 2800
Chicago, IL 60661
PH: (312) 353-2713
TDD: (312) 353-2421
ENFORCEMENT FAX: (312) 886-1168
LEGAL FAX: (312) 353-8555

EEOC Charge Number: 210-2004-05557

Detlef Sommerfield
6709 West 64th Place                                    Charging Party
Chicago, Illinois 60638

       v.

Chicago Police Department
3510 South Michigan Avenue                              Respondent
Chicago, Illinois 60653

### DETERMINATION

Under the authority vested in me by the Commission's Procedural Regulations, I issue the following determination on the merits of the subject charge filed under Title VII of the Civil Rights Act of 1964, as amended (Title VII).

The Respondent is an employer within the meaning of Title VII and all other requirements for coverage have been met.

Charging Party alleges that he was discriminated against on the basis of his national origin, German, and religion, Jewish, in that he was harassed in violation of Title VII. Charging Party also alleges that he and other employees were harassed on the basis of race, Black, and national origin, Mexican.

I have determined that the evidence obtained in the investigation establishes reasonable cause to believe that Respondent violated Title VII by harassing Charging Party based on his national origin, German, and religion, Jewish.

Like and related to the above issues, and arising during the course of the investigation, the evidence establishes reasonable cause to believe that Respondent violated Title VII by harassing and failing to provide an environment free from national origin, religion and race discrimination to Charging Party and a class of individual on the basis of national origin, Arab, Mexican, and/or German, race, Black, and/or religion, Muslim and/or Jewish.

EEOC Charge Number: 210-2004-05557
Page 2 of 2

Like and related to the above issues, and arising during the course of the investigation, the evidence establishes reasonable cause to believe that Respondent retaliated against Charging Party by subjecting him to adverse terms and conditions in violation of Title VII.

This determination is final. When the Commission finds that violations have occurred, it attempts to eliminate unlawful practices by informal methods of conciliation. Therefore, I invite the parties to join with the Commission in reaching a just resolution of this matter. Disclosure of information obtained by the Commission during the conciliation process will be made only in accordance with the Commission's Procedural Regulations (29 CFR Part 1601.26).

If the Respondent wishes to accept this invitation to participate in conciliation efforts, it may do so at this time by proposing terms for a conciliation agreement; that proposal should be provided to the Commission representative within 14 days of the date of this determination. The remedies for violations of the statutes we enforce are designed to make the identified victims whole and to provide corrective and preventive relief. These remedies may include, as appropriate, an agreement by the Respondent to not engage in unlawful employment practices, placement of identified victims in positions they would have held but for discriminatory actions, back pay, restoration of lost benefits, injunctive relief, compensatory and/or punitive damages, and notice to employees of the violation and the resolution of the claim.

Should the Respondent have further questions regarding the conciliation process or the conciliation terms it would like to propose, we encourage it to contact the assigned Commission representative. Should there be no response from the Respondent, we may conclude that further conciliation efforts would be futile or nonproductive.

On Behalf of the Commission,

11-29-04
Date

John P. Rowe
District Director

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 210-2004-05557 |

**Illinois Department Of Human Rights** and EEOC

*State or local Agency, if any*

| Name *(Indicate Mr., Ms., Mrs.)* | Home Phone No. *(Incl Area Code)* | Date of Birth |
|---|---|---|
| Mr. Detlef  Sommerfield | (773) 788-0801 | 11-16-1961 |

Street Address                                     City, State and ZIP Code

6709 W. 64th Place,  Chicago, IL 60638

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| CHICAGO POLICE DEPARTMENT | 500 or More | (312) 745-5310 |

Street Address                                     City, State and ZIP Code

3510 South Michigan Avenue,  Chicago, IL 60653

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

Street Address                                     City, State and ZIP Code

DISCRIMINATION BASED ON  *(Check appropriate box(es).)*

☐ RACE  ☐ COLOR  ☐ SEX  ☒ RELIGION  ☒ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☒ OTHER *(Specify below.)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest  01-01-2000        Latest  06-24-2004
☒ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I was hired by the Respondent as a Police Officer on July 5, 1994.  Since January 2000, the Respondent has subjected me and other officers to a racially hostile work environment.  The Respondent has allowed a supervisor to consistently use offense racial remarks about Jewish people, Germans, African-Americans and Mexicans.  I and other Police Officers have filed internal complaints about the hostile work environment but no effective action has been taken to stop the racial and national origin based remarks.

I believe that I have been discriminated against because of my religion, Jewish, and my national origin, German, in violation of Title VII of the Civil Rights Act of 1064, as amended.

RECEIVED EEOC
JUN 24 2004
CHICAGO DISTRICT OFFICE

I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Jun 24, 2004
Date          Charging Party Signature

NOTARY – *When necessary for State and Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
*(month, day, year )*

WHEREFORE, Defendant/Appellant, MAURO'S FRANCIS CADILLAC,
INC., prays that this Honorable Court enter an order granting the
Defendant/Appellant until February 1, 1995 in which to file the
Appellant's Brief in this matter.

Respectfully submitted,

By: _____

Attorney for MAURO'S FRANCIS
CADILLAC, INC.

Michael C. O'Neill
GARRETSON & SANTORA, LTD.
Two North LaSalle Street
Suite 1100
Chicago, IL 60602
(312) 263-6635
Atty. No. 24315

Last Transaction.

| Date | Time | Type | Identification | Duration | Pages | Result |
|------|------|------|----------------|----------|-------|--------|
| Feb 21 1:28PM | Fax Sent | 13127446666 | 17:31 | 36 | OK |

HP Officejet 7410          Personal Printer/Fax/Copier/Scanner

Log for
LONGO AND ASSOCIATES LTD          – 2 –
847.640.9497
Feb 21 2008 1:55PM

## CERTIFICATE OF SERVICE

I, Joseph A. Longo, an attorney, certify that I served this NOTICE OF MOTION by electronic filing on 21 February 2008 before 5pm.  Under penalties as provided by law pursuant to 735 ILCS, Sec 5/1-109, I certify that the statements set forth in this Certificate of Service are true and correct.

_____

Joseph A. Longo

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| DETLEF SOMMERFIELD,  ) | |
| ) | |
| Plaintiff,  ) | |
| ) | Case No. 06 C 3132 |
| v.  ) | |
| ) | Judge Joan B. Gottschall |
| CITY OF CHICAGO,  ) | |
| ) | |
| Defendant.  ) | |

## MEMORANDUM OPINION AND ORDER

The Executive Committee transferred this case from Judge Filip to this court on March 6,

2008. Before the court is an objection to Magistrate Judge Cole's order issued on March 4, 2008

(the "Order"), in which Judge Cole denied the plaintiff's "motion to allow [a] second amended

complaint." The plaintiff, Detlef Sommerfield ("Sommerfield"), timely filed objections to the

Order.[1] *See* Fed. R. Civ. P. 6(a); *id.* at 72. For the reasons stated below, Sommerfield's

objections are sustained in part and overruled in part.

### ANALYSIS

With the proposed amendment, Sommerfield sought to add several new counts against

the defendant, the City of Chicago (the "City"), and against a previously-dismissed defendant,

Sergeant Lawrence Knasiak ("Knasiak"). Sommerfield asks the court to review Judge Cole's

denial order, but he mixes the tests for *de novo* and clear error review, ultimately setting forth

---

[1] Both parties refer to the motion as a "motion for reconsideration." Such a motion would
be filed with the magistrate judge who issued the opinion. Here, Sommerfield brings his motion
pursuant to Federal Rule of Civil Procedure 72 and directs it to the district court. Therefore, it
should properly be called an objection.

1


EXHIBIT
6

arguments in a way that anticipates that this court "may freely reject the magistrate's recommendation." Pl.'s Mot. at 4. The City, on the other hand, advocates for a clear error standard. Def.'s Resp. at 2-3. Therefore, as an initial matter, the court must determine the correct standard of review.

Although courts differ in their treatment of a motion to amend, in the Seventh Circuit a motion to amend is a nondispositive motion for purposes of Rule 72. *See Hall v. Norfolk S. Ry. Co.*, 469 F.3d 590, 595 (7th Cir. 2006) (finding a magistrate judge's denial of a motion to amend on grounds of futility to be nondispositive and subject to review for clear error by the district court); *Wingerter v. Chester Quarry Co.*, 185 F.3d 657, 660 (7th Cir. 1999) (concluding a magistrate judge ruled on a motion for leave to amend "pursuant to 28 U.S.C. § 636(b)(1)(A), which provides that the district court may designate a magistrate judge to hear and determine, with certain exceptions not relevant here, any nondispositive pretrial matter."); *Hart v. Dow Chem.*, 95 C 1811, 1997 WL 627645, *4 (N.D. Ill. Sept. 30, 1997) ("A motion to amend is a nondispositive motion, including a motion to amend to join new parties."). Where a magistrate judge has decided a nondispositive pretrial matter, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *accord* 28 U.S.C. § 636(b)(1)(A). Thus, the correct standard of review is for clear error, which "means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997).

Judge Cole, following a referral from the district court, exercised his discretion to deny

leave to amend pursuant to Rule 15, which requires a court to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *Guise v. BMW Mortgage, LLC*, 377 F.2d 795, 801 (7th Cir. 2004) ("The . . . court's decision to grant or deny a motion for leave to file an amended pleading is a matter purely within the sound discretion of the . . . court."). Indeed, "[i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *accord Guise*, 377 F.2d at 801 ("[A] district court may deny leave to amend on the grounds or undue delay, bad faith, dilatory motive, prejudice, or futility."). With this in mind, the court now turns to Sommerfield's arguments.

Sommerfield contends that Judge Cole erred in concluding that: (1) Sommerfield could have asserted the causes of action relating to training and investigation earlier; (2) the amendment would considerably expand discovery, which is scheduled to close on May 16, 2008; (3) the City would suffer undue prejudice from the amendment, even if it was delayed. This court's task on a Rule 72 motion is to determine whether " any part of the order . . . is clearly erroneous or is contrary to law," and not to decide *de novo* disputed issues relating to the merits of the motion. Judge Cole reviewed the requests to add Knasiak and to add claims against the City separately, and this court will do the same.

## A.    Claims Against Knasiak

Judge Cole refused to allow Sommerfield to add Knasiak as a defendant reasoning that: (1) Judge Filip has dismissed Knasiak from the case and that he, as a magistrate judge, had no

3

authority to overrule a dismissal order of an Article III judge; and (2) bringing Knasiak back in would expand discovery considerably because he would have a right to take discovery independently of that already taken by the City. Tr. at 36:13-37:5. Sommerfield asserts there would be no prejudice as all necessary discovery has already been taken and that Judge Cole had authority to add Knasiak by virtue of Judge Filip's referral of the motion to amend.

The proposed § 1981 and § 1983 counts against Knasiak, Sommerfield's former supervisor, are based on Knasiak's alleged discriminatory treatment of Sommerfield. Originally, Sommerfield brought a single count, for intentional infliction of emotional distress, against Knasiak. Judge Filip dismissed the count as time-barred on February 14, 2007 and consequently dismissed Knasiak as a defendant. Based on the same facts, Sommerfield now seeks to add Knasiak back into the case by asserting federal claims. Sommerfield admits that Judge Filip, in August 2007, denied a motion to amend to add § 1981 and § 1983 counts against Knasiak because discovery was about to close. He now asks the court to reach a different conclusion because Judge Cole has extended the close of discovery, arguing that, because Knasiak is represented by City of Chicago attorneys, all the discovery needed has been taken.

Sommerfield's argument that adding Knasiak would not expand discovery is unpersuasive. Knasiak was dismissed from the case in February 2007 on a motion filed before discovery got underway. As Judge Cole noted, Knasiak has a right to take his own discovery and does not have to rely on that taken by the City on its own behalf.[2] A review of the docket

---

[2]Sommerfield's argument that Knasiak's failure to respond to Sommerfield's motion is evidence that he does not object and will suffer no prejudice is nonsensical. Knasiak is not a party to this case and has not been a party for more than a year. A former defendant who has prevailed on a motion to dismiss has no reason to respond to pending motions in a case.

