IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DETLEF SOMMERFIELD | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 08 CV 3025 |
| | ) | |
| CITY OF CHICAGO | ) | Honorable Judge Gottschall |
| SERGEANT KNASIAK #1841 | ) | |
| | ) | JURY DEMAND |
| Defendants. | ) | |

**MOTION TO COMPEL DEFENDANT TO PRODUCE CURRENT OUT-OF-STATE ADDRESS OF DEFENDANT/SERGEANT KNASIAK AND/OR RELIEF FOR DEFENDANT IGNORING SUBPOENA**

***I. Facts***

The plaintiff has worked for the Chicago Police Department since 1994. In or about January 2000, Sergeant Knasiak was transferred to the plaintiff's area, making the plaintiff subordinate to him. The plaintiff is a German Jew who emigrated to the United States. Repeatedly, openly and publicly at roll call where other officers, sergeants and lieutenants were present and in the hallways of the Police Department, Sergeant Knasiak would ask the plaintiff, why didn't Hitler kill all of you Jews; burn Jew burn; how do you fit 1000 Jews inside of a car--by putting them in the ashtray; you Jews are bloodsucking parasites; don't you two jagoffs go pulling over Jews and niggers all night; Germans should be shot in the head for not getting rid of the Jew problem; did your parents crawl from under the fence in the concentration camp; f-k--g Germans can't do anything right; they missed a whole bunch of Jews and now they are living in this f--ked up country; Germans are just like niggers, couldn't get rid of them then, can't get rid of them now; f--k--g Jew boy and so forth. Sergeant Knasiak also referred to African-Americans as niggers, Mexicans as spiks and so forth. As stated, Sergeant Knasiak attacked people openly and publicly in front of other sergeants, police officers and lieutenants.

Repeatedly, the plaintiff informed Sergeant Knasiak that his attacks on the plaintiff's Jewish heritage and German descent were painful. Repeatedly, the plaintiff asked Sergeant Knasiak to stop making references to his Jewish heritage. Yet, repeatedly, Sergeant Knasiak refused. Even though Sergeant Knasiak openly and publicly made discriminatory statements and comments relating to the plaintiff's Jewish religion, the City of Chicago failed to stop Sergeant Knasiak from making such harmful and discriminatory attacks and insults.

The plaintiff complained to several supervisors orally, but they did nothing to stop Sergeant Knasiak. Indeed, when the plaintiff complained to Lt. Carson Ernest, Lt. Carson Ernest told the plaintiff to put on boxing gloves and fight it out with Sergeant Knasiak.

In March 2004, the plaintiff filed a written complaint with the internal affairs division against Sergeant Knasiak for discrimination and harassment. After investigating the plaintiff's claims for about three years, in 2007, the internal affairs division found that Sergeant Knasiak discriminated against and harassed the plaintiff.

During the investigation of approximately 3 years, the defendant, City of Chicago, continued to allow the hostile work environment against the plaintiff. The City of Chicago failed to take any immediate and appropriate corrective action to ensure that Plaintiff would not be subject to further harassment, discrimination and retaliation. Despite Plaintiff's repeated complaints, the City of Chicago continued to allow Sergeant Knasiak to harass the plaintiff.

In approximately June 2004, the plaintiff filed a complaint with the EEOC. The EEOC found substantial evidence that Sergeant Knasiak discriminated against and harassed the plaintiff based upon his national origin and religion.

After the plaintiff complained about Sergeant Knasiak's discrimination and harassment of the plaintiff, Sergeant Knasiak retaliated against the plaintiff. Sergeant Knasiak would inform the plaintiff that he would get the plaintiff. He required the plaintiff to work in a police car by himself in a high crime neighborhood even though other officers had a partner in the police car

with them in a high crime area. Also, Plaintiff had seniority over many other officers who were assigned to areas where the crime level was lower.

