IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DETLEF SOMMERFIELD, | ) | |
| | ) | No. 08 C 3025 |
| Plaintiff, | ) | |
| v. | ) | Judge Gottschall |
| | ) | |
| CITY OF CHICAGO, | ) | Magistrate Judge Cole |
| SERGEANT KNASIAK, | ) | |
| | ) | |
| Defendants. | ) | |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF
DEFENDANT CITY OF CHICAGO'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT AND TO STAY PROCEEDINGS**

Defendant City of Chicago ("the City"), by its attorney, Corporation Counsel Mara S. Georges, submits this reply memorandum in further support of its Motion to Dismiss Plaintiff's Complaint and to Stay Proceedings.

## INTRODUCTION

On March 4, 2004, plaintiff represented to the Court, without qualification, that he needed no further discovery as to the § 1981 and § 1983 failure-to-train and failure-to-investigate claims that he sought to add in Sommerfield v. City of Chicago, No. 06 C 3132 (N.D. Ill.) (Gottschall, J.)(Cole, Mag. J.) ("Sommerfield I"). See Sommerfield I, Transcript, p. 16, lines 18-21 (the new claims would require no further discovery), p. 17, lines 4-5 ("I have taken discovery directed to that end"), p. 19, lines 24-25 ("I have the discovery that we need") (Attached hereto as Exhibit 12). Discovery in Sommerfield I was about to close. Despite the imminent discovery cut-off, on April 29, 2008, this Court allowed plaintiff to add the new constitutional claims in Sommerfield I based on plaintiff's unequivocal representation on the record that he needed no more discovery on those new claims. See Sommerfield I, Memorandum Order and Opinion, pp.

13-14 (N.D. Ill. April 29, 2008) (Gottschall, J.) (Attached to the City's initial supporting memorandum as Exhibit 6); Sommerfield I, Order, pp. 5-6 (N.D. Ill. June 20, 2008) (Gottschall, J.) (Attached to the City's initial supporting memorandum as Exhibit 8). However, based on his representations, this Court prohibited plaintiff from taking any further fact discovery relating to those claims absent prior permission from the Court. See Exhibit 6, pp. 13-14.[1] This Court did not allow plaintiff to bring Sergeant Knasiak back into Sommerfield I by adding § 1981 and § 1983 against him. This Court found that adding those claims against Knasiak as the case was winding down would prejudice the City because of the expansion of discovery that such an addition would require. See Exhibit 6, p. 5.

Plaintiff did not challenge this Court's April 29, 2008 Order prohibiting him from taking further discovery in Sommerfield I. Nevertheless, only two days later, on May 1, 2008, plaintiff filed new motions or pursued earlier-filed motions seeking more discovery in Sommerfield I, including discovery related to his recently added failure-to-train and failure-to-investigate claims. See Sommerfield I Docket, #s 181-183 (Attached to the City's initial supporting memorandum as Exhibit 1). Specifically, plaintiff sought far-reaching information about investigations in the Eighth Police District. See Sommerfield I, Order, p. 3 (N.D. Ill. June 20, 2008) (Gottschall, J.) (Attached to the City's initial supporting memorandum as Exhibit 8). On May 6, 2008, Magistrate Judge Cole denied that motion. See Exhibit 1, #184. Plaintiff then field objections to that ruling with this Court. On June 20, 2008, this Court upheld Magistrate Judge Cole's ruling.

---

[1]This Court did, however, permit the City to take discovery related to the two new constitutional claims. See Exhibit 6, p. 14. On June 6, 2008, plaintiff agreed to the City's oral motion in open court to allow the City up to and including June 30, 2008 to initiate that discovery. Magistrate Judge Cole granted that motion and the City propounded written discovery to plaintiff on June 30, 2008

This Court made clear that it was troubled by plaintiff's assertion that additional discovery is essential to proving his newly added claims.  See Exhibit 8, pp. 5-6.[2]

Approximately three weeks after this Court's April 29, 2008 Order in Sommerfield I, on May 23, 2008, plaintiff filed Sommerfield v. City of Chicago and Sergeant Knasiak, No. 08 C 3025 (N.D. Ill.) (Gottschall, J.) (Cole, Mag. J).  See Sommerfield II Docket, # 1 (Attached to the City's initial memorandum as Exhibit 9).  In Sommerfield II, plaintiff brings the identical claims against the City, including the failure-to-train and failure-to-investigate claims, that he brought in Sommerfield I.  See Sommerfield I Complaint (Attached to the City's initial supporting memorandum as Exhibit 7); Sommerfield II Complaint (Attached to the City's initial supporting memorandum as Exhibit 10).  Ths Complaint in Sommerfield II also includes the same claims against Knasiak that this Court denied him leave to include in Sommerfield I.  See Exhibit 10, Counts VI and VII.

