UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DETLEF SOMMERFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08 C 3025 |
| | ) | |
| v. | ) | Judge Joan B. Gottschall |
| | ) | |
| CITY OF CHICAGO and | ) | |
| SERGEANT KNASIAK, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Detlef Sommerfield ("Sommerfield") has sued the City of Chicago (the "City") and Sergeant Knasiak ("Knasiak") bringing claims under 42 U.S.C. § 1981 and § 1983. Before the court are the City's motion to dismiss the complaint and Knasiak's motion to dismiss the complaint. For the reasons stated below, the City's motion is granted and the City is dismissed from the case. Knasiak's motion is granted in part and denied in part; defendant Knasiak shall answer the complaint within 21 days.

### I. BACKGROUND[1]

Sommerfield is a German Jew who immigrated to the United States. He has worked at the Chicago Police Department ("CPD") since 1994. In January 2000, CPD transferred Sergeant Knasiak ("Knasiak") into Sommerfield's department. Knasiak, now Sommerfield's supervisor, repeatedly made unwelcome comments about Sommerfield's Jewish and German heritage.

---

[1] The factual allegations are taken from the second amended complaint and are deemed true for purposes of this motion. *See Andonissamy v. Hewlett-Packard Co.*, 547 F.3d 841, 847 (7th Cir. 2008) (noting that all reasonable inferences must be drawn in favor of plaintiff). Other details are taken from the court's docket and are appropriate matter for judicial notice on a motion to dismiss without converting it to a motion for summary judgment. *See Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080-81 (7th Cir. 1997) (collecting cases relating to matter in the public record).

Sommerfield complained. Thereafter, Knasiak treated Sommerfield less favorably than other officers. For example, he assigned Sommerfield to high crime areas without a partner and disciplined him more harshly. Sommerfield filed a complaint with the CPD Internal Affairs Division in March 2004. Despite Sommerfield's complaints to the City, Knasiak's behavior continued unabated. After Sommerfield complained, he was suspended three times and was denied positions for which he was qualified.

In June 2006, Sommerfield filed a lawsuit, case number 06 C 3132. *See* Complaint, *Sommerfield v. City of Chicago*, No. 06 C 3132 (N.D. Ill. June 7, 2006) (doc. no. 1) (hereinafter "*Sommerfield I*"). In the four-count complaint, Sommerfield's sole count against Knasiak was for intentional infliction of emotional distress. On February 14, 2007, Judge Filip dismissed the count as barred by the applicable statute of limitations, thereby eliminating Knasiak from the suit. *See* Minute Entry, *Sommerfield I*, No. 06 C 3132 (N.D. Ill. Feb. 14, 2007) (doc. no. 38).

On August 16, 2007, Judge Filip denied Sommerfield's motion to amend the complaint to bring constitutional claims against Knasiak because it would be prejudicial in light of the impending close of discovery. *See* Minute Entry, *Sommerfield I*, No. 06 C 3132 (N.D. Ill. Aug. 16, 2007) (doc. no. 66). After the close of discovery was extended, Sommerfield again sought leave to add the claims, this time against both Knasiak and the City. This court, having been assigned the case by the Executive Committee, sustained, in part, Sommerfield's objections to Magistrate Judge Cole's denial of his motion to amend and allowed Sommerfield to add constitutional claims against the City as long as Sommerfield did not attempt to propound additional discovery. *See* Mem. Opinion & Order, *Sommerfield I*, No. 06 C 3132 (N.D. Ill. Apr. 29, 2008) (doc. no. 180). However, it upheld Magistrate Judge Cole's determination that adding Knasiak back into the case at such a late juncture would expand discovery considerably, thereby

prejudicing the City. *Id.* at 4-5. Sommerfield then filed the instant suit. *See* Complaint, *Sommerfield v. City of Chicago*, No. 08 C 3025 (N.D. Ill. May 23, 2008) (doc. no. 1) (hereinafter "*Sommerfield II*").

