# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| DETLEF SOMMERFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08 C 3025 |
| v. | ) | |
| | ) | Judge Joan B. Gottschall |
| THE CITY OF CHICAGO and | ) | |
| SERGEANT KNASIAK #1841, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION & ORDER

Plaintiff Detlef Sommerfield brought this action under 42 U.S.C. §§ 1981 and 1983 against the City of Chicago ("the City") and Sergeant Lawrence Knasiak. All claims against the City having been dismissed, *see Sommerfield v. City of Chicago*, No. 08 C 3025, 2009 WL 500643 (N.D. Ill. Feb. 26, 2009), only the two counts against Knasiak remain. Sommerfield alleges that Knasiak repeatedly harassed him on the basis of his race, religion, and national origin, and that Knasiak retaliated against him after he complained about the harassment. Count VI is a § 1983 claim for violations of the First and Fourteenth Amendments, and Count VII is a § 1981 claim for racial discrimination. Knasiak has moved for summary judgment on both counts. For the reasons stated below, the court denies Knasiak's motion.

## I. BACKGROUND

Sommerfield is a German Jew who immigrated to the United States. He has worked at the Chicago Police Department since 1994. Sommerfield alleges that Knasiak, his direct supervisor, would often make offensive and discriminatory comments to Sommerfield about his racial heritage and religion. Sommerfield further alleges that when he complained, Knasiak retaliated by assigning him to high crime areas without a partner and to other unsavory duties.

In June 2006, Sommerfield filed his first lawsuit against the City of Chicago and Knasiak. He brought claims under Title VII, § 1981, and § 1983 against the City, and a claim for "intentional infliction of emotional harm" against Knasiak. The case was initially assigned to Judge Filip, who dismissed the claim against Knasiak because that claim was barred by the applicable statute of limitations. *See Sommerfield v. City of Chi.*, No. 06 C 3132, 2008 WL 4542954, at *2 (N.D. Ill. Apr. 29, 2008). In September 2010, this court (the case having been reassigned) resolved various cross-motions for summary judgment, denying Sommerfield's motions and granting in part the City's motion. *See Sommerfield v. City of Chi.* (*Sommerfield I*), No. 06 C 3132, 2010 WL 3786968 (N.D. Ill. Sept. 20, 2010). The 2006 case continues to progress, with the City as the only remaining defendant.

In May 2008, Sommerfield filed a second lawsuit, again naming both the City and Knasiak. This court dismissed the claims against the City because the claims were duplicative of those filed in 2006; the claims against Knasiak, in which Sommerfield alleged violations of §§ 1981 and 1983, remain. *See Sommerfield*, 2009 WL 500643, at *6. Knasiak now moves for summary judgment, arguing that this court's rulings in *Sommerfield I* bar Sommerfield from (1) arguing that Knasiak acted as a supervisor, or (2) presenting any evidence of discrimination or retaliation outside of Knasiak's alleged verbal attacks. As a result, Knasiak claims that Sommerfield cannot prevail on his §§ 1983 and 1981 claims, the theory being that because Knasiak was not a supervisor, he could not be a policymaker or decisionmaker; and because he was not a policymaker or decisionmaker, he could not have been acting under color of state law as required for liability. Knasiak further argues that Sommerfield cannot prevail on his § 1981 theory because there is no individual liability under § 1981, and because Sommerfield (forced to

rely solely on evidence of Knasiak's alleged verbal attacks) cannot meet his burden of proof in establishing discrimination.

## II.   ANALYSIS

### A. Collateral Estoppel

Issue preclusion, or collateral estoppel, bars successive litigation of the same issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment. *See Taylor v. Sturgell*, 553 U.S. 880, 892 & n.5 (2008). The Seventh Circuit has held that issue preclusion applies if four factors are satisfied:

> (1) the issue sought to be precluded is the same as that involved in the prior action; (2) the issue was actually litigated; (3) the determination of the issue was essential to the final judgment; and (4) the party against whom estoppel is invoked was fully represented in the prior action.

