UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| DETLEF SOMMERFIELD, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Judge Joan B. Gottschall |
| THE CITY OF CHICAGO and SERGEANT KNASIAK #1841, | ) | Case No. 08 C 3025 |
| Defendants. | ) | |

**MEMORANDUM OPINON & ORDER**

Plaintiff Detlef Sommerfield, a patrol officer in the Chicago Police Department, brought this action under 42 U.S.C. §§ 1981 and 1983 against the City of Chicago and Sergeant Lawrence Knasiak. Sommerfield alleges that Knasiak repeatedly harassed and otherwise discriminated against him on the basis of his race, religion, and national origin, and that Knasiak retaliated against him after he complained about the harassment. Sommerfield brings this suit alleging (1) a claim under § 1983 claim for violations of the First and Fourteenth Amendments and (2) a claim under § 1981 claim for racial discrimination. Now before the court are (1) Sommerfield's motion [299] to strike portions of Knasiak's statement of facts and corresponding portions of his memorandum of law and (2) Knasiak's motion [268] for partial summary judgment on Sommerfield's First Amendment claim.

For the reasons discussed below, the court denies Sommerfield's motion to strike and grants Knasiak's motion for partial summary judgment on Sommerfield's First Amendment claim.

# I. BACKGROUND

The following facts are undisputed for purposes of Knasiak's motion for summary judgment.

Sommerfield has been a patrol officer with the Chicago Police Department (CPD) since July 5, 1994. He was assigned to the 008th District of the CPD from December 10, 1998, until approximately August 13, 2007, when he was transferred to the 001st District. Sommerfield's national origin is German, and his religion is Jewish. Sergeant Knasiak was one of Sommerfield's senior officers, along with Lieutenant Carson Earnest (who served as watch commander about 50% of the time), Sergeant John Maciejewski, Sergeant Christine Pickering Deierl, and Sergeant Betty Woods. Knasiak was a sergeant in the 008th District from August 1997 until he retired on June 15, 2007.

Sommerfield contends that Knasiak repeatedly attacked him verbally for being German and Jewish and used racial slurs against others. In March 2014, Sommerfield initiated a complaint against Knasiak through the CPD's Internal Affairs Division (IAD). CPD Officer Christopher Taliaferro of the IAD found that Knasiak violated CPD's rules and regulations. After filing the complaint with IAD, Sommerfield filed a charge with the Equal Employment Opportunity Commission (EEOC).

The claims now remaining in this case are a § 1983 claim for violations of the First and Fourteenth Amendments (Count VI) and a § 1981 claim of racial discrimination (Count VII). In Count VI, Sommerfield claims that Knasiak violated the Equal Protection Clause by treating Sommerfield unequally because he was Jewish and/or German, and retaliated against Sommerfield for filing a complaint and charges of discrimination and harassment against

Knasiak. In Count VII, Sommerfield claims that Knasiak violated his right to freedom from racial discrimination.

On March 18, 2014 this court denied without prejudice Knasiak's Motion in limine seeking to exclude reference to the First Amendment claims. Perceiving a real question as to whether the First Amendment claim was viable, the court granted Knasiak leave to file a motion for partial summary judgment.

## II. LEGAL STANDARD

### A. Motion to Strike

Rule 12(f) of the Federal Rules of Civil Procedure permits the court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter," either on motion of a party "before responding to the pleading," or on the courts own motion. Courts generally disfavor motions to strike, but they may serve to remove unessential clutter, clarify the issues in dispute, and streamline the litigation. *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). Rule 7(a) of the Federal Rules of Civil Procedure defines pleadings as complaints, answers, replies to counterclaims, answers to cross-claims, third-party complaints, and third-party answers. Motions for summary judgment are not pleadings subject to Rule 12(f). *See EEOC v. Admiral Maint. Serv., L.P.*, 174 F.R.D. 643, 646-47 (N.D. Ill. 1993) (holding that a motion for summary judgment and accompanying statement of facts are not pleadings for Rule 12(f) purposes).

### B. Motion for Summary Judgment

Summary judgment is appropriate when the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Smith v. Hope Sch.*, 560 F.3d 694, 699 (7th Cir. 2009). The court ruling on the motion construes

all facts and makes all reasonable inferences in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Summary judgment is appropriate for when the nonmoving party cannot establish an essential element of its case on which it will bear the burden of proof at trial. *Kidwell v. Eisenhauer*, 679 F.3d 957, 964 (7th Cir. 2012).

### III. ANALYSIS

**A.  Motion to Strike**

Sommerfield moves to strike paragraphs 14 through 32 of Knasiak's statement of facts and pages 6 through 11 of his memorandum of law. Sommerfield argues that these sections effectively present an additional motion for summary judgment for which the court did not grant authorization. Specifically, Sommerfield construes these sections of Knasiak's filings as "seek[ing] summary judgment on what are the retaliatory claims." (Pl.'s Mot. to Strike, ECF No. 299, at 1.) In those sections, Knasiak asks the court to "enter an Order limiting Plaintiff's retaliation claim to verbal attacks and estop Plaintiff from pursuing further retaliation claims . . . ." (Def.'s Mem. in Support, ECF No. 270, at 6-7.)

