# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| DETLEF SOMMERFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:08-cv-03025 |
| | ) | |
| | ) | Judge Joan B. Gottschall |
| THE CITY OF CHICAGO, and | ) | |
| SERGEANT KNASIAK #1841, | ) | Magistrate Judge Young B. Kim |
| | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT LAWRENCE KNASIAK'S RULE 50
## MOTION FOR JUDGMENT AS A MATTER OF LAW

Defendant, LAWRENCE KNASIAK ("Knasiak"), by his attorneys, Grant Schumann, LLC, through Anthony L. Schumann, submits the following Rule 50 Motion for Judgment as a Matter of Law ("Motion").

## I.     INTRODUCTION

After four and a half (4.5) days of trial testimony on Plaintiff's claims of violations of his equal protection rights under the Fourteenth Amendment, through 42 U.S.C. §§ 1981 and 1983, Plaintiff has failed to present any evidentiary basis on which the jury could reasonably find in his favor on his claims that Defendant was personally involved in: (1) the decision to suspend Plaintiff for five (5) days for insubordination; and (2) the decision not to select Sommerfield as a K-9 handler.

## II.    STANDARD FOR MOTION FOR JUDGMENT AS A MATTER OF LAW

Under Federal Rule of Civil Procedure 50(a)(1),

> [i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may: (A) resolve the issue against the party;

and (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

### III.   FACTS

It is Plaintiff's burden to prove by a preponderance of the evidence that Knasiak directly participated in the constitutional violations of suspending Plaintiff and denying Plaintiff a position as a K-9 handler. *See Hildebrandt v, Ill Dep't of Natural Res.*, 347 F.3d 1014, 1039 (7th Cir. 2003). Plaintiff failed to present any evidence that Knasiak directly participated in either of these actions during his case in chief.

The facts relevant to the suspension and the K-9 handler position are as follows:

- The Complaint Register (CR) number against Sommerfield for insubordination was initiated by Knasiak (CR 296536). This CR was initiated after a verbal altercation between Knasiak and Sommerfield regarding Sommerfield being out of his assigned sector while on duty. Retired Sergeant Christine Deierl and Lieutenant John Maciejewski were witnesses to the altercation. (*See* Exhibit A, Trial Transcript pages 129:21-130:1). Both Deierl and Maciejewski testified that Sommerfield's actions were inappropriate and constituted insubordination under the Rules and Regulations of the Chicago Police Department. (Exhibit A, 169:14-17).

- After a CR number is obtained by a sergeant, against a police officer, the same sergeant who accused the police officer may not investigate the allegations. (Exhibit A, 172:13-14). In this case, Knasiak did not investigate the allegations of insubordination.

- Sergeants may only recommend suspension if they issue a Summary Punishment Action Request (SPAR) against an officer. (Exhibit A, 170:14-19). Even if the sergeant recommends suspension, the recommendation must be reviewed by the chain of command for approval and implementation. (Exhibit A, 322:6-9).

- CR 296536 was investigated by Christopher Taliaferro. (Exhibit A, 14-17). Taliaferro worked in the Internal Affairs Division. (Exhibit A, 200:11-13). He never worked in the Eighth District. He did not know either Officer Sommerfield or Sergeant Knasiak outside of his investigations.

- Taliaferro conducted an investigation into CR 296536, and after reviewing all of the evidence, sustained the allegation of insubordination against Officer Sommerfield. (Exhibit A, 700:12-15).

- Taliaferro made the recommendation to suspend Plaintiff. He did not speak to Knasiak regarding his recommendation. There is no evidence that anyone spoke to Taliaferro about the discipline on Knasiak's behalf.

- Department Notice 00-16 governed the process of selecting K-9 handlers. *See* Defendant's Exhibit 6. After the necessary application and testing, a well-qualified list was compiled for potential K-9 handlers. *See* Plaintiff's Exhibit 1. Department Notice 00-16 also stated that, in order to be eligible for the K-9 handler position, an officer may not have three (3) or more sustained complaint register numbers which resulted in suspension in the past five (5) years. *See* Defendant's Exhibit 6.

- Officer Sommerfield was on the well-qualified list to become a K-9 handler. *See* Plaintiff's Exhibit 1. He was number thirty-six (36) on the list. Eighty percent (80%) of the selections off the well-qualified list are selected in order off of the list. (Exhibit A, 455:12-19).

- Officer Sommerfield's name was not reached on the well-qualified list until 2007. (Exhibit A, 459:14-21). When Sommerfield's name was reached, Lt. Victor Guerrieri was the K-9 coordinator. (Exhibit A, 446:2-3).

- Guerrieri was told by his commanding officer that there were three (3) K-9 positions available, and Guerrieri should submit the next three (3) names off of the list for eligibility. (Exhibit A, 459:17-19). Sommerfield's name was submitted to the Internal Affairs Division to determine if Sommerfield was eligible for the position. (Exhibit A, 459:20-460:1; 472:18-20).

- Officer Sommerfield's sustained complaint register history report listed four (4) sustained complaint registers for the past five (5) years. *See* Defendant's Exhibit 5. Two (2) of the sustained CRs resulted in suspensions of five (5) days, one (1) sustained CR resulted in a suspension of one (1) day, and one (1) sustained CR resulted in a verbal reprimand. *See* Defendant's Exhibit 5.

- One (1) of the sustained CRs which resulted in suspension was the CR that Knasiak initiated against Sommerfield. *See* Defendant's Exhibit 5. There is no evidence that Knasiak was involved in any of the other three (3) sustained CRs. The other sustained CRs listed incident dates in 2003 and 2004. *See* Defendant's Exhibit 5.

- Based on Sommerfield's sustained CR history report, he was ineligible for the K-9 handler position. (Exhibit A, 460:2-7). Guerrieri picked another name off of the well-qualified list. (Exhibit A, 460:11-13).

