IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DETLEF SOMMERFIELD | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.    08 CV 3025 |
| | ) | |
| | ) | |
| CITY OF CHICAGO | ) | Honorable Judge Gottschall |
| SERGEANT KNASIAK #1841 | ) | Magistrate Judge Young B. Kim |
| | ) | |
| | ) | JURY DEMAND |
| Defendants. | ) | |

## PLAINTIFF'S STATUS MEMORANDUM[1]

**Seventh Circuit Jurisprudence Requires Itemized Judgments**

As Sgt. Knasiak, directed by the city, refused to settle this case, the plaintiff was forced to

incur the time and expense of a trial. The plaintiff won. Consequently, pursuant to FRCP 54, the

plaintiff is entitled to a judgment listing all the elements of the relief allowed by law. FRCP 54

(c) states "every ...  final judgment should grant the relief to which each party is entitled, even if

the party has not demanded that relief in its pleadings." Whether the city has now agreed to pay

these elements is inconsequential to whether the plaintiff is entitled to a judgment listing all of

the elements of relief. The city's agreement to pay could be consequential if the city reneges on

its agreement and the plaintiff proceeds with collection.

The Seventh Circuit teaches that the District Court must enter judgment based upon the

relief to which the plaintiff is entitled. Buchanan v. United States, 82 F.3d 706, 707 (7th Cir.

---

[1] Though originally due on 9 November 2015, the due date for the plaintiff's status memorandum was continued
until 23 November 2015 because the city is still acquiring information to address the plaintiff's concerns relating to
the city's calculations of the plaintiff's elements of damages. Though the plaintiff's status memorandum is not due,
the plaintiff presents a preliminary status memorandum at this time as it may assist this Court for the 18 November
2015 status. Ordinarily, the plaintiff would provide background, including the history of the case. However, as this
Court requested a short memorandum with legal authority and the memorandum is not as short as the plaintiff had
hoped, the plaintiff excludes the background.

1

1996) (judgment must specify the amount owed to the plaintiff or provide a formula to determine the amount owed to the plaintiff); Exelon v. Local 15, 540 F.3d 640, 643 (7th Cir. 2008) ("unless the plaintiff loses outright, a judgment must provide the relief to which the winner is entitled"); Rush University v. Leavitt, 535 F.3d 735, 737 (7th Cir. 2008) ("unless the plaintiff loses outright, judgment must provide the relief to which the winner is entitled"); Casanova v. American Airlines, Inc., 616 F.3d 695, 696 (7th Cir. 2010) (court entered judgment on jury's verdict in favor of plaintiff, but judgment was defective because it only stated that the jury decided in the plaintiff's favor without detailing the relief; judgment must state the relief to which the prevailing party is entitled); American v. American Re-Insurance Co., 17 F.3d 1018, 1020 (7th Cir. 1994) ("the judgment should award the relief to which the prevailing party is entitled, not simply announce an entitlement").

**The Elements Formulating Judgments Are Not Secret, but Must Be Publicly Disclosed**

Judgments are part of the public record. They are not secret or confidential. By failing to enter a judgment that includes all of the relief to which the plaintiff is entitled, effectively, the defendant and the city would be keeping certain information secret and confidential from the public. Neither the defendant nor the city have cited any case law that does not prohibit them from doing this.

Future plaintiffs suffering similarly as the plaintiff are entitled to see in the public records the relief to which they may be entitled based upon the relief to which the plaintiff was entitled. Indeed, under the Freedom of Information Act (FOIA) the city could be required to disclose all of the elements of damages to which they have now agreed to pay. However, the city could perhaps circumvent FOIA and fail to disclose in a future FOIA request what they have agreed to pay in Sommerfield as the city could argue that no judgment was entered listing all of the elements of damages. Therefore, the city could argue that there was nothing that they had to

produce pursuant to FOIA. When the public requests documents from the city or when it reviews this case, the public should be able to see a judgment listing all of the elements of damages which the plaintiff received.

The public should be able to see the consequences of defendants violating the laws and discriminating against people. Indeed, "after identifying the actual victims, the court must do its best to recreate the conditions and relationships that would have existed if the unlawful discrimination had not occurred....To defeat a Title VII plaintiff's claim for damages, the employer must prove that the plaintiff was not an actual victim of discrimination....The employer must provide clear and convincing evidence to meet its burden." US v. City of Chicago, 853 F. 2d 572, 574 (7th Cir. 1988); Lalowski v. Corinthian Schools, Case No. 10 C 1928 (ND Ill. 4/26/13), Exh. I.

