IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DETLEF SOMMERFIELD | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 08 CV 3025 |
| | ) | |
| CITY OF CHICAGO | ) | Honorable Judge Gottschall |
| SERGEANT KNASIAK #1841 | ) | Magistrate Judge Young B. Kim |
| | ) | |
| Defendants. | ) | JURY DEMAND |

**PLAINTIFF'S MOTION FOR JUDGMENT**

As the jury found in favor of the plaintiff in July 2014, the plaintiff respectfully requests that judgment be entered in favor of the plaintiff and against the defendant.

**Seventh Circuit Jurisprudence Requires Itemized Judgments**

Directed by the city, Sgt. Knasiak refused to settle this case. Therefore, the plaintiff was forced to incur the time and expense of a nearly 2 week trial. The plaintiff won. Consequently, pursuant to FRCP 54, the plaintiff is entitled to a judgment listing all the elements of the relief allowed by law. FRCP 54 (c) states "every ... final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." Whether the city has now agreed to pay these elements is inconsequential to whether the plaintiff is entitled to a judgment listing all of the elements of relief. The city's agreement to pay could be consequential if the city reneges on its agreement and the plaintiff proceeds with collection.

The Seventh Circuit teaches that the District Court must enter judgment based upon the relief to which the plaintiff is entitled. <u>Buchanan v. United States</u>, 82 F.3d 706, 707 (7th Cir. 1996) (judgment must specify the amount owed to the plaintiff or provide a formula to determine the amount owed to the plaintiff); <u>Exelon v. Local 15</u>, 540 F.3d 640, 643 (7th Cir. 2008) ("unless the plaintiff loses outright, a judgment must provide the relief to which the winner is entitled");

1

Rush University v. Leavitt, 535 F.3d 735, 737 (7th Cir. 2008) ("unless the plaintiff loses outright, judgment must provide the relief to which the winner is entitled"); Casanova v. American Airlines, Inc., 616 F.3d 695, 696 (7th Cir. 2010) (court entered judgment on jury's verdict in favor of plaintiff, but judgment was defective because it only stated that the jury decided in the plaintiff's favor without detailing the relief; judgment must state the relief to which the prevailing party is entitled); American v. American Re-Insurance Co., 17 F.3d 1018, 1020 (7th Cir. 1994) ("the judgment should award the relief to which the prevailing party is entitled, not simply announce an entitlement"). Most likely, the defendant will appeal. Therefore, the Court of Appeals should have a full record with every element of damages.

**The Elements Formulating Judgments Are Not Secret, But Must Be Publicly Disclosed**

Judgments are part of the public record. They are not secret or confidential. Unless a judgment includes all of the relief to which the plaintiff was entitled, effectively, the defendant and the city would be keeping certain information secret and confidential from the public. Neither the defendant, nor the city, at any time during the past 2 years, have cited any case law that does not prohibit them from doing this.

Future plaintiffs suffering similarly as the plaintiff are entitled to see in the public records the relief to which they may be entitled based upon the relief to which the plaintiff was entitled. Also, such information could assist future victimized plaintiffs. Indeed, under the Freedom of Information Act (FOIA) the city could be required to disclose all of the elements of damages to which they have now agreed to pay. However, the city could perhaps circumvent FOIA and fail to disclose in a future FOIA request what they have agreed to pay in Sommerfield as the city could argue that no judgment was entered listing all of the elements of damages. Therefore, the city could argue that there was nothing that they had to produce pursuant to FOIA. When the public requests documents from the city or when it reviews this case, the public should be able to see and get a handle of a judgment listing all of the elements of damages which the plaintiff

2

received.

The public should be able to see the consequences of defendants violating the laws and discriminating against people. Indeed, "after identifying the actual victims, the court must do its best to recreate the conditions and relationships that would have existed if the unlawful discrimination had not occurred.…The Court has held that a finding that an employer engaged in employment discrimination in violation of Title VII triggers a rebuttable presumption that the claimant is entitled to an award of back pay and retroactive seniority.…To defeat a Title VII plaintiff's claim for damages, the employer must prove that the plaintiff was not an actual victim of discrimination....The employer must provide clear and convincing evidence to meet its burden." US v. City of Chicago, 853 F. 2d 572, 574 (7th Cir. 1988); Lalowski v. Corinthian Schools, Case No. 10 C 1928 (ND Ill. 4/26/13), Exh. I.

