UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DETLEF SOMMERFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08-CV-3025 |
| | ) | |
| v. | ) | |
| | ) | Judge Joan B. Gottschall |
| THE CITY OF CHICAGO, | ) | |
| SERGEANT KNASIAK #1841, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Plaintiff Detlef Sommerfield ("Plaintiff"), a patrol officer in the Chicago Police Department, brought this action under 42 U.S.C. §§ 1981 and 1983 against the City of Chicago ("the City") and Sergeant Lawrence Knasiak ("Knasiak"). Plaintiff alleged that Knasiak repeatedly harassed and otherwise discriminated against him on the basis of his race, religion, and national origin, and that Knasiak retaliated against him after he complained about the harassment. In 2009, the court dismissed Plaintiff's claims against the City as duplicative of his claims in an earlier-filed lawsuit against the City. *Sommerfield v. City of Chi.*, No. 08 C 3025, 2009 WL 500643, Feb. 26, 2009. In 2014, a jury returned a $540,000 verdict in this case against Knasiak for punitive damages. (*See* ECF No. 366 at 1.)

Two motions filed by Plaintiff are before the court. In the first, Plaintiff asks the court to reconsider the portion of the order entered August 14, 2015, ("the August 2015 order") denying his request for prejudgment interest. The second is titled "Motion for Judgment" and asks the court to enter a Federal Rule of Civil Procedure 58 judgment enumerating all of the categories of damages (and retaining jurisdiction) to which the plaintiff believes himself entitled.

1

## I. BACKGROUND

The court's prior orders and opinions amply cover the long and winding procedural path this case has taken. (*See, e.g.*, ECF No. 469 at 2–4.) Briefly, and as relevant here, the parties agreed before trial to leave the calculation of back pay for the court, if necessary, after the jury trial. The trial ended more than two-and-a-half years ago, yet the wrangling over those issues has not abated.

Plaintiff filed a "Motion For Ruling On Certain Issues With Calculation To Follow After Court's Ruling" ("Motion for Ruling") on October 17, 2014. (ECF No. 397.) He argued that he was entitled to various forms of relief, including, but not limited to, reimbursement for the five days of pay that he lost when he was wrongfully suspended, back pay from December 16, 2006, through the date of judgment, compensation for the monthly stipend of $175 that he would have received if he had been promoted to the position of canine handler, promotion to the "D2 position" of canine handler, and prejudgment interest, among other things. After the motion was fully briefed, plaintiff sought and obtained leave to supplement that motion in February 2015. (ECF No. 410.) He sought leave to supplement a second time in July 2015, but the court denied his request. (*See* ECF No. 435 (denying motion to supplement, ECF No. 431).)

In an August 14, 2015 decision, the court denied Plaintiff's Motion for Ruling, concluding that he had failed to show that he was entitled to the relief he sought, given that the City had already agreed to provide Plaintiff with more relief than he could obtain from the court. The court declined to opine on whether Plaintiff was entitled to receive compensation for lost wages/back pay and front pay from Knasiak, given that the City had already agreed to make Plaintiff whole.

Plaintiff moves to reconsider that ruling. He also asks the court to enter a judgment listing as

damages against Knasiak the sums attributed to back pay the city has paid him on Knasiak's behalf.  In March 2016, the court entered an order denying Plaintiff's request to amend his complaint to add an indemnity claim against the City.  (ECF No. 469 at 4–5 (finding claim would be moot).)  The court stated it understood that if any dispute remained outstanding, it pertained to the amount of overtime wages Plaintiff would have been paid had he been promoted to canine handler in 2008.  (Id. at 4.)

**II. MOTION TO RECONSIDER**

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982)).  The losing party's disappointment with the outcome does not demonstrate manifest error.  *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000).