4

shows that discovery has been dragging on in this case for some eighteen months with multiple extensions. The current cut off for fact discovery is May 16, 2008. Adding Knasiak at this time would delay discovery and subject the City to additional discovery from a new defendant. Additionally, Sommerfield did not file to add Knasiak until February 21, 2008, many months after the initial discovery extensions were granted and over a year after Knasiak was dismissed from the case. In light of these facts, Judge Cole's discretionary decision to disallow the addition of Knasiak because of prejudice as a result of the expansion of discovery was reasonable. Therefore, Sommerfield's objection with respect to the addition of Knasiak as a defendant is overruled and the court does not reach the issues of whether the prior dismissal from the case bars bringing Knasiak back in or whether the claims relate back to the original filing.

## B. Claims Against The City

The new counts against the City are *Monell* claims[3] that relate to an alleged policy of inadequate training and investigation. Judge Cole denied the motion to amend following argument, but without full briefing by the parties.[4] The transcript discloses vigorous discussion between the parties and the court regarding the merits of the motion. Sommerfield contends he first gained sufficient facts to support these claims in depositions, originally noticed for September 13, 2007, but taken in January and February 2008 after the City failed to identify and produce witnesses in a timely manner. Counsel for Sommerfield argued that he had all the

---

[3]*Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978).

[4]The docket shows that Sommerfield filed his motion on February 21, 2008, Judge Filip referred the motion to Judge Cole on February 26, 2008, and Judge Cole decided the motion on March 4, 2008. The docket does not show a response by the City or a reply in support of the motion.

discovery he needed on these issues and that he could not plead the new counts earlier because of Rule 11 concerns.[5] Tr. 19:14-16; *id.* at 19:24-20:2.

The City argued that it would be prejudiced by the amendment, which was untimely because the City had filed an answer asserting the relevant affirmative defense[6] on January 31, 2007, produced written training policies to Sommerfield as part of its Rule 26(a) disclosures, and disclosed no new information at the depositions. Tr. 25:12-26:24. Judge Cole questioned whether additional discovery would be needed to prove whether the alleged delays in the investigations were reasonable, Tr. at 23:2-4, whether additional discovery would be needed regarding the adequacy of training, Tr. 30:9-13, and whether an expert would be necessary, Tr. 32:12-24. Judge Cole also questioned whether the facts sufficiently stated a claim for municipal liability, Tr. at 24:9-20 and 30:9-31:7, and whether Sommerfield's theory of liability was legally sufficient, Tr. 28:20-29:15. Judge Cole concluded that Sommerfield knew or should have known, about the new claims earlier, that the claims would expand discovery "monumentally," and that the claims were futile because they were likely time-barred or failed to state a claim.[7]

1.      Undue Delay And Prejudice

---

[5]Sommerfield may have made additional arguments regarding what was learned at the depositions; unfortunately some statements were rendered "inaudible" on the transcript, so the court cannot tell. *See, e.g.,* Tr. 17:4-21 (discussing deposition testimony).

[6]The affirmative defense is pled by reference to *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998) and *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998), which provide for an affirmative defense where the employer has exercised reasonable care and the employee has failed to take advantage of safeguards.

[7]Sommerfield does not directly address the issue of futility. However, because Judge Cole has the discretion to deny leave to amend where the amendment would be futile, notwithstanding its timeliness or lack of prejudice, the court must review all grounds to determine whether or not the denial was in error.

6

The parties dispute whether or not there was a valid reason for the delay in filing a motion for leave to amend. Judge Cole concluded that Sommerfield unduly delayed the amendment because he, or his lawyer, knew or should have known about the claims long ago. *See Butts v. Aurora Health Care, Inc.*, 387 F.3d 921, 925 (7th Cir. 2004) ("Although leave to file an amended complaint should be granted liberally, a request to amend may be denied on several grounds, including undue delay.").

At the evidently contentious hearing, Sommerfield's counsel argued that he could not in good faith have pled the *Monell* claims before he obtained the evidence of a custom and practice during Rule 30(b)(6) depositions, finally taken in January and February of 2008 after a delay of several months caused by the City. *See, e.g.*, Tr. 22:7-21; *id.* at 27:25-28:13. Judge Cole rejected this argument because of Sommerfield's own experiences in the police department and his counsel's experience. *See* Tr. at 15:3-20 (Judge Cole: "[Sommerfield] had to know. . . . There's nothing that [he] didn't know that at this late date should justify an amendment to the complaint that arguably is futile . . . ."); Tr. at 21:11-23 (stating that failure to train should have been seen as a viable claim from the beginning of the suit and that Sommerfield's counsel could have asked interrogatories about it at the start of the case). However, Sommerfield's counsel argued that he believed that, under prevailing case law, he needed confirmation from sources other than his own client in order to have a good faith basis for pleading a custom and practice claim. *See* Tr. at 24:2-5. Given the lack of clarity regarding pleading standards for *Monell* claims, especially failure to train claims, this argument does not seem unreasonable.[8] Additionally, a review of the docket shows that, although motions to dismiss have been filed and

---

[8]*See* § B(2) for a brief overview of relevant case law.

7

the case is almost two years old, no summary judgment motions have been filed, no trial date has

been set, fact discovery does not close for another month, Sommerfield has filed multiple

motions to enforce discovery, and discovery extensions have been granted at the request of the

City.

Whether a delay is unreasonable is factually specific and involves some attempt to

measure the prejudice to both parties from a grant or denial of leave to amend. *Compare Bower*

*v. Jones*, 978 F.2d 1004, 1010 (7th Cir. 1992) (finding no undue delay where plaintiff did not

have access to information until late in discovery and requested leave to amend shortly

thereafter), *with Hindo v. Univ. of Health Sci.*, 65 F.3d 608, 615 (7th Cir. 1995) ("A denial is

particularly warranted in instances in which the plaintiff has failed to provide an explanation as

to why the amendment did not take place sooner . . . ."), *and Sanders v. Venture Stores, Inc.*, 56

F.3d 771, 774 (7th Cir. 1995) (finding amendment untimely where the defendant had filed a

successful motion for summary judgment four years after the case began), *and Zahran v. Nat'l*

*Guardian Life Ins. Co.*, 157 F.R.D. 443, 444 (N.D. Ill. 1994) (denying a motion to amend as

untimely when it was filed three months before trial in a four-year old case where plaintiff gave

no fact-based reason for the delay).

The parties dispute the prejudice the City will suffer from allowing the amendment,

although there seems to be no dispute that the claims and likely defenses for the *Monell* claims

are similar to the original claims. The City has not explicitly argued that the new claims would

require it to take additional discovery, in fact, it stated at the hearing that it has asserted an

affirmative defense that contemplated the issues of training and investigation and has provided

discovery on those issues to Sommerfield. If the amendment is allowed, it appears that the party

who would need additional discovery would be Sommerfield.[9] But he has represented – in argument and in his brief – that he has sufficient discovery and the court will not question that assertion at this stage. *See, e.g.*, Tr. 17:4-5; *id.* at 19:24-25. Thus, the basis for Judge Cole's conclusion that discovery would be expanded greatly is unclear. In light of Sommerfield's representations, and this court's agreement with Judge Cole that the claims against Knasiak cannot proceed, there is no reasonable basis for finding that the amendment would be unduly prejudicial to the City. Absent prejudice to the City, the delay is not so grievous as to place the request for leave to amend outside the realm of requests that should be liberally granted. Therefore, the court finds Judge Cole's denial of the motion on grounds of undue delay and prejudice to be in error.

2.    Futility

Judge Cole also determined that Sommerfield's amendment would be futile because the allegations are legally insufficient to state a claim for municipal liability,[10] a determination that this court reviews for clear error. When reviewing a Rule 15 motion for leave to amend, a court has discretion to consider the legal sufficiency of a proposed amended complaint, as it would pursuant to a Rule 12(b)(6) motion to dismiss. *See* Fed. R. Civ. P. 15(a); *id.* 12(b)(6). Judge Cole reached his conclusion that Sommerfield failed to state a claim upon which relief could be granted without the benefit of briefing from the parties on the issue, instead drawing on his

---

[9] Knasiak could also require additional discovery, but Judge Cole appropriately held that he may not be added at such a late stage.

[10] Judge Cole also mentioned that the claims were likely time-barred and this discussion is interwoven with that regarding whether Sommerfield unduly delayed filing. *See* Tr. 10:21-11:17; *id.* at 19:14-21:13. *See also* § B(1) *supra* for discussion.

9

experiences in a recent case, which also dealt with a motion for leave to amend and add *Monell*

claims, to explain his conclusions. *See* Tr. 24:9-25:5 (citing to *Sapienza v. Forest Pres. Dist. of*

*Cook County*, 06 C 5599, 2007 WL 4591979 (N.D. Ill. Dec. 28, 2007) for an overview of the law

on municipal liability, including *Hirsch v. Burke,* 40 F.3d 900 (7th Cir. 1994) for elements of a

*Monell* claim).

Futility, in the context of Rule 15, refers to the inability to state a claim, not the inability

of the plaintiff to prevail on the merits. *See Bower*, 978 F.2d at 1008 ("[A]n amendment may be

futile when it fails to state a valid theory of liability or could not withstand a motion to

dismiss."). The Seventh Circuit announced the basic pleading standards for municipal liability

in *McCormick v. City of Chicago*, 230 F.3d 319 (7th Cir. 2000). The court stated:

> To allege that a municipal policy has violated an individual's civil rights under §
> 1981 or § 1983, [the plaintiff] need[s] to allege that (1) the City had an express
> policy that, when enforced, causes a constitutional deprivation; (2) the City had a
> widespread practice that, although not authorized by written law or express
> municipal policy, is so permanent and well settled as to constitute a custom or
> usage within the force of law; or (3) plaintiff's constitutional injury was caused
> by a person with final policymaking authority.

*McCormick*, 230 F.3d at 324 (citing *McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir.

1995)). A plaintiff may state a claim against a municipality where a "concededly valid policy is

unconstitutionally applied by a municipal employee . . . if the employee has not been adequately

trained and the constitutional wrong has been caused by that failure to train." *City of Canton v.*

*Harris*, 489 U.S. 378, 388 (1989). However, the liability attaches only "where the failure to train

amounts to deliberate indifference." *Id.* Proof of "deliberate indifference" may be "either [proof

of] (1) failure to provide adequate training in light of foreseeable consequences; or (2) failure to

act in response to repeat complaints of constitutional violations by its officers." *Sornberger v.*

10

*City of Knoxville*, 434 F.3d 1006, 1029-30 (7th Cir. 2006) (citing *City of Canton*, 489 U.S. at 390 & n.10 and *Robles v. City of Fort Wayne*, 113 F.3d 732, 735 (7th Cir. 1997)).

To survive a Rule 12(b)(6) motion to dismiss, the allegations of a complaint must provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1964 (2007). The plaintiff need not plead particularized facts, but the factual allegations in the complaint must be sufficient to suggest a right to relief above the speculative level. *Id.* at 1973-74 & n.14; *McCormick*, 230 F.3d at 325 (noting that an amended complaint must give notice of "the crux of plaintiff's charges" and that conclusory pleading is sufficient when buttressed by facts alleging wrongdoing).

A failure to train claim is not easy for a plaintiff to prove; however, a inquiry into the merits is premature on a Rule 15 motion. Nevertheless, a review of Judge Cole's comments during the hearing shows that he questioned Sommerfield extensively about the merits of his legal argument and his ability to prevail on his claims. *See* Tr. 28:21-28:25 ("What case holds that because you only train people at the Academy and that thereafter you don't have a continuous policy of training, that is a deliberate indifference to the rights of citizens?"); *id.* at 29:10-15 ("The problem is do you have a case that even remotely holds that because you're only trained in the Academy and you're not – there's not an ongoing series of training throughout the course of your police career, that [that] is [the] kind of deliberate indifference that you need to plead for a *Monell* claim?"); *id.* at 30:9-13 ("In order to prove . . . what you need to prove to prevail, which is that they were on notice of a pattern of constitutional violations resulting from the inadequate training, you're going to have to take extensive discovery."); *id.* at 32:12-23

11

(opining that Sommerfield would need an expert to tell the jury whether the training was inadequate). Rather than reviewing the proposed amended complaint for Rule 12(b)(6) issues and construing allegations and inferences in favor of the plaintiff, it appears that Judge Cole may have prematurely assessed the merits of the claim based on the sufficiency of the evidence and the soundness of the legal argument, something easy to do given his extensive experience supervising discovery in the case.[11] In doing so, Judge Cole demanded more of Sommerfield than the liberal notice pleading required for a § 1983 claim under Rule 8 and *Twombly*. *See Erickson v. Pardus*, __ U.S. __, 127 S. Ct. 2197, 2200 (2007) (holding, post-*Twombly* in an Eighth Amendment case brought pursuant to § 1983, that conclusory allegations were sufficient to state a claim because the plaintiff was required only to plead so as to "give the defendant fair notice of what the claim is and the grounds upon which it rests").