In addition, when the defendant through its agents would assign the plaintiff to work at a nearby hospital to complete police reports, the defendant through its agents would require the plaintiff to use his own car to travel to the hospital. Whereas, other officers who were not discriminated against were given Chicago Police Department cars to travel to the hospital.

After the plaintiff complained about discrimination and harassment, the defendant on three occasions suspended the plaintiff for five days, totaling 15 days. Whereas, during his 14 years with the Chicago Police Department, he had no disciplinary record until he complained about discrimination and harassment.

Also, the plaintiff was not given the position of canine patrol, though he had passed the test and was higher on the list of those eligible to become a canine patrol officer than the police officer who was selected to become the canine patrol officer. Moreover, Lt. Carson Ernest, after being informed that he would be suspended for three days because of the plaintiff's charges of harassment and discrimination against Sergeant Knasiak, told the plaintiff that he would get the plaintiff.

The plaintiff filed his lawsuit on 7 June 2006 in #06 C 3132. After the lawsuit was filed and in particular in the depositions of January 2008 and February 2008, the plaintiff learned 1) that the defendant/city has a policy, custom and practice of reckless and deficient training regarding discrimination and harassment, 2) that the defendant fails to complete investigations on discrimination and harassment timely, but takes a very long time, 1-3 years. Indeed, the defendant took three years to complete the investigation regarding the plaintiff's complaints. Apparently, the investigation was completed in June 2007. The defendant never informed the plaintiff of the completion of the investigation because the defendant does not have a policy to inform the victim of the results of the investigation.

The law requires the defendant to act promptly when investigating claims of discrimination and harassment, particularly as the accused can continue to victimize the victim. The plaintiff sought to include these claims in the first lawsuit, 06 C 3132 and to seek justice against Sergeant Knasiak for his deplorable attacks against the plaintiff and others based on their Jewish heritage and national origin.

This Court granted the plaintiff's motion to allow the second amended complaint in 06 C 3132 in part, provided that the plaintiff would not propound new discovery relating to the claims against the defendant/city and denied the motion in part relating to Sergeant Knasiak. As the statute of limitations had not run, the plaintiff filed the instant lawsuit against Sergeant Knasiak relating to those claims within the statute of limitations and the defendant/city relating to those claims concerning Sergeant Knasiak within that statute of limitations.

***II. Plaintiff's efforts to obtain out-of-state address of Sergeant Knasiak from defendant/city and Sergeant Knasiak's attorney***

In Sommerfield v. City of Chicago, case number 06 C 3132 which is also pending before the Honorable Judge Gottschall, Sergeant Knasiak was dismissed as a defendant on 14 February 2007. In 2007, the plaintiff in that case informed the City of Chicago that the plaintiff desired to take the deposition of Sergeant Knasiak who had already retired and was no longer an employee of the defendant. The plaintiff requested the address of Sergeant Knasiak. The defendant/city refused to reveal it.

Instead, the defendant/city indicated that though Sergeant Knasiak had retired, he would be represented by the City of Chicago. His attorney appointed by the City of Chicago, is Ms. Suyon Reed.

Several contacts were made with Sergeant Knasiak's attorney, Ms. Reed, by telephone and correspondence, including correspondences of 11 September 2007, 28 September 2007, 26 October 2007 and 6 November 2007. Sergeant Knasiak's attorney, Ms. Reed, produced Sergeant

Knasiak for his deposition on or about 16 November 2007.

At the deposition, the plaintiff inquired from Sergeant Knasiak about his current address. The defendant's attorney objected, and thus, Sergeant Knasiak refused to provide his current address.

After filing a new lawsuit on 28 May 2008, the plaintiff sent a correspondence to the attorney for the City of Chicago on 30 May 2008 regarding the new lawsuit and whether they would accept service. The defendant never responded to the plaintiff's correspondence.