In his response to the City's motion to dismiss, plaintiff explained why he filed Sommerfield II.  He filed that suit to obtain discovery on the newly added claims in Sommerfield I.  See Plaintiff's Response Memorandum ("Plaintiff's Response"), p. 4.[3]  Thus, by filing

---

[2]Even after this Court's June 20, 2008 Order denying plaintiff's request to obtain further discovery relating to investigations, plaintiff continued to seek that forbidden discovery in Sommerfield I.  On July 18, 2008, plaintiff moved this Court to reconsider its June 20, 2008 Order denying plaintiff further discovery relating to investigations.  See "Plaintiff's Partial [sic] Motion to Reconsider 6/20/08 Order, or, Alternatively, Motion to Allow Discovery and Compel Defendant to Respond to Discovery Relating to Defendant's Investigations" (Attached hereto as Exhibit 13).  That motion is fully briefed and pending.

[3]Plaintiff claims that by seeking that discovery in Sommerfield II, additional discovery would not be necessary in Sommerfield I.  See Plaintiff's Response, p. 4.  However, on March 4, 2008, plaintiff unconditionally represented that he needed no further discovery in Sommerfield I.  Yet, thereafter to the present he has continued to file motions to obtain additional discovery in that case.

-3-

<u>Sommerfield</u> II, plaintiff admittedly is attempting to circumvent this Court's ruling that he may not take further discovery in <u>Sommerfield</u> I. For that reason, <u>Sommerfield</u> II, which is duplicative of <u>Sommerfield</u> I, should be dismissed with prejudice. An alternative reason that <u>Sommerfield</u> II should be dismissed is that it is not a simple, concise statement of plaintiff's claims and therefore violates Fed. R. Civ. P. 8.

<strong><u>ARGUMENT</u></strong>

I. **SOMMERFIELD II SHOULD BE DISMISSED BECAUSE IT CIRCUMVENTS THE ORDERS OF THIS COURT IN SOMMERFIELD I AND IT IS <u>DUPLICATIVE OF SOMMERFIELD I</u>**

It is not disputed that a district court may in its sound discretion dismiss an action to avoid wasteful, repetitive litigation when that action is duplicative of another action already pending in federal court. <u>Serlin v. Arthur Andersen & Co.</u>, 3 F.3d 221, 223 (7th Cir. 1993); <u>Ridge Gold Standard Liquors, Inc. v. Joseph E. Seagram & Sons, Inc.</u>, 572 F. Supp. 1210, 1212-13 (N. D. Ill. 1983).

The Complaint in <u>Sommerfield</u> II is duplicative of the Complaint in <u>Sommerfield</u> I. In both complaints, the same plaintiff sued the City and Knasiak. <u>See</u> Exhibit 6, p. 1; Exhibit 7 Caption. Exhibit 10, caption. <u>Sommerfield</u> II includes essentially the same allegations against the City of retaliation and discrimination based on national origin and religion that are in <u>Sommerfield</u> I. <u>See</u> Exhibit 7, ¶s 9-89; Exhibit 10, ¶s 7-81. Plaintiff does not contest that point. <u>Sommerfield</u> II also contains that same § 1981 and § 1983 failure to train and investigate claims that are in <u>Sommerfield</u> I. <u>See</u> Exhibit 7, Counts IV and V, pp. 12-24; Exhibit 10, Count I, pp. 10-13. Moreover, the 1981 and § 1983 claims against Knasiak in <u>Sommerfield</u> II are the same ones plaintiff tried twice to bring unsuccessfully in <u>Sommerfield</u> I. <u>See</u> Exhibit 4 (Attached to

-4-

the City's initial supporting memorandum); Exhibit 6, p. 5 (Attached to the City's initial

supporting memorandum).  Plaintiff does not dispute that fact.

Plaintiff contends that the two lawsuits are not identical because Knasiak is not a

defendant in Sommerfield I.  See Plaintiff's Response, p. 10.  That contention is disingenuous.

Knasiak was a defendant in Sommerfield I until the claims against him were dismissed on

February 14, 2007.  See Exhibit 2 (Attached to the City's initial supporting memorandum).

Plaintiff tried to bring Knasiak back as a defendant in Sommerfield I at the end of discovery.

This Court rejected that attempt to add constitutional claims against Knasiak in Sommerfield I.

See Exhibit 6, p. 5 (Attached to the City's initial supporting memorandum).

Plaintiff also contends that the constitutional claims against the City in Sommerfield II

concern the actions of Knasiak within the statute of limitations in Sommerfield II.  See Plaintiff's

Response, pp. 9, 10.  A review of the complaints in Sommerfield I and Sommerfield II shows

that no such distinction is made.  See Exhibit 7, Counts IV and V, pp. 12-24; Exhibit 10, pp. 10-

13.  In addition, even if this were the case, the claims against the City in Sommerfield I and

Sommerfield II would overlap.  Moreover, tying the claims against the City to Knasiak's alleged

conduct makes no sense because the City cannot be vicariously liable for constitutional violations

based on the actions of its employees.  Taylor v. Carmouche, 214 F.3d 788, 791 (7th Cir. 2000),

cert. denied, 531 U.S. 1073 (2001).