In *Sommerfield I*, Sommerfield brings claims under Title VII against the City for discriminating against him on the basis of his religion and national origin and for retaliating against him for complaining about Knasiak. 2d Am. Compl. at 4-12, *Sommerfield I*, No. 06 C 3132 (N.D. Ill. May 10, 2008) (doc. no. 190). He also brings *Monell*[2] claims under § 1981 and § 1983 regarding the City's alleged policies of inadequate training on non-discrimination and inadequate investigation of complaints. *Id.* at 12-24. In *Sommerfield II*, Sommerfield brings a § 1983 claim against Knasiak for violations of the First and Fourteenth Amendments and a § 1981 claim against Knasiak for racial discrimination as well as *Monell* claims against the City under § 1981 and § 1983.[3] *See* Complaint at 10-14, *Sommerfield II*, No. 08 C 3025 (N.D. Ill. May 23, 2008) (doc. no. 1).

## II. ANALYSIS

The City has moved to dismiss *Sommerfield II* pursuant to Federal Rule of Civil Procedure 12(f) as duplicative of *Sommerfield I*. It also argues that the complaint should be dismissed because it violates Federal Rule of Civil Procedure 8 and is a flagrant attempt to circumvent the court's orders in *Sommerfield I*. Knasiak moves to dismiss *Sommerfield II* for similar reasons.

### A. The City's Motion To Dismiss

The City argues that *Sommerfield II* should be dismissed because it is duplicative of

---

[2] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).
[3] Although there are four legal claims asserted, Sommerfield brings the § 1981 and § 1983 *Monell* claims against the City together in Count I, and then labels the two claims against Knasiak Count VI and Count VII.

3

*Sommerfield I* and is an attempt to circumvent the bar on further discovery in *Sommerfield I*. Sommerfield argues that the court did not bar the filing of a new complaint and the City has not met its burden to show that the complaint should be stricken.

A district court has "'a great deal of latitude and discretion' in determining whether one action is duplicative of another . . . ." *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) (quoting *Ridge Gold Standard Liquors v. Joseph E. Seagram*, 572 F. Supp. 1210, 1213 (N.D. Ill. 1983)). As a general rule, "a suit is duplicative if the 'claims, parties, and available relief do not significantly differ between the two actions.'" *Id.* (quoting *Ridge Gold Standard Liquors*, 572 F. Supp. at 1213).

Even a cursory review of the pleadings reveals that Sommerfield is the plaintiff and the City is a defendant in both *Sommerfield I* and *Sommerfield II*.[4] In both cases, Sommerfield's prayer for relief for his constitutional claims is identical. However, contrary to the City's protestations of identity of claims in the two suits, the *Monell* claims in *Sommerfield I* relate to the City's alleged failure to train and failure to investigate whereas in *Sommerfield II* they relate to the City's failure to intervene or stop Knasiak's allegedly discriminatory actions. Of course, such an observation begs the question of whether this difference is significant enough to save the litigation from being deemed duplicative where the operative facts underlying the *Monell* claim in *Sommerfield II* are identical to those underlying the Title VII claims in *Sommerfield I*. In both cases, the allegations are that Knasiak allegedly discriminated against Sommerfield and the City's actions and policies did nothing to prevent the behavior.

---

[4] Both parties make much of Knasiak's involvement in the two lawsuits and the effect of prior denial of motions to add claims against Knasiak in *Sommerfield I*. These issues do not affect the court's analysis of whether *Sommerfield II* is duplicative *as to the City*.

In response,[5] Sommerfield asserts that the court did not bar him from filing a new lawsuit when it granted limited leave to amend in *Sommerfield I* and that the court's conclusion that discovery would be prejudicial to the City was tied to the age and procedural posture of *Sommerfield I*. Although this is true, it does not follow that the court should therefore allow Sommerfield to assert different theories of liability based on the same facts in separate cases. *See Sterling v. United States*, 85 F.3d 1225, 1229 (7th Cir. 1996) ("A party who wants to raise different legal theories of liability against the same defendant must present all in a single case); *Mendez v. Gen. Motors Corp.*, 161 F.2d 695, 699 (7th Cir. 1947) (holding that a plaintiff may not split causes of action between suits).