*Dexia Crédit Local v. Rogan*, 629 F.3d 612, 628 (7th Cir. 2010) (citations omitted).

1. <u>Whether Sommerfield is barred from arguing that Knasiak was Sommerfield's supervisor</u>

Knasiak claims that because this court resolved the issue of Knasiak's supervisory status in *Sommerfield I*, Sommerfield is collaterally estopped from arguing that Knasiak was Sommerfield's supervisor for purposes of §§ 1981 and 1983. Sommerfield responds that the issue in *Sommerfield I* was limited to Title VII, and that in any event, the relevant inquiry under §§ 1981 and 1983 is whether Knasiak was acting under the color of state law, not whether he was a supervisor. The court agrees with Sommerfield.

"Because there is no theory of *respondeat superior* for constitutional torts, a plaintiff must plead that each Government-official defendant, *through the official's own individual actions*, has violated the Constitution." *T.E. v. Grindle*, 599 F.3d 583, 588 (7th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1948 (2009) (internal quotation marks omitted and

3

emphasis added)). Thus, "an equal protection claim against a supervisor requires a showing of intentional discrimination. . . . [*i.e.*,] that the supervisor, like the subordinate, intended to discriminate on the basis of a protected class." *Id.* at 588 (citing *Iqbal*, 129 S.Ct. at 1948-49); *see Smith v. Husz*, 384 F. App'x 514, 515 (7th Cir. 2010) (citing *Grindle* for the proposition that § 1983 does not allow actions against persons merely because of their supervisory roles); *Rojas v. Town of Cicero*, No. 08 C 5913, 2010 WL 4065483, at *10 (N.D. Ill. Oct. 14, 2010) (citing *Grindle* and noting the same discriminatory intent standard applies for claims rooted in the First Amendment). In other words, intentional discrimination is a required element of a § 1983 claim, just as it is a required element for a § 1981 claim. *See Black Agents & Brokers Agency v. Near N. Ins. Brokerage, Inc.*, 409 F.3d 833, 837 (7th Cir. 2005) (noting that to state a claim under § 1981, the plaintiff must allege facts to support, *inter alia*, that the defendant intended to discriminate on the basis of race).

Because there is no respondeat superior or supervisory liability in the context of §§ 1981 and 1983, a plaintiff must show that *each* defendant, through that defendant's own individual actions, intended to discriminate on the basis of a protected class. This is in contrast to Title VII, where a plaintiff may sue an employer for the acts of a fellow employee and establish a basis for recovery even without a showing of discriminatory intent. *See, e.g.*, *Huff v. Sheahan*, 493 F.3d 893, 903 (7th Cir. 2007) (noting that for a hostile work environment claim, offensive but unwitting behavior could suffice to establish Title VII liability, but such behavior did not "evinc[e] the discriminatory intent required for liability under § 1983"); *Sommerfield I*, 2010 WL 3786968, at *10 ("Where the harasser creating a hostile work environment is the plaintiff's supervisor, Title VII imposes strict liability on the employer unless the employer can establish an affirmative defense."). For this reason, the term "supervisor" has a specific meaning in the

context of Title VII. *See Velez v. City of Chi.*, 442 F.3d 1043 (7th Cir. 2006) ("A supervisor is one with the power to *directly* affect the terms and conditions of the plaintiff's employment, not simply one with 'authority to oversee aspects of another employee's job performance." (citation and internal quotation marks omitted)). By contrast, claims under §§ 1981 and 1983 may be brought against a harasser regardless of whether the harasser is a supervisor.

So when Knasiak argues that because he was not considered a "supervisor" in *Sommerfield I*, he cannot be liable, he mistakenly imports the concept of supervisory liability from Title VII into §§ 1981 and 1983. In this case, the question of whether Knasiak is a supervisor under Title VII does not foreclose liability; instead, the relevant question is whether Knasiak intentionally discriminated against Sommerfield. Thus, the court's holding in *Sommerfield I* that Knasiak was not a supervisor has no bearing on Sommerfield's claims under §§ 1981 and 1983 claim, and collateral estoppel is inapplicable.