Sommerfield cites no legal basis or authority for the motion to strike, and Rule 12(f) does not authorize Sommerfield's motion to strike. *See Admiral Maint.*, 174 F.R.D. at 646-47. The court therefore denies Sommerfield's motion.

Moreover, contrary to Sommerfield's assertion, Knasiak's motion does not attempt to backdoor an additional motion for summary judgment on the scope of the retaliatory claims. Instead, the portion of the motion that offends Sommerfield merely asks the court to reiterate its previous holdings in the form of yet another order. That request is denied; the court's previous rulings were clear. Although Sommerfield may proceed on his claims of verbal harassment and retaliation, "Sommerfield [is] estopped . . . from presenting [any] evidence of retaliation beyond

4

Knasiak's verbal attacks." (Order, Aug. 9, 2013, ECF No. 220, at 26; *see also* Order, Sept. 29, 2011, ECF No. 127, at 7.) The court sees no need to enter yet another order reiterating its previous holdings.

In sum, the sections Sommerfield seeks to strike do not comprise an unauthorized motion for summary judgment. Even if they did, Sommerfield cites no legal basis allowing the court to strike any offending portions of a memorandum in support of a motion for summary judgment or statement of facts. Accordingly, the court denies Sommerfield's motion to strike.

**B.     Motion for Summary Judgment**

To make a prima facie showing on his First Amendment retaliation claim, Sommerfield must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter free speech in the future; and (3) the First Amendment activity was "at least a motivating factor" in the defendant's decision to take retaliatory action. *Woodruff v. Mason*, 542 F.3d 545, 551 (7th Cir. 2008) (internal quotation marks omitted).

Under the first prong, not all speech made by public employees is protected by the First Amendment. The Supreme Court has recognized "that the government has legitimate interests in regulating the speech of its employees that differ significantly from its interests in regulating the speech of people generally." *Connick v. Myers*, 461 U.S. 138, 156-57 (1983); *see Pickering v. Bd. of Educ.*, 391 U.S. 563, 568 (1968). Therefore, "[w]hen public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes." *Garcetti v. Ceballos*, 547 U.S. 410, 421 (2006).

To balance the interests between public employees' legitimate interest in making constitutionally protected speech and the government's interest in regulating its employees' speech, courts use a balancing test called the *Connick-Pickering* test. "Under the *Connick-*

*Pickering* test, a public employee can establish that his speech is constitutionally protected if (1) the employee spoke as a citizen on matters of public concern, and (2) the interest of the employee as a citizen in commenting upon matters of public concern outweighs the interest of the State as an employer in promoting the efficiency of the public services it performs through its employees." *Sigsworth v. City of Aurora*, 487 F.3d 506, 509 (7th Cir. 2007) (construing *Connick*, 461 U.S. at 147 *and Pickering*, 391 U.S. at 568).

Knasiak argues that Sommerfield was speaking pursuant to his official duties rather than as a "citizen" in filing his report with the IAD because CPD policies required Sommerfield to report misconduct. *See Garcetti*, 547 U.S. at 421. Thus, his speech would not be protected under the first prong of the *Connick-Pickering* test. Knasiak also argues that Sommerfield was not speaking on a "matter of public concern," as his complaint was a personal grievance.

For the purposes of this motion, the court assumes (without deciding) that Sommerfield's reports to the IAD and EEOC were in his capacity as a citizen rather than pursuant to his official job duties. Nevertheless, the court grants Knasiak's motion for partial summary judgment because Sommerfield's complaints were not on matters of public concern.

Under the first prong of the *Connick-Pickering* test, the First Amendment protects a public employee's speech if the employee spoke as a citizen on matters of public concern, but not if the speech is a purely personalized grievance. *Connick*, 461 U.S. at 147; *Pickering*, 391 U.S. at 568; *see Garcetti*, 547 U.S. at 418 ("[T]he employee has no First Amendment cause of action based on his or her employer's reaction to the speech [unless] the employee spoke as a citizen on a matter of public concern.").

To determine whether speech addresses a matter of public concern, a court must examine "the content, form and context of a given statement, as revealed by the whole record." *Connick*,

461 U.S. at 147-48. Although the speaker's motive is relevant to the context, it is not dispositive. *Kristofek v. Vill. of Orland Hills*, 712 F.3d 979, 985 (7th Cir. 2013). The content of the speech is "the most important factor in determining whether speech addresses a matter of public concern." *Chaklos v. Stevens*, 560 F.3d 705, 714 (7th Cir. 2009). "The [*Connick-Pickering*] test requires us to look at the *point* of the speech in question: was it the employee's point to bring wrongdoing to light? Or to raise other issues of public concern, because they are of public concern? Or was the point to further some purely private interest?" *Linhart v. Glatfelter*, 771 F.2d 1004, 1010 (7th Cir. 1985).