- Guerrieri testified that a sergeant does not have any input into the K-9 handler position. Specifically, he testified that Knasiak did not have any input into the decision to pass over Sommerfield for the K-9 handler position. (Exhibit A, 478:15-23; 479:7-10).

- A new well-qualified list for K-9 handlers was compiled in 2008. Sommerfield did not apply for the K-9 handler position in 2008, and was therefore no longer on the well-qualified list. (Exhibit A, 479:13-24).

- There is no evidence that Knasiak had any knowledge regarding Sommerfield's application for the K-9 handler position, the eligibility requirements for K-9 handlers, or Sommerfield's status on the well-qualified list.

## IV. ARGUMENT

Under 42 U.S.C. §§ 1981 and 1983, a plaintiff must show that the defendant intentionally discriminated against the plaintiff through the defendant's actions. *See T.E. v. Grindle*, 599 F.3d 583, 588 (7th Cir. 2010). "For an individual defendant to be liable under § 1981 and § 1983, he must have *directly caused or participated in the constitutional violation*." *Hildebrandt*, 347 F.3d 1014 at 1039. A plaintiff may prove a violation of §§1981 and 1983 by presenting direct evidence that an adverse employment action was motivated by discriminatory animus, or through the indirect method of proof commonly known as the "burden-shifting" method. *Burks v. Wis. Dep't of Transportation*, 464 F.3d 744, 751 n.3 (7th Cir. 2006). Sommerfield's claims regarding the suspension and the K-9 handler position must be analyzed under the direct method of proof. The indirect method requires the plaintiff to establish a *prima facie* case of discrimination by showing: (1) he was a member of a protected class; (2) his job performance met legitimate expectations; (3) he suffered an adverse employment action; and (4) another similarly situated individual who was not in the plaintiff's protected class was treated more favorably. *Id.* at 750-51.

4

Plaintiff has failed to make out a *prima facie* case of discrimination under the indirect method. Sommerfield admits that he violated a CPD order by being at home during a shift and not notifying the dispatched of his relocation, so he was not meeting the legitimate expectations of his employment. Sommerfield has also failed to present evidence that others who were not Jewish and German were not punished as harshly as he was after having a verbal altercation with their supervisor. Sommerfield has also failed to present evidence that there were other officers on the well-qualified list who had three (3) sustained CRs and were not Jewish and German who were selected for a K-9 handler position. Accordingly, Plaintiff must prove his case by showing direct evidence that Knasiak was personally involved in the decision to suspend Plaintiff and the decision not to select Plaintiff as a K-9 handler.

    A.    <u>Plaintiff failed to present any evidence that Knasiak was personally involved in the decision to suspend Plaintiff.</u>

Plaintiff has not presented a single piece of evidence that Knasiak was personally involved in any decision to suspend Plaintiff. Even reviewing all the evidence in a light most favorable to Plaintiff, there is simply no evidentiary basis upon which a reasonable jury could decide that Knasiak was personally involved in the decision to suspend Plaintiff.

Christopher Taliaferro, the IAD investigator who investigated Knasiak's CR against Sommerfield for insubordination, testified that he interviewed witnesses and independently came to the conclusion that Sommerfield's conduct warranted a suspension. Taliaferro then submitted this recommendation to his supervisors, and through command channel review. The final suspension notice was signed by the former Superintendent of Police, Philip Cline. There is no evidence that Knasiak was involved at any stage of the disciplinary process after he initiated the CR number. Plaintiff's attempts to infer that Knasiak had the ability to sway the suspension

decision are inadequate to form an evidentiary basis for Knasiak's liability under §§ 1981 and 1983.

      B.      <u>Plaintiff failed to present any evidence that Knasiak was personally involved in the decision not grant Plaintiff a K-9 handler position.</u>

Plaintiff's claim that Knasiak was personally involved in the decision not to grant Plaintiff a K-9 handler position suffers from the same evidentiary deficiencies as his claim regarding his suspension. There is no evidence that Knasiak knew that Sommerfield was on the well-qualified list to become a K-9 handler, or that the eligibility requirements set out that three (3) or more sustained suspensions would result in making an applicant ineligible for the position.

Lt. Guerrieri testified that typically no one at the district level has any input into the decision of who to select as a K-9 handler. Specifically, Lt. Guerrieri testified that he did not speak to anyone regarding Sommerfield's K-9 position, other than his commander, Wayne Gulliford. Lt. Guerreri then stated that Wayne Gulliford was the only person who stated that Sommerfield was not eligible for the K-9 handler position because of his disciplinary record. Sommerfield's attempts to infer that Knasiak must have somehow inserted himself into the K-9 handler selection process do not form a sufficient evidentiary basis upon which a reasonable jury could find for Sommerfield.

## IV.    CONCLUSION

Plaintiff must show Defendant's personal involvement in the specific actions of the suspension and the denial of the K-9 handler position in order to hold Defendant liable for these allegedly discriminatory actions. Plaintiff's evidence throughout his case in chief is woefully inadequate to prove Defendant's personal involvement. There is no legally sufficient evidentiary basis upon which a reasonable jury could find for Plaintiff with regard to his claims for the suspension and the K-9 handler position. Accordingly, Defendant Knasiak respectfully requests

that this Court enter an Order granting Defendant's Rule 50 motion for judgment as a matter of law.

Dated: July 21, 2014

                                                Respectfully submitted,

                            By:    /s/ Anthony L. Schumann
                                   ANTHONY L. SCHUMANN

Anthony L. Schumann
Margaret Bogacki
Grant Schumann, LLC
230 West Monroe Street, Suite 240
Chicago, Illinois 60606
T: (312) 551-0111
F: (312) 551-0112