**The Judgment Must List All Elements of Damages for Attorney's Fees**

The city has already argued that based upon Seventh Circuit case law it is not obligated to pay the attorney's fees of the plaintiff as the judgment would only be for punitive damages and would have no compensatory or equitable damages. Reply to response to motion to amend, page 12, 13, Doc 438. Effectively, the city argues that Sgt. Knasiak should pay for all of the attorney's fees of the plaintiff. However, in the plaintiff's previous briefs, the plaintiff cited authority that the city must pay for all elements of damages assessed against Sgt. Knasiak, including attorney's fees. 745 ILCS 10/9-109, 10/9-102; Collective Bargaining Agreement (CBA) Article 22.1 (the city must "pay for damages and monies which may be adjudged, assessed or otherwise levied against any sergeant"). Motion to Amend Complaint to Include Count against City, Doc 427; Reply to Response to Motion to Amend Complaint to Include Count against City, page 8, Doc 438. Indeed, pursuant to the CBA, the city has paid all of the attorney's fees of Sgt. Knasiak and has controlled his defense. CBA, page 1, 38, 212-to 16, Exhibit IV, Reply to Response to Motion

for Ruling on Certain Issues, Doc 401. As the plaintiff is the prevailing party, the positions of the parties have changed because of the jury's verdict in favor of the plaintiff, the city should pay the attorney's fees of the plaintiff.

Also, because of the plaintiff's lawsuit, under law, the plaintiff is entitled to elements of equitable damages, i.e., back wages until the date of judgment and so forth. <u>Pals v. Schepel Buick & GMC Truck, Inc.</u>, 220 F. 3d 495, 501 (7th Cir. 2000) ("When assessing back pay, or awarding front pay in lieu of reinstatement, the judge must respect the findings implied by the jury's verdict.") The city has already agreed to pay these elements of damages. Therefore, they should be listed in the judgment.

**Damages to Which the Plaintiff Is Entitled**

The 14 August 2015 order denying the plaintiff's Motion for Ruling on Certain Issues with Calculations to Follow after the Court's Ruling states 1) that the plaintiff requested three elements of damages and that the plaintiff's final brief included additional elements of damages and 2) that the plaintiff's motion requested to resolve the amount of lost wages. Respectfully, the plaintiff's motion sought a ruling on three elements of damages (back wages, front pay and compensation for negative tax consequences) and not to resolve the amount of lost wages. In fact, the title of the motion requested only a ruling on certain issues with the calculations and the amounts to follow thereafter. This is because the parties had agreed after the trial that they would work together to calculate the amount owed to the plaintiff and then present the calculations to this Court to enter as part of the judgment.[2]

---

[2] The 14 August 2015 order denying the plaintiff's Motion for Ruling on Certain Issues with Calculations to Follow after Court's Ruling filed on 17 October 2014 mentioned that the plaintiff did not cite legal authority for some of the requests for relief. The plaintiff did not cite legal authority for certain propositions because 1) the parties had already agreed to particular elements of damages, infra, 2) the plaintiff only sought a general ruling regarding certain propositions for guidance, so that with such guidance the parties could then return to the table and resolve the issue (the plaintiff hoped) and then present the calculations to this Court to enter as part of the judgment or 3) the plaintiff had cited legal authority in one of the related, pending briefs.

For example, the plaintiff did not cite legal authority or a reasoned argument whether back wages and front wages were recoverable under §1981 and §1983 because the parties agreed that the plaintiff was entitled to these

The 14 August 2015 order, page 1, states that in the plaintiff's final brief, the plaintiff included other elements of damages. The plaintiff did include other elements of damages because, as stated, there was no dispute regarding them, for example, prejudgment interest, the $175 stipend monthly, overtime and so forth. Doc 400, page 3 of 4.[3] When the plaintiff presented these agreed upon other elements of damages in the final brief, it came across as presented in a scattershot fashion as stated in the 13 August 2015 order.

Also, regarding the elements of damages to which there had been a dispute, the dispute ended when the city finally agreed to pay two elements of those damages, i.e., back wages and front wages in the sense that the city agreed to promote the plaintiff to become a canine handler. Therefore, at the time the plaintiff filed the final brief, the only task that remained was to include the damages to which the city finally agreed in the judgment.