**The Judgment Must List All Elements of Damages for Attorney's Fees**

The city has already argued that based upon Seventh Circuit case law it is not obligated to pay the attorney's fees of the plaintiff as the judgment would only be for punitive damages and would have no compensatory or equitable damages. Reply to response to motion to amend, page 12, 13, Doc 438. Effectively, the city argues that Sgt. Knasiak should pay for all of the attorney's fees of the plaintiff. However, in the plaintiff's previous briefs, the plaintiff cited authority that the city must pay for all elements of damages assessed against Sgt. Knasiak, including attorney's fees. 745 ILCS 10/9-109, 10/9-102; Collective Bargaining Agreement (CBA) Article 22.1 (the city must "pay for damages and monies which may be adjudged, assessed or otherwise levied against any sergeant"). Motion to Amend Complaint to Include Count against City, Doc 427; Reply to Response to Motion to Amend Complaint to Include Count against City, page 8, Doc 438. Indeed, pursuant to the CBA, the city has paid all of the attorney's fees of Sgt. Knasiak and has controlled his defense. CBA, page 1, 38, 212-to 16, Exhibit IV, Reply to Response to Motion for Ruling on Certain Issues, Doc 401. As the plaintiff is the prevailing party, the positions of the

parties have changed because of the jury's verdict in favor of the plaintiff, the city should pay the attorney's fees of the plaintiff. Nevertheless, at this juncture, the judgment needs to be entered.

Also, because of the plaintiff's lawsuit, under law, the plaintiff is entitled to elements of equitable damages, i.e., back wages, overtime, the monthly "stipend" and so forth. id., see, <u>Pals v. Schepel Buick & GMC Truck, Inc.</u>, 220 F. 3d 495, 501 (7th Cir. 2000) ("When assessing back pay, or awarding front pay in lieu of reinstatement, the judge must respect the findings implied by the jury's verdict.") The city has already agreed to pay these elements of damages. Therefore, they should be listed in the judgment.

**Damages to Which the Plaintiff Is Entitled**

The 14 August 2015 order denying the plaintiff's Motion for Ruling on Certain Issues with Calculations to Follow after the Court's Ruling states 1) that the plaintiff requested three elements of damages and that the plaintiff's final brief included additional elements of damages and 2) that the plaintiff's motion requested to resolve the amount of lost wages. Respectfully, the plaintiff's motion sought a ruling on three elements of damages (back wages, front pay and compensation for negative tax consequences) and not to resolve the amount of lost wages. In fact, respectfully, the title of the motion requested only a ruling on certain issues with the calculations and the amounts to follow thereafter. The plaintiff only requested a ruling on certain issues based upon his belief and hope that the defendants would not break their word and would stand by the agreement between the parties. On the last day of the trial, the parties had agreed that they would work together to calculate the amount owed to the plaintiff and then present the calculations to this Court to enter as part of the judgment.[1]

---

[1] The 14 August 2015 order denying the plaintiff's Motion for Ruling on Certain Issues with Calculations to Follow after Court's Ruling filed on 17 October 2014 mentioned that the plaintiff did not cite legal authority for some of the requests for relief. The plaintiff did not cite legal authority for certain propositions because 1) the parties had already agreed to particular elements of damages, 2) the plaintiff only sought a general ruling regarding certain propositions for guidance, so that with such guidance the parties could then return to the table and resolve the issue (the plaintiff hoped) and then present the calculations to this Court to enter as part of the judgment or 3) the plaintiff had cited legal authority in one of the related, pending briefs.

For example, the plaintiff did not cite legal authority or a reasoned argument whether back wages and front

The 14 August 2015 order, page 1, states that in the plaintiff's final brief, the plaintiff included other elements of damages. The plaintiff did include other elements of damages because, as stated, there was no dispute regarding them, for example, prejudgment interest, the $175 stipend monthly, overtime and so forth. Doc 400, page 3 of 4.[2]

Also, regarding the elements of damages to which there had been a dispute, the dispute ended when the city finally agreed to pay many elements of damages, for example, back wages, overtime, holiday pay and front wages in the sense that the city agreed to promote the plaintiff to become a canine handler which pays a higher salary. Therefore, at the time the plaintiff filed the final brief referred to in the 13 August 2015 order, the only task that remained was to include the damages to which the city finally agreed to pay in the judgment.