The August 2015 order reads in pertinent part:

> Plaintiff did not seek prejudgment interest in his complaint. *See* Compl. ¶ 145 (prayer for relief). Nor did Plaintiff identify prejudgment interest as a remedy he was seeking in the motion pending before the court. Indeed, the words, "prejudgment interest," did not appear in connection with Plaintiff's present motion until Plaintiff filed his *second supplement* in support of the motion. And in this document, Plaintiff identified prejudgment interest as one remedy in a list of remedies he would like to receive, without providing citations to authority to support any of them. What is more, Plaintiff does not clarify whether he is seeking prejudgment interest (a) on the damages that the jury awarded him or (b) on the sum he is seeking from Knasiak for lost wages.
>
> As the court sees it, Plaintiff, represented by counsel, used his Second Supplement to list in scattershot fashion every possible form of relief he hopes to receive, including prejudgment interest on a sum he fails to identify. Plaintiff's unsupported request for prejudgment interest, tucked into the last page of a supplemental

brief, is denied.

(ECF No. 437 at 4–5.)

In his motion for reconsideration, Plaintiff explains that his failure to brief adequately his entitlement to prejudgment interest resulted from a misunderstanding: Plaintiff believed that Defendant had agreed to an award of prejudgment interest. (*See* ECF No. 470 2–3.) A motion to reconsider may serve to correct a manifest error where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191–92 (7th Cir. 1990) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). The party seeking reconsideration bears the burden of explaining why the court should change its mind. *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004). Plaintiff cites nothing in his original motion or his supplements to it that he claims would have alerted the court to the parties' alleged agreement, the existence of which Defendant disputes.[1] (*See id.*) Nevertheless, a review of Plaintiff's original motion discloses a footnote on page one stating that "The defendant agrees that the plaintiff is entitled to prejudgment interest, overtime, a $175 monthly stipend that canine handlers receive, and, presumably pension." (ECF No. 397 at 1 n.1.) Defendant did not dispute that representation in his response to the original motion. (ECF No. 400.) Defendant points to language in a letter from his counsel dated October 10, 2014, in which he proffered a calculation of prejudgment interest that reserved Defendant's right to challenge the amount recoverable. (*See* ECF No. 482 at 1.) Defendant's failure to dispute Plaintiff's representation of an agreement in his response to

---

[1] Though the court mentions Plaintiff's second supplement in the August 2015 order, that supplement was not before the court. (*See* ECF No. 435 at 1.)

4

the original motion, however, effectively took the issue out of contention. Accordingly, the court misapprehended Plaintiff's position in the August 2015 order.

To account for the time value of money, the Seventh Circuit has held that "[p]rejudgment interest . . . must be an ordinary part of any award of back pay (or other incurred expense) under § 1981." *Williamson v. Handy Button Mach. Co.*, 817 F. 2d 1290, 1297 (7th Cir. 1987). Because "prejudgment interest is presumptively available to victims of federal law violations," it is presumptively available in § 1983 suits. *Tate v. Troutman*, 683 F. Supp. 2d 897, 912 (E.D. Wis. 2010) (citing *Gorenstein Enter. v. Quality Care–USA, Inc.*, 874 F.2d 431, 436 (7th Cir. 1989)) (awarding prejudgment interest in § 1983 action); *DeLaCruz v. Pruitt*, 590 F. Supp. 1296, 308–09 (N.D. Ind. 1984) (awarding prejudgment interest and stating that "prejudgment interest serves to further the congressional purposes underlying section 1983"). Defendant argues neither that Plaintiff delayed unreasonably in filing this action or that the amount of back pay is not readily ascertainable here. *See Williamson*, 817 F.2d at 1297–98 (explaining that an award of prejudgment interest may not be appropriate in these circumstances). Defendant does argue, however, that the court determined that Plaintiff has already been made whole by the City's payments in its August 2015 order. *See id.* at 1297 (explaining that "prejudgment interest is necessary to make the award fully compensatory" (citing *Hunter v. Allis-Chalmers Corp.,*, 797 F.2d 1417, 1425-27 (7th Cir. 1986))). The order said that the City has agreed to make the Plaintiff whole "in these respects," referring to payments for back wages. (ECF No. 437 at 3.) Defendant does not suggest that the City's payments included prejudgment interest that accounted for the time value of Plaintiff's back pay. Thus, prejudgment interest is presumptively available to Plaintiff for back pay. *See Williamson*, 817 F.2d at 1297–98; *Tate*, 683 F. Supp. 2d at 912; *DeLaCruz*, 590 F. Supp. at 1308–09.