Keeping in mind liberal notice pleading standards and the fact that leave to amend should be granted liberally pursuant to Rule 15, denial based on an assessment of the merits is contrary to the law. In the § 1981/§ 1983 counts of his proposed second amended complaint, Sommerfield alleges in part that: the City provides insufficient training on discrimination and harassment by training only at the academy, ¶¶ 88, 90; the failure to train regularly demonstrates a custom and practice, ¶ 94; the City acted in reckless disregard by failing to train, ¶ 95; the City knew the failure to train would increase the likelihood of discrimination and harassment, ¶ 96; certain officers did not know if they had been trained or that their actions were unlawful, ¶¶ 90, 97-98; three people complained of discrimination by Knasiak, ¶ 126; supervisors ignored

---

[11]Judge Cole did not allow further briefing on the merits of the claims. *See* Tr. 29:1-30:3 (denying Sommerfield the opportunity to file a memorandum outlining the legal bases for his claim).

complaints and did not know the procedure for complaints, ¶¶ 99, 122; the lack of training was done with reckless disregard and deliberate indifference, ¶ 107; and there is a causal connection between the policies and the plaintiff's claims of religious and national origin discrimination, ¶ 131. In regard to the City's investigations, Sommerfield alleges in part that: the City does not have a policy of investigating promptly and efficiently, ¶ 101; investigations take several years, ¶ 102; the plaintiff's investigation took three years, ¶ 103; discrimination and harassment continued during the investigation because the parties are not separated, ¶¶ 33, 105; lengthy investigations are the custom and practice of the City, ¶ 104; and this is done with reckless disregard and deliberate indifference, ¶ 108. These allegations, although conclusory in many regards, are sufficient to put the City on notice of the claims against it. Therefore, Sommerfield's objections to Judge Cole's March 4, 2008 order are sustained and his motion to allow a second amended complaint is granted in part, consistent with this opinion.[12]

## C.     Sommerfield's Motion To Amend And Ongoing Discovery

A court may, in its discretion, make an amendment contingent. *See, e.g., S.F.M. Corp. v. Sundstrand Corp.*, 99 F.R.D. 101, 107 (N.D. Ill. 1983) (justice required that a belated amendment of counterclaims be conditioned on defendant's reimbursement of costs to reexamine previously deposed witnesses). In light of the imminent close of fact discovery and Sommerfield's representations that he has already conducted all the discovery he needs on the

---

[12]The court sees no other obvious grounds for denying the motion for leave to amend. Although Judge Cole raised the possibility of the claims being time-barred, given the sparse arguments on the issue from the parties and the dispute over when Sommerfield knew or should have known that the City's alleged failure to adequately train was the likely cause of his injury, the court finds the issue more appropriate for resolution on a motion to dismiss or summary judgment than on a Rule 15 motion to amend.

new claims, the court allows Sommerfield to file an amended complaint consistent with this

order within ten days, conditioned on plaintiff's agreement not to propound further fact

discovery relating to these claims absent prior permission from the court. If the City believes it

needs additional fact discovery to defend itself against the new claims, it may propound requests

no more than fourteen days after plaintiff files his second amended complaint and seek a further,

short, extension of the close of fact discovery for this limited purpose. All other fact discovery

must be completed by the existing deadline of May 16, 2008 and expert discovery will proceed

on the schedule set by Judge Cole on February 7, 2008.

## CONCLUSION

As explained above, the court sustains Judge Cole's order as to the denial of leave to

amend to add Knasiak, but overrules the denial of leave to add claims against the City.

Accordingly, the plaintiff's Rule 72(a) objections are sustained in part and overruled in part and

plaintiff's motion to allow a second amended complaint is granted in part and denied in part.

Plaintiff may file a second amended complaint, consistent with this order, within ten days.

ENTER:


_____/s/_____
JOAN B. GOTTSCHALL
United States District Judge

DATED: April 29, 2008

14

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DETLEF SOMMERFIELD | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No.  06 C 3132 |
| | ) |
| CITY OF CHICAGO | ) |
| SERGEANT KNASIAK #1841 | ) |
| | ) Honorable Judge Gottschall |
| | ) Honorable Magistrate Judge Jeffrey Cole |
| | ) |
| | ) JURY DEMAND |
| Defendants. | ) |

## SECOND AMENDED COMPLAINT[1]

### *Jurisdiction and Venue*

1. This Court has jurisdiction under 42 USC section 2000e et.seq. 28 USC §1331 and §1343. The jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 1343(3) and 1343(4) conferring original jurisdiction upon this court of any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights, under the Declaratory Judgment Statute, 22 U.S.C. § 2201, under 42 U.S.C. § 1983 and §1981, and under Title VII, 42 U.S.C. § 2000e, et seq.. All of the illegal and unlawful acts of discrimination occurred in the Northern District of Illinois. Venue is proper under 28 USC §1391(b) and (c).

2. On 29 November 2004, the Equal Employment Opportunity Commission found that the Chicago Police Department discriminated against the plaintiff based upon his national origin, German, and his religion, Jewish.  Attached.

3. On 8 March 2006, the EEOC issued a right to sue letter.  Attached.

4. The plaintiff commenced this lawsuit within 90 days of receipt of the right to sue letter.

---

[1] The plaintiff incorporates by reference the dismissed claims from the previous complaint to the extent such is needed to preserve his right to appeal.

**EXHIBIT**

**7**

*Parties*

5. The plaintiff is a natural person, residing in the Northern District of Illinois.

6. Upon information and belief, the City of Chicago is a municipality, operating the Chicago Police Department.

7. Upon information and belief, the defendant, Sergeant Knasiak, is a sergeant with the Chicago Police Department.

8. Sergeant Knasiak acted under color of state law.

***Common Facts For All Counts***

9. The plaintiff is a German Jew who emigrated to the United States. His family was killed in the Holocaust.

10. The plaintiff has worked for the Chicago Police Department since 5 July 1994.

11. In or about January 2000, Sergeant Knasiak was transferred to the plaintiff's area, making the plaintiff subordinate to him.

12. Repeatedly, Sergeant Knasiak referred to the plaintiff's Jewish heritage. He would ask the plaintiff, why didn't Hitler kill all of you Jews; burn Jew burn; how do you fit 1000 Jews inside of a car--by putting them in the ashtray; you Jews are bloodsucking parasites; don't you two jag offs go pulling over Jews and niggers all night; Germans should be shot in the head for not getting rid of the Jew problem; did your parents crawl from under the fence in the concentration camp; f—k--g Germans can't do anything right; they missed a whole bunch of Jews and now they are living in this fucked up country; Germans are just like niggers, couldn't get rid of them then, can't get rid of them now; f--k--g Jew boy and so forth.

13. Sergeant Knasiak would call the plaintiff a Nazi. He would show the plaintiff his swastika.

2

14. Sergeant Knasiak would call the plaintiff a stupid German.

15. When the plaintiff would enter a room, Sergeant Knasiak would raise his right hand and salute the plaintiff as Nazis would salute each other.

16. Repeatedly, the plaintiff informed Sergeant Knasiak that his attacks on the plaintiff's Jewish heritage and German descent were painful.

17. Treating the plaintiff differently than officers who were not Jewish and/or German, the defendants would assign the plaintiff to high crime areas without a partner, though officers with lesser seniority and who were not German and/or Jewish were given partners.

18. Treating the plaintiff differently than officers who were not Jewish and/or German, when the defendants did assign a partner to the plaintiff, the defendants would frequently change the plaintiff's partner, though officers who were not German and/or Jewish received steady partners.

19. Treating the plaintiff differently than officers who were not Jewish and/or German, the defendants frequently changed the plaintiff's starting times.

20. Treating the plaintiff differently than officers who were not Jewish and/or German, the defendants assigned the plaintiff to work hospital duty, though the plaintiff had higher seniority than other officers who were not German and/or Jewish and who were not assigned hospital duty.

21. Treating the plaintiff differently than officers who were not Jewish and/or German, the defendants, when assigning the plaintiff to do hospital duty, required the plaintiff to use his own car, instead of a police car.

22. Treating the plaintiff differently than officers who were not Jewish and/or German, the defendants assigned different cars day-to-day to the plaintiff, though officers who had

3

less seniority than the plaintiff and who were not German and/or Jewish were given cars that did not change from day-to-day.

23. Treating the plaintiff differently than officers who were not Jewish and/or German, the defendants suspended the plaintiff for five days for not contacting the dispatcher to obtain an ID from his residence, although the plaintiff's partner, received only a reprimand for the same conduct, and for allegedly yelling at Sergeant Knasiak though it was Sergeant Knasiak who relentlessly yelled at the plaintiff.

24. Treating the plaintiff differently than other officers who were not Jewish and/or German, other officers received the position of canine patrol which was a position that the plaintiff wanted, though the plaintiff was higher on the list to receive the position.

### Count I:  Religious discrimination against the City of Chicago

25. The plaintiff incorporates by reference the common facts relating to all counts.

26. Repeatedly, the plaintiff asked Sergeant Knasiak to stop making references to his Jewish heritage.

27. Repeatedly, Sergeant Knasiak refused.

28. Sergeant Knasiak openly and publicly made discriminatory statements and comments relating to the plaintiff's Jewish religion.

29. Yet, the City of Chicago failed to stop Sergeant Knasiak from making such harmful and discriminatory comments and statements.

30. The plaintiff repeatedly complained to several supervisors about Sergeant Knasiak harassing him and discriminating against him based upon his national origin and Jewish religion, but such supervisors ignored the plaintiff and did nothing.

31. Indeed, Lt. Carson Ernest, one of the plaintiff supervisors, instructed the plaintiff to put on boxing gloves and fight it out with Sergeant Knasiak.

32. In March 2004, the plaintiff filed a written complaint with the internal affairs division regarding the discrimination and hostile work environment against Sergeant Knasiak.

33. However, the defendant, City of Chicago, continued to allow the discrimination and hostile work environment against the plaintiff, during the three years of the investigation by the internal affairs division.

34. The City of Chicago failed to take any immediate and appropriate corrective action to ensure that Plaintiff would not be subject to further discrimination and harassment.

35. The harassment was sufficiently pervasive and severe as to alter the conditions of Plaintiff's employment and to create a hostile, intimidating and/or abusive work environment.

36. The City of Chicago created a hostile, work environment for the plaintiff, adversely affecting his ability to perform his duties.

37. The City of Chicago treated the plaintiff differently because he was a German Jew than it treated those who were not.

38. During the many years that Sergeant Knasiak discriminated and harassed the plaintiff, the plaintiff suffered stress and fear. This fear and stress interfered with his work conditions and ability to perform his work.

39. The City of Chicago acted blindly towards discrimination and harassment.

40. The City of Chicago's supervisors failed to take any action against Sergeant Knasiak. Therefore, the defendant, City of Chicago, authorized, commanded, acquiesced or assented to Sergeant Knasiak harassing the plaintiff.

41. By failing to prohibit Sergeant Knasiak, and thus, encouraging him, the City of Chicago specifically intended to injure the plaintiff.

42. Despite Plaintiff's repeated complaints, the City of Chicago continued to allow Sergeant Knasiak to discriminate and harass the plaintiff.

43. The City of Chicago ratified Sergeant Knasiak's repeated discrimination and harassment of the plaintiff.

44. The City of Chicago violated the plaintiff's Civil Rights Act, 42 USC section 2000e, et seq.

45. The plaintiff has suffered pain, humiliation and embarrassment and will continue to suffer pain, humiliation and embarrassment.

46. The City of Chicago, by failing to prohibit Sergeant Knasiak from repeatedly harassing the plaintiff, acted willfully and wantonly.