On 1 June 2008, the plaintiff sent a correspondence by telefax to Sergeant Knasiak's attorney, Ms. Reed, inquiring whether she would accept service of process on behalf of Sergeant Knasiak as she represents him. Sergeant Knasiak's attorney never responded to the plaintiff's correspondence.

On 13 June 2008, the plaintiff served the complaint, two copies of the notice of lawsuit and request for waiver of service of summons, appearance and waiver of service of summons onto Sergeant Knasiak's attorney. The Federal Rules provide for the notice of lawsuit and request for waiver of service of summons to minimize unnecessary costs involved with service of process. Sergeant Knasiak's attorney never responded to the plaintiff's correspondence and never indicated one way or another whether she would accept accept service of process or not. Service upon Sergeant Knasiak's attorney should be considered valid service. This is particularly true as Sergeant Knasiak's attorney and the defendant/city have previously indicated to the plaintiff that all contacts regarding Sergeant Knasiak had to go through Sergeant Knasiak's attorney.

On 10 June 2008, the plaintiff issued a subpoena to the defendant/city and served it by electronic mail, particularly as the federal courts have provided for electronic service of motions, responses, replies, new lawsuits and so forth. Not receiving a response from the defendant, the plaintiff sent a 20 June 2008 correspondence to the defendant requesting that the defendant produce the current, out-of-state address of Sergeant Knasiak.

On 24 June 2008, the defendant sent a correspondence to the plaintiff indicating that they objected to service of the subpoena by electronic mail. Therefore, the defendant/city indicated that they would not respond to the subpoena requesting the current, out-of-state address of Sergeant Knasiak.

On 2 July 2008, the plaintiff telefaxed a new subpoena requesting the current, out-of-state address of Sergeant Knasiak to the defendant/city of Chicago. The plaintiff requested such information by 14 July 2008. As the defendant objected to electronic service, the plaintiff telefaxed and mailed through the US mail the subpoena in the spirit of the federal rules which are designed to minimize the cost of service of process. Nevertheless, on 14 July 2008, the defendant sent a correspondence indicating that they objected to service a process by US mail. Also, the City indicated that they had pending a motion to dismiss the complaint, and therefore, would ignore the plaintiff's subpoena.

In such correspondence, the defendant states "the subpoena at issue is stayed pending the court's ruling on that motion". Exhibit I. Effectively, the defendant/city usurped Judge Gottschall's role as the judge of this case. The defendant/city decided to act as the judge themselves.

This court has never stayed any matter in this case. The defendant filed a motion to dismiss the complaint with prejudice and stay pending resolution of their motion. The defendant's motion for a stay will be moot once this court resolves their motion which requested a stay pending the resolution of the motion. In any event, the defendant cannot decide unilaterally to impose a stay as if they were the judge on this case.

On 17 July 2008, the plaintiff had an in person meeting with the defendant, requesting that the defendant produce the current, out-of-state address of Sergeant Knasiak. The defendant refused.

On 17 July 2008, the plaintiff issued another subpoena and had it personally served on 18

July 2008 onto Sergeant Knasiak's attorney, Ms. Reed. Exhibit II. The subpoena requested the current, out-of-state address of Sergeant Knasiak by 25 July 2008.

On 25 July 2008, the defendant/city sent a correspondence to the plaintiff refusing to produce the current, out-of-state address a Sergeant Knasiak. Exhibit III. Again, the defendant argued that the subpoena was electronically served--though it was personally served. Also, again, the defendant/city argued that they had a motion to dismiss pending. Moreover, again, the defendant argued "the subpoena at issue is stayed pending the court's ruling on that motion". Essentially, the defendant once again decided to usurp Judge Gottschall's authority and act as judge in this case by deciding unilaterally that their motion "stayed" the subpoena. The defendant violated the law by ignoring the subpoena.

***III. The defendant cannot unilaterally decide to ignore subpoenas***

Rule 45 states:

> **(d) (1) Duties in Responding to Subpoena.**
>
> (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

Despite the duties under Rule 45, the defendant failed to produce the requested documents and ignored the subpoena.