Plaintiff further contends that Sommerfield II should not be dismissed because it is before

the same judge as Sommerfield I.  See Plaintiff's Response, p. 10.  However, this Court should

not be saddled with the burden of presiding over duplicative cases.  Likewise, the City should not

have to litigate duplicative cases.

There are additional factors that militate in favor of dismissing Sommerfield II.  Serlin, 3 F.3d at 224.  Sommerfield II contains the same constitutional claims against Knasiak that the Court rejected in Sommerfield I.  Sommerfield II also contains the same constitutional claims against the City that this Court allowed plaintiff to file in Sommerfield I so long as he did not propound discovery on those claims without express permission from this Court.  Plaintiff concedes that he filed Sommerfield II in order to obtain the discovery he now claims he needs in Sommerfield I.  See Plaintiff's Response, p. 4.  Thus, it is clear that Sommerfield II was filed to avoid the rulings of this Court in Sommerfield I.  Plaintiff claims that this Court misunderstood him in Sommerfield I regarding his need for additional discovery.  Id., p. 6.  But plaintiff's representations were clear and there was no misunderstanding.  In Sommerfield I, plaintiff unequivocally represented that he needed no further discovery on his constitutional claims and as a result of his representations, this Court permitted him to add those claims.  See Exhibit 13, p. 16, lines 18-21, p. 17, lines 4-5, p. 19, lines 24-25 ("I have the discovery that we need").  Plaintiff did not move to reconsider, clarify or otherwise challenge this Court's April 29, 2008 Order describing his representations and precluding him from taking further discovery on the constitutional claims.  There is no doubt that Sommerfield II was filed to circumvent this Court's orders in Sommerfield I.  Such an abuse should not be tolerated.

In sum, because Sommerfield II duplicates Sommerfield I and is a blatant attempt to circumvent this Court's orders, Sommerfield II should be dismissed with prejudice.

## II.    PLAINTIFF'S COMPLAINT IN SOMMERFIELD SHOULD BE DISMISSED BECAUSE IT VIOLATES RULE 8

Plaintiff maintains that "[m]otions to strike pursuant to 12(f) are generally disfavored and usually denied because they are a drastic remedy." See Plaintiff's Response, p. 13.  However, this Court has found that where "'motions to strike remove unnecessary clutter from the case, they serve to expedite, not delay.'" Neumann v. Carlson Environmental, Inc., 429 F. Supp.2d 946, 958 (N.D. Ill. 2006) (Gottschall, J.) (quoting Heller Financial, Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1294 (7th Cir. 1989)).

Plaintiff's Complaint in Sommerfield II is replete with paragraphs that are duplicative and saturated with evidence, details and minutia that create unnecessary clutter.  See, e.g., Exhibit 10, ¶ 27 duplicates ¶ 48, ¶ 31 duplicates ¶ 50, ¶ 38 duplicates ¶ 57, ¶ 39 duplicates ¶ 58, ¶ 40 duplicates ¶ 59, ¶ 41 duplicates ¶ 60, ¶ 42 duplicates ¶ 61.  Plaintiff's pleading does not contain the plain, simple and concise statement Rule 8 requires.

As the City established in its initial supporting memorandum, courts have dismissed complaints that similarly failed to comply with Rule 8.  See, e.g., Hardin v. American Electric Power, 188 F.R.D. 509, 510-13 (S.D. Ind. 1999) (dismissing 145-paragraph complaint as over-long and complex under Rule 8); Industrial Speciality Chemicals, Inc. v. Cuminins Engine Co., Inc., 902 F. Supp. 805, 814 (N.D. Ill. 1995) (granting Rule 8 motion to strike on grounds that 115-paragraph pleading went beyond what was needed to strike a claim, including facts relevant, if at all at trial.)  The cases upon which plaintiff relies, Davis v. Ruby Foods, Inc., 269 F.3d 818 (7th Cir. 2001) and Manuel v. Lucenti, No. 04 C 2531, 2004 WL 2608355 (N.D. Ill. Nov. 16, 2004) (Attached to Plaintiff's Response as Exhibit IV), are distinguishable.  Both of those cases

concern <u>pro se</u> litigants who were held to a less exacting standard then represented litigants, such as plaintiff.  <u>Davis</u>, 209 F.3d at 819; <u>Manuel</u>, 2004 WL 2608355, *2.

Because plaintiff's Complaint in <u>Sommerfield</u> II is replete with unnecessary clutter and surplusage, it does not comport with the requirements of Rule 8 and should be stricken.