He argues that the suits are not duplicative because *Sommerfield II* applies to events during the applicable statute of limitations before May 2008, while *Sommerfield I* covers earlier dates. But his conclusory statement that the timeframe and associated damages differ is insufficient given that, as the City notes, the faces of the complaints demonstrate no such bifurcation of allegations or claims and the nature of *Monell* claims suggests that there will be considerable overlap in time in regard to the evidence.[6] Sommerfield next argues that the cases should not be found duplicative because they are both pending before the same judge. This argument is meritless; the main issue is whether the suits are duplicative, not the forum in which the duplicative claims are presented. The court concludes that, as to the claims against the City, *Sommerfield II* is duplicative of *Sommerfield I*. Sommerfield's citation of case law based on

---

[5] Sommerfield devotes three pages of his brief to duplicating arguments he asserted in a motion to reconsider. The court has already ruled on those arguments and does not consider them again here. *See* Order, *Sommerfield I*, 06 C 3132 (Oct. 21, 2008) (doc. no. 282). The court also disregards as irrelevant to the issues presented by this motion Sommerfield's comments regarding the City's conduct in *Sommerfield I*.

[6] Sommerfield appears to admit, in his response, that there is an overlap of claims when he discussed that he uncovered allegedly illegal policies and practices of the City during depositions in *Sommerfield I*. *See* Pl.'s Resp. to Def.'s Mot. to Dismiss at 10-12.

5

inapposite factual circumstances does not demand a contrary conclusion.

"[B]efore dismissing a suit as duplicative, 'the district court should consider any special factors counseling for or against the exercise of jurisdiction in the case before [it].'" *Serlin*, 3 F.3d at 224 (quoting *Calvert Fire Ins. Co.*, 600 F.2d 1228, 1234 (7th Cir. 1979)). In favor of dismissal, the City urges the court to consider that allowing discovery in *Sommerfield II* would have the effect of vacating the bar on further discovery in *Sommerfield I*. However, until objectionable discovery has been propounded in *Sommerfield II*, this argument is premature. The City also asserts that Knasiak would be prejudiced by allowing *Sommerfield II* to proceed. However, the City's standing to object to prejudice to Knasiak is unclear, as is the logic of dismissing a case against one defendant because of alleged prejudice to another defendant.

A review of the dockets in these cases indicates that Sommerfield unsuccessfully attempted to add claims against Knasiak multiple times, each time being thwarted by procedural hurdles. This has not affected his ability to bring claims against the City, however. Indeed, the court granted him leave to add *Monell* claims against the City and he did so, at least in regard to certain theories of liability. Sommerfield has advanced no persuasive rationale for why the City should be subject to suit in two separate cases when the underlying facts in both cases are the same; the court can conceive of none. As the *Serlin* court noted, adverse consequences resulting from a party's own conduct or actions in a case does not override the "wholly legitimate concern for wise judicial administration." *Serlin*, 3 F.3d at 224; *see Kim v. Sara Lee Bakery Group, Inc.*, 412 F. Supp. 2d 929, 941 (N.D. Ill. 2006) (dismissing a duplicative second action, notwithstanding that the plaintiff's relief would be limited, "as a consequence of a failure to diligently pursue discovery and to supplement discovery responses, or to otherwise move with more expedition in the First Action"). Having to defend duplicative lawsuits would be unduly

6

burdensome to the City; therefore, the court dismisses Count I (and, consequently, the City) from *Sommerfield II*. The court does not reach the City's Rule 8 arguments and denies the motion to stay discovery as moot.