2. <u>Whether Sommerfield is barred from presenting evidence of discrimination and retaliation beyond Knasiak's alleged verbal attacks</u>

Knasiak argues that *Sommerfield I* precludes Sommerfield from presenting evidence of any conduct aside from Knasiak's verbal attacks. In *Sommerfield I*, this court analyzed Sommerfield's Title VII claims against the City, noting that a Title VII plaintiff may not raise claims that do not fall within the scope of earlier allegations contained in his Equal Employment Opportunity Commission ("EEOC") charge. *Sommerfield I*, 2010 WL 3786968, at *7 (citing *Ezell v. Potter*, 400 F.3d 1041, 1046 (7th Cir. 2005)). The court then proceeded to analyze Sommerfield's allegations in view of his first EEOC charge, which he had filed on June 24, 2004. The court found that the 2004 EEOC charge made "no mention of any of the specific employment actions that Sommerfield now alleges constitute actionable discrimination and retaliation under Title VII, including that he was assigned to work alone and in dangerous

5

areas . . . . [instead, it] was limited to complaints of verbal harassment." *Id.* Consequently, the court granted summary judgment in favor of the City as to these specific acts of harassment. *Id.*

Perhaps for this reason, Sommerfield argues that the court's holding in *Sommerfield I* was limited to acts set forth in the June 24, 2004 EEOC charge and has no bearing on specific employment actions subsequently described in his July 12, 2006 EEOC charge. He also takes pains to note that neither § 1981 nor § 1983 requires a plaintiff to exhaust state remedies or to file EEOC charges prior to filing a lawsuit, a proposition with which this court generally agrees. *See SKS & Assocs., Inc. v. Dart*, 619 F.3d 674, 682 (7th Cir. 2010) ("[T]here is no general duty to exhaust state judicial or administrative remedies before pursuing a section 1983 action."); *Walker v. Abbott Labs*, 340 F.3d 471, 474 (7th Cir. 2003) (noting that § 1981 does not require the filing of an EEOC charge before bringing an action in a federal court).

But these points do not bear on the question at hand, because the court separately analyzed Sommerfield's Title VII retaliation claims and noted that Sommerfield provided no evidence to establish a material, factual dispute regarding the alleged non-verbal employment actions. *Sommerfield I*, 2010 WL 3786968, at *12-14. Sommerfield complained about "harassment/discrimination, [and] retaliation," including his being assigned to "dreaded hospital duty"; being required to use his personal vehicle for work-related matters; not being assigned a specific beat car, a specific start time, or a partner; and being required "to work alone and so forth." *Id.* at *12. In analyzing his claims, the court held that the affidavits he provided in support were insufficient to establish a genuine issue of material fact, because they contained only bald assertions and lacked the specificity required by Rule 56. Further, with regard to three suspensions he alleged were retaliatory, he failed to provide any evidence that either Knasiak or the ultimate decisionmaker had a retaliatory motive. *Id.* at *14. Thus, the court granted partial

summary judgment on Sommerfield's retaliation claim, and held that the claim going forward was "limited to Knasiak's verbal harassment of Sommerfield after March 2004."

As a result, issue preclusion applies to a certain extent, because the issue here overlaps with the issue presented in *Sommerfield I*, the issue was actually litigated by Sommerfield, and the court's determination was essential to its holding. *See Dexia Crédit Local*, 629 F.3d at 628. Accordingly, Sommerfield is estopped from presenting any evidence of retaliation beyond that of Knasiak's verbal attacks. However, to the extent that Knasiak is seeking to apply this court's *Sommerfield I* ruling more broadly—*i.e.*, beyond the context of a retaliation claim—the court did not reach that issue and collateral estoppel would not apply.