A complaint does not become a matter of public concern simply because the public would be interested in the issue; rather, a complaint is a matter of public concern only if the purpose of the complaint is to raise issues of public concern. *Houskins v. Sheahan,* 549 F.3d 480, 492 (7th Cir. 2008). For example, a complaint of employer sexual harassment does not receive First Amendment protection if the employee voiced the complaints solely for the private purpose of stopping the harassment. *Gray v. Lacke*, 885 F.2d 399, 411 (7th Cir. 1989). Conversely, when an EEOC complaint of harassment and discrimination expressly states that it was filed on behalf of the plaintiff and others similarly situated, the plaintiff has provided sufficient evidence to defeat a motion for summary judgment on a First Amendment claim. *Kessel v. Cook Cnty.*, No. 00 C 3980, 2001 WL 826914, at *5 (N.D. Ill. July 12, 2001). The court in *Kessel* noted, however, that even with such an explicit statement, the question of whether the EEOC complaint is a matter of public concern is a close one. *Id.* at *4.

Here, looking to the content of Sommerfield's speech, he alleges "that over a period of time the accused, Sergeant Lawrence KNASIAK #1841 has been making disparaging remarks against him and others by using racial slurs and derogatory comments." (IAD Report, ECF No.

272-5, at D0830.) In Sommerfield's statement, he cites several examples of disparaging remarks that were directed at him by Knasiak, but discusses only one remark directed at another officer for which Knasiak already apologized.

Nothing in the IAD complaint suggests that Sommerfield raised issues of public concern. Although shedding light on and combatting discriminatory comments made by a police officer could interest the public, "even speech on a subject that would otherwise be of interest to the public will not be protected [by the First Amendment] if the expression addresses only the personal effect upon the employee or if the only point of the speech was to further some purely private interest." *Gustafson v. Jones*, 290 F.3d 895, 908 (7th Cir. 2002) (internal quotation marks and citations omitted). That is the case here. No reasonable juror could find that Sommerfield's IAD report was intended to do anything other than assist in addressing his personalized grievance about Knasiak's alleged remarks. If speech "is simply to further a purely personalized grievance, then the speech does not involve a matter of public concern." *Kristofek*, 712 F.3d at 986. The court concludes that Sommerfield's IAD complaint is not speech on a matter of public concern for which Sommerfield enjoys First Amendment protection.

Sommerfield's EEOC complaint contains similar allegations to those in his IAD complaint:

> I was hired by the Respondent as a Police Officer on July 5, 1994. Since January 2000, the Respondent has subjected me and other officers to a racially hostile work environment. The Respondent has allowed a supervisor to consistently use offensive racial remarks about Jewish people, Germans, African-Americans and Mexicans. I and other Police Officers have filed internal complaints about the hostile work environment but no effective action has been taken to stop the racial and national origin based remarks.
>
> I believe that I have been discriminated against because of my religion, Jewish, and my national origin, German, in violation of the Title VII of the Civil Rights Act of 1064, as amended.

(EEOC Compl., ECF No. 272-5, at D0820.) This second paragraph is particularly salient because it reveals the purpose of the EEOC complaint: furtherance of a purely private interest. *See Linhart*, 771 F.2d at 1010. Sommerfield filed the EEOC complaint on his own behalf, not on behalf of others. *Cf. Kessel*, 2001 WL 826914, at *5 (holding that a plaintiff's EEOC filing contained evidence that it touched a matter of public concern because the complaint was putatively filed on behalf of the plaintiff and similarly situated employees). The court concludes that the EEOC complaint, like the IAD complaint, is not speech on a matter of public concern for which Sommerfield enjoys First Amendment protection.

Sommerfield argues that his testimony in a previous trial indicates that his IAD and EEOC reports were matters of public concern. He states that his testimony indicated that "he wanted the harassment to stop for everybody and that he wanted changes to be made, including, training against harassment." (Pl.'s Reply Br., ECF No. 298, at 19.) But these after-the-fact justifications do not change the fact that nothing in the IAD or EEOC complaints indicates that the speech addresses a matter of public of concern. Furthermore, the content of the speech itself remains "the most important factor in determining whether speech addresses a matter of public concern." *Chaklos*, 560 F.3d at 714. The court concludes, in its review of "the content, form and context of [the] given statement, as revealed by the whole record," *Connick*, 461 U.S. at 147-48, that Sommerfield's reports to the IAD and EEOC were in furtherance of a purely personal grievance rather than a matter of public concern. Accordingly, that speech cannot receive First Amendment protection, and Knasiak is entitled to partial summary judgment on Sommerfield's First Amendment claim.

## IV. CONCLUSION

For the reasons stated above, Knasiak's motion for partial summary judgment is granted, and Sommerfield's motion to strike is denied.

ENTER:

/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: July 1, 2014