---

back wages. If Sgt. Knasiak had not agreed to this, then the plaintiff would have cited case law in his initial motion. Notably, in a subsequent, pending brief, the plaintiff did cite case law that the plaintiff was entitled to lost wages under §1981, 1983. Plaintiff's reply to city of Chicago's response to plaintiff's renewed motion to amend the complaint to include a count against the city of Chicago for indemnification, page 2, Doc. 438. The plaintiff cited Johnson v. Railway Express 33 Agency, 421 U.S. 454, 460 (1975) ("An individual who establishes a cause of action under § 1981 is entitled to both equitable and legal relief, including compensatory and, under certain circumstances, punitive damages…. And a backpay award under § 1981 is not restricted to the two years specified for backpay recovery under Title VII.") Frank v. Relin, 851 F.Supp. 87, 91 (W.D.N.Y.1994) (back pay, prejudgment interest and front pay were granted to the plaintiff to compensate her for her losses and make her whole under § 1983).

Also, though Sgt. Knasiak disagreed that the plaintiff was entitled to front wages, it was not because such could not be granted under §1981 or §1983. Indeed, if such were Sgt. Knasiak's reason, then the plaintiff would have cited the appropriate case law in the plaintiff's Motion for Ruling. Doc 397.

[3] Regarding prejudgment interest, as the law provides for it, Sgt. Knasiak agreed to it. See, for example, defendant's exhibit A, page 2, doc #400 ("the parties have discussed prejudgment interest. In order to calculate the prejudgment interest at work, defendant reviewed the prime interest rates for each month from January 2007 until December 2014. The average prime interest rate for these months equals 4.08%. If a yearly compounding interest rate of 4.08% is also calculated, the final calculation is….")

The plaintiff realizes that the 14 August 2015 order, page 4, denied the plaintiff's request for prejudgment interest stating 1) that it was not in the plaintiff's Motion for Ruling on Certain Issues, 2) that it was not in the prayer for relief in the complaint, and 3) the plaintiff did not provide citations to authority. As with the other elements of damages to which the parties had agreed, the plaintiff did not provide citations to authority. Had the parties not agreed, then the plaintiff would have provided citations. At a later date, the plaintiff, respectfully, will present a motion to reconsider once all of the plaintiff's concerns regarding the calculations presented by the defendant and the city are resolved.

**Mootness is inapplicable to the current issues of this case**

Notably, though since approximately July 2015 Knasiak and/or the city mentioned at one or two status hearings and in their written submissions that this Court need not itemize all of the elements of damages in the judgment as the issues are "moot", neither of them filed any motion regarding mootness. When the city and the defendant mentioned mootness at the status hearings, no motion was pending regarding mootness. Apparently, the city and Sgt. Knasiak had planned to argue mootness at the July 2015 status hearing without giving any notice to the plaintiff. Neither Knasiak nor the city presented, at any time, any legal authority 1) that a judgment need not itemize all of the elements of damages if the defendant agrees to pay them and 2) relating to mootness.

Nevertheless, mootness is inapplicable to this case because the defendant forced the plaintiff to proceed to a full trial. The plaintiff has won, and so, what is left is the administrative duty of listing the elements of damages in the judgment. No ruling or advisory opinion is needed by this Court because the city and/or Sgt. Knasiak have agreed to pay nearly all of the elements of damages to which the plaintiff is entitled. Listing those elements of damages in the judgment would not be issuing an advisory opinion, but memorializing in the public records the damages to which the plaintiff is entitled under law and the amounts of which the parties have agreed.

Consequently and respectfully, the cases cited on Pages 3, 4 of the 14 August 2015 order are inapplicable or distinguishable. For example, <u>Alliance to End Repression vs. city of Chicago</u>, 820 F. 2d 873, 878 (7th Cir. 1987) did not involve a jury's verdict in favor of the plaintiff. Rather, it involved a settlement. On appeal, the issue involved the meaning of prevailing party and the attorney's fees that were incurred after the settlement. The Court of Appeals noted 1) the dispute between the parties involving the content of the district court's opinion was not a justiciable controversy, 2) had the District Court issued an opinion, it would have been advisory

which would not have helped the plaintiff or any stranger, 3) the plaintiff would have received the stipulated $10,000 regardless how the District Court ruled.

Alliance to End Repression is distinguishable because Sommerfield vs. city of Chicago, does not involve any issue generating an advisory opinion. Rather, it involves the administrative task of entering a judgment of all of the elements of damages to which the plaintiff is entitled under law. supra.

The 14 August 2015 order also cited Chapman vs. First Index, 2015 Lexis 13767, * 9 (7th Cir. 8/6/15) which is distinguishable because the class-action case did not proceed to trial. Rather, the defendant proposed a FRCP 68 offer of judgment for the full amount of relief that he could have obtained at trial. Nevertheless, the Seventh Circuit held that the case was not moot as the District Court could have entered damages and an injunction.