**Mootness is inapplicable to the current issues of this case**

Notably, though since approximately July 2015 Knasiak and/or the city mentioned at one or two status hearings and in their written submissions that this Court need not itemize all of the

---

wages were recoverable under §1981 and §1983 because the parties agreed that the plaintiff was entitled to these back wages. If Sgt. Knasiak had not agreed to this, then the plaintiff would have cited case law in his initial motion. Notably, in a subsequent, pending brief, the plaintiff did cite case law that the plaintiff was entitled to lost wages under §1981, 1983. Plaintiff's reply to city of Chicago's response to plaintiff's renewed motion to amend the complaint to include a count against the city of Chicago for indemnification, page 2, Doc. 438. The plaintiff cited Johnson v. Railway Express 33 Agency, 421 U.S. 454, 460 (1975) ("An individual who establishes a cause of action under § 1981 is entitled to both equitable and legal relief, including compensatory and, under certain circumstances, punitive damages.… And a backpay award under § 1981 is not restricted to the two years specified for backpay recovery under Title VII.") Frank v. Relin, 851 F.Supp. 87, 91 (W.D.N.Y.1994) (back pay, prejudgment interest and front pay were granted to the plaintiff to compensate her for her losses and make her whole under § 1983).

Also, though Sgt. Knasiak did not agree that the plaintiff was entitled to front wages, it was not because such could not be granted under §1981 or §1983. Indeed, if such were Sgt. Knasiak's reason, then the plaintiff would have cited the appropriate case law in the plaintiff's Motion for Ruling. Doc 397.

[2] Regarding prejudgment interest, as the law provides for it, Sgt. Knasiak agreed to it. See, for example, defendant's exhibit A, page 2, doc #400 ("the parties have discussed prejudgment interest. In order to calculate the prejudgment interest at work, defendant reviewed the prime interest rates for each month from January 2007 until December 2014. The average prime interest rate for these months equals 4.08%. If a yearly compounding interest rate of 4.08% is also calculated, the final calculation is….")

The plaintiff realizes that the 14 August 2015 order, page 4, denied the plaintiff's request for prejudgment interest stating 1) that it was not in the plaintiff's Motion for Ruling on Certain Issues, 2) that it was not in the prayer for relief in the complaint, and 3) the plaintiff did not provide citations to authority. As with the other elements of damages to which the parties had agreed, the plaintiff did not provide citations to authority. Had the parties not agreed, then the plaintiff would have provided citations. The plaintiff has pending a motion to reconsider regarding prejudgment interest based upon the law that states that prejudgment interest should be granted to make the victimized plaintiff whole. Otherwise, the defendants breaking the law would be rewarded.

elements of damages in the judgment as the issues are "moot", neither of them filed any motion regarding mootness. Neither of them at any time cited any case law. When the city and the defendant mentioned mootness at the status hearings, no motion was pending regarding mootness. Apparently, the city and Sgt. Knasiak had planned to argue mootness at the July 2015 status hearing--without giving any notice to the plaintiff. Neither Knasiak nor the city presented, at any time, any legal authority that a judgment need not itemize all of the elements of damages if the defendant agrees to pay them.

Nevertheless, mootness is inapplicable to this case because the defendant forced the plaintiff to proceed to a nearly 2 week trial. The plaintiff has won, and so, what is left is the administrative task of listing the elements of damages in the judgment. Whether the city has paid most of the elements of damages and has finally promoted the plaintiff to a canine handler is irrelevant to whether the judgment should list all of the elements of damages. It could be relevant if the plaintiff sought to proceed with collection proceedings. However, the instant posture of the case does not involve collection.

No ruling or advisory opinion is needed by this Court because the city and/or Sgt. Knasiak have agreed to pay nearly all of the elements of damages to which the plaintiff is entitled. Listing those elements of damages in the judgment would not be issuing an advisory opinion, but memorializing in the public records the damages to which the plaintiff is entitled under law.

Consequently and respectfully, the cases cited on Pages 3, 4 of the 14 August 2015 order are inapplicable or distinguishable. For example, Alliance to End Repression vs. city of Chicago, 820 F. 2d 873, 878 (7th Cir. 1987) did not involve a jury's verdict in favor of the plaintiff. Rather, it involved a settlement. On appeal, the issue involved the meaning of prevailing party and the attorney's fees that were incurred after the settlement. The Court of Appeals noted 1) the dispute between the parties involving the content of the district court's opinion was not a

justiciable controversy, 2) had the District Court issued an opinion, it would have been advisory which would not have helped the plaintiff or any stranger, 3) the plaintiff would have received the stipulated $10,000 regardless how the District Court ruled.