Nevertheless and despite years of posttrial litigation, Plaintiff still leaves the court unable to compute the amount, if any, that is recoverable as prejudgment interest. Plaintiff's motion to reconsider does not address all of the defects identified in the August 2015 order. The motion to reconsider specifies a general proposed method for calculating the appropriate interest rate, but it still does not say on what amount the interest should be calculated–back wages, front pay, punitive damages, or any combination. (*See* Mot. Recons. at 5–6, ECF No. 470; *see also* August 2015 Order at 5 ("Plaintiff does not clarify whether he is seeking prejudgment interest (a) on the damages that the jury awarded him or (b) on the sum he is seeking from Knasiak for lost wages.").) Plaintiff seems to be proceeding by first attempting to obtain a ruling on whether prejudgment interest is available and then proceeding to calculate it. This approach prolongs these proceedings unnecessarily. Just as with the outstanding overtime issue, providing a full calculation of the exact amount Plaintiff believes is recoverable and why would go a long way to streamlining matters, so judgment can be entered. To be clear, the court does not fix any amount of prejudgment interest today. Nor does it decide definitively that the equitable considerations governing an award of prejudgment interest favor Plaintiff. The parties may stipulate to damages if they wish, but if they do not, they must fully present the outstanding issues, including a calculation of a precise sum to be awarded for each category of damages.

### III. MOTION FOR JUDGMENT

Plaintiff asserts that the court should enter a judgment allowing him to recover damages in the amounts and categories he admits the City has already paid him: lost wages because of a suspension that occurred in 2006; lost wages from 2007 through August 31, 2015; "other amounts represented by city owed to plaintiff" for the same period; and a "canine 'stipend'" for the same period (not facially offset for likely expenditures on the dog's care and feeding). (Mot.

for J. 7-8, ECF No. 479.) As Plaintiff puts it in his motion, "[e]xcept for the punitive damages, the city has paid the above damages." (*Id.* at 8.)

First, the court agrees with the parties that the question of whether the judgment should include an award of damages Plaintiff has already obtained by agreement with the City is not moot. Plaintiff invokes the rule that judgments must "grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." Fed. R. Civ. P. 54(c); *see also*, *e.g., Exelon Generation Co. v. Local 15, Int'l. Bhd. of Elec. Workers*, 540 F.3d 640, 643 (7th Cir. 2008) (cited by Plaintiff) ("unless the plaintiff loses outright, a judgment must provide the relief to which the winner is entitled" (quoting *Rush Univ. Med. Ctr. v. Leavitt*, 535 F.3d 735, 737 (7th Cir. 2008))). By itself, this proposition provides little assistance in resolving this dispute. It begs the question: To what relief is Plaintiff entitled? The court can only determine whether and how much the Plaintiff is entitled to recover if there remains a live "case[]" or "controvers[y]" between the parties. U.S. Const. art. III, § 2; *see EEOC v. Flambeau, Inc.*, ___ F.3d ___, No. 16-1402, 2017 WL 359664, at *2 (7th Cir. Jan. 25, 2017) ("A 'live controversy' must exist at 'all stages of review.'" (quoting *Brown v. Bartholomew Consol. Sch. Corp.*, 442 F.3d 588, 596 (7th Cir. 2006))). The court has no jurisdiction to decide a moot issue, i.e., an issue where at least "one of the parties lacks a personal stake" in the suit's outcome. *Flambeau*, 2017 WL 359664, at *2 (quoting *Banks v. Nat'l Collegiate Athletic Ass'n*, 977 F.2d 1081, 1085 (7th Cir. 1992)).

Plaintiff here admits that he has accepted payment for these categories of damages from the City, which views itself as obligated to pay them under state law. Plaintiff asks that the judgment include an award of no more and no less than what he has already gotten for those categories of damages, but he wants to get it from Knasiak in addition to the City. (*See* Mot. for

J. 7-8.) To put it mildly, Knasiak has a very concrete financial stake in avoiding entry of a judgment making him liable for these amounts, and Plaintiff has a significant stake in recovering those sums a second time. These stakes, which would be redressable by a favorable decision for either party, keep the controversy over what belongs in the judgment live. *See Killian v. Concert Health Plan*, 742 F.3d 651, 661 (7th Cir. 2013) (en banc) (holding claim of plaintiff who already paid medical bill was not moot because favorable judgment could, among other things, affect the plaintiff's liability for amounts already paid by his wife). How the City's payment affects the dispute between Plaintiff and Knasiak is a merits question. *See Killian*, 742 F.3d at 660 (stressing that courts must be "careful not to 'confuse[ ] mootness with whether [the plaintiff] has established a right to recover . . . a question which it is inappropriate to treat at this stage of the litigation.'" (quoting *Chafin v. Chafin*, 133 S. Ct. 1017, 1024 (2013)) (alterations in original).