Wherefore, the plaintiff prays that this court will enter judgment for the plaintiff and against the defendant for violating his Civil Rights Act, and grant relief including, but not limited to:

    a. Granting damages exceeding $100,000 because the plaintiff suffered humiliation, embarrassment, insult and emotional suffering because of the City of Chicago's violations of 42 USC §1983;

    b. Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, and those acting in consort with Defendant, from continuing to violate Plaintiff's civil rights;

    c. Granting a permanent injunction requiring the defendant to institute policies and procedures complying with and conforming to 42 USC §2000e et seq.

    d. Ordering the City of Chicago to pay the plaintiff attorney fees and costs for violating 42 USC §1983;

    e. A declaration that the defendant violated 42 USC §2000e et seq.;

    f. Retaining jurisdiction to ensure that the defendant stops violating the law against the plaintiff;

    g. Granting all other relief to make the plaintiff whole because of the City of Chicago's violations.

### Count II:  National origin discrimination: German; against the City of Chicago

47. The plaintiff incorporates by reference the common facts relating to all counts.

48. Repeatedly, the plaintiff asked Sergeant Knasiak to stop making references to his German heritage.

49. Repeatedly, Sergeant Knasiak refused.

50. Sergeant Knasiak openly and publicly made discriminatory statements and comments relating to the plaintiff's German heritage.

51. He would refer to the plaintiff as a Nazi, stupid German and so forth.

52. Yet, the City of Chicago failed to stop Sergeant Knasiak from making such harmful and discriminatory comments and statements.

53. The plaintiff repeatedly complained to several supervisors about Sergeant Knasiak harassing him and discriminating against him based upon his national origin and Jewish religion, but such supervisors ignored the plaintiff and did nothing.

54. However, the defendant, City of Chicago, continued to allow the discrimination and hostile work environment against the plaintiff, during the three years of the investigation by the internal affairs division.

55. The City of Chicago failed to take any immediate and appropriate corrective action to ensure that Plaintiff would not be subject to further discrimination and harassment.

56. The harassment was sufficiently pervasive and severe as to alter the conditions of Plaintiff's employment and to create a hostile, intimidating and/or abusive work environment.

57. The City of Chicago created a hostile, work environment for the plaintiff, adversely affecting his ability to perform his duties.

58. The City of Chicago treated the plaintiff differently based on his German national origin than those with other types of national origin.

59. During the many years that Sergeant Knasiak discriminated and harassed the plaintiff, the plaintiff suffered stress and fear. This fear and stress interfered with his work conditions and ability to perform his work.

60. The City of Chicago acted blindly towards discrimination and harassment.

61. The City of Chicago's supervisors failed to take any action against Sergeant Knasiak. Therefore, the defendant, City of Chicago, authorized, commanded, acquiesced or assented to Sergeant Knasiak harassing the plaintiff.

62. By failing to prohibit Sergeant Knasiak, and thus, encouraging him, the City of Chicago specifically intended to injure the plaintiff.

63. Despite Plaintiff's repeated complaints, the City of Chicago continued to allow Sergeant Knasiak to discriminate and harass the plaintiff.

64. The City of Chicago ratified Sergeant Knasiak's repeated discrimination and harassment of the plaintiff.

65. The City of Chicago violated the plaintiff's Civil Rights Act, 42 USC section 2000e, et seq.

66. The plaintiff has suffered pain, humiliation and embarrassment and will continue to suffer pain, humiliation and embarrassment.

67. The City of Chicago, by failing to prohibit Sergeant Knasiak from repeatedly harassing the plaintiff, acted willfully and wantonly.

Wherefore, the plaintiff prays that this court will enter judgment for the plaintiff and against the defendant for violating his Civil Rights Act, and grant relief including, but not limited to:

    a.   Granting damages exceeding $100,000 because the plaintiff suffered humiliation, embarrassment, insult and emotional suffering because of the City of Chicago's violations of the federal Civil Rights Act;

    b.   Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, and those acting in consort with Defendant, from continuing to violate Plaintiff's civil rights;

    c.   Ordering the City of Chicago to pay the plaintiff attorney fees and costs for violating his Civil Rights Act;

    d.   Granting all other relief to make the plaintiff whole because of the City of Chicago's violations of his Civil Rights Act.

### Count III: Retaliation against the City of Chicago

68. The plaintiff incorporates by reference counts I and II.

69. After the plaintiff complained about Sergeant Knasiak's discrimination and harassment of the plaintiff, Sergeant Knasiak retaliated against the plaintiff.

70. The defendant required the plaintiff to work in a police car by himself in a high crime neighborhood.

71. This is true though other officers had a partner in the police car with them in a high crime area.

72. Also, this is true though the plaintiff had seniority over many other officers who were assigned to areas where the crime level was lower.

73. Moreover, when the defendant through its agents would assign the plaintiff to work at a nearby hospital to complete police reports, the defendant through its agents would require the plaintiff to use his own car to travel to the hospital.

74. Whereas, other officers who were not discriminated against were given Chicago Police Department cars to travel to the hospital.

75. The defendant would constantly change the plaintiff's starting times, though other officers who did not complain of discrimination and harassment were given steady starting times.

76. Constantly, the defendant would assign the plaintiff to work alone in the police car at night without a partner, though other officers who did not complain of discrimination and harassment were given steady partners.

77. When the defendant would assign a partner to the plaintiff, the defendant would not assign a steady partner, but would regularly change the plaintiff's partner, though other officers who did not complain of discrimination and harassment were given steady partners.

78. Constantly, the defendant would change the plaintiff's beat, though officers who did not complain of discrimination and harassment were given a far steadier beat.

79. Furthermore, Sergeant Knasiak would inform the plaintiff that he would get the plaintiff.

80. Though the plaintiff was higher on the list awaiting the position of canine patrol, those who were lower on the list received the position instead of the plaintiff.

81. Before complaining about the continual harassment and discrimination by Sergeant Knasiak, the plaintiff did not have a disciplinary record since 1994.

82. After complaining about Sergeant Knasiak's harassment and discrimination, the plaintiff was suspended three times totaling 15 days.

83. The defendant retaliated against the plaintiff by not keeping his charges of discrimination, harassment and retaliation confidential, but allowing them to be the talk of the police station.

84. Regarding a charge regarding a pet store where the plaintiff had purchased a puppy who thereafter was sick regarding emergency care, Sergeant Betty Woods found that the

10

charge was not sustained.  However, Lt. Timothy Bialek, in retaliation, sustained the charge, though employees have attended to their personal matters during work hours.

85. The defendant retaliated against the plaintiff through Lt. Carson Ernest who in or about the middle of 2007 threatened to get the plaintiff because he had been suspended for three days relating to the plaintiff's charges against Sergeant Knasiak.

86. The City of Chicago allows and tolerates a custom and practice of supervisors, that is, sergeants, lieutenants and others in management, retaliating against subordinates who complain about retaliation and harassment.

87. The defendant's acts of retaliation through its officers had a causal connection with the plaintiff's complaints of harassment.

88. As a direct and proximate result of the defendant's willful, knowing and intentional discrimination and retaliation against the plaintiff, the plaintiff has suffered and will continue to suffer pain and suffering.

89.  The plaintiff is entitled to general and compensatory damages in amounts to be proved at trial.

Wherefore, the prays that the Honorable Court will enter judgment for the plaintiff and against the defendant for violating his Civil Rights Act, and grant relief including, but not limited to:

    a.  Granting damages exceeding $100,000 because the plaintiff suffered humiliation, embarrassment, insult and emotional suffering because of the City of Chicago's violations of the federal Civil Rights Act;

    b.  Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, and those acting in consort with Defendant, from continuing to violate Plaintiff's civil rights;

    c.  Ordering the City of Chicago to pay the plaintiff attorney fees and costs for violating his Civil Rights Act;

    d.  Granting all other relief to make the plaintiff whole because of the defendant's violations of his Civil Rights Act

### Count IV: §1983 and §1981 claims against the City of Chicago

90. The plaintiff incorporates by reference the previous allegations of the complaint.

91. The city of Chicago allegedly trains its new officers on policies and procedures at the police academy.

92. Such training/instruction to some limited extent involves the city's general prohibition against discrimination.

93. After such training/instruction at the academy, police officers receive no further training relating to discrimination, harassment and retaliation, such as, based upon national origin and religion.

94. Police officers promoted to sergeant and higher supposedly receive some type of training/instruction on discrimination and harassment at school relating to their promotion, such as, sergeant school, lieutenant school and so forth.

95. However, such limited and restricted training/instruction has been deficient. Sergeants and/or lieutenants have testified in this case that they do not know if they have been trained on national origin discrimination, national origin harassment, religious discrimination and religious harassment.

96. Other than the aforementioned, limited and restricted training/instruction, the only training/instruction police officers have received is playing a video of a few minutes on sexual harassment at roll call.

97. Training and instructing police officers regularly on policies against national origin discrimination, national origin harassment, religious discrimination and religious harassment are important.

98. The city's failure to train and instruct police officers regularly on policies against national

origin discrimination, national origin harassment, religious discrimination and religious harassment and retaliation demonstrates a reckless disregard and deliberate indifference to these important rights and public policies.

99. The city's failure to train and instruct police officers regularly on these policies against national origin discrimination, national origin harassment, religious discrimination, religious harassment and retaliation demonstrates a custom and practice which was instituted by policy makers.

100.      The city through its police department acted with reckless disregard by failing to regularly train/instruct its officers against national origin discrimination and harassment and religious discrimination and harassment and retaliation.

101.      On several occasions, Sergeant Knasiak would discriminate against, harass and retaliate against the plaintiff in front of other employees, including, officers, sergeants, lieutenants and captains.

102.      When Sergeant Knasiak would so discriminate, harass or retaliate against the plaintiff, sergeants, lieutenants and captains did not reprimand, discipline or prohibit Sergeant Knasiak from such illegal acts.

103.      Acting with reckless disregard and deliberate indifference, the city knew that its failure to regularly train/instruct its officers would increase the probability of national origin discrimination and harassment, religious discrimination and harassment and retaliation.

104.      Indeed, sergeants and/or lieutenants have testified in this case that they did not know whether attacks and insults, such as, burn Jew burn, don't you two jag offs go pulling over Jews and niggers all night, Hitler should have killed all of you Jews and so forth violated or complied with any City policy.

105.     Sergeants and/or lieutenants did not know whether such attacks and insults were harassing or created a hostile working environment.

106.     Sergeants and/or lieutenants did not know what a victim was supposed to do if confronted with national origin discrimination, national origin harassment, religious discrimination and religious harassment.

107.     Sergeants and lieutenants ignored the plaintiff's complaints of discrimination and harassment for several years.

108.     A custom and practice exists for sergeants and/or lieutenants to ignore an officer's complaints when the accused involves another Sergeant.

109.     The defendant is deficient about training its officers on matters relating to national origin and religious discrimination and harassment by one employee against another employee.

110.     The defendant is deficient about training its officers to report complaints of national origin and religious discrimination and harassment and retaliation.

111.     The defendant is deficient about training its officers to correct acts of national origin and religious discrimination and harassment and retaliation.

112.     The defendant failed to ensure that its subordinates were not deficiently trained to recognize national origin and religious discrimination and harassment and retaliation. and respond to complaints of national origin and religious discrimination and harassment and retaliation.

113.     Among others, Sergeant Betty Woods, Lt. Carson Ernest, Sergeant Majewski, Sergeant Pickering were the plaintiff's supervisors.

114.     The defendant failed to interview the plaintiff's supervisors, such as, Sergeant Betty Woods, Lt. Carson Ernest, Sergeant Majewski, Sergeant Pickering to whom the

plaintiff complained about discrimination/harassment.

115.     At no time after learning about the plaintiff's complaints of discrimination, harassment and retaliation did the defendant inform Sergeant Knasiak that the defendant would have to train him on any policy regarding discrimination, harassment and retaliation because of the plaintiff's complaints of discrimination, harassment and retaliation.

116.     At no time after learning about the plaintiff's complaints of discrimination, harassment and retaliation did the defendant inform the supervisors to whom the plaintiff complained about discrimination, harassment and retaliation that the defendant would have to train them on any policy regarding discrimination, harassment and retaliation because of the plaintiff's complaints of discrimination, harassment and retaliation.

117.     At no time after learning about the plaintiff's complaints of discrimination, harassment and retaliation did the defendant train the eighth district on any policy regarding discrimination, harassment and retaliation because of the plaintiff's complaints of discrimination, harassment and retaliation.