Rule 45 (e) states:

> **Contempt.**
>
> The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

In the instant case, the defendant ignored the subpoena. The defendant cannot act as a judge in this case and decide unilaterally to ignore the subpoena because they filed a motion to dismiss the complaint. The defendant never filed a motion to quash the subpoena or even to stay

it. Instead, the defendant acted unilaterally at their own whim. On many occasions, the defendant has acted unilaterally. Magistrate Judge Cole has admonished the defendant for acting unilaterally, for example, canceling depositions unilaterally on the day of the deposition.

***IV. The Magistrate Judge on 17 July 2008 indicated that the defendant's conduct was unconscionable***

In the instant case, the defendant/city has adamantly refused to allow discovery of Sergeant Knasiak's current out-of-state address, so that the plaintiff could serve him with the lawsuit. Throughout both of these lawsuits the city has refused to agree on anything and has fought everything.

On 17 July 2008, the Honorable Magistrate Judge Cole indicated that the defendant regularly acts evasively and that their conduct is unconscionable. Throughout this case, the defendant has failed to return telephone calls, has failed to respond to correspondences, has failed to answer discovery without the necessity of the plaintiff having to file motions to compel, has failed to produce their employees for depositions without the plaintiff having to make several telephone calls and having to write several letters requesting those depositions for months and so forth.

Repeatedly, Magistrate Judge Cole indicated that the defendant in the instant case and in other cases acts evasively and unconscionably. In the instant case, the defendant has fought tooth and nail. They have refused to agree to anything and have objected to everything. Yet, repeatedly they have sought the plaintiff's agreement on their numerous motions to extend, but have not extended the same courtesy to the plaintiff when he requested an extension of time.

In any event, relating to the instant motion, the defendant continues to refuse to produce relevant information regarding the whereabouts of Sergeant Knasiak, so that a plaintiff can serve him with the lawsuit.

Wherefore, the plaintiff prays that the Honorable Judge Gottschall 1). will grant the

plaintiff's motion to compel the defendant to produce the documents requested in the subpoena 2) find that service upon Sergeant Knasiak's attorney was sufficient and/or 3) provide and/or relief for the defendant ignoring and violating the subpoena.

Respectfully submitted,

Joseph A. Longo

**LONGO AND ASSOCIATES LTD.**
Joseph A. Longo, Esq.
Attorney for Plaintiff
2100 West Haven
Mt. Prospect, IL 60056
(847) 640-9490
AttorneyNo.53635

**CERTIFICATE OF SERVICE**

I, Joseph A. Longo, an attorney, certify that I served this MOTION TO COMPEL DEFENDANT TO PRODUCE CURRENT OUT-OF-STATE ADDRESS OF DEFENDANT/SERGEANT KNASIAK AND/OR RELIEF FOR DEFENDANT IGNORING SUBPOENA by electronic filing on 1 August 2008 before 5pm and to those listed below by email on 1 August 2008 before 5pm. Under penalties as provided by law pursuant to 735 ILCS, Sec 5/1-109, I certify that the statements set forth in this Certificate of Service are true and correct.

Joseph A. Longo

Ms. Suyon Reed
Assistant Corporation Counsel
30 N. LaSalle St., Suite 1400
Chicago, IL 60602
SuyonReed@cityofchicago.org



City of Chicago
Richard M. Daley, Mayor

Department of Law

Mara S. Georges
Corporation Counsel

Employment and Policy Litigation
Suite 1020
30 North LaSalle Street
Chicago, Illinois 60602
(312) 744-5100
(312) 744-3989 (FAX)
(312) 744-5131 (TTY)

http://www.cityofchicago.org

July 14, 2008

**<u>VIA FIRST CLASS U.S. MAIL</u>**

Joseph A. Longo
2100 West Haven
Mount Prospect, IL 60056
(847) 640-9490
jlongo26@sbcglobal.net