## III.    TO AVOID REPETITIVE AND WASTEFUL LITIGATION, THE PROCEEDINGS IN SOMMERFIELD II SHOULD BE STAYED PENDING THE RULING ON THE MOTION TO DISMISS

Plaintiff does not take issue with the proposition that this Court has the inherent power to stay the proceedings in <u>Sommerfield</u> II to conserve legal resources and avoid duplicative, wasteful litigation.  <u>See Ridge Gold Standard Liquors, Inc.</u>, 572 F. Supp. at 1212-13 (court has inherent power to administer its docket to conserve judicial resources and promote efficiency). Instead, without citation to authority, plaintiff claims that the City waived this argument because it did not orally request a stay when the parties appeared in court to set a briefing schedule on the motion to dismiss.  <u>See</u> Plaintiff's Response, p. 15.  That contention is ludicrous.  The City filed a written motion requesting a stay of the proceedings in <u>Sommerfield</u> II pending a ruling on the motion to dismiss.  There is no requirement that the City also make the request for a stay orally in open court in order for such a stay to be granted.

The City has demonstrated that <u>Sommerfield</u> I and <u>Sommerfield</u> II are duplicative. Staying the proceedings in <u>Sommerfield</u> II until the Court decides the motion to dismiss will avoid duplicative and unnecessary judicial and legal effort.  For these reasons, the requested stay should be granted.

## <u>CONCLUSION</u>

_____The Complaint in the above-captioned action is duplicative of <u>Sommerfield</u> I and is an

admitted attempt to undo this Court's orders in that case.  In addition, the current Complaint is

replete with surplusage and duplicative allegations in violation of Fed. R. Civ. P. 8.  For these

reasons and those stated in the City's motion to dismiss and initial supporting memorandum, that

Complaint should be dismissed with prejudice.  The City further requests that this Court stay all

proceedings in the above-captioned action, pending the resolution of this motion to dismiss.


                         Respectfully submitted,

                         MARA S. GEORGES
                         Corporation Counsel
                         of the City of Chicago

                 BY:     /s/ Jay M. Kertez_____
                         JAY M. KERTEZ
                         Senior Counsel
                         ROBERT C. RUTHERFORD, JR.
                         Assistant Corporation Counsel

30 N. LaSalle St., Suite 1020
Chicago, Illinois 60602
(312) 744-9212 /742-7036

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| DETLEF SOMMERFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 C 3025 |
| | ) | |
| THE CITY OF CHICAGO, | ) | Judge Gottschall |
| SERGEANT KNASIAK, | ) | |
| | ) | |
| Defendants. | ) | Magistrate Judge Cole |


### EXHIBIT INDEX

Exhibit 12    Excerpts from the Transcript of Hearing on Plaintiff's Motion Before The Honorable Magistrate Judge Jeffrey Cole, March 4, 2008 in <u>Sommerfield v. City of Chicago</u>, No. 06 C 3132

Exhibit 13    Plaintiff's Partial Motion To Reconsider 06/20/08 Order, Or, Alternatively, Motion To Allow Discovery And Compel Defendant To Respond To Discovery Relating To Defendants Investigations in <u>Sommerfield v. City of Chicago</u>, No. 06 C 3132

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS (Chicago)

DETLEF SOMMERFIELD,                )
                                   )
             Plaintiff,            )
                                   )        Docket No. 06-CV-3132
        v.                         )
                                   )
CITY OF CHICAGO,                   )        Chicago, Illinois
                                   )        March 4, 2008
             Defendant.            )


HEARING ON PLAINTIFF'S MOTIONS
BEFORE THE
HONORABLE MAGISTRATE JUDGE JEFFREY COLE


APPEARANCES:

```
                                         EXHIBIT
                                           12
                                        tabbies®
```

For Plaintiff:              JOSEPH A. LONGO
                            Attorney at Law
                            2100 West Haven
                            Mt. Prospect, IL  60056


For Defendant:              MEERA WERTH
                            JAY MICHAEL KERTEZ
                            CITY OF CHICAGO, LAW DEPARTMENT
                            30 North LaSalle Street
                            Suite 1020
                            Chicago, IL  60602


    PLEASE PROVIDE CORRECT VOICE IDENTIFICATION

Transcribed by:             Riki Schatell
                            6033 North Sheridan Road, 28-K
                            Chicago, Illinois  60660
                            773/728-7281


Proceedings recorded by electronic sound recording, transcript
produced by transcription service.

1          MR. LONGO:  -- I tried to respond a few times your

2    Honor asked me --

3          THE COURT:  No, I'm looking -- I'm also looking at

4    what you say in the papers.  Had Ms. Werth not said one word,

5    that was my reaction when I read the motion.

6          MR. LONGO:  Okay.  I understand.

7          THE COURT:  So go ahead.  I'm happy to hear whatever

8    you have to say.