**B.  Knasiak's Motion To Dismiss[7]**

Knasiak, as did the City, argues that *Sommerfield II* should be dismissed because it is duplicative of *Sommerfield I* and is an attempt to circumvent a bar on discovery in *Sommerfield I*. Although the operative facts remain the same in both suits, the suits are not duplicative as to Knasiak. *See Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) (quoting *Ridge Gold Standard Liquors v. Joseph E. Seagram*, 572 F. Supp. 1210, 1213 (N.D. Ill. 1983) for the proposition that "a suit is duplicative if the 'claims, parties, and available relief do not significantly differ between the two actions.'"). The most obvious difference between the suits is that Knasiak is a party only to *Sommerfield II*. Knasiak's assertion that the parties in the two suits are the same because he was originally named in *Sommerfield I* is without merit. Knasiak is no longer a party to *Sommerfield I*, for – as he points out – the count asserted against him was dismissed in February 2007. Given that the court has dismissed the City from *Sommerfield II*, Sommerfield has separate suits against separate defendants. Knasiak points to no authority that suggests this is improper; indeed, no obvious bar exists on asserting separate suits. *See, e.g.*, *Sterling*, 85 F.3d at 1229 (noting that "when sequential suits name different parties, only issues actually and necessarily decided in the first case carry over to the second under the doctrine of

---

[7] Knasiak's observation on reply that the City's behavior and representations in *Sommerfield I* should not be imputed to Knasiak in *Sommerfield II* is well taken. Consequently, the court disregards the following sections of Sommerfield's response: § II (concerning Sommerfield's difficulties in obtaining from the City an address at which to serve Knasiak), § IV (concerning the merits of a motion for partial reconsideration already resolved by the court in *Sommerfield I*), § VI (concerning discovery issues relating to *Monell* counts added in *Sommerfield I* against the City), and § VII (concerning behavior of the City in *Sommerfield I*).

7

issue preclusion").

Knasiak's argument that Sommerfield is attempting to get around prior orders disallowing amendments in *Sommerfield I* is unpersuasive. The court was concerned about prejudice to the City, not to Knasiak, when it denied leave to amend to add Knasiak at a late stage in the litigation of *Sommerfield I*. The court agrees with Knasiak's assessment that Sommerfield is attempting to remedy mistakes made in *Sommerfield I* by filing this suit; however, Knasiak has provided no citation to authority that suggests this is not allowed,[8] nor has he explained how suits against different defendants will result in double recovery for the same claims. It is always prejudicial to a defendant to be sued. However, as Sommerfield notes, the court did not bar the filing of a new lawsuit and Knasiak has provided no evidence that he was dismissed from *Sommerfield I* with prejudice; therefore, Knasiak cannot expect anything other than the running of the statute of limitations to protect him from further claims. *See Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000) (noting hat "a suit dismissed without prejudice is treated for statute of limitations purposes as if it had never been filed").

Knasiak argues that if discovery is allowed to proceed in *Sommerfield II*, Sommerfield will be able to obtain the discovery he was denied in *Sommerfield I*. Knasiak also mentions that he has been deposed already in *Sommerfield I*, indicating concern for duplicative discovery. As far as the court knows, no discovery has yet been propounded and no depositions have been noticed in *Sommerfield II*. Hypothetical prejudice from not-yet-propounded discovery is not ripe for consideration. If such a situation arises, Rule 37 provides a means of relief.

---

[8] He cites *Kim v. Sara Lee Bakery Group, Inc.*, 412 F. Supp. 2d 929, 941 (N.D. Ill. 2006). However, at issue in this case was a subsequent complaint found to be duplicative where the parties and claims were the same in both cases. *Id.* at 940. Here, the cases are not duplicative. Thus, any procedural misstep correction made by Sommerfield does not have the same prejudicial effect.