**B. Count VI – Section 1983**

In order to prevail on his § 1983 claim, Sommerfield ultimately must prove that (1) he had a constitutionally protected right, (2) he was deprived of that right, (3) Knasiak intentionally caused that deprivation, and (4) Knasiak acted under color of state law. *See Cruz v. Safford*, 579 F.3d 840, 843 (7th Cir. 2009). Knasiak argues that because he was not a policymaker, he could not have acted under color of state law. Not only is Knasiak's assumption erroneous, but Knasiak does not cite to any factual evidence in his memorandum of law to support his claim that he was not a policymaker. That alone is reason enough to deny summary judgment. *See* Fed. R. Civ. P. 56(c)(1)(A); Standing Order Regarding Mot. for Summ. J. ("Citations to facts in the memorandum must be to both the 56.1(a)(1) documents establishing the fact and to the 56.1(a)(3) statement.").

Even putting aside Knasiak's failure to comply with the rules, his argument misstates the law. Knasiak reasons that because liability may be imposed upon municipal policymakers, only policymakers are liable under § 1983. Knasiak cites a single case, *Webb v. City of Chester, Ill.*,

813 F.2d 824 (7th Cir. 1986), in support of his position. In *Webb*, the Seventh Circuit reaffirmed that "municipalities are liable for deprivations, under color of state law, of constitutionally protected rights only when municipal officials act pursuant to official municipal policy of some nature." *Id.* at 828 (internal quotation marks omitted). The court noted that the requirement ensured that municipalities would not be held vicariously liable for individual tortious acts of their employees, but could be liable for any "single decision by municipal policymakers under appropriate circumstances." *Id.* at 829 (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986)).

*Webb* provides no support for Knasiak's argument, as *Webb* in no way indicates that liability may only be imposed on policymakers. And of course, the Supreme Court has repeatedly emphasized that the reach of § 1983 is quite broad. *See Kalina v. Fletcher*, 522 U.S. 118, 123 (1997) ("The text of [§ 1983] purports to create a damages remedy against *every state official* for the violation of any person's federal constitutional or statutory rights.") (emphasis added); *Golden State Transit Corp. v. Los Angeles*, 493 U.S. 103, 105 (1989) ("We have repeatedly held that the coverage of [§ 1983] must be broadly construed."). Generally speaking—that is, outside of the municipal liability context—the relevant inquiry is not whether the accused individual is a policymaker, but whether he acted under color of state law. In the Seventh Circuit, an action is taken under color of state law "when it involves a misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Wilson v. Price*, 624 F.3d 389, 293 (7th Cir. 2010) (quoting *Honaker v. Smith*, 256 F.3d 477, 484-85 (7th Cir. 2001)). In other words, as long as Knasiak's acts "related in some way to the performance of the duties of the state office," he may be liable for

constitutional deprivations under § 1983. *Honaker*, 256 F.3d at 485. His policymaker status is irrelevant.

Next, Knasiak argues that he could not have acted under color of state law because he had no authority to act with regard to Sommerfield's employment. He correctly notes that his status as a police officer does not automatically mean he acts under color of state law. *See, e.g.*, *Gibson v. City of Chi.*, 910 F.2d 1510, 1516 (7th Cir. 1990) ("[A police officer's] mere status as a policeman does not render all of his acts under color of state law," even if those acts are committed while on duty and in uniform; instead, the acts must "in some way relate[ ] to the performance of police duties." (quoting *Briscoe v. LaHue*, 663 F.2d 713, 721 n.4 (7th Cir. 1981) (internal quotation marks omitted))). But as before, Knasiak relies on *Sommerfield I* to argue that he was not a supervisor, and therefore he could not have acted under color of state law. This argument has already been rejected. *Sommerfield I* held only that Knasiak was not a supervisor for purposes of Title VII, and says nothing with regard to whether Knasiak acted under color of state law for purposes of §§ 1983 and 1981. Furthermore, Knasiak again fails to cite to any authority or any facts from his Local Rule 56.1 statement to support his assertion that he did not have authority to act. For all of these reasons, Knasiak is not entitled to summary judgment on Count VI.