**The Elements of Damages to List in the Judgment**

Aside from the judgment listing the jury's award of punitive damages of $540,000, the judgment, respectfully, should list:

**1. Back Wages**

The victimized plaintiff is entitled back wages, that is, the difference between what he earned as a regular police officer and what he would have earned had he been promoted to become a canine handler until the date of judgment, but for Sgt. Knasiak's discrimination. Sommerfield vs. city of Chicago, Knasiak, 8/14/15 order, page 2 ("plaintiff's back wages would consist of the differential between the pay he received as a police officer for the Chicago Police Department and the salary for the position of canine handler which he coveted from 16 December 2006 through the entry of judgment"), Gottschall, J. Shortly after the jury's verdict, Sgt. Knasiak agreed that the plaintiff was entitled to back wages until the date of judgment. Indeed, the case law holds this. Weeks later, Sgt. Knasiak reneged on his agreement.

Nevertheless, the dispute is over. The city has agreed to pay the back wages. Consequently, whether Sgt. Knasiak agreed or disagreed is irrelevant because under the CBA and Illinois law, supra, Sgt. Knasiak is not responsible to pay the compensatory and equitable damages. Rather, the city must pay them.

The city has represented that 1) the plaintiff's lost wages until 1 September 2015 is $35,603.71 and 2) that as of 1 September 2015 the city has begun paying the plaintiff the salary of a canine handler. For purposes of the judgment, the judgment should reflect the amount of lost wages until the date of judgment. The city represents that the difference in salary between a regular police officer and a canine handler in September 2015 was $188.25 every two weeks or $376.50 monthly. Presuming that judgment is entered before 30 November 2015, three additional months from 1 September 2015 would have to be added to the back wages, that is, $1129.50. Therefore, the judgment would reflect that the plaintiff's total back wages is $36,733.21.

To the extent that the city has paid some or all of this amount is inconsequential for the purposes of entering judgment. It would be consequential if the plaintiff sought to collect against Knasiak. Then, the city would argue that it had already paid the amount owed. However, at this point, the only task that remains is entering a judgment in the public records of all of the elements of damages to which the plaintiff is entitled under law and to which the parties have agreed.

**2. Front pay**

Equitable future relief can be either reinstatement or front wages. <u>Williams v. Pharmacia, Inc.</u>, 137 F.3d 944, 952-54 (7th Cir. 1998) (Title VII). At trial, the plaintiff testified how he desperately wanted the promotion to become a canine handler. The plaintiff is entitled to be made whole. Supra. This includes equitable relief for the future. As Knasiak argued that he could

not reinstate the plaintiff, and that only the city could, the plaintiff sought front pay. As stated, under Illinois law and the CBA, the city would have been obligated to pay front wages.

Other than front wages, another form of future equitable relief is the city promoting the plaintiff to the position that he had always wanted, i.e., a canine handler position. As the city has agreed to promote the plaintiff and, as stated, the city agreed to begin paying the plaintiff the salary of a canine handler as of 1 September 2015, then the judgment should reflect that the city agreed 1). to increase the plaintiff's salary to that of a canine handler as of 1 September 2015, 2). to promote the plaintiff to become a canine handler, and 3). to have the plaintiff trained for the Explosives Detection Canine Handler through the Transportation Security Administration in 2015 and that, upon completion of the training, the city will have the plaintiff act as a canine handler.

**3. Monthly Stipend for canine handlers**

As the jury found in favor of the plaintiff that because of Sgt. Knasiak's discrimination, the plaintiff lost his promotion to become a canine handler, post-trial, Sgt. Knasiak agreed with the plaintiff that the plaintiff was entitled to the monthly "stipend" he would have received had he been promoted. Doc 400, Defendant's exhibit A, pages 3. As stated, the "stipend" was excluded from the Motion for Ruling on Certain Issues because the parties had agreed to it. It was an undisputed issue.

Sgt. Knasiak and the city of Chicago have represented to the plaintiff that the monthly stipend is $175. From December 2011 until September 2015, the city calculated that it owes the plaintiff $8050. However, in the plaintiff's 3 November 2015 correspondence to the defendant and the city of Chicago, the plaintiff asked the defendant and the city of Chicago to explain their calculation. The plaintiff mentioned that $175 monthly equals $2100 annually. Consequently, from 2007-2015 (as 2015 is quickly coming to an end) and the $175 for December 2006, totals

$19,075, not $8050 as calculated by the defendant and the city of Chicago. The defendant and the city informed the plaintiff that they were investigating the plaintiff's concern. Consequently, until they respond to the plaintiff, it does not appear at this time that judgment can be entered for the monthly canine handler "stipend" of $19,075.