Alliance to End Repression is distinguishable because Sommerfield vs. city of Chicago, does not involve any issue generating an advisory opinion. Rather, it involves the administrative task of entering a judgment of all of the elements of damages to which the plaintiff is entitled under law. supra.

The 14 August 2015 order also cited Chapman vs. First Index, 2015 Lexis 13767, * 9 (7th Cir. 8/6/15) which is distinguishable because the class-action case did not proceed to trial. Rather, the defendant proposed a FRCP 68 offer of judgment for the full amount of relief that he could have obtained at trial. Nevertheless, the Seventh Circuit held that the case was not moot as the District Court could have entered damages and an injunction.

**The Elements of Damages to List in the Judgment**

Respectfully, the plaintiff requests that Her Honor enter a judgment with the following amounts:

| Year | Description | Amount |
|---|---|---|
| 2014 | Punitive damages | $540,000 |
| | **Subtotal of punitive damages to include in judgment** | **$540,000** |
| | | |
| 2006 | 5 days of lost wages because of suspension | $901.95 |
| 2007 | Lost wages | $3719.34 |
| 2008 | Lost wages | $3731.02 |
| 2009 | Lost wages | $3812.88 |
| 2010 | Lost wages | $3912 |
| 2011 | Lost wages | $4006.07 |
| 2012 | Lost wages | $4160.53 |
| 2013 | Lost wages | $4200 |
| 2014 | Lost wages | $4369.25 |
| 1/1/15-8/31/15 | Lost wages | $3039.70 |
| | **Subtotal of lost wages to include in judgment** | **$35,852.74** |
| | | |
| | | |

|  |  |  |
|---|---|---|
| 2007-8/31/15 | Other amounts represented by city owed to plaintiff including Tara, holiday, overtime, BFD, FLSA, Summit | $249.03 |
|  | **Subtotal of other amounts represented by city owed to plaintiff** | **$249.03** |
|  |  |  |
| 2007-8/31/15 | Canine "stipend" $175 monthly | $18,462.50 |
|  | **Subtotal canine "stipend"** | **$18,462.50** |
|  |  |  |
|  | **Total** | **$594,564.27** |
|  |  |  |
| 9/1/15 | Plaintiff promoted to become a canine handler and to receive the higher pay and benefits entitled to canine handlers |  |

Except for the punitive damages, the city has paid the above damages.

**Court retaining jurisdiction**

In the 14 August 2015 order, page 4, the court requested that the plaintiff advise the court before judgment is entered if the plaintiff required a dismissal without prejudice to allow the court to retain jurisdiction to ensure that the city of Chicago does not renege on the agreement. Indeed, the plaintiff's complaint, ¶ 108, 145 requests that the court retain jurisdiction to ensure that the defendant stops violating the law against the plaintiff. Effectively, as the city is liable under Illinois law and the CBA to pay for any damages assessed against Sgt. Knasiak and the city has agreed to pay the plaintiff's requested elements of damages, maintaining jurisdiction to ensure that the city does not renege on its agreement would entail ensuring that the laws protecting the plaintiff are not violated any further.

Thus far, the city of Chicago has tendered to the plaintiff the aforementioned elements of damages except for the punitive damages.. Also, the plaintiff was being trained to become a canine handler. The plaintiff must remain as a canine handler until he retires. In other words, the city of Chicago cannot in the future decide to find ways to renege on its agreement and find fault with the plaintiff if, for no other reason, to retaliate against him.

Respectfully submitted,

                            _____
                            Joseph A. Longo

**LONGO AND ASSOCIATES LTD.**
Joseph A. Longo, Esq.
Attorney for Plaintiff
2100 West Haven
Mt. Prospect, IL   60056
(847) 640-9490
AttorneyNo.53635


## CERTIFICATE OF SERVICE

    I, Joseph A. Longo, an attorney, certify that I served this PLAINTIFF'S MOTION FOR JUDGMENT by electronic filing on 28 April 2016 before 5pm.  Under penalties as provided by law pursuant to 735 ILCS, Sec 5/1-109, I certify that the statements set forth in this Certificate of Service are true and correct.

_____
Joseph A. Longo