On the merits, allowing a recovery against Knasiak for the exact damages in the exact categories the City has paid Plaintiff would provide him with an impermissible windfall. Contrary to Plaintiff's arguments, the one-satisfaction rule against double recoveries applies in § 1983 and § 1981 actions. *See Watts v. Laurent*, 774 F.2d 168, 179 (7th Cir. 1985) (citing and applying double-recovery principle of Restatement (Second) of Torts, § 885(3) in § 1983 suit); *Moffett v. Gene B. Glick Co.*, 621 F. Supp. 244, 289–90 (N.D. Ind. 1985), *overruled on other grounds by Reeder–Baker v. Lincoln Nat'l Corp.*, 644 F. Supp. 983 (N.D. Ind. 1986) (awarding set-off in § 1983 and § 1981 action). As summarized by the Seventh Circuit, "the very nature of damages as compensation for injury suffered requires that once the plaintiff has been fully compensated for his injuries by one or more tortfeasors, he may not thereafter recover any additional compensation from any of the remaining tortfeasors." *Watts*, 774 F.2d at 189

8

(citations omitted). To prevent a plaintiff from recovering more than once, "defendants are entitled to a reduction in damages—sometimes called a 'setoff'—to offset any amounts that the plaintiff already has collected from other sources in compensation for the same injury." *Ill. Sch. Dist. Agency v. Pac. Ins. Co.*, 571 F.3d 611, 615–16 (7th Cir. 2009) (citing *Eberle v. Brenner*, 505 N.E.2d 691, 693 (Ill. App. Ct. 1987)); *see also Watts*, 774 F.2d at 179 (relying on cases applying state law); *Moffett*, *supra* (same); *but see BCS Servs, Inc. v. BG Invs., Inc.*, 728 F.3d 633, 641 (7th Cir. 2013) ("[M]oney paid in settlement of punitive damages claims is not subject to setoff." (citations omitted)).

Plaintiff here received a payment from the City for back pay and compensation. He claims Knasiak owes him the same amounts apportioned to these categories of compensatory damages in the same ways; he does not want more. (*See* Mot. for J. 7-8.) If he did and the court agreed, the proposed set-off would not be complete as to these categories. Similarly, Knasiak could argue that the City paid too much, but he advances no such argument. Plaintiff insinuates manipulation by the City in his reply, questioning the timing of the City's decision to reopen long-dormant arbitration proceedings. That does not change the nature of what Plaintiff admits he has received in payment, however. Nor does it alter his own purported, identical computation of those damages. (*See* Mot. for J. 7-8.) Accordingly, Plaintiff concedes that the City's payments made him whole as to as to these categories of damages—perhaps even more than whole—for the court need not, and does not, independently compute these damages. *See Ill. Sch. Dist.*, 571 F.3d at 618 ("The make-whole principle and the rule against double recovery both focus on the *plaintiff's* position, not the defendant's."). As applying an appropriate set-off concededly reduces the amounts plaintiff claims are recoverable in these categories to zero, they fall out of the judgment under the one-recovery rule. *See Ill. Sch. Dist.*, 571 F.3d at 621 (holding

reduction in damage amount should be reduced to avoid double recovery); *Moffett*, 621 F. Supp. at 289–90 (crediting settling defendant's payment to offset award of emotional-distress damages against nonsettling defendant).