118.     The fact that the plaintiff complained to several supervisors over a course of several years conveys constructive knowledge to the defendant of the national origin and religious discrimination and harassment and retaliation.

119.     Other officers complained about Sergeant Knasiak's racial and/or religious attacks, including, but not limited to, officer Berger and officer Abuzanat.

120.     The defendant failed to discipline the supervisors to whom the plaintiff complained about discrimination, harassment and retaliation for ignoring the plaintiff's complaints of discrimination, harassment and retaliation.

121.     Therefore, the city ratified their actions, that is, by not disciplining and/or training

them, the defendant acquiesced and explicitly acknowledged that some supervisors follow the city's deficient policies and procedures, that is, ignoring complaints of national origin discrimination and harassment and religious discrimination and harassment and retaliation.

122.    Also, because the city fails to discipline supervisors who fail to accept complaints of discrimination/harassment against Sergeants, supervisors were undeterred and ignored the plaintiff's repeated complaints over a course of years.

123.    The defendant's deficient training resulted in the highly predictable injury to the plaintiff.

124.    The city's deficient training was the moving force behind the constitutional violations against the plaintiff which occurred over several years.

125.    As the defendant did not have regular training of Sergeant Knasiak against discriminating against, harassing or retaliating against officers, the defendant had sufficient notice that the failure to train properly and/or regularly would lead to constitutional violations.

126.    It was foreseeable that the failure to train properly would lead to injuries to victims of national origin and religious discrimination and harassment and retaliation.

127.    Also, it was foreseeable that failing to properly train or failing to regularly train would lead to the plaintiff's injury.

128.    The defendant was deliberately indifferent by failing to institute a proper training program regarding the clear and recurrent constitutional rights against discrimination, harassment and retaliation.

129.    Had the city not acted with deliberate indifference, Sergeant Knasiak who was inclined to engage in harassment, discrimination and  retaliation, would have been

deterred.

130.     Moreover, the city acted with deliberate indifference by failing to discipline Sergeant Knasiak for engaging in repeated acts of discrimination, harassment and retaliation over a course of years against the plaintiff, officer Abuzanat and/or officer Berger.

131.     Thus, the city ratified Sergeant Knasiak's acts of discrimination, harassment and retaliation against the plaintiff, officer Abuzanat and/or officer Berger and/or acquiesced to such acts.

132.     Also, the city acted with deliberate indifference by not separating Sergeant Knasiak from the plaintiff, officer Abuzanat and officer Berger, though they were on notice that he was discriminating against them.  The defendant's failure to act demonstrates their acquiescence of Sergeant Knasiak's conduct of discrimination, harassment and/or retaliation.

133.     It was foreseeable that Sergeant Knasiak would encounter recurring situations of having subordinates with different national origins and different religious affiliations.

134.     Yet, the defendant with deliberate indifference failed to train Sergeant Knasiak, or any supervisor, of what constitutes national origin discrimination and harassment and religious discrimination and harassment either before or after the plaintiff's complaints of discrimination, harassment and retaliation.

135.     The defendant's failure to respond to the plaintiff's repeated complaints of discrimination/harassment denied him equal protection.

136.     The City of Chicago allows and tolerates a custom and practice of supervisors, that is, sergeants, lieutenants and others in management, retaliating against subordinates who complain about retaliation and harassment.

137.    The defendant's alleged policy on discrimination fails to define or describe national origin discrimination and harassment or religious discrimination and harassment.

138.    The defendant acted with deliberate indifference to a foreseeable risk that by not defining or describing national origin discrimination and religious discrimination, employees would not know what constitutes such, and thus, would engage in discrimination and harassment.

139.    Sergeants testified that there was no training on what a victim should do if harassed/discriminated against regarding national origin and religious discrimination and harassment and retaliation.

140.    Also, the defendant has no policy to enforce any policy of having supervisors report claims of discrimination caused by another Sergeant/lieutenant.

141.    The defendant has no policy to encourage supervisors to report claims of discrimination/harassment caused by another sergeant/lieutenant.

142.    The training at the police academy involved the defendant's policy against discriminating against citizens, but not against employees.

143.    The defendant's only training relating to discrimination and harassment relates to officers being trained at the police academy when they are hired initially and, after January 2000, viewing one video on sexual harassment.

144.    The defendant has no policy to ensure that all employees view the video on sexual harassment, particularly regarding employees who are sick on the day that the video is shown or are on vacation etc.

145.    After a victim complains of national origin discrimination, national origin harassment, religious discrimination, religious harassment and retaliation with the internal affairs division, the internal affairs division supposedly begins an investigation.

146.     Acting with reckless disregard and deliberate indifference, the city fails to have a policy of investigating claims of discrimination, harassment and retaliation promptly and efficiently.

147.     Indeed, acting with reckless disregard and deliberate indifference, the city's investigations relating to discrimination, harassment and retaliation have taken multiple years.

148.     The city's investigation relating to the plaintiff's complaint of harassment, retaliation and discrimination took approximately 3 years before it was completed.

149.     The custom and practice for the city is to take multiple years to complete an investigation based about harassment, retaliation and discrimination.

150.     During the city's investigation, acting with reckless disregard and deliberate indifference, the city does not have a policy or practice of separating the discriminator, harasser and retaliator from the victim.

151.     Therefore, acting with reckless disregard and deliberate indifference, the city creates an environment of allowing the discriminator, harasser and retaliator to continue to discriminate against, harass or retaliate against the victim during the city's long investigation.

152.     Acting with reckless disregard and deliberate indifference, the city of Chicago allows and tolerates a custom and practice of failing to train regularly its employees on its illusory policies against national origin discrimination, national origin harassment, religious discrimination, religious harassment and retaliation.

153.     Acting with deliberate indifference and reckless disregard, the city of Chicago allows and tolerates a custom and practice of taking multiple years to investigate claims by victims of discrimination, harassment and retaliation.

19

154.      Acting with deliberate indifference and reckless disregard, the city of Chicago

does not enforce or implement any policy to ensure the confidentiality of investigations

relating to discrimination, harassment and retaliation.  In the instant case, the plaintiff's

claims of harassment, discrimination and retaliation were the talk throughout the district

where the plaintiff and Sergeant Knasiak were employed.

155.      Acting with reckless disregard and deliberate indifference, the city of Chicago

allows and tolerates a practice of allowing the harasser, discriminator and retaliator to

continue to work in the same area as the victim, instead of separating them.

156.      The city's acts and practices and failure to institute appropriate policies and

procedures have a causal connection with the harassment, discrimination and retaliation

against the plaintiff.

157.      As a direct and proximate result of the defendant's willful, knowing and

intentional discrimination, harassment and retaliation against the plaintiff, the plaintiff

suffered and continues to suffer.

158.      The plaintiff is entitled to general and compensatory damages in amounts to be

proved at trial.

Wherefore, the prays that the Honorable Court will enter judgment for the plaintiff and

against the defendant for violating his Civil Rights Act, and grant relief including, but not

limited to:

    a.   Granting damages exceeding $100,000 because the plaintiff suffered humiliation,
       embarrassment, insult and emotional suffering because of the City of Chicago's
       violations;

    b.   Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors,
       employees, and those acting in consort with Defendant, from continuing to violate
       Plaintiff's rights;

    c.   Ordering the City of Chicago to pay the plaintiff attorney fees and costs for
       violating his rights;

d.  Granting all other relief to make the plaintiff whole because of the defendant's violations of his rights.

**Count V: §1983 and §1981 claims against the City of Chicago**

159.    The plaintiff incorporates by reference to previous allegations in the complaint.

160.    For years, Sergeant Knasiak in front of other sergeants, lieutenants and so forth would make discriminatory and harassing remarks against the plaintiff based upon his German nationality and Jewish religion.

161.    For years, Sergeant Knasiak in front of other sergeants and lieutenants would discriminate against and harass the plaintiff based on his German national origin and Jewish religion.

162.    For several years, Sergeant Knasiak discriminated against and harassed the plaintiff based on his Jewish religion and German national origin, though he did not discriminate against those who were not German and Jewish.

163.    Sergeant Knasiak's harassment, discrimination and retaliation against the plaintiff were open and public, often at roll call and done under color of state law.

164.    The harassment, discrimination and retaliation that the plaintiff suffered were based upon his German national origin and Jewish religion.

165.    Because Sergeant Knasiak's discrimination and harassment of the plaintiff was open and obvious, often at roll call, in front of other sergeants and lieutenants, the city had a custom and practice of allowing such discrimination and harassment.

166.    Indeed, Sergeant Knasiak felt comfortable discriminating against, harassing and retaliating against the plaintiff for several years, knowing that the city would do little to nothing against him.

167.    In fact, Lt. Carson Earnest, the acting watch commander of the District at the

Chicago Police Department where the plaintiff and Sergeant Knasiak were employed, told the plaintiff to put on boxing gloves and fight it out with Sergeant Knasiak relating to the plaintiff's claims of harassment, discrimination and retaliation.

168.    Even after the plaintiff filed a written complaint with the internal affairs division, during a three-year investigation, the city did nothing to prevent Sergeant Knasiak from continuing to harass, discriminate against and retaliate against the plaintiff.

169.    The internal affairs division had claims of discrimination and harassment against Sergeant Knasiak by other officers other than the plaintiff.

170.    Yet, the city of Chicago did nothing to separate Sergeant Knasiak from the victims.

171.    Moreover, the city of Chicago did nothing to promote any type of training/instruction relating to discrimination, harassment and retaliation during or after the investigation, though three people complained of discrimination and harassment against Sergeant Knasiak.

172.    Effectively, the city of Chicago acquiesced, approved and allowed the continual discrimination, harassment and retaliation by a Sergeant against subordinates.

173.    The city's failure to train/instruct against national origin discrimination, national origin harassment, religious discrimination, religious harassment and retaliation demonstrates a reckless disregard and deliberate indifference to the constitutional rights of the plaintiff and other victims of harassment, discrimination and retaliation.

174.    With a moral certainty, the city with reckless disregard and deliberate indifference knew that without appropriate training/instruction, the probability would increase that its supervisors would discriminate, harass and retaliate against their subordinates.

175.    With a moral certainty, the city with reckless disregard and deliberate indifference

knew that without appropriate training/instruction, the probability would increase that supervisors would ignore complaints of harassment, discrimination and retaliation I subordinates, particularly when they are lodged against a fellow supervisor.

176.    But for its reckless disregard and deliberate indifference, the city knew that regular training/instruction of its employees would decrease the probability of a supervisor harassing, discriminating and retaliating against subordinates.

177.    But for its reckless disregard and deliberate indifference, the city knew that regular training/instruction of its employees would decrease the probability that supervisors to whom a victim complained would ignore the complaints of harassment, discrimination and retaliation.

178.    But for its reckless disregard and deliberate indifference, the city knew that its failure to conduct a prompt and timely investigation would allow the harasser, discriminator and retaliator to continue to discriminate, harass and retaliate against the victim.

179.    But for its reckless disregard and deliberate indifference, the city knew that its failure to separate the harasser, retaliator and discriminator from the victim during the investigation would allow the harasser, retaliator and discriminator to continue to harass, retaliate and discriminate against the victim.

180.    By failing to take appropriate actions, and failing to institute appropriate policies, the city, acting with reckless disregard and deliberate indifference, knew that its omissions and commissions would result in constitutional violations.

181.    The city's acts and practices, and failure to institute appropriate policies and procedures, have a causal connection with the harassment, discrimination and retaliation that the plaintiff suffered.

182.     As a direct and proximate result of the defendant's willful, knowing an intentional

discrimination, harassment and retaliation against the plaintiff, the plaintiff suffered and

continues to suffer.

183.     The plaintiff is entitled to general and compensatory damages in amounts to be

proved at trial.

Wherefore, the prays that the Honorable Court will enter judgment for the plaintiff and

against the defendant for violating his Civil Rights Act, and grant relief including, but not

limited to:

   a.   Granting damages exceeding $100,000 because the plaintiff suffered humiliation,
        embarrassment, insult and emotional suffering because of the City of Chicago's
        violations;

   b.   Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors,
        employees, and those acting in consort with Defendant, from continuing to violate
        Plaintiff's rights;

   c.   Ordering the City of Chicago to pay the plaintiff attorney fees and costs for
        violating his rights;

   d.   Granting all other relief to make the plaintiff whole because of the defendant's
        violations of his rights.