**Re: <u>Sommerfield v. City of Chicago</u>**
**Case No. 08 C 3025**

Mr. Longo:

Your July 2, 2008 Subpoena that was received by our office on July 3, 2008, was not served in accordance with Rules 45 and 5(b) of the Federal Rules of Civil Procedure. The City has not consented, and will not consent, to the service of subpoenas through regular U.S. mail. Because that subpoena was not properly issued and served, the City is not obligated to respond to it. Additionally, the City filed its motion to dismiss plaintiff's Complaint and stay proceedings. Therefore, the subpoena at issue is stayed pending the Court's ruling on that motion.

Should you have any questions, please do not hesitate to contact us.

Sincerely,

Robert Charles Rutherford, Jr.
Assistant Corporation Counsel
(312) 742-7036

cc: Meera Werth
Assistant Corporation Counsel
(312) 742-7035

Jay M. Kertez
Senior Counsel
(312) 744-9212




CHICAGO WORKS TOGETHER

AO88 (Rev. 12/06) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

Sommerfield
V.
City of Chicago, Sergeant Knasiak

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 08-cv-03025

TO: City of Chicago, Corporation Counsel
30 N. LaSalle St., Suite 1400
Chicago, IL 60602
Attention: Ms. Suyon Reed

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Longo and Associates, Ltd., Stark Realty Building, 300 West Golf, Mt. Prospect, Illinois 60056; first floor | |

xx YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): any and all documents indicating the current address of Sergeant Knasiak, his previous address, his Social Security number, his driver's license number, any and all documents indicating his whereabouts

| PLACE | DATE AND TIME |
|---|---|
| Longo and Associates, Ltd., Stark Realty Building, 300 West Golf, Mt. Prospect, Illinois 60056; first floor | 7/25/08, 11 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

PREMISES

DATE AND TIME

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

DATE

Plaintiff's attorney

7/18/08

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Longo and Associates Ltd., Joseph A. Longo
2100 West Haven
Mt. Prospect, IL 60056, 847. 640. 9490

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

DATE PLACE

SERVED 7/18/2008

SERVED ON (PRINT NAME)

Linda Hamilton

MANNER OF SERVICE

Hand Delivery

SERVED BY (PRINT NAME)

Tim Hamello

TITLE

Law clerk

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 7/17/2008

DATE

SIGNATURE OF SERVER

2100 West Haven, Mt. Prospect, IL 60056

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).




**City of Chicago**
**Richard M. Daley, Mayor**

**Department of Law**

Mara S. Georges
Corporation Counsel

Employment and Policy Litigation
Suite 1020
30 North LaSalle Street
Chicago, Illinois 60602
(312) 744-5100
(312) 744-3989 (FAX)
(312) 744-5131 (TTY)

http://www.cityofchicago.org

July 25, 2008

**VIA FIRST CLASS U.S. MAIL**

Joseph A. Longo
2100 West Haven
Mount Prospect, IL 60056
(847) 640-9490
jlongo26@sbcglobal.net

**Re: Sommerfield v. City of Chicago**
**Case No. 08 C 3025**

Mr. Longo:

Your July 18, 2008 Subpoena was not served in accordance with Rules 45 and 5(b) of the Federal Rules of Civil Procedure. The City has not consented, and will not consent, to the service of subpoenas through electronic means. Because that subpoena was not properly issued and served, the City is not obligated to respond to it. Additionally, ~~the City filed~~ its motion to dismiss plaintiff's Complaint and stay proceedings. Therefore, the subpoena at issue is stayed pending the Court's ruling on that motion.

Should you have any questions, please do not hesitate to contact us.

Sincerely,

Robert Charles Rutherford, Jr.
Assistant Corporation Counsel
(312) 742-7036

cc: Meera Werth
Assistant Corporation Counsel
(312) 742-7035

Jay M. Kertez
Senior Counsel
(312) 744-9212