9          MR. LONGO:  First of all, your Honor, as far as

10   discovery, I quite frankly don't see why there would be this

11   unspecified humongous amount of discovery that she's referring

12   to.  She doesn't give us any specifics.

13         THE COURT:  Who cares?  I'm not paying any attention.

14   Mr. Longo, I said to her you haven't lived and you're mistaken.

15   That's the way discovery works.  I'm not here to figure out

16   what you've done and what you've -- I don't care what you've

17   done.

18         MR. LONGO:  No, I'm talking about she's saying that

19   there's going to require further discovery.

20         THE COURT:  Well, that was my reaction.

21         MR. LONGO:  I don't think so, your Honor.

22         THE COURT:  Well, how in the world could it not?

23   You're not charging the City, not with specifically having not

24   done something in this case because that's clear.  You don't

25   need to amend the complaint for that.  They haven't.

1        You're now going to say that they have a pattern and

2   practice of not training their officers.  You've taken no

3   discovery directed to that end.

4        MR. LONGO:  I have taken discovery directed to that

5   end.  That's what we -- (inaudible, multiple voices) --

6        THE COURT:  Well then, when did you do that?  Because

7   if you've done it then you should have filed a motion to amend

8   long ago when you did it, and what it shows to me is that you

9   had this in mind long ago and you did know what you now say you

10  didn't know until February of '08.

11        MR. LONGO:  Your Honor, what I'm trying to say is

12  since August I've been trying to take these Rule 30.(b)(6) dep-

13  ositions.  And the record will show on countless times I have

14  made calls in person or -- (inaudible, multiple voices) --

15        THE COURT:  Since when?

16        MR. LONGO:  Since August.

17        THE COURT:  August, September, October, November,

18  December.  So your position is that basically six months has

19  gone by and you have sort of been put off by these folks.

20        MR. LONGO:  Yes, because -- (inaudible, multiple

21  voices) --

22        THE COURT:  Then why wouldn't you have filed a motion

23  to --

24        MR. LONGO:  I did file motions, your Honor.  We did

25  file motions --

1          MR. LONGO:  Discovery about various things, your

2     Honor.

3          THE COURT:  What?

4          MR. LONGO:  I'm sorry, your Honor, I don't have a

5     recollection of --

6          THE COURT:  Well, but it had nothing to do with

7     pattern and practice of the City of Chicago and the training of

8     officers.

9          MR. LONGO:  Without looking at it I don't like to

10    make representations to the Court.

11         THE COURT:  Well, no, but I can remember this is an

12    issue that is here now for the first time.  This is not an old

13    issue; this is a new issue.

14         MR. LONGO:  And your Honor, I'm trying to explain to

15    your Honor that I cannot allege custom and practice in good

16    faith.  At least I don't think so.

17         THE COURT:  Then what you could have done is you

18    could have filed interrogatories on the day this happened that

19    asked them to explain whatever it is now that you say you don't

20    need discovery to find out.  You don't have the evidence and

21    you're not going to have it without the discovery and if you

22    have it then this should have been pled long ago.  This changes

23    the dynamics of the case enormously.

24         MR. LONGO:  Your Honor, I'm sorry but I don't see how

25    since I have the discovery that we need.  The Rule 36

1   And I assume it was strategic -- I think one has to live with

2   the consequences of one's decision.  The Seventh Circuit says

3   it over and over, and it's sort of a basic corollary or axiom

4   of life.  That's the second reason.  And so I'm not going to

5   bring him in.

6           As to amending the complaint to charge the City with

7   a Monell claim, I've explained that in detail before and I'm

8   not going to let you do it, so your motion is denied.

9           MS. WERTH:  Thank you, your Honor.

10          MR. KERTEZ:  Thank you, your Honor.

11                  (Hearing adjourned.)


    I, RIKI SCHATELL, certify that the foregoing is a

correct transcript from the record of proceedings in the

above-entitled matter.


_____          March 17, 2008
Riki Schatell                         Date

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DETLEF SOMMERFIELD | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No.  06 C 3132 |
| | ) |
| CITY OF CHICAGO | ) |
| SERGEANT KNASIAK #1841 | ) |
| | ) Honorable Judge Gottschall |
| | ) |
| | ) |
| | ) JURY DEMAND |
| Defendants. | ) |

### RE-NOTICE OF MOTION

On 24 July 2008 at 9:30 a.m., or as soon thereafter as counsel may be heard, I

shall appear before the Honorable Judge Gottschall, or any judge sitting in her stead, in

Room 2325, Everett McKinley Dirksen Building, 219 South Dearborn Street, Chicago,

Illinois and present the PLAINTIFF'S PARTIAL MOTION TO RECONSIDER

6/20/2008 ORDER, OR, ALTERNATIVELY, MOTION TO ALLOW DISCOVERY

AND COMPEL DEFENDANT TO RESPOND TO DISCOVERY RELATING TO

DEFENDANT'S INVESTIGATIONS.