Knasiak also argues that the complaint should be stricken for being full of redundant and improperly pled allegations. Rule 8 provides that a pleading must contain "a short and plain statement of the claim showing the pleader is entitled to relief," along with jurisdictional allegations and a prayer for relief. Fed. R. Civ. P. 8. Upon timely motion by a party, a "court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f)(2). Because "extraneous allegations . . are entirely ignorable," the Seventh Circuit has "advise[d] defense counsel against moving to strike extraneous matter unless its presence in the complaint is actually prejudicial to the defense." *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 821 (7th Cir. 2001). Despite the disfavored status of a Rule 12(f) motion, a court may properly strike matter when it "has the effect of confusing the issues or where it is so lengthy and complex that it places an undue burden on the responding party." *Anderson v. Bd. of Educ. of City of Chicago*, 169 F. Supp. 2d 864, 868 (N.D. Ill. 2001) (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1382).

The complaint at issue contains 145 paragraphs. Although the court rejects Sommerfield's reading of *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, ___, 127 S. Ct. 1955 (2007) as approving of evidence-laden complaints, "nothing in the federal rules forbids the filing of prolix complaints." *Jackson v. Marion County*, 66 F.3d 151, 154 (7th Cir. 1995). As Knasiak's own citations disclose, "mere redundancy or immateriality is not enough to trigger the drastic measure of striking the pleading or parts thereof; in addition, the pleading must be prejudicial to the defendant." *See Hardin v. Am. Elec. Power*, 188 F.R.D. 509, 511 (S.D. Ind. 1999) (citing *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 664 (7th Cir. 1992)). Knasiak fails to demonstrate sufficient prejudice. Therefore, the court declines to strike the complaint. *See Davis*, 269 F.3d at 820 (holding that it is an abuse of discretion for a district

9

court to dismiss a complaint "merely because of the presence of superfluous matter"). The court notes, however, that many of the allegations relate to the claims against the City, which has been dismissed from the case. The court consequently strikes Count I (paragraphs 82 through 103 inclusive).[9] Rule 8 provides a means by which Knasiak may deal with any remaining allegations that concern only the City.[10] *See* Fed. R. Civ. P. 8(b)(6).

Finally, Knasiak requests consolidation of *Sommerfield II* with *Sommerfield I*. Sommerfield objects. Rule 42 provides that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a); *see United States v. Knauer*, 149 F.2d 519, 520 (7th Cir. 1945) (noting the court's "broad discretion" in the consolidation of cases and observing that it is inappropriate where "the issues . . . are certain to lead to confusion or prejudice"). Here, the two cases clearly involve a common question of fact. However, they are in very different procedural postures. Specifically, *Sommerfield I* is ripe for dispositive motions or trial whereas discovery has yet to commence in *Sommerfield II*. Thus, it is unclear whether consolidation would avoid "unnecessary duplication of effort in related cases." *See EEOC v. G-K-G, Inc.*, 39 F.3d 740, 745 (7th Cir. 1994) (citing *EEOC v. N. Hills Passavant Hosp.*, 544 F.2d 664, 670, 672 (3d Cir. 1976)). The parties are welcome to coordinate motion and status hearing dates for both cases; however, the court declines to consolidate the cases at this time absent agreement of the parties.

---

[9] The incorrectly numbered Counts VI and VII are the sole remaining claims.
[10] Knasiak points to seven instances in which he claims Sommerfield unnecessarily duplicates allegations. *See* Reply Mem. in Further Supp. of Def. Knasiak's Mot. to Dismiss at 8. However, a close review shows that the allegations appear in separate sections that allege religious discrimination and national origin discrimination. Consequently, although the wording may be identical, the substantive allegations differ.

## III. CONCLUSION

For the reasons stated above, the City of Chicago's motion to dismiss is granted and its motion to stay is denied as moot. Defendant Knasiak's motion to dismiss is granted in part, in that paragraphs 82 through 103 are stricken, and denied in part, as to the remainder of the complaint. His motion to consolidate is denied. He shall answer the remaining allegations of the complaint within 21 days. The parties shall appear for status hearing and to set a discovery schedule at 10 a.m. on Wednesday April 8, 2009.

ENTER:

\_\_\_\_/s/_____
JOAN B. GOTTSCHALL
United States District Judge

DATED: February 26, 2009