## C. Count VII – Section 1981

The rights enumerated in § 1981, like those in § 1983, are protected from impairment by one acting under color of state law. *See* 42 U.S.C. § 1981(c); *Davis v. U.S. Dep't of Justice*, 204 F.3d 723, 725 (7th Cir. 2000). In addition to two new challenges, discussed below, Knasiak again argues that the holding in *Sommerfield I* collaterally estops Sommerfield from claiming that Knasiak acted under color of state law as required for § 1981 liability. The court will not

reiterate what it has already made clear; suffice it to say that this argument is not supportable, as the court's *Sommerfield I* decision was limited to Title VII.

Knasiak provides two alternative bases for summary judgment. First, he claims that "the law is clear that a nondecisionmaker cannot be held liable under § 1981 merely for remarks they might have made," and that, as a result, Sommerfield cannot satisfy his burden of proof. (*See* Def.'s Mem. in Supp. of Mot. for Summ. J. at 10, ECF No. 98.) Second, he claims that "the law is clear that only employers can be liable under § 1981, and [he] is not an employer." Neither of these arguments succeeds.

The first argument is a wolf—the same old collateral estoppel argument—hiding in sheep's clothing. The court agrees that "statements by a nondecisionmaker ordinarily do not satisfy plaintiff's burden of proof in an employment retaliation case." *David v. Caterpillar, Inc.*, 324 F.3d 851, 860-61 (7th Cir. 2003). The court also agrees that Sommerfield is precluded from presenting evidence of retaliation other than Knasiak's verbal statements. But of course, this entire line of reasoning rests on the erroneous premise that Knasiak is not a decisionmaker—a conclusion that Knasiak reaches by again relying on the court's *Sommerfield I* opinion. For the reasons already provided, *Sommerfield I* does not preclude Sommerfield from arguing here that Knasiak is a decisionmaker.

The second argument fares no better. Knasiak claims that § 1981 does not provide for liability against Knasiak in his individual capacity. In his view, only "employers," as defined in Title VII (*i.e.*, those who employ fifteen or more employees for more than twenty weeks a year), are liable for violations of § 1981. Simply put, this is not the law.[1] Section 1981 creates liability

---

[1] Knasiak should know better; indeed, in one of the cases he cites in his brief, the district court declined to dismiss claims alleging personal liability under § 1981. *See Riad v. 520 S. Mich. Ave. Assocs. Ltd.*, 78 F. Supp. 2d 748, 761-62 (N.D. Ill. 1999) ("Both individual defendants filed separate briefs to argue that [the plaintiff] presented

for individuals who are personally involved in the violation. *See McQueen v. City of Chi.*, No. 09 C 2048, --- F. Supp. 2d ----, 2011 WL 1113192, at *5 (N.D. Ill. Mar. 23, 2011) ("Individual liability arises under §§ 1981 or 1983 only if the defendant was personally involved.") (citing *Palmer v. Marion Cnty.*, 327 F.3d 588, 594 (7th Cir. 2003) and *Musikiwamba v. ESSI, Inc.*, 760 F.2d 740, 753 (7th Cir. 1985)); *Renta v. County of Cook*, 735 F. Supp. 2d 957, 977 (N.D. Ill. 2010) ("For an individual defendant to be liable under § 1981 and § 1983, he must have directly caused or participated in the constitutional violation.") (citing *Hildebrandt v. Ill. Dep't of Natural Res.*, 347 F.3d 1014, 1039 (7th Cir. 2003)). Sommerfield has alleged facts that, if established at trial, show Knasiak "directly participated" or was "personally involved" in the discrimination. Knasiak is not entitled to summary judgment on this ground.

### III. CONCLUSION

For the foregoing reasons, Knasiak's motion for summary judgment is denied, but Sommerfield is precluded from presenting any evidence of retaliation outside of Knasiak's alleged verbal attacks.

ENTER:

/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: September 29, 2011

---

insufficient evidence to maintain his claims against them for personal liability under § 1981. . . . We decline to dismiss either claim alleging personal liability.").