## 4. Five days of suspension

Because Sgt. Knasiak filed a discriminatory complaint register (CR) against the plaintiff, the plaintiff lost five days of pay. The jury found in the plaintiff's favor that Sgt. Knasiak discriminated against the plaintiff. To make the plaintiff whole, the defendant would have to reimburse the plaintiff for the five days of lost pay. The city has agreed to reimburse the plaintiff for the five days of suspension. The city totaled the five days of loss pay as $901.95. Therefore, the judgment should reflect that the defendant and the city will reimburse the plaintiff for $901.95.

Also, the city has agreed to remove all negative reference in the plaintiff's files relating to the CR and the suspension. Consequently, the judgment should reflect this. Indeed, aside from the other elements of damages, without a judgment, the plaintiff could not enforce anything against the city if, in the future, the plaintiff discovered that his personnel records still reflected the suspension and the discriminatory CR.

## 5. Lost pension benefits

Lost pension benefits were excluded from the Motion for Ruling on Certain Issues because Sgt. Knasiak did not dispute that the plaintiff was entitled to pension funds, though stating that he did not know the amount. Doc 400, page 3. Consequently, the parties had agreed that the plaintiff was entitled pension benefits. Based upon page 3 of the city's PDF of 8 October 2015, the city represented that the plaintiff's lost pension was $3204. However, the plaintiff has raised concerns over the city's calculations. The city is still investigating. Therefore, at this time,

it is unknown what the exact amount of the plaintiff's lost pension is to enter into the judgment.

**6. Overtime**

Overtime was excluded from the Motion for Ruling on Certain Issues because no dispute existed as the parties agreed that the plaintiff was entitled to it. Knasiak's 10/10/14 correspondence, page 2, doc 400, defendant's exhibit A. In his 10 October 2014 correspondence, page 2, Sgt. Knasiak used canine handler, Kenneth Wessel, as a comparator. Knasiak represented that in 2007, Kenneth Wessel received overtime of $175 monthly. Therefore, from 16 December 2006 until 30 November 2015, presuming that judgment is entered before 30 November 2015, the plaintiff should receive overtime of $8487.

This presumes that the $175 monthly is the correct calculation for overtime. The plaintiff has raised questions to the defendant and the city regarding whether they calculated overtime in the calculations they presented to the plaintiff. Also, if they did, the plaintiff has questions about how they calculated it. The defendant and the city are investigating the plaintiff's concerns. Therefore, at this point, it does not appear that judgment can be entered regarding the overtime.

**7. Court retaining jurisdiction**

In the 14 August 2015 order, page 4, the court requested that the plaintiff advise the court before judgment is entered if the plaintiff required a dismissal without prejudice to allow the court to retain jurisdiction to ensure that the city of Chicago does not renege on the agreement. Indeed, the plaintiff's complaint, ¶ 108, 145 requests that the court retain jurisdiction to ensure that the defendant stops violating the law against the plaintiff. Effectively, as the city is liable under Illinois law and the CBA to pay for any damages assessed against Sgt. Knasiak and the city has agreed to pay the plaintiff's requested elements of damages, maintaining jurisdiction to ensure that the city does not renege on its agreement would entail ensuring that the laws protecting the plaintiff are not violated any further.

Thus far, the city of Chicago has tendered to the plaintiff some amounts to which the plaintiff was entitled by winning this lawsuit. Also, the plaintiff is being trained to become a canine handler. At some point, presumably, after training, the city of Chicago will assign the plaintiff to the position of a canine handler. Once the city does, the plaintiff must remain as a canine handler until he retires. In other words, the city of Chicago cannot in the future decide to find ways to renege on its agreement and find fault with the plaintiff if, for no other reason, to retaliate against him.

Respectfully submitted,

Joseph A. Longo

**LONGO AND ASSOCIATES LTD.**
Joseph A. Longo, Esq.
Attorney for Plaintiff
2100 West Haven
Mt. Prospect, IL   60056
(847) 640-9490
AttorneyNo.53635

## CERTIFICATE OF SERVICE

I, Joseph A. Longo, an attorney, certify that I served this PLAINTIFF'S STATUS MEMORANDUM by electronic filing on 13 November 2015 before 5pm.  Under penalties as provided by law pursuant to 735 ILCS, Sec 5/1-109, I certify that the statements set forth in this Certificate of Service are true and correct.

Joseph A. Longo