Plaintiff's remaining arguments for including the categories of damages for which the City has paid him fail to persuade. Making a record for a reviewing court or the public, as Plaintiff proposes (*see* Mot. for J. 2–3), does not justify including them in the judgment when Plaintiff is not entitled to recover them. Plaintiff also suggests that he needs to be protected if the City should renege on its promise to pay, but he represents that the City has paid him, except for punitive damages, and the parties agree punitive damages belong in the judgment. (Mot. for J. 6-8.) Next, without citing authority, Plaintiff repeatedly suggests that the one-recovery rule applies only in collection proceedings. (*E.g.*, Mot. for J. 6; Reply Mot. for J. 8.) The Seventh Circuit has repeatedly applied the rule when reviewing a judgment, however, and even remanded to apply the rule when formulating a judgment. *See, e.g.*, *BCS Servs.*, 728 F.3d at 641–42; *Ill. Sch. Dist.*, 571 F.3d at 618–21; *Watts*, 774 F.2d at 179–82. Finally, Plaintiff believes that Illinois law and a collective bargaining agreement obligate the City to pay any attorney's fees that may be recoverable under 42 U.S.C. § 1988. Ordinarily, fee petitions must await the entry of judgment. *See* Fed. R. Civ. P. 54(d)(2)(B)(ii) (requiring motion for fees to, among other things, "specify the *judgment* and the statute, rule, or other grounds entitling the movant to the award" (emphasis added)). Again, the offset of the only amount Plaintiff claims is recoverable for these damages means that Plaintiff is not entitled to recover them in a judgment, order, or otherwise. Plaintiff cites no authority for the remarkable proposition that the one-recovery rule gives way when recovering otherwise unrecoverable damages might improve Plaintiff's position in postjudgment litigation over fees—fees Plaintiff says will be paid by a nonparty.

Plaintiff also wants the court to retain jurisdiction to enforce the judgment. His motion states that retaining jurisdiction will ensure that the "city does not renege on its agreement . . . [and] that the laws protecting the plaintiff are not violated any further" and suggests the City might retaliate against him by finding a reason to remove him from the canine handler position he has obtained through this litigation. (ECF No. 479 at 13–14.) Knasiak has retired. The City remains a nonparty, and the court has denied Plaintiff's motion to add an indemnity claim against the City. Plaintiff does not explain how the court could retain jurisdiction to supervise the behavior of a nonparty. *Cf. Nat'l Spiritual Assembly of Baha'is of U.S. Under Hereditary Guardianship, Inc. v. Nat'l Spiritual Assembly of Baha'is of U.S., Inc.*, 628 F.3d 837, 840–41 (7th Cir. 2010) (holding nonparty not sufficiently in privity with party to be bound by injunction). Also, overseeing the City would clash with the judgment in Plaintiff's related case against it. Plaintiff makes no attempt to show that what he proposes is consistent with principles of claim and issue preclusion. *See generally Taylor v. Sturgell*, 553 U.S. 880, 892–95 (2008). Indeed, Plaintiff cites no authority at all in support of this request. (*See* Mot. for J. 13–14.) It is, therefore, waived.

**IV. CONCLUSION**

For the foregoing reasons, Plaintiff's motion to reconsider (ECF No. 470) is granted. Plaintiff's motion for entry of judgment (ECF No. 479) is denied. Plaintiff is presumptively entitled to prejudgment interest on back pay, and Defendant is entitled to offsets in the amounts the City has paid Plaintiff for his back and front pay in the amounts enumerated in Plaintiff's motion for judgment. (*See* ECF No. 479 at 11–13.)

In March 2016, the court expressed its understanding that "[t]he only dispute remaining between the parties, if there is a dispute remaining, relates to the calculation of back pay for the

overtime that Plaintiff would have been paid if he had been elevated to canine handler in 2008." (Order 5, Mar. 21, 2016, ECF No. 469.)  The court does not understand the offset it has awarded to cover this overtime dispute.  This order adds prejudgment interest to the list of outstanding issues.  The court sets a status conference on March 15, 2017, to determine what needs to be done to address the two outstanding issues.  Before the hearing, the parties should exchange proposed judgments consistent with the court's rulings and meet and confer through their counsel thereafter.  Given the difficulties in determining to what the parties have agreed, they are encouraged to stipulate formally to any damages calculations to which they agree.

Date:  February 21, 2017 /s/
Joan B. Gottschall
United States District Judge