Respectfully submitted,


Joseph A. Longo

**LONGO AND ASSOCIATES, LTD.**
Joseph A. Longo, Esq.
2100 West Haven
Mount Prospect, IL  60056
847/640-9490
Attorney Number 53635

## CERTIFICATE OF SERVICE

I, Joseph A. Longo, an attorney, certify that I served this amended complaint by electronic filing on 10 May 2008 at 9 a.m..  Under penalties as provided by law pursuant to 735 ILCS, Sec 5/1-109, I certify that the statements set forth in this Certificate of Service are true and correct.


_____
Joseph A. Longo

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DETLEF SOMMERFIELD        )
                          )
        Plaintiff,        )        Case No. 06 C 3132
                          )
    v.                    )        Judge Joan B. Gottschall
                          )
CITY OF CHICAGO,          )
                          )
        Defendant.        )

## ORDER

Before the court is an objection to Magistrate Judge Cole's order issued on May 6, 2008

(the "Order"), in which Judge Cole denied plaintiff's discovery motions. The plaintiff, Detlef

Sommerfield ("Sommerfield"), timely filed objections to the Order. *See* Fed. R. Civ. P. 6(a); *id.*

at 72. For the reasons stated below, Sommerfield's objections are overruled.

### I. BACKGROUND

Sommerfield's Rule 72 motion reflects the latest in a series of contentious discovery

battles in this case. On May 6, 2008, Judge Cole issued a minute order that read:

> Motion hearing held and continued to a date to be provided by the parties.
> Plaintiff's motion to compel defendant to produce alleged extensions to complete
> the three-year investigation and documents relating to investigation [163] is re-
> granted as to Sergeant Knasiak and re-denied as to the request for all documents
> relating to every other investigation in District Eight during the defined period.
> Plaintiff's motion to allow discovery of complaint of discrimination, harassment
> and retaliation outside of the Eighth District [164] is denied. It appears that these
> are matters that have previously [been] decided. Plaintiff's motion to compel
> relating to Rule 30(b)(6) deposition [181] is entered and continued until [counsel
> for Sommerfield] provides a transcript reflecting what was ordered.

*See* Order. At issue in Sommerfield's Rule 72 motion are Judge Cole's rulings on two of

the three discovery motions: (1) Motion to Compel Defendant to Produce Any Alleged

Extensions to Complete the Three-Year Investigation and Documents Relating to



EXHIBIT

8

Investigations ("Motion to Compel"); and (2) Motion to Allow Discovery of Complaints

of Discrimination, Harassment and Retaliation Outside of the Eighth District and Charges

Relating to Sergeant Knasiak and How They Were Handled ("Motion to Allow

Discovery"). It would be premature to consider the third motion, Motion to Compel

Relating to Rule 30(b)(6) Deposition, as it remains pending while Judge Cole awaits the

requested transcript.

## II. ANALYSIS

### A.    Legal Standard

Where a magistrate judge has decided a nondispositive pretrial matter, such as a

discovery motion, "[t]he district judge in the case must consider timely objections and modify or

set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P.

72(a); *accord* 28 U.S.C. § 636(b)(1)(A). "The clear error standard means that the district court

can overturn the magistrate judge's ruling only if the district court is left with the definite and

firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d

926, 943 (7th Cir. 1997). Because magistrate judges are afforded broad discretion in the

resolution of discovery disputes, several courts have concluded that Rule 72 requires the district

court to employ an abuse of discretion standard of review. *See, e.g.*, *Botta v. Barnhart*, 475 F.

Supp. 2d 174, 185 (E.D.N.Y. 2007) (noting that "[a] party seeking to overturn a discovery order .

. . bears a heavy burden" because "reversal is appropriate only if [the magistrate's] discretion [to

resolve discovery disputes] is abused"); *Murphy v. Gardner*, 413 F. Supp. 2d 1156, 1162 (D.

Colo. 2006) (stating that Rule 72(a) objections "will be overruled unless the Court finds that the

Magistrate Judge abused his discretion"); *Adams v. Ardcor Div. of Am. Roll Tooling, Inc.*, 196

F.R.D. 345, 347 (E.D. Wis. 2000) (concluding that the plaintiff had failed to show the magistrate

judge had "abused her discretion by not entering a protective order").

**B.    Arguments**

Sommerfield argues that he has a right to the materials requested in discovery because

they are relevant and essential to help him defeat the defendant's affirmative defense and to

prove claims in his second amended complaint.

1.    Motion to Compel

Judge Cole denied Sommerfield's Motion to Compel Defendant to Produce Any Alleged

Extensions to Complete the Three Year Investigation and Documents Relating to Investigations

to the extent it requested documents on investigations other than those relating to Sommerfield

himself. *See* Tr. 18:12-22 (Judge Cole states that Sommerfield is "entitled to whatever

documents there were relating to why [the investigation into Sommerfield's complaint] took so

long"); *id.* at 20:19-21 (Judge Cole: "You're not going to get documents that relate to every

investigation in the Eighth District."); *id.* at 21:11-13 (No. 163 [is] re-granted again, only to the

extent that it pertains to Sergeant Knasiak."). Judge Cole explained his partial denial in the

following way:

> [Sommerfield is] entitled to rules, regulations and procedures that detail the times
> that investigations ought to take or ought to follow. [He does not] get to go
> rummaging around in every other investigation that's ever been conducted to see
> how it was conducted and how long it took.

*Id.* at 21:20-25.

Sommerfield asserts two primary reasons why he needs the documents: (1) to defend

against the defendant's affirmative defense; and (2) to "prosecute and prove his claim" that the

defendant has a practice of not acting promptly to investigate complaints of harassment,

discrimination, and retaliation. Pl.'s Objections at 8. In response, the defendant asserts that

3

Sommerfield has failed to show that Judge Cole abused his discretion because: (1) the defendant

has produced documents and deponents relevant to its affirmative defense and Judge Cole

properly found that Sommerfield's request for additional discovery was overly broad; and (2)

discovery relating to the second amended complaint is inappropriate in light of this court's April

29, 2008 order granting leave to file a second amended complaint on the condition that further

discovery not be propounded.

The court agrees with the defendant that Sommerfield fails to meet his burden to explain

why Judge Cole's ruling denying discovery is in clear error.  Sommerfield rehashes his original

arguments on why the discovery he wants is relevant and necessary to his claims and defenses,

impermissibly asking this court to substitute its judgment for that of Judge Cole. *See, e.g., Am.*

*Motors Corp. v. Great Am. Surplus Lines Ins. Co.*, No. 87 C 2496, 1988 WL 2788, at *1 (N.D.

Ill. Jan. 8, 1988) ("Ordinarily, under clearly erroneous review, if there are two permissible views,

the reviewing court should not overturn the decision solely because it would have chosen the

other view.").  Judge Cole is in a better position than this court to rule on discovery disputes and

the court will reverse only for an abuse of discretion that would result in "actual and substantial

prejudice." *See Weeks*, 126 F.3d at 943.

Sommerfield attempts to excuse his lack of argument on why the Order is contrary to law

by asserting that Judge Cole "did not seem to provide his complete reasoning why he would not

allow the plaintiff to receive these documents, so that the plaintiff could defend himself." Pl.'s

Objection at 5.  However, the record in this case indicates to the contrary.  Judge Cole told the

parties at the hearing on May 6, 2008 that he would be issuing an order that dealt, in part, with

Sommerfield's arguments regarding the need for discovery to defend against the affirmative

defense. *See* Tr. 15:6-12 (May 6, 2008) (Judge Cole notes that he discusses Sommerfield's

4

arguments in a forthcoming written opinion). That order was issued on May 7, 2008 and

amended on May 12, 2008.[1] *See* Am. Mem. Opinion & Order & Report & Recommendation, 06

C 3132, § D at 12-15 (May 12, 2008) (amending memorandum opinion and order dated May 7,

2008 regarding Sommerfield's rule to show cause). The May 12, 2008 order addressed

Sommerfield's request to strike the defendant's affirmative defense. *See* 06 C 3132, Order at 12-

14 (May 12, 2008). Judge Cole ruled that Sommerfield's "motion as it pertains to the requests

for facts relating to the defense has already been decided." *See* 06 C 3132, Order at 13 (May 12,

2008). Yet, in an abundance of caution, Judge Cole ordered the defendant to inform

Sommerfield of any additional aspects of the affirmative defense if the defense was something

"other than Mr. Sommerfield's mere failure to have complained about the discrimination and

retaliation alleged in the complaint." *Id.* at 14.

   Thus, the record, as it stood before Sommerfield filed this objection, shows that Judge

Cole denied the Motion to Compel, in part, because he had decided it before. Sommerfield does

not directly address how this conclusion is contrary to law. He simply argues that the discovery

is necessary and relevant, which goes to the merits of the issue, not to the correctness of Judge

Cole's conclusion that the motion was duplicative. Therefore, Sommerfield fails to show that the

Order was in clear error on this basis of his need for discovery to address the affirmative defense.

   The court is troubled by Sommerfield's second argument, namely that he needs the

discovery to prove claims added in his second amended complaint. As the defendant notes, the

court allowed Sommerfield to file a second amended complaint on condition that he not

---

[1] Judge Cole issued a memorandum opinion and order on May 7, 2008 and amended it on May
12, 2008. The order resolved Sommerfield's Motion for Rule to Show Cause Why Defendant
Should Not Be Held In Contempt For Violating Court Order [110]. To the extent that
Sommerfield sought a finding of contempt, Judge Cole designated certain parts of his well-
reasoned opinion to be a Report and Recommendation [199], which this court now fully adopts.

propound additional discovery absent leave. The court's concern about prejudice from the expansion of discovery was assuaged by Sommerfield's assurances that he had the necessary discovery to support his new claims. *See, e.g.*, Hearing of Mar. 4, 2008, Tr. 19:25 (Sommerfield's counsel, appearing before Judge Cole: "I have the discovery I need."). Sommerfield contends that he is not violating the court's April 2008 directive not to propound additional discovery because this discovery pre-dates the order granting leave to file the second amended complaint. He is technically correct. However, the court is unable to reconcile Sommerfield's unconditional assurance, in a motion for leave to amend, that he did not need additional discovery, with his current assertion, in a discovery motion, that additional discovery is essential to proving his newly-added claims. As a result, it rejects this argument as a valid basis for overruling Judge Cole's order.

Sommerfield makes several other arguments, but does not fully develop them. For example, he contends that he is entitled to documents because Lieutenant Susan Clark said she could produce those documents. However, he does not explain why he has a right to these documents in light of Judge Cole's ruling that the documents are beyond the scope of necessary discovery. *See also* Tr. 19:17-20:2. Sommerfield argues, in a footnote, that Judge Cole backtracked on a previous order, but attaches no proof of this. *See* Pl.'s Objection at 5 n.2. He also argues that Judge Cole misread Sommerfield's discovery request because he denied access to documents relating to investigations in the Eighth District whereas the motion sought documents in all districts. *Id.* However, he provides no basis for the court to find that Judge Cole's order – narrow or broad – was an abuse of discretion. His objections to Judge Cole's denial of the Motion to Compel are overruled.

2.    Motion to Allow Discovery

Judge Cole denied Sommerfield's Motion to Allow Discovery of Complaints of

Discrimination, Harassment and Retaliation Outside of the Eighth District and Charges Relating

to Sergeant Knasiak and How They Were Handled. Sommerfield argues that the documents he

seeks are relevant. He again asserts that Judge Cole "did not indicate his complete reasoning

why such documents would not be allowed." Pl.'s Objection at 15. The transcript indicates that

on the morning of May 6, 2008, Judge Cole limited the amount of time the parties in this case

had to argue the motions because he had a settlement conference scheduled. Tr. 13:12-14. He

offered the parties the opportunity to return at a mutually agreeable time. *Id.* at 22:16-23:3. The

minute order, issued before the parties returned for argument, discloses that Judge Cole denied

the motion because it raised "matters that have previously been decided." [2] *See* Order. In light

of this conclusion, Judge Cole's decision not to hear additional argument is reasonable.