EXHIBIT
*13*

1

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| DETLEF SOMMERFIELD )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CITY OF CHICAGO )<br>SERGEANT KNASIAK #1841 )<br>)<br>Defendants. )<br>) | No.    06 C 3132<br><br>Honorable Judge Gottschall<br><br>JURY DEMAND |

**PLAINTIFF'S PARTIAL MOTION TO RECONSIDER 6/20/2008 ORDER, OR, ALTERNATIVELY, MOTION TO ALLOW DISCOVERY AND COMPEL DEFENDANT TO RESPOND TO DISCOVERY RELATING TO DEFENDANT'S INVESTIGATIONS[1]**

On 24 June 2008, the court entered an order regarding the plaintiff's objection to magistrate judge's 5/6/2008 order, which involved multiple issues. At this time, the plaintiff seeks a reconsideration on only one issue because it appears that a misunderstanding might exist.

*Documents relating to investigations*

In the plaintiff's objection to magistrate judge's 5/6/2008 order, the plaintiff argued that the defendant has a custom and practice of not acting promptly to investigate complaints of harassment, discrimination and harassment, but rather, takes a long time to conduct such investigations. Indeed, the defendant took three (3) years to complete the investigation of the plaintiff's complaints of harassment, discrimination and retaliation.

---

[1] The order was entered and sent to the parties on 6/24/2008.

Spending a lengthy amount of time to complete investigations, that is, essentially placing investigations of discrimination on the back burner, sends the wrong message to employees. Lt. Susan Clark, the defendant's Rule 30 (b) (6) witness, testified that though she did not recall the length of time of each investigation, she does know that she has approved investigations that lasted at least two years.

In the second amended complaint, the plaintiff alleges that the city does not have a practice of completing the investigations of complaints of discrimination promptly and efficiently, that discrimination and harassment continues during the investigation because the defendant does not have a practice of separating the victim and the accused, that lengthy investigations are the custom and practice of the city, that the city acts recklessly and with deliberate indifference and so forth.

The plaintiff also argued that Lt. Susan Clark, the commanding officer in charge of several departments, including statistics, testified that she could produce documents relating to investigations of complaints of discrimination, harassment and retaliation, indicating I) when an investigation started, II) when it was completed, III) who the victim was, IV) who the accused was, V) the nature of the charge, VI) discipline if any, VII) who was interviewed, VIII) whether the charge was sustained or rejected.

The plaintiff also argued that the honorable magistrate judge, respectfully, erred by indicating that he would not allow the plaintiff to have these documents based upon the premise that a plaintiff is only "entitled to rules, regulations and procedures that detail the times that investigations ought to take or ought to follow". 5/6/08 transcript, page 20, plaintiff's reply to defendant's response to defendant's objection to magistrate judge's 5/6/2008 order, page 3. Furthermore, the plaintiff argued that though a defendant might

have an alleged policy in form, the law requires much more. The plaintiff presented case law that the law requires that any alleged policy be executed and implemented in substance. Plaintiff's reply to defendant's response to plaintiff's objection to magistrate judge's 5/6/2008 order, page 3, 4, 8. Therefore, whether the defendant has a policy only in writing is irrelevant if the defendant fails to implement the policy.

Indeed, discovery restricted to obtaining only the defendant's alleged policy may assist if the plaintiff's claim were that the defendant's investigation of the plaintiff's claims of harassment, discrimination and harassment were deficient, but the plaintiff alleges much more, that is, that a custom and practice exists relating to all investigations of harassment and discrimination in that the defendant spends a lengthy amount of time completing investigations relating to harassment, discrimination and retaliation. Consequently, the plaintiff argued that he would need these documents relating to other investigations to prove his claim. Indeed, without such documents, it would be very difficult for the plaintiff to prove this claim and justice would be stifled against the defendant.

On 24 June 2008, the court entered an order affirming the magistrate judge's disallowance of these documents. This honorable court indicated that it "is unable to reconcile Sommerfield's unconditional assurance, in a motion for leave to amend, that he did not need additional discovery, with his current assertion, in a discovery motion, that discovery is essential to proving his newly added claims. As a result, it rejects this argument as a valid basis for overruling Judge Cole's order". 6/20/08 order, page 6, entered 6/24/08. Respectfully, a misunderstanding might exist.

In the plaintiff's motion to amend and in his reply, respectfully, no discussion exists regarding the plaintiff's need to propound additional discovery. Notably, the plaintiff has requested the needed discovery forming the basis of this motion since 8 February 2008. At the 4 March 2008 hearing before the magistrate judge, a discussion regarding discovery ensued. As the Honorable Judge Gottschall indicated on page 6 of the 20 June 2008 order, such discussion occurs in the transcript on page 19:25.