Sommerfield offers no arguments to refute this finding; in fact, he admits that the Order confirms

an August 2007 ruling regarding access to documents detailing all charges relating to Sergeant

Knasiak. *See* Pl.'s Objections at 14. Sommerfield again argues only relevance, stating that he

needs the documents to defend against the defendant's affirmative defense and "for the

plaintiff's second amended complaint regarding the city's deficient training on illusory policies

on discrimination and harassment." Pl.'s Objections at 9. For the reasons stated in § II(B)(1),

*supra*, these arguments are rejected.

### III. CONCLUSION

For the reasons stated, plaintiff's objections [188] are overruled. To the extent necessary

---

[2] The docket shows more than a dozen discovery motions filed in this case. Having ruled
on them all, Judge Cole has the necessary knowledge about the case to determine if a matter has
been decided previously. This court is unable to determine if such a determination is in clear
error absent proof of what motions were filed and what orders were issued.

for a ruling on contempt, Judge Cole's report and recommendation [199] is adopted in full.


                              ENTER:

                              ___/s/_____
                              JOAN B. GOTTSCHALL
                              United States District Judge

DATED: June 20, 2008

COLE

# United States District Court
## Northern District of Illinois - CM/ECF LIVE, Ver 3.2.1 (Chicago)
### CIVIL DOCKET FOR CASE #: 1:08-cv-03025

Sommerfield v. City of Chicago et al
Assigned to: Honorable Joan B. Gottschall
Demand: $100,000
Cause: 28:1983 Civil Rights

Date Filed: 05/23/2008
Jury Demand: Plaintiff
Nature of Suit: 442 Civil Rights: Jobs
Jurisdiction: Federal Question

**Plaintiff**

**Detlef Sommerfield**

represented by **Joseph A. Longo**
Joseph A. Longo
Attorney at Law
2100 West Haven
Mt. Prospect, IL 60056
(847) 640-9490
Email: jlongo26@sbcglobal.net
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**City of Chicago**

**Defendant**

**Knasiak**
*Sergeant, #1841*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/23/2008 | 1 | COMPLAINT filed by Plaintiff Detlef Sommerfield; Jury Demand. Filing fee $ 350. (smm) (Entered: 05/28/2008) |
| 05/23/2008 | 2 | CIVIL Cover Sheet. (smm) (Entered: 05/28/2008) |
| 05/28/2008 | | MAILED Letter Pursuant to Local General Rule 83.16 to Joseph A. Longo. (smm) (Entered: 05/28/2008) |
| 06/09/2008 | 4 | MINUTE entry before the Honorable Joan B. Gottschall: Status hearing set for 7/23/2008 at 09:30 AM. Plaintiff is directed to advise the defendants of the status hearing forthwith. Parties are directed to discuss settlement of case, consent to proceed before the Magistrate Judge and a proposed discovery plan. Mailed notice (rj, ) (Entered: 06/09/2008) |

**PACER Service Center**

**EXHIBIT**
**9**

### Transaction Receipt

| 06/11/2008 10:42:50 | | | |
|---|---|---|---|
| PACER Login: | cc0395 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 1:08-cv-03025 |
| Billable Pages: | 1 | Cost: | 0.08 |

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DETLEF SOMMERFIELD | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. |
| | ) |
| CITY OF CHICAGO | ) |
| SERGEANT KNASIAK #1841 | ) |
| | ) Honorable Judge |
| | ) Honorable Magistrate Judge |
| | ) |
| | ) JURY DEMAND |
| Defendants. | ) |

## COMPLAINT

*Jurisdiction and Venue*

1. This Court has jurisdiction under 28 USC §1331 and §1343. The jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 1343(3) and 1343(4) conferring original jurisdiction upon this court of any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights, under the Declaratory Judgment Statute, 22 U.S.C. § 2201, under 42 U.S.C. § 1983 and §1981.  All of the illegal and unlawful acts of discrimination occurred in the Northern District of Illinois. Venue is proper under 28 USC §1391(b) and (c).

2. On 29 November 2004, the Equal Employment Opportunity Commission found that the Chicago Police Department discriminated against the plaintiff based upon his national origin, German, and his religion, Jewish.

*Parties*

3. The plaintiff is a natural person, residing in the Northern District of Illinois.

4. Upon information and belief, the City of Chicago is a municipality, operating the Chicago Police Department.

1



5. Upon information and belief, the defendant, Sergeant Knasiak, was a sergeant with the Chicago Police Department.

6. Sergeant Knasiak acted under color of state law.

***Common Facts For All Counts***

7. The plaintiff is a German Jew who emigrated to the United States. His family members were killed in the Holocaust.

8. The plaintiff has worked for the Chicago Police Department since 5 July 1994.

9. In or about January 2000, Sergeant Knasiak was transferred to the plaintiff's area, making the plaintiff subordinate to him.

10. Repeatedly, before, during and after 2006, Sergeant Knasiak referred to the plaintiff's Jewish and German heritage. He would ask the plaintiff, why didn't Hitler kill all of you Jews; burn Jew burn; how do you fit 1000 Jews inside of a car--by putting them in the ashtray; you Jews are bloodsucking parasites; don't you two jag offs go pulling over Jews and niggers all night; Germans should be shot in the head for not getting rid of the Jew problem; did your parents crawl from under the fence in the concentration camp; f—k--g Germans can't do anything right; they missed a whole bunch of Jews and now they are living in this fucked up country; Germans are just like niggers, couldn't get rid of them then, can't get rid of them now; f--k--g Jew boy and so forth.

11. Sergeant Knasiak would call the plaintiff a Nazi. He would show the plaintiff his swastika.

12. Sergeant Knasiak would call the plaintiff a stupid German.

13. When the plaintiff would enter a room, Sergeant Knasiak would raise his right hand and salute the plaintiff as Nazis would salute each other.

14. Repeatedly, the plaintiff informed Sergeant Knasiak that his attacks on the plaintiff's Jewish heritage and German descent were painful.

15. Treating the plaintiff differently than officers who were not Jewish and/or German, the defendants would assign the plaintiff to high crime areas without a partner, though officers with lesser seniority and who were not German and/or Jewish were given partners.

16. Treating the plaintiff differently than officers who were not Jewish and/or German, when the defendants did assign a partner to the plaintiff, the defendants would frequently change the plaintiff's partner, though officers who were not German and/or Jewish received steady partners.

17. Treating the plaintiff differently than officers who were not Jewish and/or German, the defendants frequently changed the plaintiff's starting times.

18. Treating the plaintiff differently than officers who were not Jewish and/or German, the defendants assigned the plaintiff to work hospital duty, though the plaintiff had higher seniority than other officers who were not German and/or Jewish and who were not assigned hospital duty.

19. Treating the plaintiff differently than officers who were not Jewish and/or German, the defendants, when assigning the plaintiff to do hospital duty, required the plaintiff to use his own car, instead of a police car.

20. Treating the plaintiff differently than officers who were not Jewish and/or German, the defendants assigned different cars day-to-day to the plaintiff, though officers who had less seniority than the plaintiff and who were not German and/or Jewish were given cars that did not change from day-to-day.

3

21. Treating the plaintiff differently than officers who were not Jewish and/or German, the defendants suspended the plaintiff for five days for not contacting the dispatcher to obtain an ID from his residence, although the plaintiff's partner, received only a reprimand for the same conduct, and for allegedly yelling at Sergeant Knasiak though it was Sergeant Knasiak who relentlessly yelled at the plaintiff.

22. Treating the plaintiff differently than other officers who were not Jewish and/or German, other officers received the position of canine patrol which was a position that the plaintiff wanted, though the plaintiff was higher on the list to receive the position.

*Religious discrimination and harassment*

23. Repeatedly, the plaintiff asked Sergeant Knasiak to stop making references to his Jewish heritage.

24. Repeatedly, Sergeant Knasiak refused.

25. Sergeant Knasiak openly and publicly made discriminatory statements and comments relating to the plaintiff's Jewish religion.

26. Yet, the City of Chicago failed to stop Sergeant Knasiak from making such harmful and discriminatory comments and statements.

27. The plaintiff repeatedly complained to several supervisors about Sergeant Knasiak harassing him and discriminating against him based upon his national origin and Jewish religion, but such supervisors ignored the plaintiff and did nothing.

28. Indeed, Lt. Carson Ernest, one of the plaintiff supervisors, instructed the plaintiff to put on boxing gloves and fight it out with Sergeant Knasiak.

29. In March 2004, the plaintiff filed a written complaint with the internal affairs division regarding the discrimination and hostile work environment against Sergeant Knasiak.

30. However, the defendant, City of Chicago, continued to allow the discrimination and hostile work environment against the plaintiff, during the three years of the investigation by the internal affairs division.

31. The City of Chicago failed to take any immediate and appropriate corrective action to ensure that Plaintiff would not be subject to further discrimination and harassment.

32. The harassment was sufficiently pervasive and severe as to alter the conditions of Plaintiff's employment and to create a hostile, intimidating and/or abusive work environment.

33. The City of Chicago created a hostile, work environment for the plaintiff, adversely affecting his ability to perform his duties.

34. The City of Chicago treated the plaintiff differently because he was a German Jew than it treated those who were not.

35. During the many years that Sergeant Knasiak discriminated and harassed the plaintiff, the plaintiff suffered stress and fear. This fear and stress interfered with his work conditions and ability to perform his work.

36. The City of Chicago acted blindly towards discrimination and harassment.

37. The City of Chicago's supervisors failed to take any action against Sergeant Knasiak. Therefore, the defendant, City of Chicago, authorized, commanded, acquiesced or assented to Sergeant Knasiak harassing the plaintiff.

38. By failing to prohibit Sergeant Knasiak, and thus, encouraging him, the City of Chicago specifically intended to injure the plaintiff.

39. Despite Plaintiff's repeated complaints, the City of Chicago continued to allow Sergeant Knasiak to discriminate and harass the plaintiff.

40. The City of Chicago ratified Sergeant Knasiak's repeated discrimination and harassment of the plaintiff.

41. The plaintiff has suffered pain, humiliation and embarrassment and will continue to suffer pain, humiliation and embarrassment.

42. The City of Chicago, by failing to prohibit Sergeant Knasiak from repeatedly harassing the plaintiff, acted willfully and wantonly.

### *National origin discrimination and harassment: German*

43. Repeatedly, the plaintiff asked Sergeant Knasiak to stop making references to his German heritage.

44. Repeatedly, Sergeant Knasiak refused.

45. Sergeant Knasiak openly and publicly made discriminatory statements and comments relating to the plaintiff's German heritage.

46. He would refer to the plaintiff as a Nazi, stupid German and so forth.

47. Yet, the City of Chicago failed to stop Sergeant Knasiak from making such harmful and discriminatory comments and statements.

48. The plaintiff repeatedly complained to several supervisors about Sergeant Knasiak harassing him and discriminating against him based upon his national origin and Jewish religion, but such supervisors ignored the plaintiff and did nothing.

49. However, the defendant, City of Chicago, continued to allow the discrimination and hostile work environment against the plaintiff, during the three years of the investigation by the internal affairs division.

50. The City of Chicago failed to take any immediate and appropriate corrective action to ensure that Plaintiff would not be subject to further discrimination and harassment.

51. The harassment was sufficiently pervasive and severe as to alter the conditions of Plaintiff's employment and to create a hostile, intimidating and/or abusive work environment.

52. The City of Chicago created a hostile, work environment for the plaintiff, adversely affecting his ability to perform his duties.

53. The City of Chicago treated the plaintiff differently based on his German national origin than those with other types of national origin.

54. During the many years that Sergeant Knasiak discriminated and harassed the plaintiff, the plaintiff suffered stress and fear. This fear and stress interfered with his work conditions and ability to perform his work.

55. The City of Chicago acted blindly towards discrimination and harassment.

56. The City of Chicago's supervisors failed to take any action against Sergeant Knasiak. Therefore, the defendant, City of Chicago, authorized, commanded, acquiesced or assented to Sergeant Knasiak harassing the plaintiff.

57. By failing to prohibit Sergeant Knasiak, and thus, encouraging him, the City of Chicago specifically intended to injure the plaintiff.

58. Despite Plaintiff's repeated complaints, the City of Chicago continued to allow Sergeant Knasiak to discriminate and harass the plaintiff.

59. The City of Chicago ratified Sergeant Knasiak's repeated discrimination and harassment of the plaintiff.

60. The plaintiff has suffered pain, humiliation and embarrassment and will continue to suffer pain, humiliation and embarrassment.