On page 19:25, the discussion relating to discovery related to only one of the plaintiff's claims in the amendments to the complaint, that is, the defendant's deficient training. On page 19 and 20 the following discussion ensued regarding discovery relating to the defendant's deficient training:

> MR. LONGO:  Your Honor, I'm sorry but I don't see how since I have the discovery that we need.  The Rule 36
>
> 1  (inaudible) tells us what the training was and there was
> 2      practically no training....
>
> 19  THE COURT:  He's harassed more and more and more.
> 20  How could it not have occurred to you that there was a flaw in
> 21   the training?

As can be seen and determined from the above, the above discussion related to only one claim, the plaintiff's claim of the defendant's deficient training, not the plaintiff's other claim relating to the defendant's deficient investigations. As the 20 June 2008 order indicated, the plaintiff indicated that he had to discovery he needed, but, as the above demonstrates, the discussion relating to only one claim, that is, training.

4

Aside from the defendant's deficient training, a discussion ensued at the hearing regarding another one of the plaintiff's claims, that is, the defendant's reckless amount of time to complete investigations relating to discrimination and harassment.

At the hearing on 4 March 2008, the plaintiff indicated that he needed documents to which Lt. Susan Clark referred in her deposition regarding investigations and that he had a motion pending to compel relating to such documents.  Indeed, the plaintiff specifically indicated that he would need discovery regarding such investigations (transcript 22:24-23:1).  Indeed, the following ensued on 4 March 2008:

(Mr. Longo)

Regarding investigations, your Honor, we can't,

8    without a rule, at least in my opinion since we were alleging

9    custom and practice and that's a hard thing to plead, we would

10   have to have more than just one incident, that is, this three-

11   year investigation.  At the Rule 30.(b)(6) witness deposition,

12   the City's Commander testified that these investigations, she

13   has signed off on investigations that have taken two years.

14   And you know, that's . . .

15   So now we're getting more evidence to establish some

16   type of custom and practice.  I've asked, in one of our

17   motions, I've asked, as your Honor has denied without

18   prejudice, I've asked for a list that the Rule 30.(b)(6)

19   witness said she could produce, and that is the start date of

20   their investigations, the ending date of their

21   investigations --

THE COURT:  So what, you mean in every investigation?

23        MR. LONGO:  Regarding the --

24        THE COURT:  So you will need more discovery, and once

25   you get it --

1        MR. LONGO:  As regards to that.

3/4/08 transcript, pages 22, 23.  The honorable magistrate judge asked the

plaintiff if he would need more discovery regarding the lengthy amount of time the

defendant takes to complete investigations and the plaintiff responded that he would "as

regards to that". As the plaintiff specifically indicated that he would need discovery

relating to the plaintiff's claim of the defendant's deficient investigations (recklessly

lengthy, failing to separate the accused from the victim during a lengthy amount of time it

takes to complete investigations and so forth), it is respectfully believed that a

misunderstanding might have existed relating to the 20 June 2008 order.  For this reason,

the plaintiff presents this partial motion to reconsider.

Consistently, the plaintiff has sought the requested discovery from the defendant,

that is, before the plaintiff's motion to allow the second amended complaint, at the hearing on the plaintiff's motion to allow the second amended complaint and after the hearing. On 29 February 2008, the plaintiff scheduled for hearing the Plaintiff's Motion to Compel Defendant to Produce Any Alleged Extensions to Complete the Three-Year Investigation and Documents Relating to Investigations. In such motion, the plaintiff argued that he needed discovery for his second amended complaint relating to his claims regarding the defendant's deficient investigations.

On 4 March 2008, the Honorable Magistrate Judge Cole indicated that he did not have jurisdiction over the plaintiff's motions to compel. Therefore, such motions were re-noticed for hearing before Judge Filip for 13 March 2008. In the interim, the previous judge left the bench. Consequently, the plaintiff's motions were rescheduled for hearing before the Honorable Judge Gottschall for 27 March 2008. The parties were informed that no appearance was necessary. Thereafter, the judge's clerk suggested that the plaintiff's motions should be re-noticed for hearing. Therefore, the plaintiff re-noticed the motions for 17 April 2008.

On 17 April 2008, the Honorable Judge Gottschall assigned this motion to the Honorable Magistrate Judge Cole. On 28 April 2008, the honorable magistrate judge ordered the parties to attempt again to resolve the issues in the plaintiff's motion. Pursuant to the magistrate judge's order, the plaintiff once again attempted to resolve the issues with the defendant. Once again, the defendant refused to produce the documents to which Lt. Susan Clark indicated she could produce--though the defendant gave absolutely no reason why the defendant would not produce those documents.

Therefore, the plaintiff issued another re-notice of motion for 6 May 2008. On 6 May 2008, the Honorable Magistrate Judge denied the plaintiff's motion and, thereafter, the plaintiff filed an objection with the Honorable Judge Gottschall.