61. The City of Chicago, by failing to prohibit Sergeant Knasiak from repeatedly harassing the plaintiff, acted willfully and wantonly.

*Retaliation*

62. After the plaintiff complained about Sergeant Knasiak's discrimination and harassment of the plaintiff, Sergeant Knasiak retaliated against the plaintiff.

63. The defendant required the plaintiff to work in a police car by himself in a high crime neighborhood.

64. This is true though other officers had a partner in the police car with them in a high crime area.

65. Also, this is true though the plaintiff had seniority over many other officers who were assigned to areas where the crime level was lower.

66. Moreover, when the defendant through its agents would assign the plaintiff to work at a nearby hospital to complete police reports, the defendant through its agents would require the plaintiff to use his own car to travel to the hospital.

67. Whereas, other officers who were not discriminated against were given Chicago Police Department cars to travel to the hospital.

68. The defendant would constantly change the plaintiff's starting times, though other officers who did not complain of discrimination and harassment were given steady starting times.

69. Constantly, the defendant would assign the plaintiff to work alone in the police car at night without a partner, though other officers who did not complain of discrimination and harassment were given steady partners.

70. When the defendant would assign a partner to the plaintiff, the defendant would not assign a steady partner, but would regularly change the plaintiff's partner; though other officers who did not complain of discrimination and harassment were given steady partners.

71. Constantly, the defendant would change the plaintiff's beat, though officers who did not complain of discrimination and harassment were given a far steadier beat.

72. Furthermore, Sergeant Knasiak would inform the plaintiff that he would get the plaintiff.

73. Though the plaintiff was higher on the list awaiting the position of canine patrol, those who were lower on the list received the position instead of the plaintiff.

74. Before complaining about the continual harassment and discrimination by Sergeant Knasiak, the plaintiff did not have a disciplinary record since 1994.

75. After complaining about Sergeant Knasiak's harassment and discrimination, the plaintiff was suspended three times totaling 15 days.

76. The defendant retaliated against the plaintiff by not keeping his charges of discrimination, harassment and retaliation confidential, but allowing them to be the talk of the police station.

77. Regarding a charge regarding a pet store where the plaintiff had purchased a puppy who thereafter was sick regarding emergency care, Sergeant Betty Woods found that the charge was not sustained.  However, Lt. Timothy Bialek, in retaliation, sustained the charge, though employees have attended to their personal matters during work hours.

78. The defendant retaliated against the plaintiff through Lt. Carson Ernest who in or about the middle of 2007 threatened to get the plaintiff because he had been suspended for three days relating to the plaintiff's charges against Sergeant Knasiak.

79. The City of Chicago allows and tolerates a custom and practice of supervisors, that is, sergeants, lieutenants and others in management, retaliating against subordinates who complain about retaliation and harassment.

80. The defendant's acts of retaliation through its officers had a causal connection with the plaintiff's complaints of harassment.

9

81. As a direct and proximate result of the defendant's willful, knowing and intentional discrimination and retaliation against the plaintiff, the plaintiff has suffered and will continue to suffer pain and suffering.

### Count I: §1983and §1981 claims against the City of Chicago

82. The plaintiff incorporates by reference to previous allegations in the complaint.

83. For years, Sergeant Knasiak in front of other sergeants, lieutenants and so forth would make discriminatory and harassing remarks against the plaintiff based upon his German nationality and Jewish religion.

84. For years, Sergeant Knasiak in front of other sergeants and lieutenants would discriminate against and harass the plaintiff based on his German national origin and Jewish religion.

85. For several years, including throughout 2006, Sergeant Knasiak discriminated against and harassed the plaintiff based on his Jewish religion and German national origin, though he did not discriminate against those who were not German and Jewish.

86. Sergeant Knasiak's harassment, discrimination and retaliation against the plaintiff were open and public, often at roll call and done under color of state law.

87. The harassment, discrimination and retaliation that the plaintiff suffered were based upon his German national origin and Jewish religion.

88. Sergeant Knasiak felt comfortable discriminating against, harassing and retaliating against the plaintiff for several years, knowing that the city would do little to nothing against him.

89. In fact, Lt. Carson Earnest, the acting watch commander of the District at the Chicago Police Department where the plaintiff and Sergeant Knasiak were employed, told the plaintiff to put on boxing gloves and fight it out with Sergeant Knasiak relating to the

plaintiff's claims of harassment, discrimination and retaliation.

90. Even after the plaintiff filed a written complaint with the internal affairs division, during a three-year investigation, the city did nothing to prevent Sergeant Knasiak from continuing to harass, discriminate against and retaliate against the plaintiff.

91. The internal affairs division had claims of discrimination and harassment against Sergeant Knasiak by other officers other than the plaintiff.

92. Yet, the city of Chicago did nothing to separate Sergeant Knasiak from the victims.

93. Effectively, the city of Chicago acquiesced, approved and allowed the continual discrimination, harassment and retaliation by a Sergeant against subordinates.

94. The city's failure to train/instruct against national origin discrimination, national origin harassment, religious discrimination, religious harassment and retaliation demonstrates a reckless disregard and deliberate indifference to the constitutional rights of the plaintiff and other victims of harassment, discrimination and retaliation.

95. With a moral certainty, the city with reckless disregard and deliberate indifference knew that without stopping the continual discrimination and harassment, the probability would increase that Sergeant Knasiak would continue to discriminate, harass and retaliate against the plaintiff and others, such as, officer Edward Berger and officer Abuzanat.

96. With a moral certainty, the city with reckless disregard and deliberate indifference knew that without disciplining Sergeant Knasiak and allowing his continual discrimination and harassment and retaliation, the probability would increase that supervisors would ignore complaints of harassment, discrimination and retaliation of subordinates, particularly when they are lodged against a fellow supervisor.

97. But for its reckless disregard and deliberate indifference, the city knew that disciplining its employees for discrimination, harassment and retaliation would decrease the

probability that supervisors to whom a victim complained would ignore the complaints of harassment, discrimination and retaliation.

98. But for its reckless disregard and deliberate indifference, the city knew that its failure to conduct a prompt and timely investigation would allow the harasser, discriminator and retaliator to continue to discriminate, harass and retaliate against the victim.

99. But for its reckless disregard and deliberate indifference, the city knew that its failure to separate the harasser, retaliator and discriminator from the victim during the investigation would allow the harasser, retaliator and discriminator to continue to harass, retaliate and discriminate against the victim.

100.    By failing to take appropriate actions, and failing to institute appropriate policies, the city, acting with reckless disregard and deliberate indifference, knew that its omissions and commissions would result in constitutional violations.

101.    The city's acts and practices, and failure to institute appropriate policies and procedures, have a causal connection with the harassment, discrimination and retaliation that the plaintiff suffered.

102.    As a direct and proximate result of the defendant's willful, knowing an intentional discrimination, harassment and retaliation against the plaintiff, the plaintiff suffered and continues to suffer.

103.    The plaintiff is entitled to general and compensatory damages in amounts to be proved at trial.

Wherefore, the prays that the Honorable Court will enter judgment for the plaintiff and against the defendant for violating his Civil Rights Act, and grant relief including, but not limited to:

    a.  Granting damages exceeding $100,000 because the plaintiff suffered humiliation, embarrassment, insult and emotional suffering because of the City of Chicago's violations;

    b.  Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, and those acting in consort with Defendant, from continuing to violate Plaintiff's rights;

    c.  Ordering the City of Chicago to pay the plaintiff attorney fees and costs for violating his rights;

    d.  Granting all other relief to make the plaintiff whole because of the defendant's violations of his rights.

**Count VI:  §1983 claims against Sergeant Knasiak**

104.    The plaintiff incorporates by reference the previous allegations of the complaint.

105.    The defendant treated the plaintiff unequally, violating the equal protection clause because the plaintiff was Jewish and/or German.

106.    The defendant treated the plaintiff unequally, violating the equal protection clause because the plaintiff filed a complaint against the defendant based upon discrimination and harassment.

107.    The defendant violated the plaintiff's First Amendment rights entitling the plaintiff to engage in free speech by filing a complaint against the defendant for violating the plaintiff's civil rights.

108.    The defendant violated the plaintiff's rights by retaliating against the plaintiff because the plaintiff filed charges of discrimination and harassment against the defendant.

Wherefore, the plaintiff prays that this court will enter judgment for compensatory and punitive damages for the plaintiff and against the defendant for violating his rights, and grant relief including, but not limited to:

    a.  Granting damages exceeding $100,000 because the plaintiff suffered humiliation, embarrassment, insult and emotional suffering because of the defendant's

violations of 42 USC §1983;

    b.   Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, and those acting in consort with Defendant, from continuing to violate Plaintiff's civil rights;

    c.   Ordering the defendants to pay the plaintiff attorney fees and costs for violating 42 USC §1983;

    d.   A declaration that the defendant violated 42 USC §1983.;

    e.   Retaining jurisdiction to ensure that the defendant stops violating the law against the plaintiff;

    f.   Granting all other relief to make the plaintiff whole because of the defendant's violations of 42 USC §1983.

## Count VII: §1981 claims against Sergeant Knasiak

144. The plaintiff incorporates by reference the previous allegations of the complaint.

145. The defendant violated the plaintiff's rights against race discrimination.

Wherefore, the plaintiff prays that this court will enter judgment for compensatory and punitive damages for the plaintiff and against the defendant for violating his rights, and grant relief including, but not limited to:

    a.   Granting damages exceeding $100,000 because the plaintiff suffered humiliation, embarrassment, insult and emotional suffering because of the defendant's violations of 42 USC §1981;

    b.   Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, and those acting in consort with Defendant, from continuing to violate Plaintiff's civil rights;

    c.   Ordering the defendants to pay the plaintiff attorney fees and costs for violating 42 USC §1981;

    d.   A declaration that the defendant violated 42 USC §1981;

    e.   Retaining jurisdiction to ensure that the defendant stops violating the law against the plaintiff;

    f.   Granting all other relief to make the plaintiff whole because of the defendant's violations of 42 USC §1981.

Respectfully submitted,

Joseph A. Longo

**LONGO AND ASSOCIATES, LTD.**
Joseph A. Longo, Esq.
2100 West Haven
Mount Prospect, IL  60056
847/640-9490
Attorney Number 53635

☐AO88  (Rev. 12/06) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF ILLINOIS

|                                        |                                      |
|----------------------------------------|--------------------------------------|
| Sommerfield                            | **SUBPOENA IN A CIVIL CASE**         |
| V.                                     |                                      |
| City of Chicago, Sergeant Knasiak      |                                      |
|                                        | Case Number:[1]  08-cv-03025         |

TO:   City of Chicago, Corporation counsel
      30 N. LaSalle St., room 1020
      Chicago, IL 60602
      Attention: Ms. Meera Werth, Mr. Jay Michael Kertez

☐   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Longo and Associates, Ltd., Stark Realty Building, 300 West Golf, Mt. Prospect, Illinois 60056; first floor | 11/14/07 at 11 a.m. |

xx   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): any and all documents indicating the current address of Sergeant Knasiak, his previous address, his Social Security number, his driver's license number

| PLACE | DATE AND TIME |
|---|---|
| Longo and Associates, Ltd., Stark Realty Building, 300 West Golf, Mt. Prospect, Illinois 60056; first floor | 6/17/08, 11 a.m. |

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|



**EXHIBIT**

*tabbies*  11

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

DATE

_signature_

| | |
|---|---|
| Plaintiff's attorney | 11/5/07 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Longo and Associates Ltd., Joseph A. Longo
2100 West Haven
Mt. Prospect, IL 60056, 847.  640.  9490

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev.  12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | | PLACE |
|---|---|---|---|
| SERVED | 6/10/2008 | | Mt. Prospect, Illinois |

SERVED ON (PRINT NAME)

MANNER OF SERVICE

Electronic mail; <u>mwerth@cityofchicago.org</u>, <u>jkertez@cityofchicago.org</u>,

Ms. Meera Werth, Mr. Jay Michael Kertez, Mr. Robert Rutherford

SERVED BY (PRINT NAME)

TITLE

Joseph A. Longo

Assistant

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on     6/10/2008

DATE

SIGNATURE OF SERVER

2100 West Haven, Mt. Prospect, IL 60056

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be

reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).