In the plaintiff's second amended complaint, the plaintiff alleges that the defendant has a custom and practice relating to the defective investigations, including, lengthy amounts of time to complete investigations regarding claims of discrimination and harassment. The plaintiff would need information regarding the defendant's other investigations to establish a custom and practice. Without such information, the plaintiff's ability to prove such custom and practice would be strangled. Lt. Susan Clark indicated that she could produce documents relating to the defendant's investigations regarding discrimination and harassment. Supra. Yet, the defendant has refused to produce such documents, without giving any reason why.

Defendants cannot just refuse to produce discovery at whim. Rather, the defendant has the burden to state the grounds for the objection with specificity. Fed.R.Civ.P. 34. As the defendant failed to object with the required specificity, the objection is deemed waived. Burns v. Imagine Films Entertainment Inc. 164 F.R.D. 589, 593 (W.D.NY 1996). "The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281, 283 (C.D. Cal. 1998).

Discovery is designed to reveal the truth. Yet, the defendant has steadfastly kept such truth hidden, and, as a result, people who have been victimized by discrimination, harassment and retaliation have suffered. Courts hold that discovery is designed to make

a trial a fair contest with the basic issues and facts disclosed to the <u>fullest</u> practicable

extent. <u>United States v. Procter & Gamble</u>, 356 U.S. 677, 682, 78 S.Ct. 983, 986-87, 2

L.Ed.2d 1077 (1958).  Ensuring that the discovery rules accomplish their purpose of

making trials less of a "shell game" and more of a fair contest with the issues and facts

disclosed to the fullest, courts give discovery rules a liberal construction. 8 Wright and

Miller, Federal Practice & Procedure §2001, at 17 n.1; §2007, at 37 n. 94, 2008, at 45-46

n. 21, §§2165-2167, 2106, 2254-2256.  As the Supreme Court held many years ago in

<u>Hickman v. Taylor</u>, 329 U.S. 495, 507-508 (1947):

> We agree, of course, that the deposition-discovery rules are to be
> accorded a broad and liberal treatment. No longer can the time-
> honored cry of 'fishing expedition' serve to preclude a party from
> inquiring into the facts underlying his opponent's case. Mutual
> knowledge of all the relevant facts gathered by both parties is
> essential to proper litigation. To that end, either party may compel
> the other to disgorge whatever facts he has in his possession.

The burden is on the party objecting to discovery to show that discovery should

not be allowed. <u>Castle v. Jallah</u>, 152 F.R.D. 618 (E.D. Va. 1992); <u>Blankenship v. Hearst</u>

<u>Corp.</u>, 519 F. 2d 418, 429 (9th Cir. 1975) (described as a "heavy burden"); 8 Wright and

Miller, supra, §2214, at 644 n. 34.

Notably, as demonstrated by the 4 March 2008 transcript, the defendant provides

no basis for refusing to produce the requested documents. Therefore, the defendant

waived any objection. The defendant failed to meet their burden to demonstrate why the

discovery was not valid.  Yet, the magistrate judge refused to allow such important

discovery, which Lt. Susan Clark admitted she could produce.  The plaintiff requested

that the defendant produce the documents, which Lt. Susan Clark admitted she would

Respectfully submitted,

*Joseph C. Longo*

Joseph A. Longo

**LONGO AND ASSOCIATES LTD.**
Joseph A. Longo, Esq.
Attorney for Plaintiff
2100 West Haven
Mt. Prospect, IL   60056
(847) 640-9490
AttorneyNo.53635

## CERTIFICATE OF SERVICE

I, Joseph A. Longo, an attorney, certify that I served this PLAINTIFF'S
PARTIAL MOTION TO RECONSIDER 6/20/2008 ORDER, OR, ALTERNATIVELY,
MOTION TO ALLOW DISCOVERY AND COMPEL DEFENDANT TO RESPOND
TO DISCOVERY RELATING TO DEFENDANT'S INVESTIGATIONS by electronic
filing on 7 July 2008 before 5pm.  Under penalties as provided by law pursuant to 735
ILCS, Sec 5/1-109, I certify that the statements set forth in this Certificate of Service are
true and correct.

*Joseph C. Longo*

Joseph A. Longo

Respectfully submitted,

_____
Joseph A. Longo

**LONGO AND ASSOCIATES LTD.**
Joseph A. Longo, Esq.
Attorney for Plaintiff
2100 West Haven
Mt. Prospect, IL   60056
(847) 640-9490
AttorneyNo.53635

## CERTIFICATE OF SERVICE

I, Joseph A. Longo, an attorney, certify that I served this NOTICE OF MOTION by electronic filing on 18 July 2008 before 5pm. Under penalties as provided by law pursuant to 735 ILCS, Sec 5/1-109, I certify that the statements set forth in this Certificate of Service are true and correct.

_____
Joseph A. Longo

2